UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. _____

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

      Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN STANLEY
SMITH BARNEY; JULIO MARTINEZ;
MIGUEL HERNANDEZ; GUY LEWIS,
ESQUIRE; MICHAEL TEIN, ESQUIRE;
AND LEWIS TEIN, PL, A PROFESSIONAL
ASSOCIATION.

      Defendants.

_____/

# COMPLAINT

COMES NOW Plaintiff the Miccosukee Tribe of Indians of Florida (hereinafter, the

"MICCOSUKEE TRIBE") by and through its undersigned counsel and brings this action

against  Billy Cypress (hereinafter, "Defendant CYPRESS"),  Dexter Wayne Lehtinen,

Esquire (hereinafter, "Defendant ATTORNEY LEHTINEN"), Morgan Stanley Smith Barney

(hereinafter, "Defendant MORGAN STANLEY"), Julio Martinez (hereinafter, "Defendant

MARTINEZ"), Miguel Hernandez (hereinafter, "Defendant HERNANDEZ"), Guy Lewis,

Esquire (hereinafter, "Defendant ATTORNEY LEWIS"), Michael Tein (hereinafter,

"Defendant ATTORNEY TEIN"), and Lewis Tein, P.L. (hereinafter, "Defendant LEWIS

TEIN, PL") and as support thereof states:

1

## NATURE OF THE SUIT

1.     The MICCOSUKEE TRIBE brings this suit for racketeering, conspiracy to commit racketeering, fraud, aiding and abetting fraud, embezzlement, civil theft, and breach of fiduciary duty against Defendants, who conspired with each other and specifically with Defendant CYPRESS to aid, abet, create, advance and perpetrate an enormous fraud and theft scheme through which Defendant CYPRESS and the other Defendants either participated, facilitated and/or assisted in stealing, diverting, converting, using, and misappropriating millions of dollars that belonged to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE and which were in the care, possession, control, and supervision of the Defendants.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this suit by virtue of:

a. Federal question jurisdiction pursuant to 28 U.S.C. § 1331, involving an action pursuant to 18 U.S.C. §§ 1964(a) and (c), the Federal Racketeer Influenced and Corrupt Organizations Act (RICO);

b. Supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), involving claims that are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States; and,

3.     This Court has jurisdiction over the Defendants because:

a. Each defendant either resides or transacts business within this judicial district; and,

2

b.  Each Defendant is amenable to service of process within the meaning of Federal Rule of Civil Procedure 4(e), 4(f) and 18 U.S.C. § 1965(b).

4.     Venue is proper pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendants either reside or transact business in this district, or alternatively, a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES AND GENERAL ALLEGATIONS

5.     The MICCOSUKEE TRIBE, located in Miami-Dade County, Florida, is a sovereign nation and federally recognized Indian tribe exercising powers of self-governance under a Tribal Constitution approved by the Secretary of the Interior, pursuant to the Indian Reorganization Act of 1934, 25 U.S.C. § 461 et. Seq.

6.     From 2005 until and including 2009, at which time Defendant CYPRESS was politically defeated, Defendant CYPRESS was the elected Chairman of the MICCOSUKEE TRIBE.  In this capacity, Defendant CYPRESS oversaw, controlled, supervised and had unrestricted access and control over all the financial funds and records of the MICCOSUKEE TRIBE subject to this lawsuit.

7.     From 2005 until and including 2009, Defendant CYPRESS and the Defendants, acting in concert with each other, secretly controlled, reviewed, supervised and maintained these financial transactions and all documents related to these financial transactions in secret, and prevented other officers of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE from learning or being fully informed about these transactions. Consequently, the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE were unable to discover this massive web of financial theft, embezzlement and fraud until 2010.

3

8.      Defendant MORGAN STANLEY is a financial institution and investment firm incorporated under the laws of Delaware with its corporate headquarters in New York City, New York.  Defendant MORGAN STANLEY has several branches throughout the United States, including one in Miami, Florida, and does extensive business activities in Miami, Florida.

9.      From 2005 through and including 2009, the MICCOSUKEE TRIBE maintained an investment account with Defendant MORGAN STANLEY under Account Number XXX-XXXXX-13-140 (hereinafter, "the Investment Account").

10.     From 2005 through and including 2009, Defendant MORGAN STANLEY employed Alexander Fernandez as a Financial Advisor and Investment Consultant.

11.     From 2005 through and including 2009, Alexander Fernandez (hereinafter, "FINANCIAL ADVISOR FERNANDEZ") was assigned and in charge of the Investment Account on behalf of Defendant MORGAN STANLEY from where millions of dollars were diverted, stolen, used and improperly taken by Defendant CYPRESS for his personal use and benefit, and the personal use and benefit of others, while acting in concert with the Defendants.

12.     From 2005 through and including 2009, FINANCIAL ADVISOR FERNANDEZ and the local Branch Manager[1] authorized these fraudulent transactions and theft of these funds by Defendant CYPRESS, and ensured that these transactions were always approved despite the fact that they were in violation of the policies and procedures of Defendant MORGAN STANLEY; and against the safeguards established by Defendant

---

[1] Branch manager refers to any person holding the position of Senior Vice- President and/or the position of branch manager during the period of time relevant to this Complaint.

MORGAN STANLEY for this type of account; and which were supposed to be in place in order to protect the investments of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

13.     From 2005 through and including 2009, FINANCIAL ADVISOR FERNANDEZ and MORGAN STANLEY knew that Defendant CYPRESS was illegally stealing, plundering and raiding the Investment Account and converting millions of dollars from this Investment Account for his personal use and benefit, as well as the personal use and benefit of third parties.   However, FINANCIAL ADVISOR FERNANDEZ and MORGAN STANLEY failed to inform the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE , or take any actions or measures to prevent the continuing theft and  conversion of these funds by Defendant CYPRESS because FINANCIAL ADVISOR FERNANDEZ and Defendant MORGAN STANLEY did not want to lose its management of this Investment Account, as well as other accounts of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE, nor the fees that it was receiving from its management of these accounts.

14.     From 2005 through and including 2009, Defendant MARTINEZ was an employee of the MICCOSUKEE TRIBE who held the position of Chief Financial Officer. In his capacity as Chief Financial Officer, Defendant MARTINEZ reported directly to Defendant CYPRESS only, and Defendant CYPRESS was for all practical purposes the only person that Defendant MARTINEZ reported and answered to.

15.     Defendant MARTINEZ was hand-picked by Defendant CYPRESS to review and  supervise  the  Investment  Account  subject  to  this  lawsuit  on  behalf  of  the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

16.     From 2005 through and including 2009, Defendant MARTINEZ would receive the financial statements directly from Defendant MORGAN STANLEY which clearly and unequivocally showed that millions of dollars were being stolen, converted, diverted and misappropriated by Defendant CYPRESS for his personal use and benefit as well as the benefit of others.  Defendant MARTINEZ made sure that this information was kept secret from the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE in order to preserve and facilitate the continuous plundering and raiding of the Investment Account by Defendant CYPRESS.

17.     At all times material hereto, Defendant MARTINEZ assisted, aided and abetted, procured and facilitated the taking of millions of dollars by Defendant CYPRESS from the Investment Account in exchange for his own personal use of a tribal issued American Express card under Account Number XXXX-XXXXX9-81002 where Defendant MARTINEZ charged thousands of dollars in expenses that were paid by the MICCOSUKEE TRIBE with the approval of Defendant CYPRESS, including, luxury trips and outings approved by Defendant CYPRESS and paid by the MICCOSUKEE TRIBE; a hefty salary, perks and other benefits unique to him, including but not limited to, legal advice and representation approved by Defendant CYPRESS and paid by the MICCOSUKEE TRIBE; and, the employment of his former wife at a hefty salary with perks and other benefits unique to her.

18.     From 2005 through and including 2009, Defendant HERNANDEZ was the Director of the Finance Department of the MICCOSUKEE TRIBE.  In this capacity, Defendant HERNANDEZ was responsible for the daily operation and supervision of the MICCOSUKEE TRIBE's Finance Department and had unrestricted access to and was in

possession of all financial information of the MICCOSUKEE TRIBE, including, but not limited to, the Investment Account, all the credit card statements from the American Express cards of Defendant CYPRESS and the American Express card of Defendant MARTINEZ.

19. At all times material hereto, Defendant HERNANDEZ was aware that Defendant CYPRESS was stealing, diverting and misappropriating millions of dollars from the Investment Account as Defendant HERNANDEZ kept a monthly log of Defendant CYPRESS's gambling activities (winnings and losses) which he used to assist and prepare Defendant CYPRESS's federal income tax returns at the end of the year. Defendant HERNANDEZ was also aware of Defendant CYPRESS's purchase of several homes and real estate investments and assisted him with accounting advice in those investments.

20. At all times material hereto, Defendant HERNANDEZ was aware that Defendant CYPRESS was charging his tribal issued American Express cards under Account Numbers XXXX-XXXXX6-36005; XXXX-XXXXX9-02001; and, XXXX-XXXXX9-03009 millions of dollars in suspicious, unexplained charges for fine dining, jewelry, privately chartered excursions, personal items, art, expensive personal clothing, lodging and other personal expenses that were not related in any way to his official duties. Not only was Defendant HERNANDEZ aware of and authorized these payments, but he also ensured that these payments were kept secret from the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE in exchange for receiving personal benefits in the form of luxurious travels and outings approved by Defendant CYPRESS and paid by the MICCOSUKEE TRIBE, a hefty salary, perks and other benefits unique to him, including, but not limited to, the employment of his daughter under his direct supervision at the Finance Department, which was contrary to the established employment policies and procedures of the MICCOSUKEE TRIBE, but

7

which was approved by Defendant CYPRESS for the exclusive benefit of Defendant HERNANDEZ   in exchange for assisting and enabling the stealing, embezzling and conversion of tribal funds by Defendant CYPRESS and others.

21.    The American Express credit cards that Defendant CYPRESS and Defendant MARTINEZ were using for their personal benefit were secured by the assets in the Investment Account the MICCOSUKEE TRIBE maintained with Defendant MORGAN STANLEY and which is the subject of this lawsuit.

22.    At all times material hereto, Defendant ATTORNEY LEHTINEN was a professional attorney representing the MICCOSUKEE TRIBE and all agencies of the MICCOSUKEE TRIBE and offering legal advice to the MICCOSUKEE PEOPLE.

23.    At all times material hereto, Defendant ATTORNEY LEHTINEN was the acting General Counsel and main attorney for the MICCOSUKEE TRIBE.

24.    From, on or about February 1992 until, on or about May 10, 2010, Defendant ATTORNEY LEHTINEN had a personal, unique and symbiotic relationship with Defendant CYPRESS that extended far beyond the normal attorney-client relationship.

25.    During his tenure as General Counsel and main attorney for the MICCOSUKEE TRIBE, and with the assistance and support of Defendant CYPRESS, Defendant ATTORNEY LEHTINEN managed the daily operations of Miccosukee Indian Gaming.

26.    During his tenure as General Counsel and main attorney for the MICCOSUKEE TRIBE, and with the assistance and support of Defendant CYPRESS, Defendant ATTORNEY LEHTINEN was the attorney in charge of representing all tribal entities, businesses, enterprises and agencies, including, but not limited to, the Miccosukee

8

Police Department, Miccosukee Indian Gaming, Miccosukee Resort and Convention Center, Miccosukee Real Estate, Miccosukee Fish and Wildlife, Miccosukee Athletic and Boxing Commission, Miccosukee Water Resources, Miccosukee Business Council, Miccosukee Intergovernmental Affairs, Legislative and Lobbying Office and Miccosukee Golf Course.

27.     During his tenure as General Counsel and main attorney for the MICCOSUKEE TRIBE, and with the assistance and support of Defendant CYPRESS, Defendant ATTORNEY LEHTINEN represented the MICCOSUKEE TRIBE in all legal, administrative, and regulatory matters at the state and federal levels.

28.     During his tenure as General Counsel and main attorney for the MICCOSUKEE TRIBE, and with the assistance and support of Defendant CYPRESS, Defendant ATTORNEY LEHTINEN represented the MICCOSUKE TRIBE in all legal issues, including, but not limited to: gaming; Indian law; environmental law; real estate; zoning; federal and state regulatory matters; federal and state taxation; contract disputes; personal injury; federal and state administrative matters; required institutional audits under the Indian Gaming Regulatory Act; and lobbying, matters.

29.     During his tenure as General Counsel and main attorney for the MICCOSUKEE TRIBE, Defendant LEHTINEN had access to the financial records of the MICCOSUKEE TRIBE, including, but not limited to, the financial transactions subject to this lawsuit.

30.     During his tenure as General Counsel and main attorney for the MICCOSUKEE TRIBE, Defendant ATTORNEY LEHTINEN had the opportunity to examine and review the financial transactions and records subject to this lawsuit.

31.     During his tenure as General Counsel and main attorney for the MICCOSUKEE TRIBE, Defendant ATTORNEY LEHTINEN did examine and review the financial transactions and records subject to this lawsuit.

32.     At all times material hereto, Defendant ATTORNEY LEHTINEN was a professional attorney representing the MICCOSUKEE TRIBE and had a fiduciary and legal duty towards the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

33.     At all times material hereto, although Defendant ATTORNEY LEHTINEN was aware of the illegal activities by Defendant CYPRESS, the illegal transactions subject to this lawsuit, and all the illegal activities described in this lawsuit, Defendant ATTORNEY LEHTHINEN willfully and purposefully not only failed to inform the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE about Defendant CYPRESS's illegal activities and the illegal activities by the other Defendants, but also assisted Defendant CYPRESS and the others in those activities by willfully and purposefully concealing those illegal activities from the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

34.     Defendant ATTORNEY LEHTINEN's motive and main reason for assisting Defendant CYPRESS and the others in their stealing and plundering of millions of dollars from the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE was to preserve his unique, personal and symbiotic relationship with Defendant CYPRESS which resulted in Defendant ATTORNEY LEHTINEN'S monopoly over the legal representation of the MICCOSUKEE TRIBE as assigned at the sole discretion of Defendant CYPRESS.

35.     Defendant ATTORNEY LEHTINEN's total devotion and unequivocal loyalty to Defendant CYPRESS was rewarded by Defendant CYPRESS with millions of dollars in legal fees, perks and other personal benefits that were unique to ATTORNEY LEHTINEN.

10

36.    At all times material hereto, Defendant ATTORNEY LEWIS was a professional attorney representing both Defendant CYPRESS in his individual capacity as well as the MICCOSUKEE TRIBE.

37.    At all times material hereto, Defendant ATTORNEY LEWIS had a clear and unequivocal conflict of interest in his professional representation of both Defendant CYPRESS, in his individual capacity, and the MICCOSUKEE TRIBE because Defendant CYPRESS was at that time under investigation by the Internal Revenue Service for charging millions of dollars in tribal issued American Express credit cards for his exclusive personal benefit and use. These American Express credit cards that Defendant CYPRESS was using for his personal benefit and use were secured by the assets in the Investment Account the MICCOSUKEE TRIBE maintained with Defendant MORGAN STANLEY which is the subject of this lawsuit.

38.    At all times material hereto, Defendant ATTORNEY LEWIS, while representing both Defendant CYPRESS in his individual capacity and the MICCOSUKEE TRIBE in federal tax matters before the Internal Revenue Service, which were directly in conflict and adverse to each other, failed to inform the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE that immediately before he was hired by Defendant CYPRESS to represent him individually and the MICCOSUKEE TRIBE, he had to resign his position as Director of the Executive Office for United States Attorneys with the United States Department of Justice due to allegations of fraud, travel malfeasance, and/or other official misconduct.  Defendant ATTORNEY LEWIS's forced resignation from the United States Department of Justice created a direct and adverse conflict of interest with his representation of the MICCOSUKEE TRIBE because Defendant ATTORNEY LEWIS was still within the

11

cloud of a possible or potential extended criminal investigation by the United States Department of Justice due to the allegations against him for improper official misconduct, which would have made any legal advice that he offered the MICCOSUKEE TRIBE during this period very suspect, as it involved legal matters against the same United States Department of Justice, which still had the ability to influence Defendant ATTORNEY LEWIS decision making process through the real threat of an expansion of the investigation and possible prosecution of his immediate past conduct while he was employed by the United States Department of Justice.

39.     From 2005 through and including 2009, Defendant ATTORNEY LEWIS, while simultaneously representing Defendant CYPRESS and the MICCOSUKEE TRIBE also had total access to all financial records of the MICCOSUKEE TRIBE and the particular transactions subject to this lawsuit.   Furthermore, during these times, Defendant ATTORNEY LEWIS reviewed and analyzed all of the financial records and transactions, including but not limited to, the Investment Account, the American Express charge cards, and the FMA cards linked to the Morgan Stanley Investment account that constitute the basis of this lawsuit.

40.     At all times material hereto, Defendant ATTORNEY LEWIS's representation of the MICCOSUKEE TRIBE was a charade, as his true role was to represent Defendant CYPRESS and use his "representation" of the MICCOSUKEE TRIBE as a shield to protect and defend his true client, Defendant CYPRESS in personal legal matters involving  criminal cases, federal tax examinations, personal injury lawsuits, a wrongful death lawsuit, real estate purchases and investments that Defendant CYPRESS was making at the time, and which Defendant ATTORNEY LEWIS knew about the millions of dollars that Defendant

CYPRESS was stealing and plundering from the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

41.     At all times material hereto Defendant ATTORNEY LEWIS was a "professional" attorney representing the MICCOSUKEE TRIBE and had a fiduciary and legal duty towards the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE. Nevertheless, Defendant ATTORNEY LEWIS not only failed to inform the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE about Defendant CYPRESS's illegal activities, but also assisted Defendant CYPRESS in those activities by making sure that the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE did not find out about these illegal activities, and that legal procedures, legal strategies and institutional legal privileges of the MICCOSUKEE TRIBE such as sovereign immunity, were irresponsibly and indiscriminately used only for the purpose of protecting Defendant CYPRESS's fraudulent scheme to steal, plunder and embezzle millions of dollars from the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

42.     Defendant CYPRESS, without the consent or knowledge of the MICCOSUKEE TRIBE or the MICCOSUKEE PEOPLE, rewarded Defendant ATTORNEY LEWIS and Defendant LEWIS TEIN, P.L. for their "protection" with **more than ten million dollars ($10,000,000.00) in legal fees** during the years 2005 through and including 2009 for "legal work" that was arbitrarily developed, assigned, controlled and supervised by Defendant CYPRESS.

43.     Defendant CYPRESS, without the consent or knowledge of the MICCOSUKEE TRIBE or the MICCOSUKEE PEOPLE, paid Defendant ATTORNEY LEWIS and Defendant LEWIS TEIN, P.L. **more than ten million dollars ($10,000,000.00)**

**in legal fees** during the years 2005 through 2009 for "legal work" that was unsubstantiated, fictitious, exorbitant, excessive and fabricated.   Furthermore, during the relevant times, Defendant CYPRESS, without the consent or knowledge of the MICCOSUKEE TRIBE or the MICCOSUKEE PEOPLE, arbitrarily and secretly approved the payment of an hourly fee for Defendant ATTORNEY LEWIS and Defendant LEWIS TEIN, P.L. in an amount that sometimes exceeded **two thousand dollars ($2,000.00) per hour** in addition to thousands of dollars in luxurious personal trips and outings, personal expenses, meals and other personal benefits approved by Defendant CYPRESS.

44.     All the **millions of dollars in legal fees and other personal benefits** described herein paid to Defendant ATTORNEY LEWIS and Defendant LEWIS TEIN, P.L. were arbitrarily approved by Defendant CYPRESS without the consent or knowledge of the MICCOSUKEE TRIBE or the MICCOSUKEE PEOPLE and came from tribal funds that belonged to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

45.     From 2005 through and including 2009, Defendant ATTORNEY TEIN was a professional attorney representing both Defendant CYPRESS in his individual capacity as well as the MICCOSUKEE TRIBE.

46.     At all times material hereto, Defendant ATTORNEY TEIN had a clear, and unequivocal conflict of interest in his professional representation of both Defendant CYPRESS in his individual capacity and the MICCOSUKEE TRIBE for the same reasons that Defendant ATTORNEY LEWIS had a conflict of interest as described above, with the exception that Defendant ATTORNEY TEIN did not resign from the United States Department of Justice for official misconduct.

47.     At all times material hereto, Defendant ATTORNEY TEIN's representation of the MICCOSUKEE TRIBE was a charade as his true role was to represent Defendant CYPRESS and use his "representation" of the MICCOSUKEE TRIBE as a shield to protect and defend his true client, DEFENDANT CYPRESS, in the same manner and under the same conditions as Defendant ATTORNEY LEWIS, as described above.

48.     At all times material hereto Defendant ATTORNEY TEIN was a "professional" attorney representing the MICCOSUKEE TRIBE and had a fiduciary and legal duty towards the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.  However, Defendant ATTORNEY TEIN not only failed to inform the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE about Defendant CYPRESS's illegal activities, but also assisted Defendant CYPRESS in those activities by making sure the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE did not find out about them and by assisting Defendant CYPRESS in investing his ill-gained proceeds through their legal representation of Defendant CYPRESS in his personal matters.

49.     In return and in exchange for the protection of Defendant CYPRESS, Defendant ATTORNEY TEIN, without the consent or knowledge of the MICCOSUKEE TRIBE or the MICCOSUKEE PEOPLE, was paid **millions of dollars** in legal fees for the years 2006 through and including 2009, plus thousands of dollars more in luxurious trips outings, and other personal benefits arbitrarily approved by Defendant CYPRESS and paid from the tribal funds of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

50.     From 2005 through and including 2009, Defendant LEWIS TEIN, PL was a professional association representing both Defendant CYPRESS in his individual capacity as well as the MICCOSUKEE TRIBE.

51.      At all times material hereto, Defendant LEWIS TEIN, PL had a clear and unequivocal conflict of interest in its professional representation of both Defendant CYPRESS in his individual capacity and the MICCOSUKEE TRIBE for the same reasons described above that Defendant ATTORNEY LEWIS and Defendant ATTORNEY TEIN had.

52.      At all times material hereto, Defendant LEWIS TEIN, PL's representation of the MICCOSUKEE TRIBE was a charade as the true role of Defendant LEWIS TEIN PL was to represent Defendant CYPRESS and use his "representation" of the MICCOSUKEE TRIBE as a shield to protect and defend its true client, Defendant CYPRESS, as described above.

53.      At all times material hereto, Although Defendant LEWIS TEIN, PL was a professional association representing the MICCOSUKEE TRIBE and had a fiduciary and legal duty towards the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE, Defendant LEWIS TEIN, P.L. not only failed to inform the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE about Defendant CYPRESS's illegal activities, but also assisted Defendant CYPRESS in those activities in the same manner as Defendant ATTORNEY LEWIS and Defendant ATTORNEY TEIN did, as described above.

54.      In return and in exchange for the protection of Defendant CYPRESS, Defendant LEWIS TEIN, PL, without the consent or knowledge of the MICCOSUKEE TRIBE or the MICCOSUKEE PEOPLE, was paid **more than ten million dollars ($10,000,000.00)** in legal fees for the years 2005 through and including 2009, which were arbitrarily approved by Defendant CYPRESS and paid from tribal funds that belonged to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

16

## COUNT I

## RICO
### (AS TO ALL DEFENDANTS)

55.     The MICCOSUKEE TRIBE re-alleges paragraphs 1 through 54.

56.     Each Defendant is a person within the meaning of 18 U.S.C. § 1961(3).

57.     Defendant CYPRESS's embezzlement, theft, and fraud is in direct violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

58.     Defendant MARTINEZ's embezzlement, theft, and fraud is in direct violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

59.     At all times relevant hereto, Defendant CYPRESS and Defendant MARTINEZ associated in fact with  each other and with  the  other defendants so as to constitute an "Enterprise" within the meaning of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

60.     At all times material hereto, the Enterprise was engaged in, and its activities affected interstate commerce through the following:

    a.  The  misappropriated funds  were  used  for  gambling  and  other  expenses across  state  lines,  namely  they  were  used  in  Mississippi,  Nevada, Pennsylvania,  Louisiana,  New  Mexico,  North  Carolina,  New  Jersey, Arizona, and Florida.

    b.  Real  estate  purchased  by  Defendant  CYPRESS  for  his  personal  use throughout the State of Florida.

    c.  A flotilla of luxury vehicles purchased by Defendant CYPRESS for his personal use.

    d.   Luxurious vacations throughout and outside the United States.

61.     Defendant CYPRESS through his position as Chairman of the MICCOSUKEE TRIBE for the years 2005 through and including 2009 defrauded the MICCOSUKEE TRIBE, and through those means embezzled and stole millions of dollars from the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

62.     Defendant MARTINEZ through his position as Chief Financial Officer defrauded the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE, and through those means embezzled and stole thousands of dollars from the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

63.     Defendant HERNANDEZ as Director of the MICCOSUKEE TRIBE's Finance Department actively concealed the fraudulent actions of Defendants CYPRESS and MARTINEZ and assisted Defendant CYPRESS in his illegal activities, including, but not limited to, investing the misappropriated funds to purchase real estate in exchange for salary increases, personal benefits and other benefits previously described in this Complaint.

64.     Defendants ATTORNEY LEWIS, ATTORNEY TEIN and LEWIS TEIN, PL through their position as attorneys for the MICCOSUKEE TRIBE were responsible as part of their legal representation of the MICCOSUKEE TRIBE for monitoring and reporting to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE all matters associated with tribal finances which were at the center of their legal representation of the MICCOSUKEE TRIBE. Instead, these Defendants aided and abetted the illegal conduct by Defendants CYPRESS and MARTINEZ; kept all information about the illegal conduct by Defendants CYPRESS and MARTINEZ secret; and, actively concealed and shielded the fraudulent actions of Defendants CYPRESS and MARTINEZ in exchange for exorbitant legal fees and the other benefits described in this Complaint.

65.     Defendant LEHTINEN through his unique position as General Counsel and main attorney for the MICCOSUKEE TRIBE was responsible as part of his legal representation of the MICCOSUKEE TRIBE for monitoring and reporting to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE matters associated with tribal finances which were at the center of his legal representation of the MICCOSUKEE TRIBE in the examination of the MICCOSUKEE TRIBE by the Internal Revenue Service. Instead, Defendant LEHTINEN aided and abetted the illegal conduct by Defendants CYPRESS and MARTINEZ; kept all information about the illegal conduct by Defendants CYPRESS and MARTINEZ secret; and, actively concealed and shielded the fraudulent actions of Defendants CYPRESS and MARTINEZ in exchange for his control of the legal work for the MICCOSUKEE TRIBE and the millions of dollars in legal fees and other benefits associated with it and described in this Complaint.

66.     Defendant MORGAN STANLEY through the actions of FINANCIAL ADVISOR FERNANDEZ breached its fiduciary duty to the MICCOSUKEE TRIBE by aiding and abetting Defendants CYPRESS and MARTINEZ's illegal conduct, by failing to disclose the fraudulent transactions by Defendants CYPRESS and MARTINEZ, and by willfully and purposely circumventing established standard account management procedures designed to prevent this type of embezzlement and theft, in exchange for the management fees described in this Complaint.

67.     Defendant CYPRESS knowingly engaged in a pattern of monetary transactions in criminally derived property of a value greater than $10,000 which was derived from specified unlawful activity in violation of 18 U.S.C. § 1957(a).

68. Specifically, Defendant CYPRESS withdrew from 5 Financial Management Accounts (hereinafter, "FMA") drawing on the MICCOSUKEE TRIBE's Morgan Stanley Investment Account #XXX-XXXXX-13-140, for purposes outside the scope of his employment, the following:

| January-06 | |
|---|---|
| **Location** | **Amount** |
| Golden Moon Casino, Choctaw | 5,119.99 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| *Total:* *$ 41,169.99* | |
| **April-06** | |
| **Location** | **Amount** |
| Seminole Hard Rock, Hollywood | 2,140.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| *Total:* *$ 7,490.00* | |
| **May-06** | |
| **Location** | **Amount** |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| Bellagio, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| Bellagio, Las Vegas | 5,150.00 |
| Bellagio, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |

| Location | Amount |
|---|---|
| New York New York, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| *Total:* *$123,800.00* | |
| **June-06** | |
| **Location** | **Amount** |
| Game Cash Withdrawal, Albuquerque | 797.99 |
| *Total:* *$ 797.99* | |
| **July-06** | |
| **Location** | **Amount** |
| Golden Moon Casino, Philadelphia | 5,119.99 |
| Silver Star, Philadelphia | 1,049.99 |
| Golden Moon Casino, Philadelphia | 5,119.99 |
| *Total:* *$11,289.97* | |
| **September-06** | |
| **Location** | **Amount** |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 2,140.00 |
| *Total:* *$ 7,490.00* | |
| **October-06** | |
| **Location** | **Amount** |
| Golden Moon Casino, Philadelphia | 5,119.99 |
| Golden Moon Casino, Philadelphia | 5,119.99 |
| Golden Moon Casino, Philadelphia | 5,119.99 |
| Golden Moon Casino, Philadelphia | 5,119.99 |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 535.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| *Total:* *$ 31,714.96* | |

| November-06 | |
|---|---|
| **Location** | **Amount** |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| *Total:* *$30,900.00* | |
| **December-06** | |
| **Location** | **Amount** |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| *Total:* *$ 21,400.00* | |
| *January-07* | |
| **Location** | **Amount** |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| *Total:* *$21,400.00* | |
| **February-07** | |
| **Location** | **Amount** |
| Miccosukee, Miami | 5,110.99 |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| Miccosukee, Miami | 5,110.99 |
| GCA, Nassau | 5,277.50 |
| GCA, Nassau | 5,277.50 |
| GCA, Nassau | 10,552.50 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| *Total:* *$68,301.46* | |
| **March-07** | |
| **Location** | **Amount** |

22

| Location | Amount |
|---|---|
| Miccosukee, Miami | 5,110.99 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Mirage, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| Miccosukee, Miami | 5,110.99 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Bellagio, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| *Total:* *$200,498.91* | |
| **April-07** | |
| **Location** | **Amount** |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 10,700.00 |

| | |
|---|---|
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| Miccosukee, Miami | 5,110.99 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| *Total:* *$110,115.94* | |
| **May-07** | |
| **Location** | **Amount** |
| Seminole Hard Rock, Hollywood | 2,140.00 |
| Seminole Hard Rock, Hollywood | 2,140.00 |
| Golden Moon Casino, Philadelphia | 10,500.00 |
| Golden Moon Casino, Philadelphia | 10,500.00 |
| Golden Moon Casino, Philadelphia | 10,500.00 |
| Golden Moon Casino, Philadelphia | 10,500.00 |
| Golden Moon Casino, Philadelphia | 10,500.00 |
| Golden Moon Casino, Philadelphia | 10,500.00 |
| Golden Moon Casino, Philadelphia | 10,500.00 |
| Golden Moon Casino, Philadelphia | 10,500.00 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 5,350.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| *Total:* *$173,401.98* | |
| **June-07** | |
| **Location** | **Amount** |
| Miccosukee, Miami | 5,110.99 |
| Wynn, Las Vegas | 10,350.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |

| MGM Grand, Las Vegas | 5,150.00 |
|---|---|
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Wynn, Las Vegas | 10,350.00 |
| Wynn, Las Vegas | 10,350.00 |
| Wynn, Las Vegas | 10,350.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Wynn, Las Vegas | 10,350.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| *Total:* *$144,332.97* | |
| **July-07** | |
| **Location** | **Amount** |
| Golden Moon Casino, Philadelphia | 10,500.00 |
| Golden Moon Casino, Philadelphia | 10,500.00 |
| Miccosukee, Miami | 5,110.99 |
| *Total:* *$ 26,110.99* | |
| **August-07** | |
| **Location** | **Amount** |
| Seminole Hard Rock, Hollywood | 2,140.00 |
| Miccosukee, Miami | 5,110.99 |
| Beau Rivage, Biloxi | 10,700.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |

| Location | Amount |
|---|---|
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 1,056.50 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| *Total:* *$333,757.49* | |
| **September-07** | |
| **Location** | **Amount** |
| Seminole Hard Rock, Hollywood | 2,140.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Miccosukee, Miami | 5,110.99 |
| Beau Rivage, Biloxi | 10,700.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| *Total:* *$ 75,600.99* | |
| **October-07** | |
| **Location** | **Amount** |
| Paragon Casino, Marksville | 5,143.99 |
| Paragon Casino, Marksville | 5,143.99 |

| Location | Amount |
|---|---|
| Paragon Casino, Marksville | 5,143.99 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Bellagio, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| *Total:* *$ 183,031.97* | |
| **November-07** | |
| **Location** | **Amount** |
| Game Cash Withdrawal, Las Vegas | 10,290.00 |
| Game Cash Withdrawal, Las Vegas | 10,290.00 |
| Seminole Hard Rock, Hollywood | 4,280.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |

| MGM Grand, Las Vegas | 10,300.00 |
|---|---|
| MGM Grand, Las Vegas | 10,300.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| *Total:* *$464,010.00* | |
| **December-07** | |
| **Location** | **Amount** |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |

| Seminole Hard Rock, Hollywood | 5,350.00 |
|---|---|
| **Total: $48,150.00** | |
| **January-08** | |
| **Location** | **Amount** |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Seminole Hard Rock, Hollywood | 6,420.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| **Total: $81,320.00** | |
| **February-08** | |
| **Location** | **Amount** |
| Golden Moon, Philadelphia | 10,500.00 |
| Golden Moon, Philadelphia | 10,500.00 |
| Golden Moon, Philadelphia | 10,500.00 |
| Siler Star, Philadelphia | 10,500.00 |
| Golden Moon, Philadelphia | 10,500.00 |
| Golden Moon, Philadelphia | 10,500.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| **Total: $105,800.00** | |
| **March-08** | |
| **Location** | **Amount** |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |

| | |
|---|---|
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| The Mirage, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| The Mirage, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 5,350.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |

| Location | Amount |
|---|---|
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| *Total:* *$578,700.00* | |
| **April-08** | |
| **Location** | **Amount** |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 5,375.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Wynn, Las Vegas | 10,350.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |

| | |
|---|---|
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 5,375.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 3,225.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| *Total:* *$556,775.00* | |
| **May-08** | |
| **Location** | **Amount** |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |

| Beau Rivage, Biloxi | 10,700.00 |
|---|---|
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 5,375.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 15,435.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 16,125.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| *Total:* $ 495,155.00 | |
| **June-08** | |
| **Location** | **Amount** |

33

| | |
|---|---|
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Beau Rivage, Biloxi | 16,050.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Seminole Hard Rock, Hollywood | 21,500.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |

| Location | Amount |
|---|---|
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| *Total:* *$ 525,150.00* | |
| **July-08** | |
| **Location** | **Amount** |
| Golden Moon, Philadelphia | 10,500.00 |
| Golden Moon, Philadelphia | 10,500.00 |
| Golden Moon, Philadelphia | 10,500.00 |
| Golden Moon, Philadelphia | 10,500.00 |
| Golden Moon, Philadelphia | 10,500.00 |
| Golden Moon, Philadelphia | 10,500.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 16,125.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 16,125.00 |
| *Total:* *$192,000.00* | |
| **August-08** | |
| **Location** | **Amount** |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |

| Location | Amount |
|---|---|
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 12,360.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 1,056.50 |
| MGM Grand, Las Vegas | 9,270.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| *Total:* *$ 271,008.48* | |
| **September-08** | |
| **Location** | **Amount** |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Hard Rock, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Hard Rock, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Hard Rock, Biloxi | 10,700.00 |
| Miccosukee, Miami | 5,110.99 |
| Gold Strike Casino, Tunica Resort | 8,240.00 |
| Gold Strike Casino, Tunica Resort | 3,108.99 |
| Gold Strike Casino, Tunica Resort | 3,108.99 |
| Gold Strike Casino, Tunica Resort | 8,240.00 |
| *Total:* *$ 124,108.97* | |
| **October-08** | |
| **Location** | **Amount** |

| Seminole Hard Rock, Hollywood | 10,750.00 |
|---|---|
| New York New York, Las Vegas | 10,300.00 |
| New York New York, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| New York New York, Las Vegas | 10,300.00 |
| Miccosukee, Miami | 5,110.99 |
| *Total:* *$149,760.99* | |
| **November-08** | |
| **Location** | **Amount** |
| Miccosukee, Miami | 5,110.99 |
| Beau Rivage, Biloxi | 10,700.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |

37

| Location | Amount |
|---|---|
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 3,121.50 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 7,210.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Hard Rock, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| *Total:* *$475,792.49* | |
| **December-08** | |
| **Location** | **Amount** |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| The Mirage, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |

| MGM Grand, Las Vegas | 10,300.00 |
|---|---|
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |

| | |
|---|---|
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| *Total:* *$765,400.00* | |
| *January-09* | |
| **Location** | **Amount** |
| Miccosukee, Miami | 5,110.99 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |

| MGM Grand, Las Vegas | 10,300.00 |
|---|---|
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| *Total:* *$ 298,660.99* | |
| **February-09** | |
| **Location** | **Amount** |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |

| Location | Amount |
|---|---|
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Wynn, Las Vegas | 10,350.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| *Total:* | |
| *$ 591,550.00* | |
| **March-09** | |
| **Location** | **Amount** |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |

| | |
|---|---|
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 1,056.50 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 9,270.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 2,608.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 2,608.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 2,608.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |

| MGM Grand, Las Vegas | 10,300.00 |
|---|---|
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |

| | |
|---|---|
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |

| MGM Grand, Las Vegas | 15,450.00 |
|---|---|
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| *Total:* *$ 1,434,400.50* ||
| **April-09** ||
| **Location** | **Amount** |
| Miccosukee, Miami | 5,150.00 |
| Miccosukee, Miami | 5,150.00 |
| Miccosukee, Miami | 5,150.00 |
| Miccosukee, Miami | 5,110.99 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| *Total:* *$ 52,660.99* ||
| **May-09** ||
| **Location** | **Amount** |
| Paragon #2, Marksville | 3,225.99 |
| Paragon #2, Marksville | 3,225.99 |
| Paragon #2, Marksville | 3,225.99 |
| Paragon #2, Marksville | 3,225.99 |
| Paragon #2, Marksville | 3,225.99 |
| Paragon #2, Marksville | 3,225.99 |
| Paragon #2, Marksville | 3,225.99 |
| Paragon #2, Marksville | 3,225.99 |
| Paragon #2, Marksville | 3,225.99 |
| Paragon #2, Marksville | 3,225.99 |
| Paragon #2, Marksville | 3,225.99 |
| Paragon #2, Marksville | 3,225.99 |

| | |
|---|---|
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |

| | |
|---|---|
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| *Total:* *$ 615,511.88* | |
| **June-09** | |
| **Location** | **Amount** |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |

48

| Location | Amount |
|---|---|
| Miccosukee, Miami | 5,110.99 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Wynn, Las Vegas | 10,350.00 |
| Wynn, Las Vegas | 10,350.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 10,290.00 |
| Venetian, Las Vegas | 20,580.00 |
| Venetian, Las Vegas | 20,580.00 |
| MGM Grand, Las Vegas | 56,650.00 |
| Venetian, Las Vegas | 10,290.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| *Total:* *$504,610.99* | |
| **July-09** | |
| **Location** | **Amount** |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Harrahs, New Orleans | 10,400.00 |
| Harrahs, New Orleans | 10,400.00 |
| Harrahs, New Orleans | 10,400.00 |
| Harrahs, New Orleans | 10,400.00 |
| Harrahs, New Orleans | 10,400.00 |
| Harrahs, New Orleans | 10,400.00 |
| Harrahs, New Orleans | 10,400.00 |
| Miccosukee, Miami | 5,110.99 |
| *Total:* | |

| *$ 120,232.97* | |
|---|---|
| **August-09** | |
| **Location** | **Amount** |
| Miccosukee, Miami | 5,110.99 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Miccosukee, Miami | 5,110.99 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Miccosukee, Miami | 5,110.99 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| *Total:* | |
| *$ 266,415.94* | |
| **September-09** | |
| Location | Amount |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Miccosukee, Miami | 5,110.99 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |

| | |
|---|---|
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Miccosukee, Miami | 5,110.99 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Miccosukee, Miami | 5,110.99 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| *Total:* *$ 208,282.97* | |
| **October-09** | |
| **Location** | **Amount** |
| Miccosukee, Miami | 5,110.99 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |

| | |
|---|---|
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Miccosukee, Miami | 5,110.99 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Miccosukee, Miami | 5,110.99 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |
| Beau Rivage, Biloxi | 10,700.00 |

| Beau Rivage, Biloxi | 10,700.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| *Total:* *$ 767,004.95* | |
| **November-09** | |
| **Location** | **Amount** |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 16,125.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Seminole Hard Rock, Hollywood | 10,750.00 |
| Miccosukee, Miami | 5,110.99 |
| *Total:* *$ 74,985.99* | |
| **December-09** | |
| **Location** | **Amount** |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 4,650.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 7,725.00 |
| MGM Grand, Las Vegas | 7,725.00 |
| MGM Grand, Las Vegas | 5,150.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 15,450.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 10,300.00 |
| MGM Grand, Las Vegas | 7,725.00 |

| MGM Grand, Las Vegas | 7,725.00 |
|---|---|
| MGM Grand, Las Vegas | 15,450.00 |
| *Total:* | |
| **$   128,250.00** | |

69.     All the above ATM withdrawals were made from casinos, including the MGM

Grand Hotel & Casino and the Mirage Casino in Las Vegas, Nevada, and the Seminole Hard

Rock Casino in Hollywood, Florida.

70.     **The total amount of funds withdrawn from ATMs for the years 2006**

**through and including 2009 by Defendant CYPRESS, and possibly others, is ELEVEN**

**MILLION, FIVE HUNDRED EIGHT THOUSAND, THREE HUNDRED FOUR**

**DOLLARS, AND SEVENTY-ONE CENTS ($11,508,304.71).**

71.     Additionally, Defendant CYPRESS charged several American Express credit

cards that had as collateral the funds in the Investment Account of the MICCOSUKEE

TRIBE and the MICCOSUKEE PEOPLE for fine dining, jewelry, luxury clothing, and other

items for his personal benefit and use, and the possible personal benefit and use of others.

These charges were as follows:

| Credit Card No. | Years | Items | Total |
|---|---|---|---|
| 6-36005 | July 2004- November 2007 | Food, Beverages, Jewelry, & personal expenses | $234,329.40 |
| 9-02001 | July 2008- July 2009 | Food & Beverages | $308,768.80 |
| 9-02001 | July 2008- July 2009 | Art | $40,000.00 |
| 9-02001 | July 2008- July 2009 | Jewelry | $1,285,286.42 |
| 9-02001 | July 2008- July 2009 | Clothing | $308,122.43 |
| 9-02001 | July 2008- July 2009 | Women's Clothing | $19,464.26 |
| 9-02001 | July 2008- July 2009 | Other Personal Expenses | $177,693.86 |
| 9-03009 | September 2009- December 2009 | Food & Beverages | $34,092.30 |
| 9-03009 | September 2009-December 2009 | Jewelry | $293,397.88 |

| 9-03009 | September 2009- December 2009 | Clothing | $113,171.00 |
| 9-03009 | September 2009- December 2009 | Lodging | $147,163.00 |
| 9-03009 | September 2009- December 2009 | Gambling | $77,309.71 |

72.    The total amount of unauthorized charges by Defendant CYPRESS to these credit cards is **THREE MILLION, THIRTY-EIGHT THOUSAND, SEVEN HUNDRED NINETY-NINE, AND SIX CENTS ($3,038,799.06)**.

73.    Defendant MARTINEZ knowingly engaged in a similar pattern of monetary transactions with criminally derived property of a value greater than $10,000 which was derived from specified unlawful activity, in violation of 18 U.S.C. § 1957(a).

74.    At all times material hereto, Defendant MARTINEZ charged an American Express credit card issued under his name, but having as collateral the funds in the Investment Account of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE, for matters such as fine dining, jewelry, and luxury clothing.  The following are charges made by Defendant MARTINEZ:

| Credit Card No.: | Years | Items | Total |
|---|---|---|---|
| 9-81002 | June 2009- January 2010 | Food & Beverages | $96,008.23 |
| 9-81002 | June 2009- January 2010 | Travel | $863,261.42 |

75.    The total amount of charges to this credit card by Defendant MARTINEZ is **NINE HUNDRED FIFTY-NINE THOUSAND, TWO HUNDRED SIXTY-NINE, AND WITH SIXTY-FIVE CENTS ($959,269.65)**.

76.     In addition to the charges made on these American Express credit cards, the scheme created, devised, and perpetrated by Defendant CYPRESS, with the assistance of the other Defendants, allowed Defendant CYPRESS to invest in expensive homes and other real estate, and to purchase a flotilla of luxury vehicles that include the following:

a.  Real Estate acquired by Defendant CYPRESS:

    i.  On October 5, 2009, in the amount of **$399,000.00**, property located at Unit 303, Marina Landing 2975 / 1374, 6422 Highway 98 West, Panama City Beach, Florida, 32407;

    ii.  On October 5, 2009, in the amount  of **$499,000.00**, property located at Unit 301, Marina Landing 2975 / 1374, 6422 Highway 98 West, Panama City Beach, Florida, 32407;

    iii.  On April 27, 2009, in the amount of **$250,000.00**, L29 Reserve On the Bay Phase I, 3203 Preserve Trail, Panama City Beach, Florida 32408;

    iv.  On February 2009, in the amount of **$279,000.00**, 2136 SW. 156 Street, Miami, Florida, 33185;

    v.  On February 2009, in the amount of **$305,000.00**, property located at 15440 S.W. 10 Street, Miami, Florida 33185.

    vi.  On June 2006, in the amount of **$407,390.00**, property located at 11352 SW 243 Terrace Miami, Florida 33032;

    vii.  On May 2005, in the amount of **$429,315.00**, property located at 15207 SW 14 Street Miami, Florida, 33194;

    viii.  On May 2005, in the amount of **$363,190.00**, property located at 15220 SW 10 Street, Miami, Florida 33194;

ix. On May 2005, in the amount of **$435,112.00**, property located at 15211 SW 15 Way Miami, Florida 33194;

x. On July 3, 2008, satisfaction of **$297,300.00** mortgage on property located at 1662 SW 154 Avenue, Miami, Florida, 33185.

xi. On January 7, 2009 satisfaction of **$249,990.00** mortgage on property located at 15475 S.W. 16 Lane, Miami, Florida 33185.

b. Luxury automobiles acquired by Defendant CYPRESS:

i. 2010   Mercedes Benz, S-Class S65 AMG

ii. 2009   BMW, X5

iii. 2009   Ford Mustang Shelby GT 500

iv. 2009   Chevy Corvette ZR1

v. 2009   Ford Mustang GT

vi. 2008   Ford Expedition Limited

vii. 2007   Ford F-150 King Ranch

viii. 2006   Mercedes-Benz S-Class S65

77.   The scheme created and perpetrated by Defendants CYPRESS and MARTINEZ entailed withdrawing several thousand dollars daily from the MICCOSUKEE TRIBE's Morgan Stanley FMA Cards and Amex credit cards to indulge in personal expenditures such as gambling, purchasing expensive homes, and other real estate, exotic vacations, and a flotilla of vehicles.

78.   Defendants CYPRESS and MARTINEZ and the other participants engaged in a pattern of related and continuous predicate acts over a substantial but closed period of time. These acts of embezzlement, theft, and fraud by Defendants CYPRESS and MARTINEZ

spanned from 2005 through and including 2009 and amounted to a continued pattern of criminal activity.

## THE ENTERPRISE

79.     All the Defendants knowingly participated, directly or indirectly, in the conduct of the affairs of the Enterprise within the meaning of 18 U.S.C. § 1962(c).

80.     Defendant CYPRESS directed and managed the Enterprise's activities through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1), 1961(5), and 1962(c).

81.     Defendants CYPRESS and all the other Defendants conducted and participated in the Enterprise's affairs through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1), 1961(5), and 1962(c).

82.     The criminal enterprise designed and operated by Defendant CYPRESS and the other Defendants was also composed of the following individuals, partnerships, corporations, and/or professional associations:  Defendant MORGAN STANLEY, Defendant HERNANDEZ, Defendant ATTORNEY LEWIS, Defendant ATTORNEY TEIN, Defendant LEWIS TEIN, PL, Defendant LEHTINEN, and FINANCIAL ADVISOR FERNANDEZ.

83.     These Defendants associated with each other for the common purpose of defrauding the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE through aiding and abetting, allowing, encouraging, planning, and secretly protecting the illegal conversion and misappropriation by Defendant CYPRESS and others of tribal funds that belonged to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

84.     The principals of the criminal enterprise were Defendants CYPRESS and MARTINEZ, who concocted, planned, devised, encouraged and secretly protected the

scheme from 2005 until its discovery in 2010, and recruited the additional participants in order to conceal and protect their fraudulent conduct, and thereby further the goals and objectives of the enterprise.

85.     Defendant   MORGAN   STANLEY   and   FINANCIAL   ADVISOR FERNANDEZ,   performed atypical banking transactions, some of which were in direct violation or exceptions to established safeguards, policies, and standard investment and banking practices established by Defendant MORGAN STANLEY:

a.   allowing Defendant CYPRESS to override the three (3) signatures required for withdrawals of funds from the Investment Account;

b.   authorizing the daily withdrawal of funds that were well above the standard practices permitted of daily ATM limits;

c.   authorizing and establishing automatic funds transfers between the Investment Account and other accounts of the MICCOSUKEE TRIBE in direct contradiction to Defendant MORGAN STANLEY's standard financial practices; and,

d.   failing to disclose to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE the fraud upon learning of it, but instead, maintaining it a secret to prevent the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE from discovering the fraud.

86.     Defendants ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN and LEWIS TEIN, P.L. abused their position as "professional" attorneys by using that position to aid and abet, shield and conceal the fraudulent activities by Defendant CYPRESS even though as "professional" attorneys for the MICCOSUKEE TRIBE, and in

their representation of the MICCOSUKEE TRIBE, they were responsible for reviewing, analyzing, monitoring and reporting to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE all financial activities relevant to their legal representation of the MICCOSUKEE TRIBE. The Defendants' orchestrated and well-developed wall of silence made it possible for Defendant CYPRESS, and the others described in this Complaint, to steal and plunder with shameless impunity the millions of dollars in tribal funds that belonged to the MICCOSUKEE PEOPLE. This active encouragement and concealment by the Defendants resulted in the continued viability of the criminal enterprise.

87.    As a reward for their actions, Defendants ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN and LEWIS TEIN, P.L. derived substantial personal benefit from their participation in the Enterprise in **MILLIONS OF DOLLARS IN ATTORNEYS' FEES AND OTHER BENEFITS** already described in this Complaint, and which were arbitrarily approved and dispensed by Defendant CYPRESS at his discretion, and without the knowledge or consent of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

## INJURY TO THE MICCOSUKEE TRIBE

88.    By virtue of the Defendants' violation of 18 U.S.C. § 1962(a), (b), and/or (c), the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE have sustained substantial injury.

89.    Defendants CYPRESS and MARTINEZ's embezzlement, theft, and fraud were the proximate cause of the depletion of millions of dollars from the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE that were intended for tribal purposes. This

embezzlement, theft, and fraud would not have occurred without the actions perpetrated by Defendants CYPRESS and MARTINEZ in concert with the other Defendants.

90.     The approximate total amount of damages suffered by the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE, as a direct result of Defendants CYPRESS and MARTINEZ's RICO violation, and the assistance, aiding and abetting, protection, assistance and logistical and "professional" support provided by the other Defendants, is **TWENTY-SIX MILLION DOLLARS ($26,000,000.00)** exclusive of interests, attorneys' fees and other damages that may be applicable by law.

## COUNT II

### CONSPIRACY TO COMMIT RICO
### (AS TO ALL DEFENDANTS)

91.     The MICCOSUKEE TRIBE re-alleges the allegations in paragraphs 1 through 90 above.

92.     In violation of 18 U.S.C. § 1962(d), the Defendants, participants, and others known and unknown conspired with each other to violate 18 U.S.C. § 1962(a)-(c).

93.     The objects of the conspiracy included, without limitation, the misappropriation of funds from the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE by means of a scheme to defraud.

94.     By this misappropriation, Defendants CYPRESS and MARTINEZ and the other Defendants, gained personal benefits; obtained funds directly from the conversion of the MICCOSUKEE TRIBE's funds for their own use; and, fraudulently profited through their fraudulent scheme.

95.     Defendants CYPRESS and MARTINEZ, along with the other Defendants, agreed and combined with persons known and unknown to do a criminal or unlawful act, or a lawful act by criminal or unlawful means.

96.     Defendants CYPRESS and MARTINEZ, along with the other Defendants, by their words and actions, objectively manifested agreement to the commission of the substantive RICO violation and to the commission of two (2) or more predicate acts through participation in the conduct of the affairs of the Enterprise.

97.     Defendants CYPRESS and MARTINEZ, along with the other Defendants, knew that their predicate acts were part of a pattern of racketeering activities and agreed to the commission of those acts to further the scheme described above.

98.     That conduct by Defendants CYPRESS and MARTINEZ, and the other Defendants constitutes a conspiracy to violate 18 U.S.C. § 1962(d).

99.     Defendants CYPRESS and MARTINEZ and the other Defendants' agreement to engage in a pattern of racketeering activity can be clearly and reasonably inferred from their unique and close personal and professional relationships, their mutual motives and goals, their mutually agreed tactics; their common plan, scheme and modus operandi, common  opportunity; and their mutual substantial financial gain resulting from their pattern of racketeering activity; their use of bank accounts and property; and the dependency on the fraudulent acts of each other and on the fraudulent acts of the other as well as the actions of the Enterprise.

100.    At least one overt and wrongful act was done by one or more of the Defendants-conspirators and was done to achieve the purpose of the conspiracy.

101.    Those acts were done pursuant to the common scheme to defraud the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE, and in furtherance of the object of the conspiracy and in concert with each other.

102.    The conspiratorial agreement described above was an agreement to participate in the Enterprise as described above, which engaged in racketeering activity within the meaning of 18 U.S.C. § 1961(1), 1962(a)-(c), in addition to an agreement to commit the multiple unlawful acts underlying the racketeering activity.

103.    Defendants CYPRESS and MARTINEZ and the other Defendants knew that the acts in furtherance of the conspiracy were part of a pattern of racketeering activity and actively and willfully participated in the commission of those acts in furtherance of the conspiracy.

104.    As a result of one or more acts predicate to the conspiracy, and Defendants CYPRESS and MARTINEZ's conduct and participation in the conduct of the Enterprise's affairs through a pattern of racketeering activity, the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE have sustained substantial injury including the loss of millions of dollars stolen by the Defendants.

105.    Defendants CYPRESS and MARTINEZ and the other Defendants' acts and violations were the actual cause of the MICCOSUKEE TRIBE's damages, which would not have occurred without the Defendants' conduct.

106.    Additionally, these acts and violations were the direct, natural, and proximate cause of the damage to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

## COUNT III

### EMBEZZLEMENT
### (AS TO DEFENDANTS CYPRESS AND MARTINEZ)

107.     The MICCOSUKEE TRIBE re-alleges paragraphs 1 through 106 above.

108.     At all times material hereto, Defendant CYPRESS lawfully obtained possession and control of the Investment Account and the American Express credit cards whose purpose was to advance "tribal purposes."

109.     Thereafter, Defendant CYPRESS contrived his scheme to defraud the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE by converting the funds, which had been entrusted to him for tribal purposes for his own lavish expenditures such as gambling; fine dining; jewelry; luxury items such as clothing, homes, and vehicles; as well as other items for his exclusive benefit and personal use.

110.     This being so, Defendant CYPRESS, by his actions, committed embezzlement.

111.     At all times material hereto, Defendant MARTINEZ lawfully obtained access to the MICCOSUKEE TRIBE's funds and American Express credit card as Chief Financial Officer.

112.     Thereafter, Defendant MARTINEZ acting in concert with Defendant CYPRESS converted the funds of the MICCOSUKEE TRIBE by using the Investment Account as collateral to pay for the American Express credit card that he used for unexplained and unauthorized personal high-end expenses.

113.     This being so, Defendant MARTINEZ, by his actions, committed embezzlement.

## COUNT IV

### CIVIL THEFT
### (AS TO DEFENDANTS CYPRESS AND MARTINEZ)

114.    The MICCOSUKEE TRIBE re-alleges paragraphs 1 through 113 above.

115.    In 2010, the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE first discovered that Defendants CYPRESS and MARTINEZ had knowingly obtained and used these monies and property of the MICCOSUKEE TRIBE with the felonious intent to permanently deprive the MICCOSUKEE TRIBE of the right to these monies, and appropriated these monies for the personal use of Defendants CYPRESS and MARTINEZ in violation of § 772.11, Fla. Stat.

116.    As a result of the theft by Defendants CYPRESS and MARTINEZ, the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE have suffered an injury and have lost millions of dollars.

117.    The MICCOSUKEE TRIBE is legally obligated to pay a reasonable fee for the services of the undersigned professional attorneys.  Consequently, pursuant to § 772.11, Fla. Stat., the MICCOSUKEE TRIBE is legally entitled to an award of attorneys' fees. Before filing this suit, the MICCOSUKEE TRIBE on June 30, 2012, served on Defendants CYPRESS and MARTINEZ a written demand for payment of three times the amount of monies stolen by Defendants CYPRESS and MARTINEZ, as required by applicable law. The amount demanded from Defendants CYPRESS was **SEVENTY EIGHT MILLION DOLLARS ($78,000,000.00),** and the amount demanded from Defendant MARTINEZ was **THREE MILLION DOLLARS ($3,000,000.00)**.   A copy of the written demands is attached to this Complaint and is incorporated herein by reference as Composite Exhibit 1.

118.    Defendants CYPRESS and MARTINEZ have failed and refused to voluntarily pay the amount demanded or any other amount.

## COUNT V

### FRAUD
### (AS TO ALL THE DEFENDANTS)

119.    The MICCOSUKEE TRIBE re-alleges paragraphs 1 through 118 above.

120.    At all times material hereto, Defendants CYPRESS, MARTINEZ and HERNANDEZ held positions of trust within the MICCOSUKEE TRIBE and had a legally recognized fiduciary duty with the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

121.    At all times material hereto, Defendant CYPRESS held the position of Chairman of the Miccosukee Tribe, and was in a position that legally required him to protect, preserve and defend the rights and financial interests of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

122.    At all times material hereto, Defendant MARTINEZ was the Chief Financial Officer of the MICCOSUKEE TRIBE and had a legally recognized fiduciary duty to protect and preserve the financial interests of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

123.    As Chief Financial Officer, Defendant MARTINEZ was entrusted with reviewing, overseeing, and approving all financial transactions that involved the funds of the MICCOSUKEE TRIBE.

124.    At all times material hereto, Defendant HERNANDEZ was the Director of the MICCOSUKEE TRIBE's Finance Department and had a legally recognized fiduciary duty to

review, oversee, preserve and inform the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE about the finances of the MICCOSUKEE TRIBE, including, but not limited to, the yearly budget, the budget of each tribal department, the general finances of the MICCOSUKEE TRIBE and the specific balance and transactions of each tribal account.

125.    As the Director of the Finance Department, Defendant HERNANDEZ was responsible for, had access to, and was in possession of all financial information of the MICCOSUKEE TRIBE, including, but not limited to, the transactions subject to this lawsuit.

126.    The following misrepresentations were made by Defendants CYPRESS, MARTINEZ and HERNANDEZ to the MICCOSUKEE TRIBE:

      a. At every quarterly General Council Meeting from 2005 through and including 2009, which are attended by members of the MICCOSUKEE TRIBE, Defendants CYPRESS, MARTINEZ and HERNANDEZ prepared, submitted, reported, and/or presented to the MICCOSUKEE PEOPLE, in their official capacity as tribal officers, the status of the Investment Account and reassured the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE that their funds were best protected by maintaining them in the Investment Account.

      b. Defendants CYPRESS, MARTINEZ and HERNANDEZ fraudulently concealed from the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE that millions of dollars of their monies were being stolen from the Investment Account and spent for personal use, including, but not limited to, gambling, fine dining, real estate purchases, the purchasing of a

flotilla of luxury vehicles, extravagant vacations, jewelry, and other lavish outings.

127.     At all times material hereto, Defendants ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN and LEWIS TEIN, PL were "professional attorneys" representing the MICCOSUKEE TRIBE and had a legal and fiduciary duty towards the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

128.     At all times material hereto, Defendants ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN and LEWIS TEIN, PL knew about the illegal activities by Defendant CYPRESS and had a duty to disclose such illegal activity and wrongful acts to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.   However, for the reasons explained above, these Defendants, acting in concert with each other, remained silent and instead assisted Defendant CYPRESS in the perpetration of his illegal activities in order to continue to ripe the financial benefits being disbursed by Defendant CYPRESS for their cooperation.

129.     Due to the positions of confidence held by the Defendants with the MICCOSUKEE TRIBE, and the MICCOSUKEE PEOPLE, they reasonably relied upon the fraudulent misrepresentations and/or omissions made by these Defendants to them at all times described herein.

130.     Relying upon these fraudulent misrepresentations and/or omissions made by the Defendants, the MICCOSUKEE TRIBE continued to invest their monies with Defendant MORGAN STANLEY during the times described herein. Relying upon these fraudulent misrepresentations and/or omissions made by these Defendants, the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE allowed these Defendants to continue holding their

positions of trust during the time described herein, and to continue to receive their substantial benefits.

131.   Due to the MICCOSUKEE TRIBE's reasonable reliance upon the fraudulent misrepresentations and/or omissions made by these Defendants, the MICCOSUKEE TRIBE and the MICCOSUSKEE PEOPLE have lost millions of dollars, which were stolen from the Investment Account.

132.   Through these fraudulent misrepresentations and/or omissions to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE these Defendants gained the following personal benefits:

a.   Defendant CYPRESS converted millions of dollars belonging to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE for his own personal use and used those millions of dollars for gambling, fine dining, entertainment, the purchase of homes and other real estate, the purchase of a flotilla of luxury vehicles, expensive travels, the purchase of expensive jewelry and other items of personalty described in this Complaint.

b.   Defendant MARTINEZ received thousands of dollars in misappropriated funds belonging to the MICCOSUKEE TRIBE for his personal expenses and use, as well as, other miscellaneous benefits described herein, and maintained his highly paid position as Chief Financial Officer.

c.   Defendant HERNANDEZ received salary increases, all expense paid travels, other miscellaneous benefits described herein, and maintained his highly paid position as Director of the Finance Department.

d.   Defendant MORGAN STANLEY received substantial benefits in fees

for their management of the Investment Account.

e. Defendants ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY
LEHTINEN, and LEWIS TEIN, PL received substantial benefits in millions
of dollars in attorneys' fees and other benefits described herein.

## COUNT VI

### AIDING AND ABETTING FRAUD
### (AS TO DEFENDANTS MORGAN STANLEY, HERNANDEZ, MARTINEZ, ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN AND LEWIS TEIN, PL)

133.     The MICCOSUKEE TRIBE re-alleges paragraphs 1 through 132 above.

134.     At all times material hereto there was an underlying fraud being perpetrated by Defendants CYPRESS, MARTINEZ and HERNANDEZ upon the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

135.     At all times material hereto, Defendants MORGAN STANLEY, ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN, and LEWIS TEIN, PL had actual knowledge of the fraud being perpetrated by Defendants CYPRESS, MARTINEZ and HERNANDEZ upon the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

136.     At all times material hereto, Defendants MORGAN STANLEY, ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN, and LEWIS TEIN, PL owed a fiduciary duty to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE due to their relationship of confidence and professional relationship with the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

137.     At all times material hereto, Defendants MORGAN STANELY, ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN, and LEWIS TEIN, PL knowingly

and substantially participated in a scheme to assist Defendant CYPRESS to steal, defraud, misappropriate funds of the MICCOSUKEE TRIBE, and made fraudulent misrepresentations and/or omissions to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

138.    In the specific case of Defendants ATTORNEY LEWIS, ATTORNEY TEIN, and LEWIS TEIN, PL they were simultaneously representing the MICCOSUKEE TRIBE and Defendant CYPRESS, and therefore, they were placed in an especially advantageous position to assist CYPRESS and to actively conceal the wrongful conduct by Defendant CYPRESS through such representation.

139.    In the specific case of Defendant ATTORNEY LEHTINEN, he used his representation of the MICCOSUKEE TRIBE to actively assist, aid and abet the defense of Defendant CYPRESS, and to protect the individual legal interests of Defendant CYPRESS at the expense and detriment of the MICCOSUKEE TRIBE, including, but not limited to, the concealment of the fraud and theft being perpetrated by DEFENDANT CYPRESS.

140.    From 2006 through and including 2009, Defendants ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN, and LEWIS TEIN, PL as part of their legal representation of the MICCOSUKEE TRIBE in federal tax matters, made sure that Defendant CYPRESS's improper and illegal use of the Investment Account and American Express cards, and Defendant MARTINEZ's improper and illegal use of the American Express cards were kept a secret from officials of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

141.    From 2006 through and including 2009, Defendants ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN, and LEWIS TEIN, PL, as part of their representation of the MICCOSUKEE TRIBE in federal tax matters, had to prepare, present

and deliver quarterly reports to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE. Defendants ATTORNEY LEWIS, ATTORNEY LEHTINEN, ATTORNEY TEIN and LEWIS TEIN, PL ensured that during these quarterly reports they kept secret the illegal activities by Defendants CYPRESS and MARTINEZ, and instead they continued to reassure the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE that the federal tax examination in which they were representing the MICCOSUKEE TRIBE was "almost resolved."

142.   At all times material hereto, Defendants MORGAN STANLEY, ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN, and LEWIS TEIN, PL knowingly and willfully provided substantial assistance to advance the commission of the fraud by Defendants CYPRESS and MARTINEZ through their active legal representation of Defendant CYPRESS, their willful and well-orchestrated failure to disclose and active concealment of the atypical and fraudulent financial transactions by Defendants CYPRESS and MARTINEZ against the MICCOSUKEE TRIBE.

143.   To the detriment of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE, Defendant MORGAN STANLEY knowingly and willfully provided substantial assistance in the commission of the fraud by Defendant CYPRESS through its extraordinary attempts to prolong the financial viability of Defendant CYPRESS to the detriment of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE by the following:

> a.   allowing Defendant CYPRESS to override the three signature requirement on the Investment Account held by Defendant MORGAN STANLEY;

    b.  authorizing the daily withdrawal of amounts of monies by Defendant CYPRESS that were well above the daily ATM limits customarily allowed;

    c.  authorizing and establishing automatic funds transfers between and from the Investment Account, for the exclusive benefit of Defendant CYPRESS, in direct contradiction to Defendant MORGAN STANLEY's established policies and procedures; and,

    d.  willfully failing to disclose to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE the fraud and theft of tribal funds by Defendant CYPRESS upon learning of it.

144.  Defendants ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN, and LEWIS TEIN, PL abused their position as "professional" attorneys for the MICCOSUKEE TRIBE by using their fiduciary responsibilities, and position of confidence and trust, to shield and conceal the fraudulent activities by Defendants CYPRESS providing substantial assistance in the commission of the fraud by Defendant CYPRESS, by failing to report and to disclose to the MICCOSUKEE TRIBE, its officials and the MICCOSUKEE PEOPLE all information about the fraud and theft of tribal funds by Defendant CYPRESS, which resulted in the continued viability of the criminal enterprise, in exchange for the benefits they received and which have been specifically described throughout this Complaint.

145.  At all times material hereto, through their active concealment and affirmative acts, Defendants MORGAN STANLEY, ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN, and LEWIS TEIN, PL knowingly, purposefully and intentionally aided and abetted the fraud perpetrated by Defendant CYPRESS against the MICCOSUKEE

TRIBE and the MICCOSUKEE PEOPLE through the specific actions and omissions described throughout this Complaint.

## COUNT VII

### BREACH OF FIDUCIARY DUTY
### (AS TO ALL THE DEFENDANTS)

146.    The MICCOSUKEE TRIBE realleges paragraphs 1 through 145 above.

147.    At all times material hereto, these Defendants held positions of trust within the MICCOSUKEE TRIBE, as specifically described throughout this Complaint, and were in a position to protect the interests of the MICCOSUKEE TRIBE, and had a fiduciary and legal duty to do so.

148.    Defendant CYPRESS, as Chairman of the MICCOSUKEE TRIBE, had a duty to maintain, preserve and protect the financial well-being of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

149.    In his capacity as Chief Financial Officer of the MICCOSUKEE TRIBE, at all times material hereto, Defendant MARTINEZ was entrusted to maintain, preserve and protect the financial well-being of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

150.    As Chief Financial Officer of the MICCOSUKEE TRIBE, Defendant MARTINEZ was responsible for reviewing, overseeing, and approving all financial transactions involving the Investment Account from which Defendant CYPRESS was stealing from to the detriment of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

151.   At all times material hereto, Defendant HERNANDEZ was Director of the MICCOSUKEE TRIBE's Finance Department and was in a position to protect the financial interests of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

152.   As the Director of the Finance Department, Defendant HERNANDEZ had access to, was in possession of, and was responsible for reviewing all financial information of the MICCOSUKEE TRIBE, including, but not limited to, the Investment Account and American Express cards subject to this lawsuit.

153.   From 2005 through and including 2009, while representing the MICCOSUKEE TRIBE as "professional" attorneys, Defendants ATTORNEY LEWIS ATTORNEY TEIN, ATTORNEY LEHTINEN, and LEWIS TEIN, PL owed a duty of care and fiduciary duty to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

154.   At all times material hereto, Defendants ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN, and LEWIS TEIN, PL held themselves out as competent "professional" attorneys and legal experts possessing the requisite legal skills and experience to represent the interests of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE free from any actual or potential conflict of interest.

155.   At all times material hereto, Defendants ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN, and LEWIS TEIN, P.L. represented the MICCOSUKEE TRIBE as a law firm and professional association engaged in the business of providing legal advice.

156.   At all times material hereto, all the Defendants owed a fiduciary duty to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE due to their professional relationship of confidence and trust.

157.    In the particular case of Defendant MORGAN STANLEY, as the financial institution entrusted with the financial funds of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE, Defendant MORGAN STANLEY owed a duty of care and a fiduciary duty to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE to safeguard their investments from the specific illegal activities perpetrated by Defendant CYPRESS.

158.    In the particular case of Defendant CYPRESS, he abused his position as Chairman of the MICCOSUKEE TRIBE for his personal benefit and breached his duty of care and fiduciary duty by embezzling, stealing, and converting the funds of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE under his control and supervision to create, maintain and expand his own lavish personal lifestyle.

159.    In the particular case of Defendant MARTINEZ, as Chief Financial Officer he had a duty of care and fiduciary duty towards the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE which he abused and breached by embezzling, stealing and converting the funds of the MICCOSUKEE TRIBE for his own personal expenses through his illegal use of the American Express card and the charges to such card specifically outlined throughout this Complaint and by planning and assisting Defendant CYPRESS to embezzle, steal and convert the funds of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE for his own personal use.

160.    In the particular case of Defendant HERNANDEZ, as Director of the Finance Department, he had a duty of care and fiduciary duty towards the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE which he abused and breached by: planning and assisting Defendant CYPRESS to steal, embezzle and convert the funds of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE for his own personal use; and purposefully,

knowingly and willfully assisting Defendant CYPRESS to invest the misappropriated funds of the MICCOSUKEE TRIBE; and actively concealing the fraudulent scheme from the MICCOSUKEE TRIBE, its officials and the MICCOSUKEE PEOPLE.

161.    In the particular case of Defendants, ATTORNEY LEWIS, ATTORNEY TEIN, ATTORNEY LEHTINEN, and LEWIS TEIN, PL, who abused their positions as "professional" attorneys for the MICCOSUKEE TRIBE and breached their fiduciary duty to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE by improperly engaging in the simultaneous legal representation and legal assistance of Defendant CYPRESS, whose legal interests were directly adverse to the legal interests of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE, for the sole purpose of shielding and concealing the fraudulent activities by Defendant CYPRESS, and thereby planning, assisting and providing substantial assistance in the commission of the fraud by Defendant CYPRESS through their active concealment and failure to disclose Defendant CYPRESS's illegal activities in order not to jeopardize the millions of dollars in attorneys' fees and other benefits they were receiving from Defendant CYPRESS for "legal work" on behalf of the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

162.    Defendant MORGAN STANLEY through the actions of FINANCIAL ADVISOR FERNANDEZ breached its duty of care and fiduciary duty to the MICCOSUKEE TRIBE by: assisting and failing to disclose to the MICCOSUKEE TRIBE the illegal transactions by Defendants CYPRESS; enabling and facilitating such illegal transactions by Defendant CYPRESS; and, circumventing established account management procedures to substantially assist in the fraudulent scheme in exchange for commissions and fees that resulted from its "administration" of the Investment Account.

163.    The breach of their duty of care and fiduciary duty to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE by all the Defendants resulted in a detriment to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE.

164.    Due to the MICCOSUKEE TRIBE's reasonable reliance upon the fraudulent misrepresentations made by the Defendants, the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE have lost millions of dollars of their investments, which were wrongfully appropriated, directly or indirectly, by all the Defendants.

WHEREFORE, the MICCOSUKEE TRIBE demands judgment for three times the amount due as damages, prejudgment interest, attorneys' fees and costs, and any other or further relief this Court deems just and proper, as well as trial by jury on all causes of actions and issues presented in this Complaint.

Respectfully submitted this 1st of July, 2012.

/s/Bernardo Roman III
Bernardo Roman III, Esquire
Fla. Bar No. 0002739
Tribal Attorney, Miccosukee Tribe of
Indians of Florida
P.O. Box 440021, Tamiami Station
Miami, Florida 33144
Tel: (305) 894-5214
Fax: (305) 894-5212
E-mail: bromanlaw@bellsouth.net