IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 12-CV-22439-COOKE/BANDSTRA

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

    Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN STANLEY
SMITH BARNEY; JULIO MARTINEZ;
MIGUEL HERNANDEZ; GUY LEWIS,
ESQUIRE; MICHAEL TEIN, ESQUIRE;
AND LEWIS TEIN, PL, A PROFESSIONAL
ASSOCIATION,

    Defendants.
_____/

**DEFENDANTS, GUY LEWIS, ESQUIRE, MICHAEL TEIN, ESQUIRE, AND LEWIS TEIN, PL'S MOTION TO REQUIRE PLAINTIFF TO FILE A RICO CASE STATEMENT**

Defendants, Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, PL ("the Lewis Tein Defendants"), file their Motion to Require Plaintiff to File a Civil RICO Case Statement, and state:

    **I.**    **INTRODUCTION**

Plaintiff, Miccosukee Tribe of Indians of Florida (the "Tribe") has filed a sensational, but unsubstantiated suit including incredible allegations of fraudulent conduct against a prominent law firm and its principals, accusing them of participating in a conspiracy with another respected long time lawyer for the Tribe, as well as the Former Chairman and Chief Financial Officer of

{00145340.1 }

1

the Tribe, a major international commercial bank and its employee. The central allegations of the Complaint and Amended Complaint, while provocative, have no basis in fact. Because of the unusual nature of this case and the claims of professional misconduct alleged against members of The Florida Bar and the Bar of this Court, the Lewis Tein Defendants seek to require the Tribe to comply with long standing Southern District protocol and precedent mandating that before proceeding in a Civil RICO case, Plaintiff be required to specify in detail the facts on which the RICO and related conspiracy counts are predicated, before advancing its case based on such inflammatory and extraordinary claims.

## II.     MOTION

The Tribe alleges federal and Florida Racketeer Influenced and Corruption Organizations Act ("RICO") claims against two of its former officials, several prominent attorneys, and an international financial institution, claiming economic injury of $26,000,000.00, requesting treble damages, and seeking injunctive relief, a receivership, an asset freeze, sworn accounting, disgorgement, and repatriation of funds. Although the case has already garnered front page media attention for its sensational allegations, neither the original [D.E. 1] nor the Amended [D.E. 13] Complaints include specific allegations detailing the alleged criminal activities of the Lewis Tein Defendants that supposedly caused $26,000,000.00 in damages. Because of the nature of the claims and the requested relief, this Court should exercise its discretion to require a detailed Civil RICO Case Statement, and direct the Tribe to set forth, within thirty (30) days, the factual and legal predicate for the claims and relief sought. Also, because of the broad based but vague and conclusory allegations, and because Plaintiff has filed two similar parallel State Court cases against the lawyer defendants: *Miccosukee Tribe of Indians of Florida v. Guy Lewis, Esq.*,

Case No. 12-12816 CA 27, Eleventh Judicial Circuit, Miami-Dade County, and *Miccosukee Tribe of Indians of Florida v. Dexter Wayne Lehtinen*, Case No. 2011-39362 CA 01, Eleventh Judicial Circuit, Miami-Dade County, the Court should require the filing of a detailed Civil RICO Case Statement to determine whether Plaintiff is entitled to proceed on these claims, and in order to facilitate the Lewis Tein Defendants' ability to properly respond to the RICO allegations.

### III.  MEMORANDUM OF LAW IN SUPPORT

Local Rule 12.1 previously required all plaintiffs asserting civil RICO claims to provide a detailed Civil RICO Case Statement. Although the Rule was repealed in December 2011, the repeal was accompanied by the following Comment by the Rules Committee: "(2011) Repealed to eliminate unnecessary rule, <u>but not to signal that RICO Case Statements may not be required on a case-by-case basis or do not have continued utility</u>." (emphasis supplied).

This is exactly the sort of case contemplated by the Rules Committee as appropriate to require a Civil RICO Case Statement previously specified in Local Rule 12.1(2010). It involves eight (8) separate defendants, spans at least four (4) years of alleged predicate acts, three (3) separate counts of alleged Civil RICO violations, and in the Amended Complaint, now requests extraordinary remedies including not only treble damages, but also injunctive relief, a receivership, an asset freeze, sworn accounting, disgorgement, and repatriation of funds. [DE. 13, pp. 85-86].

The Court has the discretion to order a Civil RICO Case Statement. *O'Malley, O.S.A. v. O'Neill, O.S.A.*, 887 F. 2d 1557, 1558 (11th Cir. 1989) (acknowledging court order requiring RICO case statement). And this Court has previously relied on such statements in considering

Motions to Dismiss. *Coquina Investments v. Rothstein,* 2011 WL 197241, *1, n.1 (S.D. Fla. Jan. 20, 2011) ("These facts are taken from Coquina's Complaint and Civil RICO Case Statement") (Order Denying Motion to Dismiss). A copy of this unpublished Order is attached as Exhibit A. The Court should exercise its discretion here, and Order Plaintiff to file a Civil RICO Case Statement within thirty (30) days.

To establish a federal violation under RICO, Plaintiff must allege and prove four elements: "(1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." *Edwards v. Prime, Inc.*, 602 F. 3d 1276, 1291 – 1292 (11th Cir. 2010). A pattern of racketeering activity requires at least two acts of racketeering activity. 18 U.S.C. § 1961(5); *Edwards*, 602 F. 3d at 1292. An act of racketeering is commonly referred to as a predicate act. *Edwards* at 1292.

The Federal Rules of Civil Procedure require a heightened pleading standard for claims involving RICO. Fed. R. Civ. P. 9(b); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F. 3d 1364 (11th Cir. 1997) (holding the plaintiff failed to plead RICO claim with particularity). Federal Rule of Civil Procedure 9(b) states:

> **Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally.

"Civil RICO claims, which are essentially a certain breed of fraud claims," must be pled with increased specificity. *Ambrosia Cole and Construction Co. v. Paiges Morales*, 482 F. 3d 1309, 1316 (11th Cir. 2007). Plaintiff's Complaint fails to set forth a time, place and manner in which any specific predicate act occurred. Plaintiff's allegations provide no basis in fact upon which the Court could conclude that any specific act of the Lewis Tein Defendants is indictable

for any kind of crime or properly forms the requisite basis on which a RICO claim may be sustained.

"To maintain a RICO action, at a minimum, the Plaintiff must allege sufficient facts with enough specificity to show probable cause that the predicate acts were committed." *In Re: Cascade International SECS Litigation,* 840 F. Supp. 1558, 1582 (S.D. Fla. 1993) (citing *Banco de Desarroll Agropecuario, S.A. v. Gibbs*, 640 F. Supp. 1168, 1175 (S.D. Fla. 1986). Plaintiff fails to specify any particular act that is a predicate to either the original RICO violation or conspiracy for RICO. The Amended Complaint contains only general allegations that Lewis and Tein knew about the Tribe Chairman's illegal activities and did not disclose them to the Tribe. [D.E. 13, ¶¶39-41, 48, 53, 64, 86, 95, 104-105]. There is no specific act by any of the Lewis Tein defendants identified that would constitute a criminal predicate act which would give rise to a civil RICO claim. A Civil RICO Case Statement would assist the Court and Defendants in knowing exactly what is being alleged against them, as well as fulfill Plaintiff's pleading requirements under applicable case law and the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, PL, request that this Court grant this Motion and Require Plaintiff to file a Civil RICO Case Statement as set forth in Local Rule 12.1(2010) within thirty (30) days.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant conferred with Bernardo Roman, III, counsel for Plaintiff, on August 6, 2012, in a good faith effort to resolve the issues raised by this Motion, but has been unable to do so, and has been authorized to represent that the Plaintiff objects to the relief sought. Undersigned counsel has

not contacted counsel for any of the co-defendants, as none have entered an appearance at this time.  There are no non-parties who would be affected by this Motion and the relief sought.

Respectfully submitted this 6th day of August, 2012.

*s/ D. David Keller*
D. David Keller
Fla. Bar No. 288799
Wendy J. Stein
Fla. Bar No. 389552
Keller Landsberg PA
Broward Financial Centre, Suite 1400
500 East Broward Boulevard
Fort Lauderdale, FL  33394
Telephone:  (954) 761-3550
Facsimile:  (954) 525-2134
Email:  david.keller@kellerlandsberg.com
Email:  wendy.stein@kellerlandsberg.com
*Counsel for Defendants Guy Lewis, Esquire,
Michael Tein, Esquire, and Lewis Tein, PL*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 6th, 2012 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Respectfully submitted,

    *s/ D. David Keller*
    D. David Keller
    Fla. Bar No. 288799

## SERVICE LIST

**Bernardo Roman, III, Esq.**
Miccosukee Tribe of Indians of Florida
P. O. Box 440021, Tamiami Station
Miami, FL  33144
Telephone:  (305) 894-5214
Facsimile:  (305) 894-5212
Email:  bromanlaw@bellsouth.net
*Counsel for Plaintiff*