UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 12-CV-22439-COOKE/Bandstra

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
federally recognized Indian tribe,

    Plaintiff,

vs.

BILLY CYPRESS, DEXTER WAYNE
LEHTINEN, ESQUIRE MORGAN STANLEY
SMITH BARNEY, JULIO MARTINEZ,
MIGUEL HERNANDEZ, GUY LEWIS,
ESQUIRE, MICHAEL TEIN, ESQUIRE
AND LEWIS TEIN, PL, A PROFESSIONAL
ASSOCIATION.

    Defendants.
_____/

**MICCOSUKEE TRIBE OF INDIANS OF FLORIDA'S RESPONSE TO DEFENDANTS' MOTION TO REQUIRE PLAINTIFF TO FILE A RICO CASE STATEMENT AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Plaintiff, the Miccosukee Tribe of Indians of Florida (hereinafter, "the Miccosukee Tribe") by and through the undersigned counsel and files this Response to Defendants' Motion to Require Plaintiff to File a Rico Case Statement and incorporated Memorandum of Law opposing Defendants' request to require the Miccosukee Tribe to file a Rico Statement. In support thereof the Miccosukee Tribe states:

    1.    The Miccosukee Tribe filed a Complaint against Defendants Billy Cypress (hereinafter, "CYPRESS"), Dexter W. Lehtinen (hereinafter, "LEHTINEN"), Morgan Stanley Smith Barney (hereinafter, "Morgan Stanley"), Julio Martinez (hereinafter,

1

"Martinez"), Miguel Hernandez (hereinafter, "Hernandez"), Guy Lewis (hereinafter, "Lewis"), Michael Tein (hereinafter, "Tein") and Lewis Tein PL on July 1, 2012.

2.  On July 31, 2012, the Miccosukee Tribe filed its First Amended Complaint to add one count for violation of the Florida Racketeer Influenced and Corrupt Organizations Act. [D.E. No. 13].

3.  On August 6, 2012, Defendants Lewis, Tein and Lewis Tein P.L. filed a Motion to Require Plaintiff to File a Rico Case Statement. [D.E. No. 14].

4.  The Miccosukee Tribe opposes Defendants' Motion to Require Plaintiff to File a Rico Case Statement because the Miccosukee Tribe's First Amended Complaint complies with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure by sufficiently informing Defendants Lewis, Tein and Lewis Tein P.L. of the nature of the fraud they committed upon the Miccosukee Tribe.

**MEMORANDUM OF LAW**

I.  **THE MICCOSUKEE TRIBE'S FIRST AMENDED COMPLAINT COMPLIES WITH THE REQUIREMENTS OF RULE 9 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The First Amended Complaint filed by the Miccosukee Tribe sufficiently pleads the counts alleging fraudulent acts by the Defendants (Counts I, II, III, VI, VII, IX) in compliance with Rule 9(b). Thus, a Civil Rico Statement is unnecessary in this case.

Although Rule 9(b) serves an important purpose, its application "must not abrogate the concept of notice pleading." *United States v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002). The *Lab. Corp. of Am.* Court explained:

> Rule 9(b) is satisfied if the Complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person

2

> responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Id.* Additionally, a complaint meets Rule 9(b) standards when, "in a case involving multiple defendants …," the complaint informs "each defendant of the nature of his alleged participation in the fraud." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007). The Miccosukee Tribe's First Amended Complaint, in its entirety, complies with the pleading requirements necessary under Rule 9(b). Furthermore, the allegations in the First Amended Complaint inform each defendant of the nature of their participation in the fraudulent scheme to steal and embezzle millions of dollars from the Miccosukee Tribe and the Miccosukee People.

Paragraphs 36-44, 64, 82, 86, 87-90, 132-134, 136, 137(e), 140-142, 145-147, 149-150 of the Miccosukee Tribe's First Amended Complaint provide in detail sufficient information to inform Defendant Lewis and Lewis Tein P.L.'s of their participation in the fraud alleged by the Miccosukee Tribe and the Miccosukee People and to comply with the requirements of rule 9(b). Similarly, paragraphs 45-49, 64, 82, 86, 87-90, 132-134, 136, 137(e), 140-142, 145-147, 149-150 of the First Amended Complaint explain the nature of Defendants Lewis, Tein, and Lewis Tein P.L.'s participation in the fraud committed against the Miccosukee Tribe and the Miccosukee People.

Furthermore, the Miccosukee Tribe alleged that Defendants Lewis, Tein and Lewis Tein P.L., as attorneys for the Tribe repeatedly failed to inform the Miccosukee Tribe and the Miccosukee People of several facts, including, but not limited to, the illegal conduct committed by Cypress and Martinez. *See* ¶¶ 37, 38, 41, 48, 53. Each repeated instance of omission by Defendants Lewis, Tein, and Lewis Tein P.L. is a predicate act committed by

3

these Defendants. The allegations regarding Defendants Lewis, Tein and Lewis Tein P.L. in the Miccosukee Tribe's First Amended Complaint sufficiently inform these Defendants regarding the nature of their participation in the fraud. Consequently, a civil RICO statement is not necessary in this case.

## II. LEAVE TO AMEND COMPLAINT IS PROPER SHOULD THIS COURT FIND THE COMPLAINT DEFECTIVE

Assuming this Court finds that the Miccosukee Tribe's First Amended Complaint does not meet the standard of Rule 9(b), the appropriate remedy is to allow the Miccosukee Tribe to file a Second Amended Complaint.

"When a plaintiff has imperfectly stated what may be an arguable claim, leave to amend is ordinarily in order." *Alley v. Resolution Trust Corp.*, 984 F.2d 1201, 1207 (D.C. Cir. 1993). "Where a more carefully drafted complaint for failure to state a cause of action might state a claim, the plaintiff must be given at least one chance to amend the complaint…" *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Should this Court find that the Miccosukee Tribe's First Amended Complaint is insufficient, in the interest of justice, as well as according to relevant and binding authority, the Court should grant the Miccosukee Tribe leave to amend its First Amended Complaint.

## CONCLUSION

The Miccosukee Tribe should not be required to file a Civil RICO Case Statement because the First Amended Complaint complies with the requirements of Rule 9(b). In the alternative, if this Court determines that the First Amended Complaint does not allege the claims sounding in fraud including the RICO claim with sufficient specificity, it should allow the Miccosukee Tribe to file its Second Amended Complaint.

Respectfully submitted this 20th of August, 2012.

/s/Bernardo Roman III
Bernardo Roman III, Esquire
Fla. Bar No. 0002739
Tribal Attorney, Miccosukee Tribe of
Indians of Florida
P.O. Box 440021, Tamiami Station
Miami, Florida 33144
Tel: (305) 894-5214
Fax: (305) 894-5212
E-mail: bromanlaw@bellsouth.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 20, 2012 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,

s/Bernardo Roman III
Bernardo Roman III, Esq.

**SERVICE LIST**

*Miccosukee Tribe of Indians of Florida v. Cypress*
Case No. 12-22439-COOKE/Bandstra
United States District Court for the Southern District of Florida

**D. David Keller**
**Wendy J. Stein**
Keller Landsberg PA
Broward Financial Centre, Suite 1400
500 East Broward Boulevard
Fort Lauderdale, FL 33394
Telephone: (954) 761-3550
Facsimile: (954) 525-2134
Email: david.keller@kellerlandsberg.com
Email: wendy.stein@kellerlandsberg.com
*Counsel for Defendants Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, PL*