IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 12-CV-22439-COOKE/BANDSTRA

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

    Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN STANLEY
SMITH BARNEY; JULIO MARTINEZ;
MIGUEL HERNANDEZ; GUY LEWIS,
ESQUIRE; MICHAEL TEIN, ESQUIRE;
AND LEWIS TEIN, PL, A PROFESSIONAL
ASSOCIATION,

    Defendants.
_____/

## DEFENDANTS, GUY LEWIS, ESQUIRE, MICHAEL TEIN, ESQUIRE, AND LEWIS TEIN, PL'S, MOTION FOR SANCTIONS AND MEMORANDUM OF LAW IN SUPPORT

**I.**  **INTRODUCTION**

Plaintiff, Miccosukee Tribe of Indians of Florida (the "Tribe") has filed a sensational, but unsubstantiated suit including inflammatory allegations of fraudulent conduct against a prominent law firm and its principals (Defendants, Guy Lewis, Michael Tein and Lewis Tein, PL, collectively the "Lewis Tein Defendants"), accusing them of participating in a conspiracy with another long time lawyer for the Tribe, the Former Chairman and Chief Financial Officer of the Tribe, and a major international commercial bank. The allegations, while provocative, have no basis in law or fact.

{00145944.1 }

In this Racketeer Influenced and Corrupt Organizations Act ("RICO") action, the Tribe brings a myriad of causes of action that are both procedurally and substantively inadequate. The Lewis Tein Defendants are attorneys who represented the Tribe for a period of time that admittedly ended in 2009. The crux of the Complaint is that these Defendants did not disclose information to Plaintiff regarding its now past chairman's activities and has alleged claims for RICO and related conspiracy, fraud, aiding and abetting fraud, and breach of fiduciary duty. There is no evidence to support the central allegations of the claims asserted. Rather, the Lewis Tein Defendants did extensive work for the Tribe, achieving outstanding results in many instances. This suit is nothing more than political retribution against counsel engaged and retained by the Tribe while under control of different officials no longer in these positions, and filed at the behest of their successors as "payback" for the Lewis Tein Defendants' perceived allegiance to the Tribe's former leadership.

## II. MOTION FOR SANCTIONS

The Lewis Tein Defendants are entitled to sanctions pursuant to Section 57.105, Florida Statutes and Federal Rule of Civil Procedure 11 because there is no basis in law or fact for the claims asserted, the claims are not presented for a proper purpose, are not warranted by existing law, and are without evidentiary support.

## III. MEMORANDUM OF LAW

### A. Rule 11 Standard

Federal Rule of Civil Procedure 11(b) ("Rule 11") provides the following:

> (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"In determining whether sanctions are appropriate, a court must ask, first, whether the parties' claims are objectively frivolous, and, second, whether the person who signed the pleadings should have been aware that they were frivolous. *Rogers v. Nacchio*, 241 F.App'x 602, 610 (11th Cir. 2007). Subsection (c) of Rule 11 permits a district court to impose sanctions against a party who files pleadings that contain factual contentions that the party knows to be untrue. Fed.R.Civ.P. 11(c). It also allows for sanctions to be imposed against a party or its attorney for failing to "engage in a reasonable inquiry to determine that the information presented to the court is true." *Logan v. Chestnut*, 332. F.App'x 547, 547 (11th Cir. 2009) (citing Fed.R.Civ.P. 11(b)); *Worldwide Primates Inc. v. McGreal*, 87 F.3d 1252 (11th Cir. 1996) (affirming award of sanctions against plaintiff and his attorney pursuant to Rule 11 where the claim was objectively frivolous and the attorney failed to make a reasonable inquiry into the legal and factual basis of the claim). The purpose of Rule 11 is "to discourage dilatory or abusive tactics and ... streamline the litigation process by lessening frivolous claims or

{00145944.1 }   3

defenses." *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc). To accomplish this purpose, any interpretation of Rule 11 "must give effect to the rule's central goal of deterrence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "Rigid application of Rule 11 conditions litigants to consider every transgression as grounds for sanctions. For this reason, although the type and amount of sanctions imposed calls for the district court's discretion, the rule is mandatory in its terms." *Donaldson*, 819 F.2d at 1557; *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 870 (5th Cir. 1988) (describing the 1983 amended version of Rule 11 as mandatory and requiring district courts to impose a sanction once a violation of Rule 11 has occurred). By filing the Complaint and Amended Complaint, the Tribe's counsel has certified that:

> (1) [this case] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims…are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; and
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

**B.     Section 57.105 Standard**

In addition to fees under Rule 11, an award of attorney's fees is proper for defending state law claims in federal district court pursuant to Section 57.105, Florida Statues. *Capital Factors, Inc. v. Heller Fin, Inc.*, 712 F. Supp. 908 (S.D. Fla. 1989). In 1999, the standard for granting fees pursuant to Section 57.105 was lowered. Instead of having to show a "complete absence of a justiciable issue of either law or fact raised by the losing party" as required by the

previous version of Section 57.105, now a "movant need only show that the party and counsel 'knew or should have known' that any claim or defense asserted was (a) not supported by the facts or (b) not supported by an application of 'then-existing' law." *Boca Burger, Inc. v. Forum*, 912 So. 2d 561, 571 (Fla. 2005) (quoting Section 57.105, Fla. Stat. (2000)). "The amendments therefore greatly expand the statute's potential use." *Id.*; *see also Albritton v. Ferrera*, 913 So. 2d 5, 8 (Fla. Dist. Ct. App. 2005) (holding the 1999 amendment "lowered the bar" by permitting the imposition of attorney's fees for *any* stage of the proceeding, if it is determined the claim or defense lacks a sufficient factual or legal basis).

The Court may award fees at any time during an action or proceeding, and need not wait until the conclusion of the action. In *Bridgestone/Firestone, Inc. v. Herron*, the First District affirmed an award of appellate attorney's fees pursuant to Section 57.105 to an appellee where the appellant's position on appeal was "plainly without merit and could not be sustained under any interpretation of the law." 828 So. 2d 414, 416 (Fla. Dist. Ct. App. 2002). Discussing the 1999 amendment, the Court stated:

> [T]he present version of the statute authorizes an award of attorney's fees "on any claim or defense *at any time* during a civil proceeding or action." Section 57.105, Fla. Stat. (1999)(emphasis added).  <u>This language plainly signifies that the court may award an attorney's fee for a particular claim or defense, even before the case has been concluded.</u>  It is possible then that <u>a court may assess attorney's fees against a party who has asserted an unsupportable claim or defense, even though that party might ultimately prevail in the case on some other ground.</u>

*Id.* at 417 (Emphasis supplied); *see also Barthlow v. Jett*, 930 So. 2d 739, 741 (Fla. Dist. Ct. App. 2006) (holding that fees pursuant to Section 57.105, Florida Statutes, may be awarded at any time, even if the non-moving party could ultimately prevail on a different issue).

The complete absence of a legal basis for the claims justifies sanctions. *Tobin v. Bursch*, 977 So. 2d 745 (Fla. Dist. Ct. App. 2008) (reversing order denying sanctions pursuant to Section 57.105 where plaintiffs in legal malpractice action had no factual basis to support allegations against lawyer); *Dunn v. Kean*, 928 So. 2d 383 (Fla. Dist. Ct. App. 2006) (granting award of appellate attorney's fees pursuant to Section 57.105 where the claims were factually without merit). It is equally sanctionable under §57.105 for counsel to employ unfair, dilatory, and legal fee-enhancing actions in the course of litigation. *Stratton v. 6000 Indian Creek, LLC*, --- So. 3d ---, 2012 WL 3022850, *3 (Fla. Dist. Ct. App. 2012) (upholding §57.105 sanctions against attorney and his client due to their frivolous positions taken in the course of litigation).

By this Motion, Defendants seek only to determine entitlement to sanctions, reserving the determination of any amount for a subsequent evidentiary hearing or submission.

## IV. CONCLUSION

Plaintiff's claims do not remotely pass muster under either federal or state law. Maintaining these claims in light of the law in this matter is sanctionable under both federal and state law. In accord with Rule 11, Fed. R. Civ. P., and section 57.105 Fla. Stat., this Motion is being served on counsel for Plaintiff, but will not be filed until after expiration of the 21 day safe harbor provision in the applicable Rule and Statute.

WHEREFORE, Defendants, Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, PL, respectfully request that this Court enter an Order granting their Motion for Sanctions against both Plaintiff and its counsel, reserving jurisdiction to determine the amount of same, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 14th day of August, 2012.

_____
D. David Keller
Fla. Bar No. 288799
Wendy J. Stein
Fla. Bar No. 389552

Keller Landsberg PA
Broward Financial Centre, Suite 1400
500 East Broward Boulevard
Fort Lauderdale, FL 33394
Telephone: (954) 761-3550
Facsimile: (954) 525-2134
Email: david.keller@kellerlandsberg.com
Email: wendy.stein@kellerlandsberg.com
*Counsel for Defendants Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, PL*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14th, 2012, the foregoing document is being served but not filed this day on all counsel of record identified on the attached Service List via U.S. Mail, Certified Mail Return Receipt Requested, and Email.

_____
D. David Keller
Fla. Bar No. 288799

{00145944.1}                                   7

## SERVICE LIST

**Bernardo Roman, III, Esq.**
Miccosukee Tribe of Indians of Florida
P. O. Box 440021, Tamiami Station
Miami, FL 33144
Telephone: (305) 894-5214
Facsimile: (305) 894-5212
Email: bromanlaw@bellsouth.net
*Counsel for Plaintiff*

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X [signature]   ☐ Agent  ☐ Addressee<br>B. Received by (*Printed Name*)   C. Date of Delivery<br>                                           8/1 |
| 1. Article Addressed to:<br><br>Bernardo Roman, III, Esq<br>Miccosukee Tribe of Indians<br>P.O. Box 440021<br>Tamiami Station<br>Miami, FL 33144 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☑ Certified Mail    ☐ Express Mail<br>☐ Registered       ☐ Return Receipt for Merchandise<br>☐ Insured Mail     ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)        ☐ Yes |
| 2. Article Number<br>   (*Transfer from service label*) | 7011 0470 0000 8679 5647 |
| PS Form 3811, February 2004 | Domestic Return Receipt        102595-02-M-1540 |