## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO:  12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

     Plaintiff,

v.

BILLY CYPRESS, *et al.*,

     Defendants.

_____/

### DEFENDANT DEXTER LEHTINEN'S
### MOTION TO DISMISS AMENDED COMPLAINT

Defendant Dexter Lehtinen ("Mr. Lehtinen"), through undersigned counsel, pursuant to Rules 9(b), 12(b)(1),[1] and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Amended Complaint (D.E. 13) (the "Complaint") and states as follows:

### Introduction

The basic crux of the Complaint is that Plaintiff alleges that its former tribal Chairman embezzled funds through ATM (automated teller machine) withdrawals at casinos and used tribal credit cards for personal use.  As the Complaint suggests from the outset, this lawsuit stems from an internal tribal political dispute.  (See Complaint, ¶ 6.)

Notably, nowhere in the Complaint is there any allegation that Mr. Lehtinen had any involvement in the ATM withdrawals or credit card charges or was even present when such alleged acts occurred.  In short, Plaintiff vaguely claims, with absolutely no detail whatsoever,

---

[1] This Motion refers to Rule 12(b)(1) for lack of subject matter jurisdiction to the extent that Plaintiff is seeking to recover for people who are not before this Court, and therefore Plaintiff lacks standing.  See Movimiento Democracia, Inc. v. Chertoff, 417 F. Supp. 2d 1350, 1352 (S.D. Fla. 2006) ("Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a suit for lack of subject matter jurisdiction and a court lacks subject matter jurisdiction when the plaintiffs lack standing to sue.").

that Mr. Lehtinen was somehow aware of these transactions and did not report their existence to others.  The only place in the Complaint where Plaintiff attempts to make any substantive allegations against Mr. Lehtinen is from Paragraphs 22 through 35.  However, those allegations are stated in mere conclusory terms.

The Complaint identifies Mr. Lehtinen as an attorney who "represented" Plaintiff in different types of matters.  (See Complaint, ¶¶ 22-28.)  As it concerns the alleged ATM withdrawals and credit card charges, Plaintiff alleges in skeletal terms that Mr. Lehtinen "had access to the financial records," "had the opportunity to examine and review the financial transactions and records subject to this lawsuit," and "did examine and review the financial transactions and records subject to this lawsuit."  (Complaint, ¶¶ 29-31.)  Plaintiff alleges that Mr. Lehtinen concealed the Chairman's activities.  (Complaint, ¶ 33.)  The Complaint does not specify what "records" Mr. Lehtinen saw, when he saw them, or how he concealed them.

This case is a typical example of the gross abuse of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  This is particularly so where the Complaint makes evident that the allegations are politically motivated.  As explained herein, not only is there an utter failure to comply with the applicable federal pleading requirements (i.e., failure to plead plausible claims against Mr. Lehtinen and failure to plead fraud with particularity), but this Complaint has glaring deficiencies in its assertion of RICO claims, including that (1) the Complaint fails to specify the statutory subsection of RICO that is being pursued, (2) there is no allegation that ***any*** completed RICO predicate act occurred, let alone that Mr. Lehtinen engaged in any such predicate acts, (3) the Complaint purports that state common law theories form the basis of the predicate acts (which are not recognized predicate acts under federal law), and (4) the identifications of a RICO "pattern" and an "enterprise" are woefully deficient.  Plaintiff liberally sprinkles in terms such as "embezzlement," "fraud," and "theft," as if to suggest that the mere mentioning of those words

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

would get Plaintiff past a motion to dismiss.  As set forth below, these defects (and others) dictate that the Complaint should be dismissed as to Mr. Lehtinen.

<u>**Argument**</u>

I. **PLAINTIFF HAS FAILED TO COMPLY WITH THE REQUISITE PLEADING REQUIREMENTS.**

    **A.  The Complaint Does Not Comply With Basic Pleading Standards.**

The Complaint is a typical overreaching RICO complaint whereby a plaintiff tactically seeks to place a cloud of potential treble damages claims in order to intimidate.  This Complaint does not comply with the basic pleading standards, particularly as it concerns Mr. Lehtinen.

The Supreme Court's dictates in <u>Iqbal</u> and <u>Twombly</u> entail that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  It thus follows that, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."  <u>Id.</u> at 679 (quotation omitted).   It has been noted that <u>Twombly</u> "adds new bite to the RICO requirement that the Plaintiffs describe the agreement to conspire in the complaint."  <u>Solomon v. Blue Cross and Blue Shield Ass'n</u>, 574 F. Supp. 2d 1288, 1292 (S.D. Fla. 2008).

As evidenced in the Complaint, the allegations as to Mr. Lehtinen are stated in evasive and skeletal terms.  Merely alleging that Mr. Lehtinen "examined" and "reviewed" unidentified "records" at an unspecified time is not sufficient to allege that Mr. Lehtinen was engaged in racketeering.  The allegations against Mr. Lehtinen do not contain any "well-pleaded facts" and do not go beyond the "mere possibility of misconduct" which is shunned under the <u>Iqbal</u>/<u>Twombly</u> standard.  If Plaintiff is going to invoke the specter of a RICO case, it is incumbent upon Plaintiff to identify with adequate specificity the conduct of which it is accusing

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

Mr. Lehtinen.  Plaintiff cannot hide behind vague assertions.  For that threshold reason alone, the Complaint should be dismissed against Mr. Lehtinen.

**B.      Plaintiff Improperly Lumps "Defendants" Together.**

Generally, as a matter of pleading, it is improper to lump "defendants" together in an allegation without specifically alleging the precise conduct of each defendant.  See Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997); Kivisto v. Miller, Canfield, Paddock and Stone, PLC, 413 Fed. Appx. 136, 139 (11th Cir. Jan. 25, 2011), cert. denied, 132 S. Ct. 577 (2011); Rivero v. Taylor, 2010 WL 3384913, at *5 (S.D. Fla. Aug. 3, 2010) (noting that allegation of defendant's involvement in RICO pattern "must be made with specificity and cannot lump together of all the defendants"), adopted, 2010 WL 3384907 (S.D. Fla. Aug. 24, 2010), aff'd, 465 Fed. Appx. 839 (11th Cir. Feb. 15, 2012).  In a strained effort to avoid having to allege anything in detail against Mr. Lehtinen (ostensibly because Plaintiff knows that it cannot in good faith make such allegations against Mr. Lehtinen), Plaintiff attempts to vaguely refer to Defendants as a group.

Throughout the Complaint, Plaintiff employs repeated use of the terms "Defendants," "other Defendants," and "others."  Since the undetailed allegations regarding Mr. Lehtinen do not otherwise get Plaintiff over the hurdle (see Complaint, ¶¶ 22-35), to the extent that the later references to "Defendants" and "others" are intended to encompass Mr. Lehtinen, that effort is unavailing.  As explained immediately below, that exacerbates the problem with Plaintiff's conspiracy claim.

**C.      The Conspiracy Claim Is Impermissibly Conclusory.**

As the Eleventh Circuit has noted:  "A plaintiff can establish a RICO conspiracy claim in one of two ways:  (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts."  Republic

4

of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 950 (11th Cir. 1997).  The Eleventh Circuit has mandated that it is required that a RICO plaintiff "allege an illegal agreement to violate a substantive provision of the RICO statute."  Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1269 (11th Cir. 2004).  The Eleventh Circuit has further noted that, "[i]n analyzing the conspiracy claim under the plausibility standard, Iqbal instructs us that our first task is to eliminate any allegations in Plaintiffs' complaint that are merely legal conclusions."  American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1293 (11th Cir. 2010); see also Carter v. MGA, Inc., 189 Fed. Appx. 893, 895 (11th Cir. 2006) (conclusory allegations of conspiracy were insufficient), cert. denied, 549 U.S. 1339 (2007).

To begin, it should be noted that the vague conspiracy allegations in the Complaint are the type of allegations that are deemed insufficient under the American Dental standard.  (See Complaint, ¶¶ 96-111.)  In fact, Mr. Lehtinen's name is never mentioned in the section of the Complaint titled "Conspiracy to Commit RICO."  Rather, Plaintiff alleges in vague terms that "the Defendants, participants, and others known and unknown conspired with each other to violate 18 U.S.C. § 1962(a)-(c)."  (Complaint, ¶ 97.)   Plaintiff then proceeds to make seven vague references to the "other Defendants" in that section.  (See Complaint, ¶¶ 99, 100, 101, 102, 104, 108, 110.)  Moreover, whereas Plaintiff was required to specifically allege that Mr. Lehtinen agreed to the overall objective of the conspiracy or agreed to commit two predicate acts, Plaintiff merely alleges:  "At least one overt and wrongful act was done by one or more of the Defendants-conspirators and was done to achieve the purpose of the conspiracy." (Complaint, ¶ 105.)  That is clearly deficient, and the conspiracy claim should be dismissed.

Further, "a person may not bring suit under § 1964(c) predicated on a violation of § 1962(d) for injuries caused by an overt act that is not an act of racketeering or otherwise

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

unlawful under the statute." Beck v. Prupis, 529 U.S. 494, 507 (2000).   As noted below, Plaintiff has failed to allege any acts of racketeering.

**D.      The Amended Complaint Is a Prohibited "Shotgun Pleading."**

A "typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).   As the Eleventh Circuit has clearly directed, such pleadings are "altogether unacceptable." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997).   Indeed, "shotgun" pleadings have been "condemned repeatedly" by the Eleventh Circuit, Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001), and are viewed "always with great dismay." Strategic, 305 F.3d at 1295 n.9.   A shotgun pleading may be dismissed. See Jovine v. Abbott Laboratories, Inc., 795 F. Supp. 2d 1331, 1336-37 (S.D. Fla. 2011).

The Complaint here is a quintessential shotgun pleading.   Contrary to the dictates of the Eleventh Circuit, the Complaint incorporates each count into each subsequent count.   (See Complaint, ¶¶ 91, 96, 112, 119, 124, 138, 151, 170.)  Such pleading is not permitted.

A complaint containing "rambling recitations" is also a type of shotgun pleading. See Pelletier v. Zweifel, 921 F.2d 1465, 1517-18 (11th Cir. 1991).   The Complaint here fits that mold. Other than tables that list ATM withdrawals and credit card bills as the only purported detail alleged, the Complaint merely rambles with no discernible direction.   For example, the Complaint purports to be seeking damages for the "MICCOSUKEE PEOPLE" (which the Complaint capitalizes, as if to suggest it is a defined term), but nowhere in the Complaint does it identify what the "MICCOSUKEE PEOPLE" means.   Pleading in such a way makes it impossible to discern who the plaintiff is in this case.[2]

---

[2]   As explained below, Plaintiff cannot assert a claim on behalf of such unidentified "people."

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

## II.     PLAINTIFF HAS FAILED TO SPECIFY THE SECTION OF RICO PURSUANT TO WHICH IT IS FILING THESE CLAIMS.

Akin to its shotgun pleading style, Plaintiff similarly attempts to fudge its RICO allegations.  In evasive fashion, Plaintiff alleges that its RICO claims are based on "18 U.S.C. § 1962(a), (b), (c), ___and/or___ (d)."  (Complaint, ¶ 57 (emphasis added); see also Complaint, ¶¶ 58, 59.)[3]  This pleading style may be a manifestation of a complete lack of familiarity with RICO, a strategy of misdirection, or a lack of confidence in formulating a pleading.  Regardless, this non-committal method of pleading is woefully inadequate.

Courts have noted that it is essential for a RICO complaint to articulate the RICO subsection that a plaintiff is pursuing.  See Bonner v. Redwood Mtg. Corp., 2010 WL 1267069, at *7 (N.D. Cal. Mar. 29, 2010); Goodman v. Mady, 2005 WL 2417209, at *15 (E.D. Mich. Sept. 30, 2005); James v. Meow Media, Inc., 90 F. Supp. 2d 798, 812 (W.D. Ky. 2000), aff'd, 300 F.3d 683 (6th Cir. 2002), cert. denied, 537 U.S. 1159 (2003); Anvan Realty & Mgt. Co. v. Marks, 680 F. Supp. 1245, 1247 (N.D. Ill. 1988); Banctraining Video Systems v. First American Corp., 1992 WL 42345, at *5 (6th Cir. Mar. 3, 1992).[4]  Indeed, in Pelletier, the Eleventh Circuit addressed this as a factor in affirming Rule 11 sanctions that involved a complaint where (as here) a one-count RICO claim had been asserted that invoked all four subsections of Section 1962.  See Pelletier, 921 F.2d at 1518.

The reason for the necessity of identifying a specific subsection of Section 1962 is that each subsection of Section 1962 has different elements and standards.  As one court has

---

[3]  Courts have deemed allegations based on "and/or" assertions to be impermissibly vague.  See, e.g., Old Time Enterprises, Inc. v. International Coffee Corp., 862 F.2d 1213, 1219 (5th Cir. 1989) (dismissing claim, in part, in light of "frequent use of alternative and 'and/or' allegations"); Devalk Lincoln Mercury, Inc. v. Ford Motor Co., 1986 WL 4097, *11 (N.D. Ill. 1986) (holding that "vague 'and/or' allegations" did not comply with Rule 8), aff'd, 811 F.2d 326 (7th Cir. 1987); Hemmeter Center Co. v. Globe Illumination Co., 553 F. Supp. 381, 382 (D. Hawaii 1982).

[4]  It should be noted that many of these cases were decided pre-Iqbal and pre-Twombly. Therefore, it stands to reason that the pleading standard for this is even higher now.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

explained, "[t]he elements of each subsection are different so it is important that the complaint set forth each essential element in order to properly state a claim." James, 90 F. Supp. 2d at 812.

> By way of illustration, Section 1962(a) provides:
>
> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, ***to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise*** which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a) (emphasis added); see Super Vision Int'l, Inc. v. Mega Int'l Commercial Bank Co., 534 F. Supp. 2d 1326, 1341-42 (S.D. Fla. 2008) (dismissing 1962(a) claim in accordance with majority rule requiring plaintiff's injury to be caused by reinvestment); Genord v. Blue Cross and Blue Shield of Mich., 2008 WL 5070149, at *4 (S.D. Fla. Nov. 24, 2008) (noting that Section 1962(a) claim requires a violation of Section 1962(c) and reinvestment of income derived from racketeering activity).  There is no allegation here regarding using or investing income to acquire or establish a RICO enterprise.  Similarly, Section 1962(b) provides:

> It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to ***acquire or maintain***, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(b).  Again, there is no allegation regarding acquiring or maintaining any interest or control of an enterprise within the meaning of Section 1962(b).

Moreover, a plaintiff would need to articulate the proper subsection in order to explain how the particular RICO act was the proximate cause of that plaintiff's injury.  In a RICO claim, "[i]n addition to proving racketeering activity, a civil RICO plaintiff must show that the racketeering activity caused him to suffer an injury. . . . Furthermore, the racketeering activity must be more than simply the 'but for' cause of the injury; it must also be the proximate cause."

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

Beck v. Prupis, 162 F.3d 1090, 1095-96 (11th Cir. 1998), aff'd, 529 U.S. 494 (2000).   In addition, the failure to allege that a plaintiff suffered "any particularized harm as a result of the defendants' activities" constitutes a lack of standing.   American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1068 (11th Cir.), cert. denied, 552 U.S. 990 (2007).   In light of the dictates of the Supreme Court regarding proximate causation in RICO cases, "courts must scrutinize proximate causation at the pleading stage."   Feingold v. Budner, 2008 WL 4610031, at * 2 (S.D. Fla. Oct. 10, 2008); see Anza v. Ideal Steel Supply Corp., 547 U.S. 451 (2006) (reversing and vacating Second Circuit's decision where Second Circuit had vacated granting of motion to dismiss by district court).   By way of example, as noted above, some courts have deemed that the injury causation element of a Section 1962(a) claim is different than with other RICO claims.   See Super Vision, 534 F. Supp. 2d at 1341-42.   By not alleging the subsection pursuant to which Plaintiff is pursuing its claim, it is evident that it has not pled the requisite injury causation elements for each type of claim--- putting aside the issue that it has failed to allege the substantive elements of a claim under each subsection of the statute.

## III.   THERE IS NO ALLEGATION THAT MR. LEHTINEN ENGAGED IN ANY PARTICULAR PREDICATE ACTS.

In order to conduct or participate, directly or indirectly, in the conduct of an enterprise's affairs pursuant to Section 1962(c), "one must participate in the operation or management of the enterprise itself."   Reves v. Ernst & Young, 507 U.S. 170, 185 (1993) (accountants performing audit did not participate in operation or management of enterprise's affairs).   The Reves test for determining whether a defendant participated in the affairs of an enterprise has been applied to lawyers such that it has been considered that "the provision of traditional legal services does not constitute the 'operation or management' of any enterprise for purposes of RICO liability." Kelly v. Palmer, Reifler, & Associates, P.A., 681 F. Supp. 2d 1356, 1380-81 (S.D. Fla. 2010)

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

(RICO liability did not attach to collection law firm); see also In re Cascade Int'l Secs. Litig., 840 F. Supp. 1558, 1567 (S.D. Fla. 1993) (granting motion to dismiss in favor of law firms).

Putting aside Mr. Lehtinen's status as an attorney, there are no express allegations in the Complaint that Mr. Lehtinen participated in the "operation or management" of the "enterprise." The only allegation in the Complaint regarding Mr. Lehtinen allegedly "operating" or "managing" anything is the bare bones allegation that "ATTORNEY LEHTINEN managed the daily operations of Miccosukee Indian Gaming." (Complaint, ¶ 25.) Even if that were true (which is only assumed for purposes of a motion to dismiss), "Miccosukee Indian Gaming" is not alleged to be any part of the RICO "enterprise." Therefore, the allegations fail the Reves "operation or management" test.

Furthermore, Plaintiff alleges that Mr. Lehtinen "was responsible as part of his legal representation of the MICCOSUKEE TRIBE for monitoring and reporting to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE matters associated with tribal finances which were at the center of his legal representation." (Complaint, ¶ 65.) There is no allegation that monitoring the tribal Chairman's outside gambling activities and ATM/credit card use was "at the center of his legal representation." Moreover, the most that Plaintiff alleges against Mr. Lehtinen is that he saw unidentified documents, an act which is not wrongful; as noted in Twombly and Iqbal, where parallel conduct can be explained consistently as a legal act, a plaintiff's allegations are not nudged from conceivable to plausible. See Iqbal, 556 U.S. at 680.

## IV.    **PLAINTIFF HAS FAILED TO ALLEGE A SECTION 1957 PREDICATE ACT.**

Plaintiff appears to rely on 18 U.S.C. § 1957(a) as its predicate act of choice (i.e., money laundering). (See Amended Complaint, ¶¶ 67, 73.)[5] For example, Plaintiff alleges: "Defendant CYPRESS knowingly engaged in a pattern of monetary transactions in criminally derived

---

[5]   Ostensibly, the reason why Plaintiff picked Section 1957 is that Plaintiff would not be able to satisfy Fed. R. Civ. P. 9(b) had Plaintiff chosen a fraud-based predicate act.

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

property of a value greater than $10,000 which was derived from specified unlawful activity in violation of 18 U.S.C. § 1957(a)."   (Complaint, ¶ 67.)   Putting aside the invalidity of this allegation because it is too conclusory (Plaintiff merely parrots the language of the statute), Plaintiff has failed to set forth a proper Section 1957 allegation.  See Bernstein v. Misk, 948 F. Supp. 228, 236 n.2 (E.D.N.Y. 1997) (conclusory allegations of money laundering under Section 1957 insufficient to plead RICO claim).

While Plaintiff pays lip service to the catch phrase "specified unlawful activity," Plaintiff has overlooked that it has a critical legal significance.  Plaintiff appears to believe that a Section 1957 allegation, standing alone, is sufficient for RICO purposes.  Plaintiff is wrong.

Section 1957(a) prohibits knowingly engaging or attempting to engage in a monetary transaction in criminally-derived property of a value greater than $10,000 that is derived from specified unlawful activity.  In the context of Section 1957(a), the term "specified unlawful activity" has the meaning given to that term in Section 1956.  18 U.S.C. § 1957(f)(3).  In turn, the "specified unlawful activity" in a Section 1956 violation includes, inter alia, an activity constituting an offense listed in 18 U.S.C. § 1961(1).  See 18 U.S.C. § 1956(c)(7)(A).  Section 1957 money laundering and the underlying violation are distinct offenses.  See U.S. v. Christo, 129 F.3d 578, 579 (11th Cir. 1997).  Therefore, pleading Section 1957 as the predicate act without establishing an underlying "specified unlawful activity" is fatal to a complaint.  See West 79th St. Corp. v. Congregation Kahl Minchas Chinuch, 2004 WL 2187069, at *9 (S.D.N.Y. Sept. 29, 2004); Flores v. Emerich & Fike, 2009 WL 900738, at *9 (E.D. Cal. Mar. 31, 2009).

Plaintiff has not alleged a "specified unlawful activity" that falls within Section 1961(1) or any other provision of Section 1956.  Merely withdrawing funds from an ATM or charging on a credit card, which is all that Plaintiff alleges, is not "specified unlawful activity."  Before referring to Section 1957(a), Plaintiff first needed to refer to, and establish, offenses specifically

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

listed as a "specified unlawful activity." Plaintiff completely failed to do so. The reason for this is that the alleged acts are not Section 1957(a) money laundering. As pointed out below, Plaintiff admits that its contention is that the acts were, in reality, state law offenses or causes of action. That is not "specified unlawful activity," and the RICO claims should be dismissed.

## V.   "EMBEZZLEMENT," "THEFT," AND "FRAUD" ARE NOT PREDICATE ACTS.

Further demonstrating Plaintiff's lack of understanding of the RICO laws, Plaintiff purports to base its RICO claim on "embezzlement, theft, and fraud." In particular, Plaintiff alleges that "Defendant CYPRESS's embezzlement, theft, and fraud is in direct violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d)," and "Defendant MARTINEZ's embezzlement, theft, and fraud is in direct violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d)." (Amended Complaint, ¶¶ 57-58; see also Complaint, ¶ 78 ("These acts of embezzlement, theft, and fraud by Defendants CYPRESS and MARTINEZ spanned from 2005 through and including 2009 and amounted to a continued pattern of criminal activity.").) These are not cognizable to support a RICO claim.

Contrary to Plaintiff's suggestion, generic "embezzlement" is not a racketeering act under RICO. See Fuce v. West, 2012 WL 3046235, at *3 (E.D. Pa. July 26, 2012) ("State-law embezzlement, which is a form of theft, is not a predicate offense because it is not listed in § 1961(1)."); Weizmann Institute of Science v. Neschis, 229 F. Supp. 2d 234, 255 (S.D.N.Y. 2002) ("Neither larceny by embezzlement nor larceny by false promise falls within the RICO statutory definition of racketeering activity."). Specifically, RICO only covers embezzlement from union, welfare, and pension funds. Fischer v. Clark, 2009 WL 3063313, at *4 (E.D.N.Y. Sept. 24, 2009) ("To the extent that Plaintiff intended to bring a claim under [RICO], such an 'embezzlement claim is also without merit because embezzlement is a predicate act under RICO only where it involves the embezzlement from labor union, welfare, or pension funds.'" (quoting

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

Toms v. Pizzo, 1998 WL 964199 (2d Cir. Feb. 2, 1999)).  Clearly, that type of embezzlement is not alleged in the Complaint, nor could it be.

Likewise, Plaintiff's allegation of "theft" (a/k/a larceny) is not cognizable under RICO. Quite simply, "[l]arceny is not a racketeering activity."  U.S. v. Gonzalez, 21 F.3d 1045, 1047 (11th Cir. 1994) (noting distinction between larcency and robbery, the latter of which requires force); see Pan American Maritime, Inc. v. Esco Marine, Inc., 2005 WL 1155149, at *5 (S.D. Tex. May 10, 2005) ("Courts have consistently held that acts that constitute theft under state law are not predicate acts for racketeering activity.") (citations and quotations omitted); Kaye v. Milwaukee, 2009 WL 273226, at *1 (E.D. Wis. Feb. 3, 2009) (issuing Rule 11 sanctions where court found that plaintiff "should have known that theft is not a predicate act under RICO").

Finally, state law fraud claims are not predicate acts under federal RICO.  See Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639, 653 (2008) (noting that Congress did not make common law fraud predicate act under RICO); Ferri v. Berkowitz, 678 F. Supp. 2d 66, 74 (E.D.N.Y. 2009) ("common law fraud under state law does not constitute such an act"); Dorn v. U.S., 2006 WL 1679610, at *3 (M.D. Fla. June 13, 2006) ("common law fraud does not qualify as a predicate act"); Jordan (Bermuda) Investment Co. v. Hunter Green Investments Ltd., 154 F. Supp. 2d 682, 690-91 (S.D.N.Y. 2001) ("Unenumerated acts such as common law fraud, negligent misrepresentation, breach of fiduciary duty, negligence, and conversion, are not 'racketeering activities'.").  Plaintiff does not allege any federal fraud claims.[6]

A RICO complaint that is based on state law claims that are not recognized predicate acts should be dismissed.  See, e.g., Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088 n.2 (11th Cir. 2004).  As the Complaint merely bases RICO claims on what appear to be, at most, generic state law causes of action, the federal RICO claims cannot stand.

---

[6]   In any event, Plaintiff's references to "fraud" are merely made in passing.  That certainly does not comply with Rule 9(b).

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

## VI.    PLAINTIFF HAS FAILED TO IDENTIFY A PROPER RICO PATTERN AND RICO ENTERPRISE.

According to the Eleventh Circuit, "[t]o successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a continuing nature." Jackson, 372 F.3d at 1264.  As noted above, Plaintiff has not alleged proper Section 1957 acts, and therefore this requirement is not satisfied for that reason alone (i.e., there are no predicate acts).

Moreover, Plaintiff's identification of an "enterprise" also fails.  As noted by the Supreme Court, "an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Boyle v. U.S., 556 U.S. 938, 946 (2009).  Importantly, "an association-in-fact enterprise is simply a continuing unit that functions with a common purpose." Id. at 948 (emphasis added).  It has been remarked that "[a] RICO enterprise cannot be a group simply conspiring to commit a fraud, that is not enough to trigger the Act." Millette v. DEK Techs., Inc., 2008 WL 5054741, at *4 (S.D. Fla. Nov. 25, 2008).

Plaintiff initially describes the "Enterprise" by amorphously stating:  "At all times relevant hereto, Defendant CYPRESS and Defendant MARTINEZ associated in fact with each other and with others so as to constitute an 'Enterprise' within the meaning of 18 U.S.C. § 1962(a), (b), (c), and/or (d)."  (Complaint, ¶ 59.)  Nonetheless, the later allegations where Plaintiff attempts to more fully describe the Enterprise do not save the Complaint, particularly as to Mr. Lehtinen, where the Complaint merely takes issue with Mr. Lehtinen "analyzing, monitoring and reporting . . . all financial activities relevant to [his] legal representation." (Complaint, ¶ 86.)  For obvious reasons, there is no allegation that Mr. Lehtinen was specifically retained to monitor and report on the tribal Chairman's gambling habits.  Making the obtuse

14

reference that Mr. Lehtinen was responsible for monitoring issues "relevant to [his] "legal representation" is insufficient to make Mr. Lehtinen part of a RICO enterprise.

## VII.   PLAINTIFF CANNOT ASSERT CLAIMS ON BEHALF OF NON-PARTIES TO THIS CASE.

Repeatedly throughout the Complaint, Plaintiff refers to the "MICCOSUKEE PEOPLE," as if to suggest that claims are being brought on behalf of such people in this case.  The "Miccosukee People" are not plaintiffs in this case.  Therefore, Plaintiff does not have standing to sue for damages allegedly suffered by such "people."  For example, Plaintiff seeks treble damages suffered by the "MICCOSUKEE PEOPLE."  (See Complaint, ¶ 90.)  That claim cannot be maintained by this plaintiff.  See Bivens Garden Office Building, Inc. v. Barnett Banks of Fla., Inc., 140 F.3d 898, 909-10 (11th Cir. 1998) (noting that plaintiff only has standing to sue for its own injuries which were proximately caused by RICO violation and lacks standing to sue for misfortunes suffered by third parties as result of defendant's acts).  Likewise, the Complaint purports to assert a claim on behalf of a group described with the capitalized term of "Tribal Members."  (Complaint, ¶¶ 185-87.)  Plaintiff cannot seek to pursue claims on behalf of amorphously defined "Tribal Members."  As noted above, lack of standing connotes a lack of subject matter jurisdiction.

## VIII.   THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION.

If this Court dismisses the federal RICO claims, it should decline to exercise supplemental jurisdiction over the state law claims.  See Adams v. Rothstein, 2012 WL 1605098, at *6 (S.D. Fla. May 8, 2012); 28 U.S.C. § 1367(c)(3).  Accordingly, the case should be dismissed, in its entirety, without addressing any of the state law claims.

Moreover, independently of the dismissal of the RICO claims, supplemental jurisdiction concerning certain claims would not be warranted in any event.  Section 1367 circumscribes what falls within supplemental jurisdiction:

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

As such, there must be a common nucleus of operative facts. <u>Carvalho v. Door-Pack, Inc.</u>, 565 F. Supp. 2d 1340, 1341 (S.D. Fla. 2008).  The crux of Plaintiff's federal claim is a situation where the tribe has a dispute with its former Chairman regarding ATM withdrawals and credit card charges.  Plaintiff attempts to back door what is tantamount to a time-barred malpractice claim clothed as "fraudulent misrepresentation" concerning legal tax advice.  (<u>See</u> Complaint, ¶¶ 170-187.)   There is no correlation between the alleged ATM withdrawals and credit card charges, on the one hand, and tax advice (which Plaintiff says dates back to 1995), on the other hand.  Plaintiff makes this doubly evident in light of the fact that it already asserted a "fraud" claim in Count VI and then a separate  "fraudulent misrepresentation" claim in Count IX.[7]

## IX.    <u>IN ANY EVENT, THE STATE LAW CLAIMS FAIL.</u>

### A.    **The Florida Civil RICO Claim Fails.**

Aside from the lack of establishing the substantive elements of a RICO claim, Plaintiff erroneously asserts a claim pursuant to Section 895.02 of the Florida Statutes.   Notably, Chapter 895 is a criminal statute that does not provide for such civil relief.  <u>See</u> <u>Smith v. Viragen, Inc.</u>, 902 So. 2d 187, 191 n.5 (Fla. 3rd DCA 2006) (noting that Chapter 895 is for state-sponsored civil claims and criminal enforcement).   In any event, in light of the fact that Florida RICO is interpreted in accordance with federal RICO law, <u>see</u> <u>Jackson</u>, 372 F.3d at 1263-64, the same reasons for dismissal of the federal claims articulated above should also apply to the state RICO claims.

---

[7] Mr. Lehtinen notes for the record that Plaintiff has already filed a substantively identical fraud claim against Mr. Lehtinen in the Circuit Court in and for Miami-Dade County, Florida (<u>Miccosukee Tribe of Indians of Florida v. Lehtinen</u>, Case No. 11-39362 CA21).

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

**B.      The Fraud Claim Fails.**

The fraud claim in Count VI fails as to Mr. Lehtinen in that it does comply with Rule 9(b). <u>See</u> <u>Garfield v. NDC Health Corp.</u>, 466 F.3d 1255, 1262 (11th Cir. 2006) (noting that fraud requires identifying particulars of who, what, where, when, and how). As the Eleventh Circuit has noted, allegations of fraud "must comply not only with the plausibility criteria articulated in <u>Twombly</u> and <u>Iqbal</u> but also with Fed.R.Civ.P. 9(b)'s heightened pleading standard, which requires that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake,'" and "the plaintiff ***must allege facts*** with respect to each defendant's participation in the fraud." <u>American Dental,</u> 605 F.3d at 1291 (emphasis added).  As noted above, at most, Plaintiff merely alleges that Mr. Lehtinen saw unidentified documents.  Plaintiff does not allege what the documents were, what was in the documents, and when and where Mr. Lehtinen allegedly saw the documents.  Accordingly, the fraud claim fails.

Moreover, Plaintiff implies that Mr. Lehtinen committed a fraud by omission by failing to disclose the personal activities of the tribe's Chairman which were outside of the Chairman's tribal duties.  However, there is no allegation that Mr. Lehtinen was retained to oversee the Chairman's personal life or to review ATM records or credit card statements and report his findings to others. <u>See, e.g.</u>, <u>Tew v. Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A.</u>, 655 F. Supp. 1571 (S.D. Fla. 1987) (lawyer could not be liable for failure to report financial problems where there was no evidence that he was retained with respect to financial problems), <u>aff'd</u>, 846 F.2d 753 (11th Cir.), <u>cert. denied</u>, 488 U.S. 854 (1988).  The skeletal fraud allegations against Mr. Lehtinen demonstrate an act of desperation by Plaintiff.

**C.      The Aiding and Abetting Fraud Claim Fails.**

In Count VII, Plaintiff asserts an action for aiding and abetting fraud.  A prerequisite to "aiding and abetting" claims is that the defendant possesses "actual knowledge" of the

Tew Cardenas llp
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

underlying tort.  For example, the elements of a cause of action for aiding and abetting a fraud (if such a cause of action even exists)[8] are: (1) the existence of an underlying fraud; (2) the fact that the defendant had knowledge of the fraud; and (3) the defendant provided substantial assistance to advance the commission of the fraud.  ZP No. 54, 917 So. 2d at 372.   Furthermore, it must be noted that claims alleging the aiding and abetting of a fraud must be pled with particularity.  See Tippens, 2009 WL 2365347, at *5 (to extent that cause of action of action for aiding and abetting fraud exists in Florida, it is required to be pled with particularity).  In addition to the failure to plead with particularity, the Complaint fails for substantive reasons as well.  As a matter of pleading, a plaintiff must plead that the defendant "must have had ***actual knowledge*** for Plaintiffs to prevail on an aiding and abetting claim." Hines v. Fiserv, Inc., 2010 WL 1249838, at *4 (M.D. Fla. Mar. 25, 2010) (emphasis added).   In this case, Plaintiff's allegations, once again, are merely stated in conclusory terms with respect to Mr. Lehtinen's alleged assistance and state of knowledge.  Therefore, this claim fails.

### D.      The Fraudulent Misrepresentation and Breach of Fiduciary of Duty Claims Fail.

The fraudulent misrepresentation claim (Count IX), which concerns alleged legal advice on tax issues, suffers from the same morass as identified above.  That claim appears to interchangeably use the defined (yet undefined) terms "Miccosukee Tribe," "Miccosukee People," and "Tribal Members."  (See Complaint, ¶¶ 170-87.)  The "Miccosukee Tribe" is defined as a "sovereign nation" in the Complaint.  (Complaint, ¶ 5.)  It is not the equivalent of the "Miccosukee People" and "Tribal Members."  This wordsmithing appears to have been done

---

[8]    While we are mindful that this Court has previously recognized aiding and abetting fraud, some courts have debated whether such a cause of action even exists in Florida law.  See ZP No. 54 Ltd. Partnership v. Fidelity and Deposit Co. of Md., 917 So. 2d 368, 371-72 (Fla. 5th DCA 2005) ("aiding and abetting fraud might be a tort in Florida") (emphasis added); Tippens v. Round Island Plantation, LLC, 2009 WL 2365347, at *5 (S.D. Fla. July 31, 2009) ("It is unclear whether aiding and abetting fraud exists as a cause of action in Florida.").

18

on purpose in an effort to confuse the reader and obfuscate Plaintiff's lack of compliance with pleading requirements.

There are four elements of a fraud claim, and ***each*** of them needs to be pled with particularity. <u>Mickens v. Tenth Judicial Circuit</u>, 181 Fed. Appx. 865, 876-77 (11th Cir. May 22, 2006) (elements are "(1) the defendant made a false statement regarding a material fact, (2) the defendant knew the statement was false when he made the statement, (3) the defendant intended for the plaintiff to rely on and act upon the false statement, and (4) the plaintiff justifiably relied upon the false statement to his detriment"), <u>cert. denied</u>, 549 U.S. 1096 (2006).  The Complaint makes it impossible to discern who is justifiably relying on misrepresentations and who is allegedly injured.  The Complaint states that "members" were told that "***they*** were not subject to federal taxation for distributions."  (Complaint, ¶ 172 (emphasis added).)  The Complaint goes on to allege that the "MICCOSUKEE PEOPLE" were the ones who were allegedly misled and defrauded.  (Complaint, ¶ 180.)  Nevertheless, the Complaint repeatedly alleges that Mr. Lehtinen was the attorney for Plaintiff (<u>i.e.</u>, the "Miccosukee Tribe"), not the "members" or the "people."  Moreover, there is no allegation, with particularity, as to how these people were injured.  Notwithstanding, in light of this scattershot manner of pleading, it is difficult to fathom how Plaintiff is the one bringing this claim.

The breach of fiduciary duty claim (Count VIII) fails for similar reasons.  Only one paragraph of that count refers to Mr. Lehtinen.  (<u>See</u> Complaint, ¶ 166.)   Again, the Complaint conflates the "MICCOSUKEE TRIBE" and the "MICCOSUKEE PEOPLE" to assert that a breach of fiduciary duty by the "Defendants" (not Mr. Lehtinen specifically) resulted in damages.  (<u>See</u> Complaint, ¶¶ 168-69.)  That is insufficient, particularly where Plaintiff lumps all of the Defendants (which have varying degrees of relationship with Plaintiff) as some sort of collective cause of the alleged injury.  <u>See, e.g.</u>, <u>Land-Cellular Corp. v. Zokaides</u>, 2006 WL

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

3039964, at *9 (S.D. Fla. Sept. 26, 2006) (dismissing breach of fiduciary duty claim for failure to allege proximate causation of injury).

> **E.    Certain State Law Claims Are Time Barred.**

State law claims against Mr. Lehtinen are barred by the statute of limitations in that they are disguised claims for legal malpractice, which are subject to a two-year statute of limitations. See Tambourine Comercio Internacional, S.A. v. Solowsky, 312 Fed. Appx. 263, 280-81 (11th Cir. 2009).  Plaintiff repeatedly alleges that Mr. Lehtinen's conduct occurred as early as 1995 through 2009.   (See, e.g., Complaint, ¶¶ 174-78.)   For example, Plaintiff alleges that Mr. Lehtinen gave them faulty tax advice in 1995.  A claim based on such advice is clearly barred.

## X.    THE PRAYER FOR RELIEF IS OVERLY BROAD AND SHOULD BE STRICKEN.

The "Relief Requested" section of the Complaint seeks relief that far exceeds what is provided for under the RICO laws.  (See Complaint at pp. 85-86.)  For example, Plaintiff seeks the appointment of a receiver and the seizure of "all assets" of all Defendants (i.e., not just alleged proceeds from the alleged racketeering conduct and not just particular Defendants).  (See id. at p. 86.)  That type of pre-judgment relief is not available.  See Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507 (11th Cir. 1994), cert. denied, 513 U.S. 1146 (1995). Such request for relief should be stricken.

### Conclusion

For the foregoing reasons, the Amended Complaint should be dismissed as to Mr. Lehtinen with prejudice.  Furthermore, Mr. Lehtinen should be awarded his costs and attorneys' fees, including pursuant to Fla. Stat. § 772.104.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

**TEW CARDENAS LLP**
*Attorneys for Dexter Lehtinen*
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Telephone:     (305) 536-1112
Facsimile:     (305) 536-1116

/s/     Bryan T. West
        BRYAN T. WEST
        Florida Bar No. 83526
        btw@tewlaw.com

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **October 1, 2012**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/_____Bryan T. West_____
        BRYAN T. WEST

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

## SERVICE LIST

**Bernardo Roman, III**
**Yesenia Fatima Rey**
**Yinet Pino**
Law Office of Bernardo Roman III
1250 SW 27th Avenue
Suite 506
Miami, Florida 33135
(305) 643-7993
yesenia@bromanlaw.com
ypino@bromanlaw.com
bromanlaw@bellsouth.net
*Attorneys for Miccosukee Tribe of*
*Indiansof Florida*

**Jeffrey Cohen, Esq.**
Carlton Fields, P.A.
100 S.E. 2nd St., Suite 4000
Miami, Florida 33131
(305) 530-0050
jmcohen@carltonfields.com
*Attorneys for Michael R. Tein, Guy Lewis,*
*and Lewis Tein, PL*

**Manuel Avila**
Manuel A. Avila & Associates, P.A.
11120 N. Kendall Drive
Miami, Florida  33176
(305) 249-1111
mavila@avilalegal.com
*Attorney for Julio Martinez*

**Bruce S. Rogow**
Bruce S. Rogow, PA
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, Florida  33394
(954) 767-1530
brogow@rogowlaw.com
*Attorney for Morgan Stanley Smith*
*Barney, LLC*

**Scott Alan Lazar**
Koltun & Lazar
7901 SW 67th Avenue
Miami, Florida  33143
(305) 595-6791
scott@koltunlazar.com
*Attorneys for Miguel Hernandez*

C:\NRPortbl\MIAMI\BTW\571773_1.DOCX

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112