UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-22439-COOKE/BANDSTRA

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
federally recognized Indian tribe,

    Plaintiff,

v.

BILLY CYPRESS; DEXTER WAYNE LEHTINEN,
ESQUIRE; MORGAN STANLEY SMITH BARNEY;
JULIO MARTINEZ; MIGUEL HERNANDEZ; GUY
LEWIS, ESQUIRE; MICHAEL TEIN, ESQUIRE; and
LEWIS TEIN, PL, a professional association,

    Defendants.
_____/

## ORDER GRANTIING IN PART AND DENYING IN PART DEFENDANTS' GUY LEWIS, ESQUIRE, MICHAEL TEIN, ESQUIRE, and LEWIS TEIN, PL'S MOTION TO REQUIRE PLAINTIFF TO FILE A RICO CASE STATEMENT

THIS MATTER is before me upon Defendants Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, PL's (the "Lewis Tein Defendants") Motion to Require Plaintiff to File a RICO Statement ("RICO Statement Motion") (ECF No. 14). Plaintiff Miccosukee Tribe of Indians of Florida (the "Miccosukee Tribe" or "Plaintiff") filed its Response to Defendants' Motion to Require Plaintiff to File a RICO Statement (ECF No. 15), to which the Lewis Tein Defendants filed their Reply (ECF No. 20). The RICO Statement Motion has been fully briefed and is ripe for adjudication. I have reviewed the RICO Statement Motion, the response and reply thereto, the record, the relevant legal authorities, and am otherwise duly advised in the premises. For the reasons stated herein, the Lewis Tein Defendants' Motion to Require Plaintiff to File a RICO Statement is granted in part and denied in part.

## I.   BACKGROUND

The Miccosukee Tribe filed its original, 78-page, 164-paragrah Complaint against eight defendants[1], including the Lewis Tein Defendants, asserting claims of fraud, aiding and abetting fraud, breach of fiduciary duty, embezzlement, civil theft[2], violations of the federal Racketeer Influenced and Corruption Organization Act, 18 U.S.C. § 1951, *et seq.* (RICO), and conspiracy to commit RICO (ECF No. 1).  Pursuant to Federal Rule of Civil Procedure 15(a), the Miccosukee Tribe filed its First Amended Complaint as a matter of course on July 31, 2012 to assert additional counts for violation of the Florida Racketeer Influenced and Corruption Organization Act, Fla. Stat. § 895.01, *et seq.* and fraudulent misrepresentation[3], and to pray for the additional relief of declaratory relief, injunctive relief, a receivership, an asset freeze, sworn accounting, disgorgement, and repatriation of funds (Am. Compl., ECF No. 13).

Contending that the Miccosukee Tribe's original Complaint and First Amended Complaint "contain[] only unsupported general allegations" and "fail[] to include specific allegations detailing the alleged criminal activities of the Lewis Tein Defendants" (Defs.' Rep. Pl.'s Resp. Defs.' Mot. Require Pl. File RICO Case Stmnt. (hereinafter "Defs.' Rep.") at 2), the Lewis Tein Defendants filed the instant RICO Statement Motion requesting that Plaintiff be required to file a detailed Civil RICO Case Statement in accordance with former Southern District of Florida Local Rule 12.1 (ECF No. 14).

---

[1] Defendants Billy Cypress, Dexter Wayne Lehtinen, Esquire, Morgan Stanley Smith Barney, and Miguel Hernandez are not parties to the RICO Statement Motion, have not joined the RICO Statement Motion, and have not sought the relief requested in the RICO Statement Motion.  Defendant Julio Martinez, however, has filed a Notice of Joinder to this motion.  *See* Def.'s Not. Joinder, ECF No. 43.

[2] The embezzlement and civil theft counts are against Defendants Billy Cypress and Julio Martinez only.

[3] The fraudulent misrepresentation claim is against Defendants Billy Cypress and Dexter Wayne Lehtinen only.

Plaintiff, in opposition to imposing this requirement, contends that its First Amended Complaint satisfies the specificity of pleading required by Rule 9(b) of the Federal Rules of Civil Procedure. *See* Pl.'s Resp. Defs.' Mot. Require Pl. File RICO Case Stmnt. (hereinafter "Pl.'s Resp.") at 2-3. If I disagree, rather than mandating that Plaintiff file a Civil RICO Case Statement, Plaintiff argues that the proper remedy is to grant leave for Plaintiff to amend its complaint to state the RICO claim with sufficient specificity. *Id.* at 4.

## II.     LEGAL STANDARD

The proper legal standard by which to judge the sufficiency of Plaintiff's Amended Complaint is Rule 9 of the Federal Rules of Civil Procedure. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290-91 (11th Cir. 2010) (holding that "civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity under Rule 9(b)") (internal quotes and citation omitted)). Rule 9(b), which governs the pleading of fraud or mistake, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Eleventh Circuit has interpreted this command as requiring a plaintiff to allege, as to each defendant's participation, "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n*, 605 F.3d at 1291 (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir.1997)). Rule 9(b) does not, however, abrogate the concept of notice pleading. *Brooks*, 116 F.3d at 1371.

To ensure sufficient detail is provided to defendants alleged to have participated in RICO frauds, this District formerly required the party filing the RICO claim to serve a RICO Civil Case Statement. S.D. Fla. L.R. 12.1 (2010) (repealed 2011). Due to a finding that it was an "unnecessary rule," the Southern District of Florida Local Rules Committee ("L.R. Committee") repealed Rule 12.1, but was careful to note that the rescission is "not to signal that RICO Case Statements may not be required on a case-by-case basis or do not have continued utility." *Id.* Instead, the L.R. Committee simply concluded, "this Rule was not used as frequently as it once was and … Judges could, on a case-by-case basis, include … the requirement to submit a RICO case statement." S.D. Fla. L.R. 12.1 Comm. Rep. (on file with S.D. Fla. Executive Office).

Because Local Rule 12.1 has been repealed on grounds that it is – in certain cases – "unnecessary," where the plaintiff has otherwise pled the information sought by the Civil RICO Statement, even if not in the specified format, I will not require the plaintiff to file a separate Civil RICO Statement. In those instances, a plaintiff's compliance with Rule 9(b) of the Federal Rules of Civil Procedure will suffice when the defendant(s) is on notice as to all essential facts relied upon to initiate the RICO claim.

### III. ANALYSIS

After an extensive review of Plaintiff's Amended Complaint and the requirements of Rule 9(b) and former S.D. Fla. L.R. 12.1, I find that Plaintiff insufficiently pleads the predicate facts to establish the basis for RICO and Florida RICO claims against the Lewis Tein Defendants. Plaintiff's averments against Defendant Julio Martinez are more compliant, although additional information is required.

Specifically, Plaintiff fails to set forth the "(1) the precise statements, documents, or misrepresentations made," and "(2) the time, place, and person responsible for the statement"

4

against the Lewis Tein Defendants.  Using the guide provided by former S.D. Fla. L.R. 12.1, Plaintiff has failed to state, with specificity, the following matters: the misconduct of the Lewis Tein Defendants (S.D. Fla. L.R. 12.1(b)); the pattern of racketeering/criminal activity by the Lewis Tein Defendants (S.D. Fla. L.R. 12.1(e)(1)-(2), (6)); the description of the enterprise insofar as whether the Lewis Tein Defendants are separate from the enterprise, members of the enterprise, or form the enterprise itself (S.D. Fla. L.R. 12.1(f)(6)); the description of the activities and the pattern of racketeering by the Lewis Tein Defendants (S.D. Fla. L.R. 12.1(h)); and a statement as to whether the same entity is both the liable "person" and the "enterprise" (S.D. Fla. L.R. 12.1(m)(4)).  The Plaintiff provided great detail of the alleged pattern of racketeering/criminal activity against Defendant Billy Cypress and Defendant Julio Martinez, to a lesser extent, but has failed to detail, with the specificity required by Rule 9(b), what acts the Lewis Tein Defendants engaged in that would constitute the "racketeering activity."

Similarly, Plaintiff needs to establish the factual basis for the RICO and Florida RICO claims against Defendant Julio Martinez by supplementing its Complaint with the following: the pattern of racketeering/criminal activity by the Lewis Tein Defendants (S.D. Fla. L.R. 12.1(e)(1), (6)); the description of the enterprise insofar as whether Defendant Julio Martinez is separate from the enterprise, a member of the enterprise, or forms the enterprise itself (S.D. Fla. L.R. 12.1(f)(6)); and a statement as to whether the same entity is both the liable "person" and the "enterprise" (S.D. Fla. L.R. 12.1(m)(4)).

## IV.   CONCLUSION

For the foregoing reasons, Defendants Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, PL's Motion to Require Plaintiff to File a RICO Statement (ECF No. 14) is **GRANTED in part and DENIED in part**.  Plaintiff is granted leave to amend its Complaint,

within thirty (30) days, in accordance with this Order. However, Plaintiff is not required to file a separate Civil RICO Statement or to conform its amended complaint to the form specified in former Local Rule 12.1.

**DONE and ORDERED** in Chambers at Miami, Florida this 10th day of October 2012.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*