**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

Case No. 12-CV-22439-COOKE/BANDSTRA

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

      Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN
STANLEY SMITH BARNEY, JULIO
MARTINEZ; MIGUEL HERNANDEZ;
GUY LEWIS, ESQUIRE; MICHAEL
TEIN, ESQUIRE; AND LEWIS TEIN, PL,
A Professional Association,

      Defendants.

_____/

## MICCOSUKEE TRIBE'S RESPONSE TO DEFENDANTS LEWIS, TEIN, AND LEWIS TEIN P.L.'S MOTION FOR SANCTIONS AND MEMORANDUM OF LAW IN SUPPORT

      COMES NOW, the Plaintiff, the Miccosukee Tribe of Indians of Florida (hereinafter, "the Miccosukee Tribe"), by and through the undersigned and files this Response to Defendants Lewis, Tein, and Lewis Tein P.L.'s Motion for Sanctions and Memorandum of Law. In support thereof the Miccosukee Tribe files this Memorandum of Law and states:

      1.     The Miccosukee Tribe filed a Complaint [D.E. No. 1] against Defendants Billy Cypress (hereinafter, "Cypress"), Dexter W. Lehtinen (hereinafter, "Lehtinen"), Morgan Stanley Smith Barney (hereinafter, "Morgan Stanley"), Julio Martinez (hereinafter, "Martinez"), Miguel Hernandez (hereinafter, "Hernandez"), Guy Lewis, Esquire (hereinafter, "Lewis"), Michael Tein, Esquire (hereinafter, "Tein") and Lewis Tein P.L. on July 1, 2012.

2.     On July 31, 2012, the Miccosukee Tribe filed its First Amended Complaint to add one count for violation of the Florida Racketeer Influenced and Corrupt Organizations Act and Fraudulent Misrepresentation. [D.E. No. 13].

3.     On August 6, 2012, Defendants Lewis, Tein and Lewis Tein P.L. filed a Motion to Require Plaintiff to File a RICO Case Statement. [D.E. No. 14].

4.     On August 20, 2012, the Miccosukee Tribe filed a Response to Defendants Lewis, Tein and Lewis Tein P.L.'s Motion to Require Plaintiff to File a RICO Case Statement [D.E. No. 15] arguing that the Miccosukee Tribe's Amended Complaint met the pleading requirements of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure. Alternatively, the Miccosukee Tribe argued that if the Court found that further information was necessary, leave to amend was the appropriate relief.

5.     On September 24, 2012, Defendants Lewis, Tein, and Lewis Tein P.L. filed their Motion for Sanctions [D.E. No. 38] arguing that the allegations in the Miccosukee Tribe's Amended Complaint have "no basis in law or fact for the claims asserted, the claims are not presented for a proper purpose, are not warranted by existing law, and are without evidentiary support." D.E. No. 38 at 2.

6.     The Miccosukee Tribe's Amended Complaint was not filed for any improper purpose. Furthermore, the claims in the Amended Complaint are warranted by existing law and have evidentiary support after reasonable discovery. Finally, the factual contentions are true to the best knowledge of the undersigned. As a result, the Miccosukee Tribe respectfully requests that this Court deny Defendants Lewis, Tein and Lewis Tein P.L.'s Motion for Sanctions and in turn award the Miccosukee Tribe attorneys fees and costs for responding to this frivolous motion.

<u>**MEMORANDUM OF LAW**</u>

Sanctions under Rule 11 of the Federal Rules of Civil Procedure are improper in this case because 1) the claims in the Amended Complaint are not frivolous, 2) there is evidentiary support for the claims after reasonable discovery; and 3) the Miccosukee Tribe has a proper purpose for filing the Amended Complaint against Defendants.

Sanctions under Rule 11 are proper if the party filing a pleading has no reasonable factual basis, if the party filing a pleading bases the pleading or claim on a legal theory that has no reasonable chance of success and that cannot be advance as a reasonable argument to change existing law, or if the party filing a pleading or claim does so in bad faith for an improper purpose. *Doria v. Class Action Services, LLC*, 261 F.R.D. 678, 682 (S.D. Fla. 2009)(citing *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)). Sanctions under section 57.105 of the Florida Statutes are proper when a claim has no merit. *Cullen v. Marsh*, 34 So.3d 235, 243 (Fla. 3d DCA 2010).

**I.      THE CLAIMS IN THE AMENDED COMPLAINT ARE NOT FRIVOLOUS**

The claims in the Miccosukee Tribe's Amended Complaint are warranted by existing law and are thus not frivolous. This Court has stated that "a court confronted with a motion for Rule 11 sanctions premised on the alleged frivolity of a claim must first determine whether the party's claims or assertions are objectively frivolous in view of the facts or law." *In re Bankatlantic Bancorp, Inc. Securities Litigation*, 851 F.Supp.2d 1299, 1308 (S.D. Fla. 2011). If the court determines that the claims or assertions are in fact frivolous, "the court must then determine whether the person who signed the pleadings would have been aware they were frivolous had he made a reasonable inquiry." *Id.* "A legal claim is frivolous if no reasonably competent attorney could conclude that it has any reasonable chance of success or is a reasonable argument to

change existing law." *Id.* "A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis, because it is supported by no evidence or only by patently frivolous evidence." *Id.* "When the evidence supporting a claim is reasonable, but only weak or selfserving, sanctions cannot be imposed." *Id.*

Sanctions for pursuing a RICO claim are not warranted unless there is on point binding authority guiding the reasonable lawyer to the conclusion that the RICO claims he or she is filing had no reasonable chance of success or was not advancing a reasonable argument to change existing law. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915-16 (11th Cir. 2003). In *Anderson*, the Eleventh Circuit reversed the district court's imposition of sanctions because even though the district court had correctly dismissed the RICO claim, sanctions were not warranted by law. *Id.* The Court determined that although the "Second Amended Complaint does not state viable RICO claims, we are unable to conclude that only an unreasonable lawyer would have made these claims." *Id.* This was the case even after the district court had stated in its order dismissing the RICO claims that RICO was not the appropriate remedy for the Plaintiff to pursue. *Id.* at 916.

"Courts are hesitant to impose Rule 11 sanctions where the argument advanced is not directly precluded by controlling caselaw." *Feingold v. Budner*, No. 08 Civ. 80539, 2010 WL 917314 * 4 (S.D. Fla. March 11, 2010)(citations omitted). In *Feingold*, the defendant filed a motion for sanctions arguing that sanctions were appropriate because the Plaintiff's RICO claim was precluded by the 1995 amendment to the RICO statute and Plaintiff had failed to dismiss his complaint upon notice of the motion for sanctions. 2010 WL 917314 * 1. The Court concluded that there was no violation of Rule 11 and as such sanctions were not appropriate because Plaintiff's RICO claim was a good faith argument supported by existing law or one to establish

new law; there was no binding caselaw on point deciding the issue; and the fact that the court dismissed the RICO claim did not automatically lead to the conclusion that sanctions should be imposed. *Id.* at * 4.

Additionally, Rule 11 "was not intended to chill counsel's creativity in pursuing factual or legal theories." *Id.* For example, in *Doria* the Court dismissed Plaintiff's initial complaint for failure to state a RICO claim. 261 F.R.D. 682. The Plaintiff then filed an amended complaint to which the defendants responded by filing a motion to dismiss. *Id.* Thereafter, several motions were filed by Plaintiff. *Id.* The Court described Plaintiff's conduct as aggressive in filing discovery motions and seeking sanctions. *Id.* Defendants filed a motion for sanctions arguing that Plaintiff had filed seven frivolous motions. *Id.* at 684. The Court, however, found that although Plaintiff's claims were flimsy and poorly articulated and the behavior of Plaintiff's counsel was bellicose and at times unprofessional, sanctions under Rule 11 were not warranted. *Id.*

Sanctions under section 57.105, even after the 1999 amendment, are appropriate only when the claim completely lacks merit. *Ins. Co. of North Am. v. HMY Yacht Sales, Inc.*, 841 So.2d 563, 564 ((Fla. 3d DCA 2003); *see also Cullen v. Marsh*, 34 So.3d 235, 243 (Fla. 3d DCA 2010) (stating that because the party seeking sanctions did not establish that the claims had no merit, the sanctions award had to be reversed); *Read v. Taylor*, 832 So.2d 219, 220 (Fla. 4th DCA 2002) (holding that section 57.105 sanctions were not justified because the appellants' claims were not so completely lacking in factual or legal basis). Importantly, Florida courts have repeatedly confirmed that merely loosing, either on the pleadings or on a motion for summary judgment, is not a basis for a 57.105 fee award. *Id.* (citations omitted). Moreover, even though the amendment to section 57.105 expanded the number of circumstances in which attorney's fees

may be awarded, an award of fees is not appropriate solely because the party seeking fees successfully obtained dismissal of the action or claim. *Id.* (citing *Mullins v. Kennelly*, 847 So.2d 1151, 1155 (Fla. 5th DCA 2003)).

The Miccosukee Tribe presented in its Complaint legal theories for relief that are supported by existing law. The Miccosukee Tribe sought redress from damages suffered as a result of Defendants' violation of 18 U.S.C. § 1957 and their fraudulent scheme to defraud, steal and embezzle money from the Miccosukee Tribe. Defendants Lewis, Tein and Lewis Tein P.L.'s played a crucial role in the RICO enterprise, that of repeatedly keeping secret and concealing the illegal and harmful conduct of Defendant Cypress and Defendant Martinez from the Miccosukee Tribe. Additionally, Defendants Lewis, Tein and Lewis Tein P.L. actively participated in the enterprise by personally enjoying luxuries paid for with funds belonging to the Miccosukee Tribe, such as several trips to casinos within the United States and abroad, which were not related to their representation of the Miccosukee Tribe. These repeated acts, which spanned from 2005 through and including 2010, are acts in furtherance of the conspiracy to commit the RICO violations alleged in the Miccosukee Tribe's Amended Complaint. [1]

The filing of the Miccosukee Tribe's Complaint and Amended Complaint is completely different from "the quintessential factual situation for which section 57.105 was enacted." *Gibson v. Autonation, Inc.*, No. 02003643 CI 15, 2004 WL 3422027 * 1 (Fla. 6th DCA Aug. 6, 2004). In *Gibson*, the Plaintiff filed a complaint alleging "that Defendants violated §§ 634.282(5)(a) and 13(b) of Florida's Motor Vehicle Service Agreement Act by overcharging for, and misrepresenting the price of the VPP." *Id.* The plaintiff claimed that defendants charged $1,880.00 for his VPP rather than $1,610.00. *Id.* The defendants argued in their motion to

---

[1] Pursuant to this Court's Order Order Granting In Part and Denying In Part Defendants' Guy Lewis, Esquire, Michael Tein, Esquire, And Lewis Tein, Pl's Motion To Require Plaintiff To File A Rico Case Statement, Plaintiff will be filing a Second Amended Complaint. [D.E. No. 55].

dismiss that the contract attached to the complaint clearly showed that plaintiff had paid $1,610.00 for his VPP and $270.00 for his VCP, thus, the amount of $1,880.00 was the sum of the two plans. *Id.* at * 2. The court found that the documents "clearly indicated that plaintiff did not pay $1,880.00 for the [Vehicle Protection Program]," it was obvious that it was simply the sum of the two programs. *Id.* As s result, the court found that both the plaintiff and his counsel "knew or should have known" that the allegations in the complaint had no support in law or fact. *Id.* at * 6. The court further explained that even if defendants had not moved for sanctions:

> The repetitious bad faith conduct by Plaintiff and his counsel described herein, including filing a frivolous complaint known to be false, fashioning a huge putative class action and naming Auto Nation as a Defendant without any basis for doing so, smearing Defendants, especially Auto Nation, in the press and continuing to pursue this matter with additional baseless complaints, makes this an appropriate case for the Court to award fees under Fla. Stat. § 57.107(1) on its own initiative.

*Id.* at 6-7.

The present circumstances are utterly different. The Miccosukee Tribe and its counsel have in good faith filed a Complaint supported by existing law seeking redress for the harmful and fraudulent conduct of the Defendants. There is no on point binding authority that would have led a reasonable attorney to conclude that the RICO claim filed by the Miccosukee Tribe has no reasonable chance of success upon the opportunity to conduct reasonable discovery.  Sanctions are simply not appropriate in this case either under Rule 11 or section 57.105.

## II.   THERE IS EVIDENTIARY SUPPORT FOR PLAINTIFF'S AMENDED COMPLAINT AFTER REASONABLE DISCOVERY

The present motion for sanctions is improper and premature for several reasons. Firstly, pursuant to the Court's Order Granting In Part and Denying In Part Defendants' Guy Lewis, Esquire, Michael Tein, Esquire, And Lewis Tein, Pl's Motion To Require Plaintiff To File A

Rico Case Statement, Plaintiff was granted leave to amend its Amended Complaint. [D.E. No. 55]. In its Order, the Court stated that "the Plaintiff provided great detail of the alleged pattern of racketeering/criminal activity against Defendant Billy Cypress and Defendant Julio Martinez, to a lesser extent, but has failed to detail, *with the specificity required by Rule 9(b)*, what acts the Lewis Tein Defendants engaged in that would constitute the 'racketeering activity.'" [D.E. No. 55 at 5]. Consequently, in light of the Court's finding in the Order referenced above [D.E. No. 55], sanctions are inappropriate because implied in the Court's Order is the determination that the Miccosukee Tribe's Amended Complaint is not frivolous or meritless as it relates to Defendants Lewis, Tein, Lewis Tein P.L. and Martinez. The Court's Order requires the Miccosukee Tribe to provide additional details.

Secondly, discovery has not been conducted. It is premature to argue that the Amended Complaint has no factual basis when the Miccosukee Tribe has not had opportunity to engage in discovery with Defendants. Moreover, only Defendants Morgan Stanley, Lehtinen and Hernandez have responded to the complaint. Defendant Morgan Stanley moved this court to compel arbitration. [D.E. No. 39]. The Miccosukee Tribe's response to Defendant Morgan Stanley's Motion to Compel Arbitration is due on October 11, 2012. Defendants Lehtinen and Martinez filed Motions to Dismiss and the Miccosukee Tribe's responses are due on October 18, 2012.

Furthermore, Florida courts have only awarded fees pursuant to section 57.105 of the Florida Statutes regarding RICO claims once the claims have been dismissed either by the court with prejudice or voluntarily dismissed with prejudice by the Plaintiff. *See Smith v. Viragen, Inc.*, 902 So.2d 187, 189 (Fla. 3d DCA 2006); *Harford Ins. Co. of the Midwest v. Miller*, 681 So.2d 301, 302 (Fla. 3d DCA 1996); *Foreman v. E.F. Hutton & Co., Inc.*, 568 So.2d 531, 532

(Fla. 3d DCA 1990); *Marcus v. Miller*, 663 So.2d 1340, 1342 (Fla. 4th DCA 1995); *Coffey v. Evans Properties, Inc.*, 585 So.2d 960, 961 (Fla. 4th DCA 1991). Neither has happened in this case. Therefore, a motion seeking sanctions is not appropriate, premature, and a tactic to attempt to intimidate the Miccosukee Tribe into dismissing its Amended Complaint. Sanctions are wholly inappropriate in this case.

## III.   THE MICCOSUKEE TRIBE HAD A PROPER PURPOSE WHEN IT FILED ITS AMENDED COMPLAINT

The Miccosukee Tribe filed the present lawsuit in order to seek redress for the wrongs committed upon it by the Defendants. Defendants' conclusory allegations about the motivation behind the litigation are an insufficient basis on which to impose Rule 11 sanctions against any party." *Doria*, 261 F.R.D. at 686. There is no evidence on the record or provided by Defendants in their motion for sanctions that the Tribe has any purpose other than the one stated. Defendants' statement that "the Miccosukee Tribe has filed a sensational, but unsubstantiated suit including inflammatory allegations of fraudulent conduct …" is not enough basis to impose sanctions on the Miccosukee Tribe or its counsel. Nor is this statement providing any improper purpose, it simply concludes without any support that the Miccosukee Tribe's suit is unsubstantiated. Defendants, Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, P.L.'s Motion for Sanctions and Memorandum of Law in Support at 1.

Defendants Lewis, Tein and Lewis Tein, P.L.'s Motion for Sanctions is frivolous as is not supported by facts or law. A review of their motion reveals that other than stating that there is no support for the Miccosukee Tribe's Amended Complaint in law or fact, the Motion for Sanctions does not provide any legal support for imposing sanctions at this stage of the proceedings. None of the federal or state cases cited by Defendants Lewis, Tein and Lewis Tein P.L. imposed sanctions against a Plaintiff after filing a complaint, before any discovery was conducted, and

even before all Defendants respond to the complaint. Moreover, the motive for the filing of the motion is to harass, delay and increase the cost of litigation for the Miccosukee Tribe.

WHEREFORE, the Miccosukee Tribe respectfully requests this Honorable Court to deny Defendants' Lewis, Tein, and Lewis Tein, P.L.'s Motion for Sanctions and in turn award Plaintiff the costs and attorney's fees of defending from their motion.

Respectfully submitted this 11th of October, 2012.

/s/Bernardo Roman III
Bernardo Roman III, Esquire
Fla. Bar No. 0002739
Tribal Attorney, Miccosukee Tribe of
Indians of Florida
P.O. Box 440021, Tamiami Station
Miami, Florida 33144
Tel: (305) 894-5214
Fax: (305) 894-5212
E-mail: bromanlaw@bellsouth.net

Yinet Pino, Esquire (Fla. Bar No. 085272)
Yesenia Rey, Esquire (Fla. Bar No. 89577)
Attorneys for the Miccosukee Tribe of
Indians of Florida
1250 SW 27th Avenue, Suite 506
Miami, Florida 33135
Telephone: (305) 643-7993
Facsimile: (305) 643-7995
E-mail: yinet@bromanlaw.com
E-mail: yesenia@bromanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2012 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

<u>s/Bernardo Roman III</u>
Bernardo Roman III, Esq.

## <u>SERVICE LIST</u>

*Miccosukee Tribe of Indians of Florida v. Cypress*
Case No. 12-22439-COOKE/Bandstra
United States District Court for the Southern District of Florida

**Jeffrey M. Cohen, Esquire**
**Marissel Descalzo, Esquire**
**Paul A. Calli, Esquire**
**Charles Short, Esquire**
Carlton Fields, P.A.
100 S.E. 2nd Street, Suite 4000
Miami, FL 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
E-mail: jmcohen@carltonfields.com
E-mail: mdescalzo@carltonfields.com
E-mail: pcalli@carltonfields.com
E-mail: cshort@carltonfields.com
E-mail: pwatson@carltonfields.com
E-mail: miaecf@cfdom.net
*Counsel for Defendants Guy Lewis, Esquire,*
*Michael Tein, Esquire, and Lewis Tein, PL*

**Manuel A. Avila, Esquire**
Manuel A. Avila, Esq.
& Associates, P.A.,
11120 N. Kendall Drive
Suite 200
Miami, Florida 33176
Telephone: (305) 249-1111
Facsimile: (305) 647-0686
E-mail: mavila@avilalegal.com
*Counsel for Defendant Julio Martinez*

**Scott Alan Lazar, Esquire**
Koltun & Lazar
7901 SW 67th Ave.
Suite 100
Miami, FL 33143
Telephone: (305)-595-6791
Facsimile: (305)-595-5400
E-mail: scott@koltunlazar.com

*Counsel for Defendant Miguel Hernandez*

**Bruce S. Rogow, Esquire**
**Tara A. Campion, Esquire**
Bruce S. Rogow, P.A.
500 E. Broward Blvd., Ste. 1930
Fort Lauderdale, FL 33394
Telephone: 954-767-8909
Facsimile: 954-767-1530
E-mail: brogow@rogowlaw.com
E-mail: tcampion@rogowlaw.com
*Counsel for Defendant Morgan Stanley*

**Bryan T. West, Esquire**
**Tew Cardenas LLP**
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Telephone: (305) 536-1112
Facsimile: (305) 536-1116
E-mail: btw@tewlaw.com
*Counsel for Defendant Dexter W. Lehtinen,*
*Esquire*

**Armando Rosquete, Esquire**
**Kendall B. Coffey, Esquire**
**Alice E. Meyer**
COFFEY BURLINGTON, P.L.
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
E-mail: arosquete@coffeyburlington.com
E-mail: kcoffey@coffeyburlington.com
E-mail: ameyer@coffeyburlington.com
*Counsel for Defendant Billy Cypress*

11