UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

       Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN STANLEY
SMITH BARNET; JULIO MARTINEZ;
MIGUEL HERNANDEZ; GUY LEWIS,
ESQUIRE; MICHAEL TEIN, ESQUIRE; AND
LEWIS TEIN, PL, A PROFESSIONAL
ASSOCIATION,

       Defendants.
_____/

## LEWIS TEIN'S REPLY IN SUPPORT OF MOTION FOR
## RULE 11 SANCTIONS AGAINST THE TRIBE

Defendants Guy Lewis, Michael Tein and Lewis Tein ("Lewis Tein") state:

### INTRODUCTION

Plaintiff Miccosukee Tribe of Indians of Florida ("Tribe") has filed a frivolous lawsuit

against a prominent Florida law firm and its partners.  The Tribe's lawsuit – like its parallel

Florida RICO case against Lewis Tein in state court -- is a political ploy, attempting to blame the

Lewis Tein firm (along with the Tribe's former officers, employees, lawyers, accountants and

bankers) for internal issues relating to the Tribe's business and legal affairs, including an IRS

investigation into the Tribe's finances.  The Tribe and its lawyer know (or should know) that the

Tribe's complaint is not supported by facts and law, as demonstrated below.

Recent depositions in state court of the Tribe's most senior officials, including the lawyer who filed this lawsuit, demonstrate that the Tribe performed no investigation of its false and irresponsible allegations (RICO, Florida RICO, RICO Conspiracy, Fraud, Aiding and Abetting Fraud, Breach of Fiduciary Duty) either before or after filing. Additionally, despite accusing Lewis Tein and others of breach of fiduciary duty in giving certain tax advice, the Tribe and its lawyer have adopted that advice and encouraged the Tribe's members to apply it to their tax returns. This lawsuit warrants sanctions against the Tribe and its attorney.

## LEGAL STANDARD

A lawyer must "stop, think and investigate" before filing a complaint. *Cooter & Gell v. Hartmarx Corp.* 496 U.S. 384, 398, (1990). "[U]nder Rule 11, an attorney must make a reasonable inquiry into both the legal and factual basis of a claim prior to filing suit." *Worldwide Primates, Inc. v. McGreal*, 87 F, 2d 1252, 1255 (11th Cir. 1996). Rule 11 imposes a duty on attorneys to investigate beyond the mere allegations of their clients. *Blue v. United States Dep't of the Army*, 914 F.2d 525, 542 (4th Cir.1990) ("Undoubtedly there are instances in which an attorney acts irresponsibly by failing to investigate the facts behind his client's claim and by instead relying solely on the client's testimony to support his case.").

## FACTS

1. *The Tribe's failure to produce a shred of evidence supporting this complaint.*

This complaint is devoid of facts and laden with non-specific claims of fraud and conspiracy. It is a nasty personal attack. The Tribe has accused Lewis Tein of:

- performing "'legal work' that was unsubstantiated, fictitious, excessive and fabricated" (¶43);
- charging "an amount that sometimes exceeded … $2,000 … per hour" (¶43);
- receiving "thousands of dollars in luxurious personal trips and outings, personal expenses, meals and other personal benefits" (¶43);
- being paid "without the consent or knowledge" of the Tribe (¶54);

CARLTON FIELDS, P.A.
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

- representing the Tribe as "a charade" (¶¶40, 47, 52);
- knowing about "stealing and plundering from the Tribe" (¶40);
- hiding "illegal activities" from the Tribe (¶41);
- having "kept secret . . . illegal activities" (¶146);
- raising "sovereign immunity" in lawsuits "only for the purpose of protecting Defendant Cypress" (¶41);
- "abus[ing] their position as 'professional' attorneys by using that position to aid and abet, shield and conceal the fraudulent activities by Defendant Cypress" (¶149).

These allegations are all false. In contrast to the seriousness of the pleading's allegations, the Tribe states that it is "premature to argue that the Amended Complaint has no factual basis when the Miccosukee Tribe has not had opportunity [sic] to engage in discovery with Defendants." DE 60 at 8; *see also id.* at 9 (arguing that Lewis Tein's sanctions motion is "a tactic to attempt to intimidate the Miccosukee Tribe").

That is not accurate. On September 24, 2012, Lewis Tein provided the Tribe with 49 boxes of legal materials from representing the Tribe from 2005-2010 that Lewis Tein maintained in its files. *See* DE 53 at 2 (Lewis Tein's Rule 26(a) disclosures). These boxes contain tens of thousands of pages of privileged legal work, trial preparation, hearing preparation, transcripts, notes, legal research, factual investigation, client correspondence, communications with adversaries and witnesses, and reams of pleadings and exhibits prepared by Lewis Tein for the dozens of lawsuits and matters described in Exhibit "A," attached. Moreover, contrary to the Tribe's reference to *In re Bankatlantic Bancorp, Inc. Securities litigation,* 851 F.Supp.2d 1299 (S.D. Fla. 2011) (D.E. 60, p. 3-4) this is not a case where the evidence supporting a claim is "reasonable." Indeed, the record referenced below establishes that the Tribe has no evidence supporting the Amended Complaint and its lawyer concedes that there has been no investigation.

As discussed more fully below, in the Tribe's parallel state court RICO case against Lewis Tein, the Tribe's most senior witness with knowledge testified that *there was no evidence*

CARLTON FIELDS, P.A.
Suite 4200 · 100 Southeast Second Street · Miami · Florida 33131-9101 · 305.530.0050

*to support any allegations of fraud against Lewis Tein*.  In that case, the Tribe has failed to produce a single piece of paper.  Every notice of deposition or discovery request is met with objections and invocations of non-existent privileges and claims of immunity.  The lawyer who signed this Amended Complaint recently testified that he had performed no investigation of the central allegations in the state case.

      2.    *Lewis Tein's proven record of successfully representing the Tribe.*

Far from committing any fraud, malpractice or overbilling, Guy Lewis, Mike Tein and their law firm proudly represented the Tribe and many Tribe members in dozens of complex matters from 2004-2010 tirelessly, loyally, diligently and successfully.  In their work for the Tribe, Lewis Tein worked alongside Dexter Lehtinen and his law firm as well as many other experienced and respected lawyers, accountants and other professionals.  Lewis Tein's representation of the Tribe and its members included successful litigation and representation in numerous environmental matters, commercial matters, tax matters, grand jury investigations, criminal cases, sovereignty issues, regulatory issues, and gaming issues.

Their invoices were timely, detailed and fair.  Time entries were contemporaneously recorded by Lewis Tein's partners and associates.  The work was complex and demanding – sometimes breaking new legal ground.  The firm's invoices for these services were mailed out on a monthly basis and reviewed by the numerous Tribe officials and individual members who paid them regularly to compensate the firm for its legal services.  A non-exhaustive list of legal work and representative matters undertaken by Lewis Tein for the Tribe and its individual members is attached hereto as Exhibit "A."

The notion that these lawyers engaged in a conspiracy or kickback scheme, as the Tribe continues to allege, is a preposterous, self-serving falsehood designed only to enhance the political position of the Tribe's current administration.

3.     *The Tribe's current Chairman claims to know nothing about the underlying facts.*

In April 2012, four months before filing this case, the Tribe filed a similar RICO action against Lewis Tein in Florida circuit court. It was signed by the same lawyer who signed the instant Amended Complaint. In that case, *Miccosukee Tribe v. Lewis Tein, P.L.*, Case No. 12-12816 CA 27 (herein, the "Florida RICO Case"), the Tribe made allegations arising from the same nucleus of facts as here, pleading similar counts as pled here (Florida RICO, Florida RICO conspiracy, fraud, "fraud in the concealment," conspiracy to defraud, civil theft, conversion and malpractice). A copy of the Florida RICO Case complaint is attached hereto as Exhibit "B."

The Tribe has represented in the Florida RICO Case that the Tribe's current Chairman knows nothing about the allegations of that lawsuit, although he authorized its filing. *See, e.g.*, Tribe's Reply Brief, at 1-2 (filed in the Florida RICO Case, Aug. 21, 2012) (Ex. "C" hereto) ("Chairman Colley Billie does not have personal knowledge of facts underlying this lawsuit. . . . Chairman Colley Billie is without personal knowledge of the facts underlying this lawsuit. . . . The Defendants are fully aware that the Chairman lacks personal knowledge as to the events that led to this lawsuit."). Accordingly, Lewis Tein deposed the Tribe's second most senior official, vice-chairman Jasper Nelson, regarding the Tribe's allegations.

4.     *Vice-chairman Jasper Nelson refutes the Amended Complaint's allegations in every respect.*

At his deposition, Mr. Nelson, who has served the Tribe as a senior officer for over 20 years, testified under oath that he did not know of any factual basis to accuse Lewis Tein of fraud, crimes or theft against the Tribe:

Q.     You are not aware of any facts to suggest that Lewis Tein perpetrated a
       fraud on the Tribe, are you?

A.     No, I would not.

                              * * *

Q.     You are not aware of any criminal acts committed by anybody against the
       Tribe with respect to legal representation, are you?

A.     No.

Q.     You are not aware of Lewis Tein stealing anything from the Tribe, are
       you?

A.     No.

Nelson Depo. Tr. at 149-50, Florida RICO Case (Sept. 12, 2012) (Ex. "D" hereto).   Vice-

chairman Nelson also testified that he did not know about any fraud or malpractice or overbilling

by Lewis Tein:

Q.     You are not aware of any legal malpractice they [Lewis Tein] committed,
       are you?

A.     No, I don't.

Q.     As a matter of fact, you have never heard anybody tell you about anything
       they did that in your mind constituted legal malpractice; is that right?

A.     Yes.

*Id.* at 25.  Vice-chairman Nelson then testified precisely consistently with Lewis Tein's position

about the loan issue and directly contrary to the Tribe's position:

Q.     You know that part of the focus of this case is the payments made to
       Lewis Tein in the Bermudez case for their defense of that matter, right?

A.     Yeah.

                              * * *

Q.     ... Do you recall that Lewis Tein represented Jimmy Bert and Tammy
       Billie and Louise Bert in the civil case and Tammy Billie in the criminal
       case?

A.    Yes.

Q.    And [the affidavit filed in support of Lewis Tein's position by former chairman Billy Cypress] says, "The Berts and Ms. Billie were solely responsible for Lewis Tein's legal fees." That's true, isn't it?

A.    Yeah.

Q.    And he says, "At their request, I directed the Tribe to write checks to Lewis Tein to pay their legal fees." That's true, isn't it?

A.    Yes.

Q.    And he also says, "In all cases, those payments were either (a) charged against their distributions on a current basis, or (b) loans from the Tribe to them against future distributions." That was also true, isn't it?

A.    Yes.

* * *

Q.    And then [Tammy Billie in her affidavit filed in support of Lewis Tein's position] says, "payments that my family and I have made to Lewis Tein have been checks written by the Miccosukee Tribe. As I have told Mr. Lewis and Mr. Tein throughout the case, those payments are all either (a) charged against our distributions on a current basis, or (b) loans from the Tribe to us against future distributions." That's true, isn't it?

A.    Yes.

*Id.* at 98-99, 111-12, 115.

In short, the Tribe's ***most senior official***, claims to ***know nothing*** about the allegations in the Tribe's own complaint.  The Tribe's ***second most senior*** official completely refutes the frivolous allegations of the Tribe.

     5.    *The Tribe's attorney testified that he did not investigate his allegations of fraud.*

The Florida RICO case incorporated the same accusations of fraud against Lewis Tein that the Tribe had made in another state court case, *Carlos Bermudez v. Tammy Billie and Jimmie Bert*, No. 00-25711 (herein, the "*Bermudez* Case").  The Tribe had "inserted" itself into the *Bermudez* Case to make those allegations, although it was not a party. *See Miccosukee Tribe*

*of Indians of Fla. v. Bermudez*, 92 So.3d 232, 233-34 (Fla. 3d DCA May 23, 2012) (observing that "for reasons mystifying to us," "[the Tribe's lawyer] . . . elected to insert himself" into post-judgment litigation in that case, "[w]ith the Tribe's blessing"). The *Bermudez* Case is a wrongful-death case in which Lewis Tein represented two of the defendants, individuals, through trial. In the *Bermudez* Case and the Florida RICO Case, the Tribe alleged that Guy Lewis and Mike Tein committed fraud by testifying that the *Bermudez* Case defendants, and not the Tribe, were responsible for, and had been, paying their fees. Lewis Tein disputed the Tribe's accusations.

On August 22, 2012, in the *Bermudez* Case, Lewis Tein deposed the Tribe's lawyer, who had made the Tribe's fraud accusations against Lewis Tein. The deposition subpoena, affirmed by both the trial court and court of appeals, required the Tribe's lawyer to bring documents supporting his accusations. *Id.* Instead, he brought a box of publicly filed court pleadings and transmittal emails between him and another lawyer with similar interests. When asked to produce the documents evidencing the Tribe's fraud accusations against Lewis Tein, the Tribe's lawyer testified that the documents "were supposed to be in the box and they're not." Roman Depo. Tr. 16:23-24, *Bermudez* Case (Aug. 22, 2012) (Ex. "E" hereto).

When asked whether he had performed any investigation to determine whether the Tribe's accusations against Lewis and Tein were true, the Tribe's lawyer admitted that that he had performed ***no investigation*** either before or after making them. Following is the relevant excerpt from his deposition:

> Q. Did you perform any investigation to determine whether or not these sums were paid by the Tribe on behalf of the Defendants, from the Defendants' funds, or advances from the Defendants?
>
> A. No, I did not.

Q.     And to this day, as you sit here today, you've never done that?

A.     No, I have not.

*Id.* at 20.

6.     *The Tribe's lawyer, who filed this lawsuit, adopts Lewis Tein's tax advice, claims it "has merit," gives it to the Tribe's members, and indicates it will be the Tribe's continuing position in tax audits and resulting litigation.*

Central to the Tribe's accusations in the Amended Complaint are its attacks on the tax advice that Lewis Tein and Dexter Lehtinen provided to the Tribe.  Although the Tribe did not disclose or log it in response to discovery requests in the Florida RICO Case, or refer to it in the Amended Complaint, a memorandum ***expressly approving the tax advice*** given by Lewis Tein and Lehtinen was distributed by the Tribe to its members.  In this memorandum, the lawyer who signed the instant Amended Complaint wrote:

> The attached "Taxpayer's Statement on Tribal Distributions received from the Miccosukee Tribe of Indians of Florida" describes the legal arguments that the Miccosukee Tribe is currently making in connection with IRS audits of the …Tribe…and certain of its individual members from the tribe.  ***We believe these positions have merit and will continue to pursue them as these audits and the resulting litigation continues.***

Memorandum from Tribal Attorney to Tribe Members (emphasis added) (Ex."F" hereto).  The memorandum then attaches a position statement reflecting the tax advice given by Lewis Tein and Mr. Lehtinen.  The memorandum advises the individual Tribe members how to adopt this position and attach the statement to their 2010 tax returns.

There is no conceivable way to reconcile the Tribe's memorandum adopting the Lewis Tein/Lehtinen tax position with the allegations in the Amended Complaint.

7.     *The Tribe's Complaint was filed in Bad Faith and for Improper Purposes.*

In defense of the instant motion for sanctions, the following is the most specific factual allegation that the Tribe makes:

> [Lewis Tein engaged in a] fraudulent scheme to defraud, steal and embezzle money from the Miccosukee Tribe . . . that of repeatedly keeping secret and concealing the illegal and harmful conduct of Defendant Cypress and Defendant Martinez . . . [and] personally enjoying luxuries paid for with funds belonging to the Miccosukee Tribe, such as several trips to casinos . . . which were not related to their representation of the Miccosukee Tribe.

DE 60 at 7. The essence of the Tribe's conspiracy theories, therefore, is that two respected and established attorneys conducted a five-year criminal racketeering enterprise in concert with other respected professionals for the purpose of harming their long-time client. In exchange for their participation, the alleged "benefit" they received (from a client in the casino business) was "several trips to casinos . . . which were not related to their representation." *Id.* That is the furthest extent of the factual support that the Tribe has provided.

## CONCLUSION

The following four facts are relevant to considering the instant Rule 11 issue:

a.  The Tribe maintains that its current chairman has no personal knowledge of the fraud allegations against Lewis Tein.

b.  The Tribe's current vice-chairman testified that he knew of no facts supporting the Tribe's allegations of fraud against Lewis Tein.

c.  In the *Bermudez* Case, the Tribe's attorney testified that he conducted no investigation to support the Tribe's accusations of fraud against Lewis Tein.

d.  In the Florida RICO Case, the Tribe has refused to produce a single document or witness to support of its allegations of RICO and fraud against Lewis Tein.

The foregoing facts, combined with the absence of any evidence against Lewis Tein, establish that the Tribe's lawsuit was filed in bad faith and for improper purposes. Knowing there is no evidence, the Tribe and its lawyer continue to pursue this action. They have violated Fed. R. Civ. P. 11(b)(1) and (b)(3) and should be sanctioned under Fed. R. Civ. P. 11(c).

WHEREFORE, Lewis Tein's motion for sanctions should be granted.

C A R L T O N  F I E L D S, P. A.
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

Respectfully submitted,

CARLTON FIELDS, P.A.
100 S.E. Second Street, Suite 4200
Miami, Florida 33131


By:  /s/ Paul A. Calli
       Jeffrey Michael Cohen
       Florida Bar No. 091495
       Email: jmcohen@carltonfields.com
             pwatson@carltonfields.com
             miaecf@cfdom.net
       Paul A. Calli
       Florida Bar No. 994121
       Email: pcalli@carltonfields.com
             cbussone@carltonfields.com
             miaecf@cfdom.net
       *Attorneys for Defendants Guy A. Lewis,*
*Michael R. Tein and Lewis Tein PL*


## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on October 15, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

CARLTON FIELDS, P.A.


By: /s/ Paul A. Calli
      Paul A. Calli
      Florida Bar No. 994121
      Email: pcalli@carltonfields.com
           cbussone@carltonfields.com
           miaecf@cfdom.net