UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 12-CV-22439-COOKE/Bandstra

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian Tribe,

    Plaintiff,

vs.

BILLY CYPRESS, DEXTER WAYNE
LEHTINEN, ESQUIRE, MORGAN STANLEY
SMITH BARNEY, JULIO MARTINEZ,
MIGUEL HERNANDEZ, GUY LEWIS,
ESQUIRE, MICHAEL TEIN, ESQUIRE
AND LEWIS TEIN, PL, a Professional
association.

    Defendants.
_____/

**MICCOSUKEE TRIBE'S MOTION TO REQUEST LEAVE OF COURT TO FILE SUR-REPLY TO DEFENDANTS GUY LEWIS, ESQUIRE, MICHAEL TEIN, ESQUIRE, AND LEWIS TEIN, PL'S REPLY IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS AGAINST THE TRIBE; OR IN THE ALTERNATIVE, TO STRIKE ANY AND ALL ARGUMENTS NOT LIMITED TO REBUTTAL OF MATTERS RAISED IN THE MEMORANDUM IN OPPOSITION**

COMES NOW, the Plaintiff, the Miccosukee Tribe of Indians of Florida (hereinafter, "the Miccosukee Tribe"), by and through undersigned counsel and files this Motion to Request Leave of Court to File Sur-Reply to Defendants Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, PL's (hereinafter, collectively referred to as "Defendants Lewis, Tein, and Lewis Tein, PL") Reply In Support of Motion for Rule 11 Sanctions Against the Tribe; Or In The Alternative, To Strike Any And All Arguments

1

not Limited To Rebuttal Of Matters Raised In the Memorandum In Opposition (hereinafter, referred to as "Motion to File Sur-Reply"), and in support thereof states as follows:

1. On September, 24, 2012, Defendants Lewis, Tein, and Lewis Tein, PL filed a Motion for Sanctions and Memorandum of Law In Support (hereinafter, referred to as "Motion for Sanctions"), against the Miccosukee Tribe. [D.E. No. 38-1].

2. On October 11, 2012, the Miccosukee Tribe filed a Response to Defendants Lewis, Tein, and Lewis Tein, PL's Motion for Sanctions and Memorandum of Law In Support (hereinafter, referred to as "Response"). [D.E. No. 60].

3. On October 15, 2012, Defendants Lewis, Tein, and Lewis Tein, PL filed a Reply In Support of Motion for Rule 11 Sanctions Against The Tribe (hereinafter, referred to as "Reply"). [D.E. No. 66].

4. The Reply filed by Defendants Lewis, Tein, and Lewis Tein, PL is littered with misleading factual misrepresentations, and mischaracterizations of evidence irrelevant to the present case, including the transcript of an unfinished deposition. The Third District Court of Appeals recently characterized Defendants Lewis, Tein, and Lewis Tein, PL as follows:

> **What we have here is a lawyer, and now lawyers, who have acted recklessly and unprofessionally, and are now concerned that their behavior may have tarnished their image. We have, however, reviewed the record and conclude that although the trial court was justifiably frustrated with Mr. Tein's behavior at the March 19, 2012, hearing, he expressed no view as to Mr. Tein's credibility, made no comment suggesting he had pre-judged any issue, harbored any bias or prejudice against the defendants, Mr. Lewis, Mr. Tein, or the Lewis Tein law firm, or**

2

> **said anything to support a finding that the petitioners' fears that they will not enjoy the impartiality and neutrality of the judge in deciding the issues is reasonable. We, therefore, deny the petition, and remind Mr. Tein and Mr. Lewis of their obligations and responsibilities as members of The Florida Bar and as officers of the court.**

A copy of the Third District Court of Appeals Opinion is attached as **Exhibit 1**. (Emphasis added). Defendants Lewis, Tein, and Lewis Tein, PL's conduct shows a total disregard for their ethical duties of candor. *See* R. Regulating Fla. Bar 4-3.3(a) (1) Duty to Disclose ("[a] lawyer shall not knowingly make a false statement of fact or law to a tribunal").

    5.    Due to the importance of the issues presented in this case, the Miccosukee Tribe, in the interest of justice and fairness, respectfully requests the opportunity to file a sur-reply, which should not exceed ten (10) pages, in order to rebut the misrepresentation and mischaracterizations contained in Defendants Lewis, Tein, and Lewis Tein, PL's Reply.

## MEMORANDUM OF LAW

A district courts' decision to permit the filing of a sur-reply is discretionary and should generally only be allowed when "a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, LTD.*, No. 07-14922 (11th Cir. Nov. 25, 2008) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)). The Miccosukee Tribe should be granted leave to file a sur-reply because Defendants Lewis, Tein, and Lewis Tein, PL failed to reply as required by S.D. Fla. L. R. 7.1(c). *Id.* ("reply

memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law"). Defendants Lewis, Tein, and Lewis Tein, PL's Reply not only failed to comply with Rule 7.1(c) by rearguing matters covered in their initial Motion for Sanctions, but also by discussing matters beyond the scope of the Miccosukee Tribe's Response and including matters that are irrelevant to the instant case.

Additionally, the filing of a sur-reply is in the interest of justice and fairness. Without the grant of a rebuttal in the form of a sur-reply, the Miccosukee Tribe has no opportunity to respond to arguments made for the first time in Defendants Lewis, Tein, and Lewis Tein, PL's Reply. The local rules clearly state that a reply should only address the matters raised in the response in opposition to an initial motion. *See* S.D. Fla. L. R. 7.1(c) ("reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition"); *see* also *Cheney v. IPD Analytics, LLC.*, No. 08-23188-CIV, 2009 WL 1298405, *8 Fn. 1 (S.D. Fla. Apr. 16, 2009) (citing *Tallahassee Mem. Regional Med. Ctr. v. Bowen,* 815 F. 2d 1435, 1446 n. 16 (11th Cir.1987)) ("it is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief."). In light of the averments made by Defendants Lewis, Tein, and Lewis Tein, PL, the Miccosukee Tribe requests to file a sur-reply in order to directly respond to several points raised for the first time in the Reply, and to address the numerous misstatements of fact therein. In the alternative, should this Honorable Court deny the request for leave to file a sur-reply, the Miccosukee Tribe requests the Court to strike any

4

and all arguments and matters raised for the first time in Defendants Lewis, Tein, and Lewis Tein, PL's Reply.

Furthermore, the filing of a sur-reply will not prejudice Defendants Lewis, Tein, and Lewis Tein, PL. On the contrary, an inability to submit a sur-reply would prejudice the Miccosukee Tribe by depriving it of a fair chance to address Defendants Lewis, Tein, and Lewis Tein, PL's Reply, which introduces new arguments, irrelevant evidence and misstatements of facts. *See Hammett v. Am. Bankers Ins. Co.,* 203 F.R.D. 690, 695, n.1 (S.D. Fla. 2001) (granting defendant's motion to file sur-reply because plaintiff presented new argument and theory in reply). Lastly, the filing of a sur-reply will not unreasonably delay these proceedings.

WHEREFORE, the Miccosukee Tribe respectfully requests this Honorable Court to grant the Miccosukee Tribe leave of court to file a Sur-Reply to Defendants Lewis, Tein, and Lewis Tein, PL's Reply in Support of their Motion for Sanctions.

### **CERTIFICATE OF GOOD FAITH CONFERENCE: CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Defendants Lewis, Tein, and Lewis Tein, PL oppose the present Motion and have communicated their intent to respond to this Motion, pursuant to the Local Rules. Counsel for the remaining Defendants take no position.

Respectfully submitted this October 18th, 2012.

/s/Bernardo Roman III
Bernardo Roman III, Esquire
Fla. Bar No. 0002739
Tribal Attorney, Miccosukee Tribe of
Indians of Florida
P.O. Box 440021, Tamiami Station
Miami, Florida 33144
Tel: (305) 894-5214
Fax: (305) 894-5212
E-mail: bromanlaw@bellsouth.net

/s/Yinet Pino
Yinet Pino, Esquire
Fla. Bar No. 085272
Attorney for the Miccosukee Tribe of
Indians of Florida
1250 SW 27th Avenue, Suite 506
Miami, Florida 33135
Telephone: (305) 643-7993
Facsimile: (305) 643-7995
E-mail: yinet@bromanlaw.com

/s/Yesenia Rey
Yesenia Rey, Esquire
Fla. Bar No. 89577
Attorney for the Miccosukee Tribe of
Indians of Florida
1250 SW 27th Avenue, Suite 506
Miami, Florida 33135
Telephone: (305) 643-7993
Facsimile: (305) 643-7995
E-mail: yesenia@bromanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18th, 2012 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

/s/Bernardo Roman III
Bernardo Roman III, Esq.

## SERVICE LIST

*Miccosukee Tribe of Indians of Florida v. Cypress*
Case No. 12-22439-COOKE/Bandstra
United States District Court for the Southern District of Florida

**Jeffrey M. Cohen, Esquire**
**Marissel Descalzo, Esquire**
**Paul A. Calli, Esquire**
**Charles Short, Esquire**
Carlton Fields, P.A.
100 S.E. 2nd Street, Suite 4000
Miami, FL 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
E-mail: jmcohen@carltonfields.com
E-mail: mdescalzo@carltonfields.com
E-mail: pcalli@carltonfields.com
E-mail: cshort@carltonfields.com
E-mail: pwatson@carltonfields.com
E-mail: miaecf@cfdom.net
*Counsel for Defendants Guy Lewis, Esquire,Michael Tein, Esquire, and Lewis Tein, PL*

**Manuel A. Avila, Esquire**
Manuel A. Avila, Esq.
& Associates, P.A.,
11120 N. Kendall Drive
Suite 200
Miami, Florida 33176
Telephone: (305) 249-1111
Facsimile: (305) 647-0686
E-mail: mavila@avilalegal.com
*Counsel for Defendant Julio Martinez*

**Scott Alan Lazar, Esquire**
Koltun & Lazar
7901 SW 67th Ave.
Suite 100
Miami, FL 33143
Telephone: (305)-595-6791
Facsimile: (305)-595-5400
E-mail: scott@koltunlazar.com
*Counsel for Defendant Miguel Hernandez*

7

**Bruce S. Rogow, Esquire**
**Tara A. Campion, Esquire**
Bruce S. Rogow, P.A.
500 E. Broward Blvd., Ste. 1930
Fort Lauderdale, FL 33394
Telephone: 954-767-8909
Facsimile: 954-767-1530
E-mail: brogow@rogowlaw.com
E-mail: tcampion@rogolaw.com
*Counsel for Defendant Morgan Stanley*

**Bryan T. West, Esquire**
Tew Cardenas LLP
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Telephone: (305) 536-1112
Facsimile: (305) 536-1116
E-mail: btw@tewlaw.com
*Counsel for Defendant Dexter W. Lehtinen, Esquire*

**Armando Rosquete, Esquire**
**Kendall B. Coffey, Esquire**
**Alice Evelyn Meyer, Esquire**
Coffey Burlington, P.L.
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
E-mail: arosquete@coffeyburlington.com
E-mail: kcoffey@coffeyburlington.com
E-mail: ameyer@coffeyburlington.com
*Counsel for Defendant Billy Cypress*