IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 12-CV-22439-COOKE/Bandstra

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

    Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN
STANLEY SMITH BARNEY, JULIO
MARTINEZ; MIGUEL HERNANDEZ;
GUY LEWIS, ESQUIRE; MICHAEL
TEIN, ESQUIRE; AND LEWIS TEIN, PL,
A PROFESSIONAL ASSOCIATION,

    Defendants.
_____/

## MICCOSUKEE TRIBE'S SUR-REPLY TO DEFENDANTS LEWIS TEIN'S REPLY IN SUPPORT OF RULE 11 SANCTIONS AGAINST THE TRIBE

COMES NOW, the Plaintiff, the Miccosukee Tribe of Indians of Florida, by and through the undersigned, and files this Sur-Reply to Defendants Lewis Tein's Reply in Support of Motion for Rule 11 Sanctions Against the Tribe pursuant to this Court's Endorsed Order of October 19, 2012. [D.E. No. 68] and in support thereof states:

Defendants Lewis, Tein, and Lewis Tein, P.L.'s (hereinafter collectively referred to as "Defendants Lewis Tein") allegations in their Reply are not relevant to this case and are a mischaracterization of the facts, evidence and causes of action pending before this Court because they do not have a tendency to make a fact more or less probable than it would be without the evidence; and the allegations are not of any consequence in determining the action. FED. R. EVID. 401.

1

Defendants Lewis Tein's first allegation that the Miccosukee Tribe has failed "to produce a shred of evidence supporting this complaint" is not true. The Miccosukee Tribe has filed not only a very detailed and specific complaint with factual allegations that support its causes of action but also an Initial Disclosure under Rule 26(a) of the Federal Rules of Civil Procedure that further indentifies specific evidence in supports of its complaint. Defendants Lewis Tein's reference to their recently disclosed forty-nine (49) boxes of "legal material" for work they alleged to have performed while representing the Miccosukee Tribe from 2005 through 2010 is an example of the misleading nature of Defendants Lewis Tein's allegations.

Although Defendants Lewis Tein were paid by the Miccosukee Tribe **more than ten million dollars ($10,000,000.00)** in legal fees from 2005 through 2010, Defendants Lewis Tein, steadfastly refused from 2010 until September 11, 2012 to provide the work that they claimed they had performed for such legal fees. From 2010 until September 11, 2012, Defendants Lewis Tein alleged a "charging lien" and demanded that the Miccosukee Tribe pay them additional millions of dollars for the release of such work. Only after the Miccosukee Tribe filed a Motion to Compel in the case of *Miccosukee Tribe v. Lewis Tein, P.L,* Case No. 12-12816 CA 40 (hereinafter, "the Lewis Tein State Case"), which the Circuit Court granted on September 11, 2012, and ordered Defendants Lewis Tein to produce their alleged work that the Miccosukee Tribe was able to receive any such work. A copy of the Miccosukee Tribe's Motion to Compel and the Circuit Court Order are attached as Exhibits A and B. Defendants Lewis Tein's description that "these boxes contain tens of thousands of pages of privileged work, trial preparation, hearing preparation, transcripts, notes, legal research, factual investigation, client correspondence, communications with adversaries and witnesses, and reams of pleadings and

exhibits prepared by Lewis Tein for the dozens of lawsuits and matters described in Exhibit "A" attached" is totally inaccurate and a self-serving fallacy.

Defendants Lewis Tein's second allegation that they have a "proven record of successfully representing the Tribe" is a self-serving statement not supported by any facts or evidence. This self-serving allegation as well as the allegation by Defendants Lewis Tein that the Miccosukee Tribe's lawsuit is "designed only to enhance the political position of the Tribe's current administration" are issues of fact to be decided in these proceedings and which Defendants Lewis Tein will have ample opportunity to prove in subsequent proceedings.

Defendants Lewis Tein's third allegation that "the Tribe's current Chairman claims to know nothing about the underlying facts" is false and a total misrepresentation of the facts. The Miccosukee Tribe's Initial Disclosure under Rule 26(a) of the Federal Rules of Civil Procedure, a copy of which is attached as Exhibit "C" specifically lists the current Chairman as someone with knowledge about the underlying facts of this case. However, Defendants Lewis Tein's attempt to confuse the facts and issues by extrapolating some facts from the Lewis Tein State Case that are not relevant to the case at bar.

The Lewis Tein State Case involves, in part, causes of action for professional malpractice and breach of fiduciary as a result of Defendants Lewis Tein's willful and unauthorized disclosure of confidential and private information that they had received while representing the Miccosukee Tribe to third parties in an attempt to defend themselves against sanctions proceedings for perjury, misrepresentation and fraud upon the court in the case of *Carlos Bermudez v. Tammy Billie and Jimmie Bert,* Case No. 00-25711 (hereinafter, the "Bermudez State Case") that are currently pending in the Circuit Court. The Lewis Tein State Case also involves Defendants Lewis Tein's willful and unauthorized disclosure of confidential, legally

3

protected and private information about individual members of the Miccosukee Tribe that they had received while representing the Miccosukee Tribe to the Internal Revenue Service in an attempt to protect the former Chairman of the Miccosukee Tribe, Billy Cypress, who they were simultaneously representing in federal criminal and civil investigations by the Internal Revenue Service.  Since these specific acts by Defendants Lewis Tein in the Lewis Tein State Case took place during a period of four to five years during which the current Chairman of the Miccosukee Tribe was not a tribal official or part of the administration, he did not have personal knowledge of the facts underlying that particular lawsuit.  Consequently, Defendants Lewis Tein's reference to the Lewis Tein State Case to support their Rule 11 motion is misguided and disingenuous.

Defendants Lewis Tein's fourth allegation that the Tribe's Assistant Chairman, Jasper Nelson (hereinafter, "Assistant Chairman Nelson") "refutes the Amended Complaint allegations in every respect" is similar to their third allegation discussed above for several reasons.  First, in the Lewis Tein State Case, the Miccosukee Tribe has pled that Defendants Lewis Tein's tortious acts were part of a "sophisticated scheme to defraud the MICCOSUKEE TRIBE and some individual members of the MICCOSUKEE TRIBE." The Miccosukee Tribe has also pled in the Lewis Tein State Case that Defendants Lewis Tein's goal was "to create, design, prepare, and implement a scheme to defraud the MICCOSUKEE TRIBE out of millions of dollars for fictitious, improperly created, excessive, unreasonable and/or unsubstantiated legal work" and that such acts were "**without knowledge of the governing body of the MICCOSUKEE TRIBE**." [Emphasis added].  Consequently, although Assistant Chairman Nelson was part of the administration during the relevant years, his testimony in the Lewis Tein State Case that "he did not know of any factual basis to accuse Lewis Tein of fraud, crimes or theft against the Tribe" should not be a surprise. Defendants Lewis Tein's argument that because

4

Assistant Chairman was not aware of their sophisticated scheme that they purposely concealed from the Miccosukee Tribe's governing body in the Lewis Tein State Case should be interpreted by this Court as a complete refutation of the Miccosukee Tribe's case at bar is without merit. Furthermore, the credibility of a witness is an issue for the trier of fact to decide.

Defendants Lewis Tein's fifth allegation that "The Tribe's attorney testified that he did not investigate his allegations of fraud" is misleading and not relevant to the case at bar. In the Bermudez State Case, Defendants Tein represented to the Circuit Court Judge on August 30, 2011, at a hearing to determine the amount of monetary sanctions to be imposed as a result of the Circuit Court's prior finding that Defendants Lewis Tein had engaged in a willful abuse of the discovery process, Defendant Tein, under oath, in open court, and in the presence of Defendant Lewis told the Circuit Court Judge that their clients,

> "**They have been responsible for - - the Defendants have been responsible for our fees and they - - at that time they had been paying our fees. By January '011 they had run up a - - a receivable. They hadn't paid since, my recollection is, August of 2010. And we haven't been paid anything since August of 2010.**"

[Emphasis added]. On October 21, 2011, the plaintiff's attorney in the Bermudez State Case, filed a Motion for Relief Pursuant to Florida Rule of Civil Procedure 1.540(b) against Defendants Lewis Tein, which included copies of checks and check stubs showing that contrary to Defendant Tein's representations under oath, in open court, and in the presence of Defendant Lewis to the Circuit Court on August 30, 2011, the Miccosukee Tribe, and not the defendants, had paid Defendants Lewis and Tein **three million one hundred eleven thousand five hundred sixty-seven dollars and sixty-three cents ($3,111,567.63)** in legal fees for the representation. A copy of the plaintiff's motion, which is currently pending an evidentiary hearing, is included as Exhibit D attached. After the Circuit Court scheduled a hearing based on this newly discovered

5

evidence, Defendants Lewis Tein changed their position and for the first time started arguing that the **$3,111,567.63** they had received in legal fees from the Miccosukee Tribe in the Bermudez State Case were "loans" from the Miccosukee Tribe to their clients. When the Circuit Court authorized the deposition of the Tribal Attorney on a limited issue of the source of these payments, the Tribal Attorney testified as follows:

> Q. Do you claim that these sums that were paid to Lewis Tein were not loans to the Defendants?
> A. What I have claimed is that the Miccosukee Tribe paid Lewis Tein, P.L. paid Lewis Tein, P.L. for the defense of this case.
> Q. Based upon the checks?
> A. And - - Based upon the checks, and when Michael Tein stood before Judge Dresnick and told Judge Dresnick that him (sic), Guy Lewis, his partner, who was sitting there at the hearing, and the law firm of Lewis Tein, P.L. was being paid in this case by Tammy Gwen Billie, also known as Tammy Gwen Bert, and Jimmie Bert, that was not a true statement. That was a falsity.
> Q. What was false about it?
> A. That the records that I have provided in the form of the checks show that all times the Miccosukee Tribe was paying Guy Lewis, Michael Tein and the law firm of Lewis Tein, P.L., the attorneys, their fees, in this case. **The issue of whether this was a loan or was not a loan was not injected until after that information had been provided to Mr. Rodriguez and to the Court. That issue was not injected until later by Mr. Tein and by Mr. Lewis.**

[Emphasis added]. A copy of the transcript of the deposition of the Tribal Attorney is attached as Exhibit E. Therefore, Defendant Lewis Tein's conclusion from the above testimony in the Bermudez State Case that the Tribal Attorney did not investigate the allegations of fraud in the case at bar is without merit.

Defendants Lewis Tein's sixth allegation that "[t]he Tribe's lawyer, who filed this lawsuit, adopts Lewis Tein's tax advice, claims it "has merit" gives it to the Tribe's members, and indicates it will be the Tribe's continuing position in tax audits and resulting litigation" is not relevant because the case at bar is not related or based on professional malpractice or the legal tax advice provided to the Miccosukee Tribe by Defendants Lewis Tein. Finally, Defendants

Lewis Tein's seventh allegation that "the tribe's complaint was filed in bad faith and for improper purposes has no merit." Furthermore, this is an issue of fact that Defendants Lewis Tein will have ample opportunity to prove in subsequent proceedings in the case at bar.

Defendants Lewis Tein argument throughout their motion that the Miccosukee Tribe's lawsuit is politically motivated and that they are "two respected and established attorneys" and "a prominent Florida law firm" are also issues of fact that Defendants Lewis Tein will also have ample opportunity to prove in subsequent proceedings in the case at bar.

All of the reasons provided by Defendants Lewis Tein are irrelevant and fail to provide the necessary support for an award of sanctions under Rule 11 or Fla. Stat. § 57.105. [D.E. No. 66]. Whether Defendants Lewis Tein successfully represented the Miccosukee Tribe in certain legal matters is a disputed issue of fact. The unfinished deposition of one witness, which the Miccosukee Tribe has not had the opportunity to question yet, cannot be the basis for finding that the Miccosukee Tribe's Complaint is frivolous. Whether the undersigned has adopted tax advice provided by previous attorneys of the Miccosukee Tribe is utterly irrelevant to this case because it does not have any tendency to make a fact more or less probable than it would be without the evidence; nor is it of any consequence in determining this action. Defendants Lewis Tein provide no evidence that the Miccosukee Tribe has filed its Amended Complaint in bad faith and/or for an improper purpose. As a result, Defendants' Motion for Sanctions must be denied.

The Miccosukee Tribe was correct when it stated in its Response that it had not had an opportunity to engage in discovery with Defendants in the case at bar. Reasonable discovery in this case, where the Miccosukee Tribe has plead a conspiracy involving several participants, can only be said to have taken place once the Miccosukee Tribe has had the opportunity to obtain information from all Defendants not just Defendants Lewis Tein. Moreover, discovery has just

commenced. *See* Rule 26 Initial Disclosures filed by Defendants Lewis Tein [D.E. No. 53], Defendant Hernandez [D.E. No. 71] and provided by the Miccosukee Tribe to Defendants.[1] As a result, Defendants Lewis Tein's allegation that sanctions must be awarded because the Miccosukee Tribe has not produced a shred of evidence to support its Amended Complaint is inapposite. A similar approach was futile in the State Case, wherein they filed a Motion to Dismiss followed by a Motion for Sanctions for filing a frivolous Complaint. The Motion to Dismiss was denied. A copy of the Order of the Circuit Court denying the Motion is attached as Exhibit E.

Although this description provided by Defendants Lewis Tein is totally inaccurate and a self-serving fallacy, it is, more importantly, irrelevant to the issue before this Court. The issue before this Court is whether sanctions should be awarded against the Miccosukee Tribe and the undersigned because the allegations in the Amended Complaint are frivolous. Rule 401 of the Federal Rules of Evidence states that "evidence is relevant if: it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." These boxes simply do not in any way show that the allegations in the Amended Complaint are frivolous nor do they show that reasonable discovery has taken place in this case.

---

[1] The Miccosukee Tribe is not required to file its Rule 26(a) Initial Disclosures pursuant to Appendix A: Discovery Practice Handbook to S.D.Fla. L.R. I (B)(1), which states that

> In accordance with Federal Rule of Civil Procedure 5(d) and Local Rule 26.1(b), disclosures under Federal Rules of Civil Procedure 26(a)(1) or (2), and discovery materials **shall not be filed with the Court as a matter of course**. Disclosures and discovery materials **may later be filed** if necessary in presentation and consideration of a motion to compel, a motion for protective order, a motion for summary judgment, a motion for injunctive relief, or other similar proceedings.

(emphasis added).

Thus, whether they successfully represented the Miccosukee Tribe in certain legal matters does not have a tendency to make a fact more or less probable than it would be without the evidence; nor is it of any consequence in determining this action. FED.R.EVID. 401.

Defendants Lewis Tein's misconstruction of the Miccosukee Tribe's statements in a pleading in the State Case is irrelevant to these proceedings. More importantly, however, Defendant Lewis Tein's interpretation of those statements is incorrect. The Miccosukee Tribe filed a Motion for Protective Order Regarding the Deposition of Chairman Colley Billie seeking to bar the deposition on three grounds: 1) he did not have personal knowledge of the facts underlying the Complaint; 2) his deposition was barred by the quasi-judicial privilege; and 3) his deposition was barred by the executive privilege. *See* D.E. No 66-3. Defendants Lewis Tein concentrate only on the first basis, Chairman Colley Billie's personal knowledge. Yet, they misunderstand the legal meaning of personal knowledge. Personal Knowledge is defined in Black's Law Dictionary as "knowledge gained from firsthand observation or experience." Black's Law Dict. at 888. 2004 Ed.

In its Reply, the Miccosukee Tribe explained: "[b]efore his election as Chairman in December 2009, Colley Billie did not hold any elected position within the Miccosukee Tribe, nor was he a member of the Miccosukee Business Council. Therefore, Chairman Colley Billie is without personal knowledge of the facts underlying this lawsuit." It is clear from these two sentences that Chairman Colley Billie did not observe firsthand any of the actions by Defendants Lewis Tein that formed the basis of the claims pursued by the Miccosukee Tribe in the State Case. Consequently, Defendants Lewis Tein's misleading characterization of statements by the Miccosukee Tribe in the State Case does not provide any support for their Motion for Rule 11 Sanctions against the Miccosukee Tribe and the undersigned. This is another attempt by

Defendants Lewis Tein to confuse this Court and extrapolate some facts from the State Case that are irrelevant to the case at bar.

### A. Defendants Lewis Tein's Misrepresentation Regarding the Undersigned's Deposition

Therefore, Defendant Lewis Tein's conclusion from the above testimony in the Bermudez State Case that the Tribal Attorney did not investigate the allegations of fraud in the case at bar is without merit because the questions asked during the deposition regarding an investigation were in reference to whether the legal fees paid by the Miccosukee Tribe in the Bermudez State Case were loans. The questions were not in reference to the issue of whether there had been an investigation of the factual basis for the Miccosukee Tribe's Complaint in this case.

### B. Issues Regarding Tax Advice Are Irrelevant

Defendants Lewis Tein's sixth allegation that "[t]he Tribe's lawyer, who filed this lawsuit, adopts Lewis Tein's tax advice, claims it 'has merit' gives it to the Tribe's members, and indicates it will be the Tribe's continuing position in tax audits and resulting litigation," [D.E. No. 66 at 9], is not relevant because the case at bar is not related or based on professional malpractice or the legal tax advice provided to the Miccosukee Tribe by Defendants Lewis Tein.

### C. Amended Complaint Not Filed In Bad Faith Or For An Improper Purpose

Finally, the Miccosukee Tribe has already addressed Defendants' allegations that the Amended Complaint was filed in bad faith and/or for an improper purpose in its Response and refuted such allegations. [D.E. No. 60 at 9].

Respectfully submitted this 29th day of October, 2012.

/s/Bernardo Roman III
Bernardo Roman III, Esquire
Fla. Bar No. 0002739
Tribal Attorney, Miccosukee Tribe of
Indians of Florida
P.O. Box 440021, Tamiami Station
Miami, Florida 33144
Tel: (305) 894-5214
Fax: (305) 894-5212
E-mail: bromanlaw@bellsouth.net

Yinet Pino, Esquire (Fla. Bar No. 085272)
Yesenia Rey, Esquire (Fla. Bar No. 89577)
Attorneys for the Miccosukee Tribe of
Indians of Florida
1250 SW 27th Avenue, Suite 506
Miami, Florida 33135
Telephone: (305) 643-7993
Facsimile: (305) 643-7995
E-mail: yinet@bromanlaw.com
E-mail: yesenia@bromanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 29, 2012 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

s/Bernardo Roman III
Bernardo Roman III, Esq.

## SERVICE LIST

*Miccosukee Tribe of Indians of Florida v. Cypress*
Case No. 12-22439-COOKE/Bandstra
United States District Court for the Southern District of Florida

**Jeffrey M. Cohen, Esquire**
**Marissel Descalzo, Esquire**
**Paul A. Calli, Esquire**
**Charles Short, Esquire**
Carlton Fields, P.A.
100 S.E. 2nd Street, Suite 4000
Miami, FL 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
E-mail: jmcohen@carltonfields.com
E-mail: mdescalzo@carltonfields.com
E-mail: pcalli@carltonfields.com
E-mail: cshort@carltonfields.com
E-mail: pwatson@carltonfields.com
E-mail: miaecf@cfdom.net
*Counsel for Defendants Guy Lewis, Esquire,*
*Michael Tein, Esquire, and Lewis Tein, PL*

**Manuel A. Avila, Esquire**
Manuel A. Avila, Esq.
& Associates, P.A.,
11120 N. Kendall Drive
Suite 200
Miami, Florida 33176
Telephone: (305) 249-1111
Facsimile: (305) 647-0686
E-mail: mavila@avilalegal.com
*Counsel for Defendant Julio Martinez*

**Scott Alan Lazar, Esquire**
Koltun & Lazar
7901 SW 67th Ave.
Suite 100
Miami, FL 33143
Telephone: (305)-595-6791
Facsimile: (305)-595-5400
E-mail: scott@koltunlazar.com
*Counsel for Defendant Miguel Hernandez*

**Bruce S. Rogow, Esquire**
**Tara A. Campion, Esquire**
Bruce S. Rogow, P.A.
500 E. Broward Blvd., Ste. 1930
Fort Lauderdale, FL 33394
Telephone: 954-767-8909
Facsimile: 954-767-1530
E-mail: brogow@rogowlaw.com
E-mail: tcampion@rogolaw.com
*Counsel for Defendant Morgan Stanley*

**Bryan T. West, Esquire**
**Tew Cardenas LLP**
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Telephone: (305) 536-1112
Facsimile: (305) 536-1116
E-mail: btw@tewlaw.com
*Counsel for Defendant Dexter W. Lehtinen,*
*Esquire*

**Armando Rosquete, Esquire**
**Kendall B. Coffey, Esquire**
**Alice E. Meyer**
COFFEY BURLINGTON, P.L.
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
E-mail: arosquete@coffeyburlington.com
E-mail: kcoffey@coffeyburlington.com
E-mail: ameyer@coffeyburlington.com
*Counsel for Defendant Billy Cyp*