UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-22439-COOKE/BANDSTRA

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
federally recognized Indian tribe,

    Plaintiff,

v.

BILLY CYPRESS; DEXTER WAYNE LEHTINEN,
ESQUIRE; MORGAN STANLEY SMITH BARNEY;
JULIO MARTINEZ; MIGUEL HERNANDEZ; GUY
LEWIS, ESQUIRE; MICHAEL TEIN, ESQUIRE; and
LEWIS TEIN, PL, a professional association,

    Defendants.
_____/

## ORDER GRANTIING IN PART AND DENYING IN PART
## JOINT AGREED MOTION FOR ENLARGEMENT OF TIME
## TO ANSWER OR RESPOND TO SECOND AMENDED COMPLAINT

THIS MATTER is before me upon Defendant Billy Cypress', jointly with Defendants Miguel Hernandez and Julio Martinez, Motion for Enlargement of Time to Answer or Response to Plaintiff's Second Amended Complaint (ECF No. 91). Defendants Cypress, Hernandez, and Martinez seek an extension of fourteen (14) days, through and including December 28, 2012, in which to respond to Plaintiff's Second Amended Complaint; although anticipating my frustration, Defendant Hernandez requests an extension through December 21, 2012 in the alternative (ECF No. 93). Plaintiff, Miccosukee Tribe of Indians of Florida, does not oppose the relief Defendants seek.

I have reviewed the Motion for Enlargement of Time to Answer or Response to Plaintiff's Second Amended Complaint, the record, the relevant legal authorities, and am

otherwise duly advised in the premises. For the reasons stated herein, Defendants' Motion for Enlargement of Time to Answer or Response to Plaintiff's Second Amended Complaint is granted in part and denied in part.

In accordance with my Order Granting in Part and Denying in Part Defendants' Motion to Require Plaintiff to File RICO Case Statement (ECF No. 55), Plaintiff filed its Second Amended Complaint (ECF No. 75) on November 9, 2012. In an Endorsed Order dated November 19, 2012, I granted Defendant Dexter Lehtinen's Motion for Enlargement of Time to Respond to Second Amended Complaint (ECF No. 79) requiring all defendants to response to Plaintiff's Second Amended Complaint on or before December 7, 2012. (ECF No. 82). Citing the burden of an appellate briefing schedule and upcoming trial, counsel for Defendant Miguel Hernandez sought an additional extension of time to respond to Plaintiff's Second Amended Complaint until December 28, 2012 (ECF No. 85). After review of Defendant Hernandez's Motion, I further extended the response deadline to December 14, 2012, and noted that all defendants shall answer or otherwise response by this date.

Nevertheless, on December 14, 2012, Defendants Cypress, Hernandez, and Martinez failed to respond to Plaintiff's Second Amended Complaint, and opted to instead file the instant Motion for Enlargement of Time to Answer or Response to Plaintiff's Second Amended Complaint. Based upon Defendants' own briefing, they were aware as early as December 11, 2012 that a response was not prepared, and would not be prepared by December 14, 2012.[1] Yet,

---

[1] Counsel for Defendant Cypress states that upon return to his office following a twelve-day vacation, he learned that his Westlaw service was not operational. This explanation for failure to comply with a court order remains unclear. Defendant Cypress is represented by two distinct attorneys working from two separate offices in two separate locations. Was Westlaw down for both attorneys? Was neither attorney able to use the legal research resources of co-Defendants' counsel with whom they made an agreement to spearhead the drafting of the response to Plaintiff's Second Amended Complaint?

an enlargement of the deadline was not sought until the response was due, in effect tying my hands with regard to an extension of time.

Due to the procedural importance of the response(s) at issue, denying Defendants' Motion for Enlargement of Time to Answer or Response to Plaintiff's Second Amended seems Draconian in this complex matter.  However, a reasonable person, let alone an officer of the court, must understand why it troubles me to grant any further extension to the Defendants.  It should go without saying, but in this instance requires stating that a court-imposed deadline is an event of significance in a litigator's life.  It cannot and should not be disregarded in favor of vacation or minor hurdles.  Justice Joseph Story cautioned all attorneys, "I will not say with Lord Hale, that the Law will admit of no rival ... but I will say that it is a jealous mistress, and requires a long and constant courtship.  It is not to be won by trifling favors, but by lavish homage."[2]

For the foregoing reasons, Defendant Billy Cypress', jointly with Defendants Miguel Hernandez and Julio Martinez, Motion for Enlargement of Time to Answer or Response to Plaintiff's Second Amended Complaint (ECF No. 91) is **GRANTED in part and DENIED in part**.  Defendants Billy Cypress, Miguel Hernandez, and Julio Martinez, shall have through and including December 21, 2012 to answer or otherwise respond to Plaintiff's Second Amended Complaint.  ***No further extensions of this deadline will be granted.***

**DONE and ORDERED** in Chambers at Miami, Florida this 17th day of December 2012.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

---

[2] Joseph Story, *The Value and Importance of Legal Studies, in* The Miscellaneous Writings of Joseph Story, 503, 523 (1851)

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*