UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 1:12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

              Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN STANLEY
SMITH BARNEY; JULIO MARTINEZ;
MIGUEL HERNANDEZ; GUY LEWIS,
ESQUIRE; MICHAEL TEIN, ESQUIRE; and
LEWIS TEIN, PL, a professional association,

              Defendants.

_____/

## LEWIS TEIN'S MOTION TO COMPEL MICCOSUKEE TRIBE TO PRODUCE DOCUMENTS AS REQUIRED BY LEWIS TEIN'S FIRST AND SECOND REQUESTS FOR PRODUCTION

Defendants Guy Lewis, Michael Tein, and Lewis Tein, PL (collectively, "Lewis Tein")

pursuant to Fed. R. Civ. P. 37(a) and Local Rules 7.1 and 26.1(h)(2), move for an order

overruling the objections asserted by Plaintiff Miccosukee Tribe of Indian of Florida (the

"Tribe") and compelling discovery from the Tribe pursuant to Lewis Tein's First and Second

Requests for Production.

The Tribe has brought this action against Lewis Tein and others alleging a grand scheme

of false and exorbitant legal fees billed by Lewis Tein to the Tribe via a web of fake loans. The

accusations are scandalous and false.

Having brought suit here, the Tribe now resists participating in the discovery process. It

has not complied with Lewis Tein's First and Second Requests for Production. The Tribe makes

shotgun-style objections, including unsupported privilege claims. It does not produce a privilege log. And it fails completely to produce documents responsive to most of the categories of materials Lewis Tein seeks. The limited materials it does produce include improper redactions, and the re-production to Lewis Tein of documents that Lewis Tein produced to the Tribe on September 25, 2012 in the related Florida state court case, *Miccosukee Tribe of Indians of Florida v. Guy Lewis et al.*, Case No. 12-12816 CA 40. The Tribe is eager to make salacious allegations, but shirks its discovery obligations when the factual basis for its allegations are probed.

Accordingly, Lewis Tein seeks an Order (1) compelling the Tribe to provide documents responsive to the First and Second Requests for Production and (2) awarding attorneys' fees and costs associated with the filing of this motion as sanctions pursuant to Fed. R. Civ. P. 37(d) and Southern District of Florida Discovery Practices Handbook ("Southern District Handbook") at (I)(D)(4).

This motion proceeds by explaining Lewis Tein's entitlement to the materials it seeks with the First and Second Requests for Production. It then exposes the fundamental flaws in the Tribe's laundry list of repetitive objections. Finally, in conformity with the Local Rule 26.1(h)(2), Lewis Tein lists each individual request, followed by the Tribe's objections, and the reasons why the objections should be overruled and the Tribe compelled to produce the requested documents. Regrettably, the lengthy list of objections that the Tribe frequently recycles makes compliance with Local Rule 26.1(h)(2) unwieldy. Accordingly, Lewis Tein incorporates its prior arguments after each of the specific requests at issue where possible.

## I. Lewis Tein is Entitled to Discovery of the Materials Identified in its First and Second Requests for Production

On November 1, 2012 and November 6, 2012, Lewis Tein propounded its First and

C A R L T O N F I E L D S, P . A .
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

Second Request for Production on the Tribe, respectively.[1] The individual requests propounded address four overarching issues: (1) documents relating to the purported factual basis for the allegations in the Tribe's Complaint; (2) documents that negate the Tribe's theory that Lewis Tein engaged in a scheme involving billing for "fictitious, excessive, exorbitant and unsubstantiated legal fees"; (3) documents that disprove the Tribe's allegations of Lewis Tein's involvement in a "fictitious loan system"; and (4) documents which relate to the Tribe's tax issues and which debunk the Tribe's accusations of Lewis Tein's misconduct with respect to the same.

I(A). Documents Relating to the Purported Factual Basis for the Allegations in the Tribe's Complaint

The Tribe's accusations against Lewis Tein are simply false. But it is a foundational principle of discovery Lewis Tein is to know what evidence the Tribe claims relates to its allegations. The purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts and therefore embody a fair and just result. *See Oliver v. City of Orlando*, 2007 WL 3232227 at *1 (M.D. Fla. 2007) (citing *S.L. Sakansky & Assoc. Inc. v. Allied American Adjusting Co. of Florida, LLC*, 2007 WL 2010860 at *1 (M.D. Fla. 2007)). Accordingly, Lewis Tein's First Request for Production contains a number of requests seeking documents that concern the factual basis for specific allegations in the Tribe's Complaint.[2]

If there is a single piece of paper -- generated by or in the possession of the Tribe prior to

---

[1] Lewis Tein's First Request for Production is Exhibit A to this Motion. Lewis Tein's Second Request for Production is Exhibit B.
[2] *See* Lewis Tein's First Request for Production, Request numbers 12-27. Additionally, and also in the way of basic discovery, Lewis Tein's First Request for Production, Request 30 seeks the documents the Tribe lists in its Rule 26 disclosures.

C A R L T O N F I E L D S, P. A .
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

preparing the instant Complaint – that supports the Tribe's outrageous accusations against Lewis Tein, the Tribe has yet to produce it. If one exists, Lewis Tein is entitled to it. If it is privileged, the Tribe must log it. And if no such documents exist, the Tribe should say so, instead of hiding behind objections and evasive language.

I(B). Documents Negating the Tribe's Theory that Lewis Tein Engaged in a Scheme Involving Billing for "Fictitious, Unnecessary, Inflated, Substandard, and Exaggerated Legal Work"

The Tribe alleges a "secret scheme" in which it claims Lewis Tein participated in three ways: (1) by engaging in "legal work that was arbitrarily created, fictitious and unnecessary, or sometimes combined with some limited legitimate legal work, under the guise that the work was for 'a tribal purpose[,]'" and charging "unreasonable and excessive legal fees for work that they knew had been created, designed, and arbitrarily approved" by Billy Cypress, (2) by participating in a "plan" under which Billy Cypress would "hand-pick Tribal Members who needed representation," those members would receive loans that were "not authorized", "fictitious", and "never intended to be paid back", and the Tribe would be "charged millions of dollars in legal fees under the fictitious loan system" and (3) by "return[ing] some of their unreasonable and excessive legal fees" to Billy Cypress. *See* Second Amended Complaint [D.E. 75] at ¶¶ 41(a)-(c), 41(d)-(k), 41(l)-(n), respectively. Thus the central allegation against Lewis Tein is that Lewis Tein billed the Tribe for "fictitious, excessive, exorbitant, and unsubstantiated legal fees." *See, e.g.*, *id.* at ¶¶ 114, 129, 144; *see also e.g. id.* at ¶ 121 (mailing of "fraudulent invoices" for legal work).

The truth is that Lewis Tein proudly represented the Tribe and many of its members in dozens of complex matters from 2004-2010. It did so tirelessly, loyally, diligently, and successfully. Lewis Tein's representations included numerous environmental matters,

commercial matters, tax matters, grand jury investigations, criminal cases, sovereignty issues, regulatory issues, and gaming issues. Lewis Tein did not "conceal" a "secret scheme" from the Tribe, as the Tribe alleges throughout its Complaint. *See*, *e.g.*, *id.* at ¶¶ 250, 265, 280. Lewis Tein reported on legal matters to the Tribe's General Council and Business Council, and its bills were reviewed and approved by numerous Tribe officials and individual Tribe members.

Lewis Tein is entitled to discover the documents in the Tribe's possession, custody, and control which support its defense, and negate the Tribe's false accusations. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defenses. *Farnsworth v. Procter and Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (Federal Rules "strongly favor full discovery whenever possible").

Several of Lewis Tein's requests are directed to documents that show the substantial nature of the work Lewis Tein performed. For example, Lewis Tein requests records showing Michael Tein and Guy Lewis's entry into the Tribe's administration offices (First Request for Production, Request 4). These records show that Lewis Tein frequently met with the Tribe in the course of its representations – the hours spent there were very, very, real – and demonstrate how Lewis Tein kept the Tribe informed of their work. Furthermore, these records will corroborate time billed for meeting with the Tribe, as reflected in Lewis Tein's invoices.

Records relating to General Council and Business Council meetings (First Request for Production, Request 2 and Second Request for Production, Requests 1 and 2) show that far from being kept "secret," the extent of the Lewis Tein's work was known and properly approved by the Tribe. Lewis Tein lawyers frequently attended these meetings and gave reports on the status of Tribe cases or other legal matters.

Lewis Tein also requests non-privileged documents reflecting payments by the Tribe to

lawyers other than Lewis Tein (First Request for Production, Request 28). Because the Tribe alleges that Lewis Tein charged "exorbitant" legal fees, Lewis Tein is entitled to show that its fees were commensurate with the nature of the work assigned, especially when compared to other law firms working on the same or similar cases. And in contrast to the allegation of a "secret scheme" of work "created, designed, and arbitrarily approved" by Billy Cypress, *see* Second Amended Complaint ¶ 41(c), Lewis Tein's bills were delivered and satisfied in the same manner as the other lawyers doing legal work for the Tribe during the same time period and in the period preceding Lewis Tein's engagement (when matters handled by Lewis Tein were handled by other firms). Lewis Tein is entitled to the evidence in the Tribe's possession reflecting this reality and rebutting the Tribe's claim.

Lewis Tein has also propounded other requests seeking documents addressing the Tribe's claims of a secret "scheme." The Complaint alleges throughout that Lewis Tein's co-defendants received "hefty" "salary perks," "salary increases," and in Miguel Hernandez's case, a "highly paid position" as part of their participation in the "scheme." *See*, *e.g.*, *id.* at ¶¶ at 88, 97, and 246. Accordingly, the salaries of all Tribe co-defendants are relevant. It is equally relevant what the relative salaries of other Tribe officers were, in order to see whether "perks" were exchanged. The Tribe made these allegations, and Lewis Tein is entitled to defend against them.

I(C). Documents that Disprove the Tribe's Allegations of Lewis Tein's Involvement in a "Fictitious Loan System"

The Tribe claims that the "second component" of the "secret scheme" was that Lewis Tein's fees were paid with "fictitious" loans that were "never intended to be paid back to the MICCOSUKEE TRIBE." *See id.* at ¶¶ 41(d)-(k). The Tribe calls this a "fictitious loan system." *Id.* at ¶ 41(k). The Tribe's allegation is the fiction. The Tribe did lend money to individual members, and loans were properly approved. Lewis Tein is entitled to documents that reflect this

reality and rebut the Tribe's false charge.

To do so, Lewis Tein propounded a number of discovery requests for materials relating to loans Tribe members received, and how the Tribe treated and accounted for these loans.[3]   Lewis Tein is entitled to discovery of all the documents concerning the loans alleged by the Tribe to be part of a "fictitious" system – the amount of the loans, when they were approved, who approved them, who received them, whether installments were paid, whether the amounts due to the Tribe were deducted from the borrower's Tribal distributions, and whether it was public knowledge among Tribe members that they could obtain such loans. Records reflecting loans made to Tribe members who were not Lewis Tein's clients also show that loans to those Lewis Tein represented were not extraordinary, but rather routine.

One aspect of this are requests for the Tribe's financials, including audited financials (First Request for Production, Requests 9 and 10). The Tribe's financials show how it treated its loans to Tribe members, whether its auditors treated them as loans (as opposed to income), and whether they were properly authorized (as opposed to "arbitrarily approved" as the Tribe alleges in ¶ 41(h) of the Second Amended Complaint).

I(D). Documents Relating to the Tribe's Tax Issues

The Tribe places at issue its conduct in tax matters when it accuses Lewis Tein of wrongdoing in connection with tax representations of the Tribe. *See id.* at ¶ 458. Though the Tribe couches some of these allegations as part of a supposed breach of fiduciary duty, purportedly for the purpose of protecting Billy Cypress, the Tribe is really claiming that Lewis Tein gave bad tax advice and did not handle an IRS matter appropriately. The Tribe claims that Lewis Tein wrongly disclosed "confidential, financial, and tax information of the

---

[3] *See* First Request for Production, Requests 5, 7, 8, 9, 10, and 11; Second Request for Production Request 3. Records relating to Business and General Council meetings should also reflect information related to loans by Tribe members.

MICCOSUKEE TRIBE and individual Tribal Members." *Id.* The Tribe accuses Lewis Tein and others of a "secret agreement" to protect Billy Cypress by releasing "confidential and financial information" "without filing any objections to the IRS's summonses." *Id.* at ¶ 458(b). The Tribe's far-fetched claim is that "[t]he purpose of releasing this information without any objection was to divert the IRS' attention from Defendant CYPRESS to the investigation of the MICCOSUKEE TRIBE and individual Tribal Members, which represented a much more lucrative collection of taxes to the IRS." *Id.* at ¶ 458(e).

The Tribe also accuses Lewis Tein of aiding and abetting fraud in connection with their tax representations. Paragraph 329 of the Second Amended Complaint alleges that from 2006 to 2010, Lewis Tein, "as part of their legal representation of the MICCOSUKEE TRIBE in federal tax matters," "made sure" that Billy Cypress's alleged financial impropriety was "kept a secret" from Tribe officials.  Furthermore, the Tribe alleges that as part of their representation in federal tax matters, Lewis Tein "had to prepare, present and deliver quarterly reports" to the Tribe and "ensured that during these quarterly reports they kept secret the illegal activities" by co-defendants. *Id.* at ¶¶ 329-330. "[I]nstead," says the Tribe, Lewis Tein "continued to reassure the MICCOSUKEE TRIBE that the federal tax examination in which they were representing the MICCOSUKEE TRIBE was 'almost resolved.'" *Id.* at ¶ 331.

What matters, then, is what tax advice Lewis Tein gave the Tribe, and why Lewis Tein gave that advice. Accordingly, Lewis Tein has requested records relating to Business Council and General Council meetings where tax issues were discussed (First Request for Production, Request 2; *see also* Second Request for Production, Request 1 and 2), and seeks audio recordings of tax issue discussions (First Request for Production, Request 3).  Furthermore, the actions Lewis Tein took in Tribe federal tax matters were for the benefit of the Tribe and were justified.

The status of the Tribe's issues are relevant and discoverable, since those explain why Lewis Tein made the choices it did in advising the Tribe and acting on its behalf. Lewis Tein has therefore propounded requests addressing the Tribe's tax situation in its First Request for Production with Request 1 (addressing federal income tax withholding issues), and  Request 10 (audited financials for certain tax years). Such records show how the Tribe treated its tax obligations, and whether its pending tax issues were disclosed to auditors.

Other materials – such as all drafts and communications relating to Bernardo Roman III's Memorandum, "Taxpayer's Statement on Tribal Distributions Received" – show that the Tribe is still relying on the tax advice Lewis Tein provided.  Exhibit C, attached.

***This cannot be over-emphasized in light of the Tribe's claims of wrongdoing in connection with tax advice.*** The Tribe alleges that Lewis Tein and Mr. Lehtinen "breached their fiduciary duty as attorneys" by disclosing "confidential, financial, and tax information" about the Tribe and its members to the IRS in the course of settlement discussions with the IRS, that they falsely reported the status of these settlement discussions in their legal advice to the Tribe, and that all this was done to assist "Cypress's diversion of tribal funds" by diverting the IRS's attention to the Tribe. Second Amended Complaint at ¶ 458, 330, 331.

The truth is that the purpose of Lewis Tein and Lehtinen's negotiations with the IRS was to resolve the IRS's claims in a global manner that benefitted both the Tribe and its members. The truth is that Lewis Tein and Lehtinen were very close to resolving the IRS's claims by a settlement pursuant to which the Tribe would agree to withhold federal taxes in the future, and all past claims by the IRS against individual members for failure to pay federal taxes would be extinguished.   As part of that strategy, Lewis Tein and Lehtinen advised the Tribe and individual members to disclose to the IRS expressly, in all tax returns, that the Tribe and its members had a

legal argument that their distributions were not subject to federal income tax, but that they recognized that the IRS disputed this.

*After firing Lewis Tein and Lehtinen, the Tribe continued to give this identical advice to its members – as demonstrated by Bernardo Roman's 2011 memorandum.* Amazingly, Roman's 2011 tax memorandum actually attached the precise language that Lewis Tein and Lehtinen had drafted and distributed to individual Tribe members for their inclusion in income tax filings. The memorandum specifically states that the Tribe believes that Lewis Tein and Lehtinen's tax positions "have merit" and that the Tribe "will continue to pursue them as these audits and the resulting litigation continue." *See* Exhibit C. The memorandum appears to have been distributed generally throughout the Tribe to its individual members. The following is an excerpt:



MICCOSUKEE TRIBE OF INDIANS OF FLORIDA

MEMORANDUM

FROM:     Bernardo Roman III, Esq.
          Tribal Attorney, Legal Department
RE:       Taxpayer's Statement on Tribal Distributions Received

The attached "Taxpayer's Statement on Tribal Distributions Received from the Miccosukee Tribe of Indians of Florida" describes the legal arguments that the Miccosukee Tribe is currently making in connection with IRS audits of the Miccosukee Tribe of Indians (the "Tribe") and certain of its individual members as to the taxability of distributions received by individual tribal members from the Tribe. We believe these positions have merit and will continue to pursue them as these audits and resulting litigation continue.

*Id.* Thus, all of the Tribe's allegations that Lewis Tein and Lehtinen's tax advice was improperly motivated solely to benefit Cypress to the detriment of the Tribe and other members are

absolutely false.   They are vitiated entirely by the existence of Mr. Roman's memorandum adopting this same tax advice.

It is now clear that the Tribe has intentionally withheld from production this memo and its drafts, written by the lawyer who filed this lawsuit.   The memorandum is a smoking-gun document, and the Tribe's intentional withholding of it (and related drafts and communications) from discovery is simply unconscionable.   By themselves, the existence of this document, the identity of its author as the Tribe's lawyer in this case, and the Tribe's willful refusal to produce it in discovery, demonstrate that the allegations are a complete sham.   The Tribe should be forced to turn square corners on this request.

## II. The Tribe's Objections Should be Overruled

After Lewis Tein propounded its Requests for Production, the Tribe dragged its feet. It obtained an extension of time to comply with the First and Second Requests for Production that Lewis Tein propounded. The Tribe then waited until the last possible day to respond. On December 21, 2012, it simultaneously served Responses filled with baseless objections and groundless privilege assertions interposed for the purpose of delay. Lewis Tein attaches the Tribe's Response and Objections to the First and Second Requests for Production as Exhibits D and E, respectively. The Tribe's objections are fundamentally flawed, and reflect its intent to obstruct the discovery process.

### II(A). The Tribe's Boilerplate "General Objections" are a Nullity

Each of the Tribe's Responses and Objections begin with prefatory "General Objections." The objections are empty boilerplate. They include, for example, the Tribe's statement that it "objects to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the

rules of civil procedure." Exhibit D at 1; Exhibit E at 1.  These non-specific objections are not

tied to any specific request. Instead, the Tribe "incorporates by reference every general objection

set forth above into the specific responses set forth below." Exhibit D at 2; Exhibit E at 2.

Boilerplate "General Objections" are improper. "Objections should be specific, not

generalized."  Southern District Handbook at (III)(A)(5), *citing* Local Rule 26.1(g)(3)(A) ("the

objection shall state with specificity all grounds").  "General objections, that is, objections stated

at the beginning of the response to the interrogatories, are ineffective and are an abuse of the

discovery process because such objections block discovery without explaining why and to what

extent."  *Waters Edge Living, LLC. v. RSUI Indemnity Co.*, 2008 WL 1816418 at *4 (N.D. Fla.

2008).  "Prefatory general objections that have no narrative connection to a specific discovery

request and the specific information sought are a nullity."  *Id*.  As such, the Tribe's "General

Objections" are easily discarded.

II(B). The Tribe Proffers No Grounds Supporting Its Frequent Objections that Lewis Tein's
Requests are "Overbroad, Unduly Burdensome, Oppressive, Outside the Scope of Discovery,
Cat Out of Bag, and Irrelevant"

Many of the Tribe's objections recite the litany that "The Miccosukee Tribe objects to

[the request] on the grounds that it is overbroad, unduly burdensome, oppressive, outside the

scope of discovery, cat out of bag, or irrelevant" (or some combination thereof). But the Tribe

never explains *why* it believes any given request is burdensome or the like.

The Southern District of Florida Local Rules prohibit these conclusory objections.  "A

party objecting on these grounds must explain the specific and particular way in which a request

is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be

supported by a statement (generally an affidavit) with specific information demonstrating how

the request is overly burdensome."  *Bank of Mongolia v. M&P Global Financial Servs., Inc.*, 258

F.R.D. 514, 519 (S.D. Fla. 2009). The party resisting discovery bears the burden to demonstrate specifically how the objected to request is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). But the Tribe does not back up its rote recitations with an affidavit or any other explanation.

Likewise, the Tribe's "cat out of bag" objection is wholly unsupported by any reasoning or facts. "Cat out of bag" material includes information "that could be used to injure another person or party outside of the context of the litigation, and material protected by privilege, trade secrets, work product, or involving a confidential informant." *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 95 (Fla. 1995). The Tribe fails to explain how the requested items implicate any such concerns. It supplies the Court with no reasons to sustain these objections. That the Tribe does not even *attempt* to do so demonstrates the objections are not genuine and are another iteration of the Tribe's "shotgun" style of pleading.

<u>II(C). The Tribe Claims to be Unable to Respond to Requests Citing Specific Allegations in the Complaint</u>

As discussed *supra* Section I(A), Lewis Tein's First Request for Production included a number of requests directed to the factual basis for certain allegations in the Complaint. For example, Request 17 seeks "All documents concerning Plaintiff's claim in Paragraph 64 of the Amended Complaint that Defendants concealed fraudulent activities or wrongdoing from Plaintiff." At the time the requested was propounded, the Tribe had not yet filed its Second Amended Complaint.

The Tribe professes to be unable to produce any documents responsive to a number of these requests *because it has since filed its Second Amended Complaint, and the paragraph numbers are different now.* For example, it says with respect to Request 17, "Without waiving any objections thereto the Miccosukee Tribe is unable to respond to Request No. 17 because

C A R L T O N F I E L D S , P . A .
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

Paragraph 64 of the Second Amended Complaint does not reflect the language in this request. Paragraph 64 of the Second Amended Complaint alleges a violation of Defendant Martinez, not Defendants Lewis, Tein, or Lewis Tein P.L."

The fact that paragraph numbers are different in the Tribe's later-filed Second Amended Complaint do not permit the Tribe to completely ignore these requests. The Tribe's too-cute-by-half responses are a blatant abuse of the discovery process.

II(D). The Tribe Repeatedly Asserts Groundless Privileges and Fails to Supply a Privilege Log

The Tribe's objections are also rife with improper privilege claims. The Tribe makes numerous privilege claims regarding matters that it placed at issue when it accused its former lawyers of wrongdoing in connection with their representations. For example, its accusations that Lewis Tein billed "fictitious" fees place at issue the legal work performed by Lewis Tein and the attorney-client relationship between the Tribe and Lewis Tein. This waives any privilege that might have once attached.

The Tribe cannot accuse its former lawyers of engaging in wrongdoing but then try to hide behind privileges when those allegations are the subject of discovery. It cannot use privileges as both a sword and shield. *See*, *e.g.*, *Baratta v. Homeland Housewares*, *LLC*, 242 F.R.D. 641, 643 (S.D. Fla. 2007) ("a defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.").

As to several categories of documents requested – those involving records of Business Council meetings, General Council meetings[4] and audio recordings of phone calls discussing tax issues -- the Tribe asserts a "deliberative process" privilege. Even if such a privilege applied, the Tribe has failed to properly invoke it and has waived it. *See Ascom Hasler Mailing Systems, Inc.*

---

[4] The Tribe produces some General Council records. However, what the Tribe does produce are mostly redacted. The Tribe fails to supply a privilege log detailing the purported basis for its redactions.

C A R L T O N F I E L D S, P. A .
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

*v. U.S. Postal Service*, 267 F.R.D 1, 4 (D.D.C. 2010).  The "privilege may only be claimed by the head of the governmental agency" or "a subordinate in high authority who is competent to assess the confidential nature" of the documents requested.  *Reino De Espana v. American Bureau of Shipping*, 2005 WL 1813017 at *12 (S.D.N.Y. Aug. 1, 2005).  The assertion of the privilege must also be accompanied by an affidavit.  *Martin v. New York City Transit Authority*, 148 F.R.D. 56, 60 (E.D.N.Y. 1993). Additionally, the documents sought to be protected must be identified and described, and the Tribe "must provide precise and certain reasons for asserting confidentiality over the requested information." *Reino De Espana,* 2005 WL 1813017 at * 12. The Tribe has done nothing more than assert the documents are protected by the deliberative process privilege.  The Tribe provides no explanation, no description of the documents sought to be protected, and no affidavit.  This is insufficient.  Therefore, the Tribe has waived any such privilege.

The Tribe even objects to a request on the basis of privilege to a request that specifies that Lewis Tein does not seek privileged information and that any privileged material should be redacted. Lewis Tein's First Request for Production, Request 28 (requesting payments for legal services to other firms) explains:

> Lewis Tein does not seek to discover any information that is attorney-client privileged or attorney work product.  The Miccosukee Tribe should redact all such information. This request seeks only documents, and those portions of documents, reflecting the amount of fees paid and the amount of hours worked.

The fact that the Tribe nonetheless objects on the basis of "attorney client privilege, work product doctrine" illustrates the cut-and-paste nature of its privileged objections.

The Tribe also failed to produce a privilege log, as it must if it intends to rely on any of its purported privilege claims. *See Consumer Electronics Assn. v. Compras and Buys Magazine, Inc.,*

Case No. 08-21085-CIV, 2008 WL 4327253 at *1 (S.D. Fla. Sept. 18, 2008).  Its failure to do so

renders these scattershot privilege assertions void. *See Anderson v. City of Naples*, No. 2:10-cv-111,

2010 WL 4853916 at *3 (M.D. Fla. Nov. 22, 2010) ("when a party does intend to withhold

information, otherwise discoverable, by claiming a privilege . . . the party asserting the privilege

must [file] a privilege log. Failure to produce [a] privilege log can result in waiver of the

privilege").

II(E). The Tribe Objects on the Basis of Non-Existent Third-Party "Privacy Rights"

        The Tribe frequently interposes objections based on "third party privacy rights, as

provided in the Florida Constitution." It has no standing to do so. "[E]ven where a constitutional

right to privacy is implicated, that right is a personal one, inuring solely to individuals."  *Alterra*

*Healthcare Corp. v. Estate of Shelley*, 827 So. 2d 936, 941 (Fla. 2002); *Adelman v. Boy Scouts of*

*America*, 276 F.R.D. 681, 692-94 (S.D. Fla. 2011).

        Even if the Tribe had standing to object on the basis of "third party privacy rights," it

should have sought a protective order – instead of blatantly ignoring its discovery obligations.

*See Adelman*, 276 F.R.D at 685 (compelling production of documents where litigant objected to

production based on third-party privacy rights, but failed to file a motion for protective order).

The fact that the Tribe never sought an agreed protective order from the undersigned -- nor

petitioned the Court for a protective order – shows that the Tribe lacks a genuine basis for this

objection.

        The Tribe even objects on these grounds to Lewis Tein's request for "All records and

documents concerning entry into or exit from the Tribal Administration Building of attorneys

*Guy Lewis and Michael Tein*." The Tribe claims that this request "invades *third party privacy*

*rights* . . . by requiring *financial and personal information of non-party individuals*." (Emphasis

added).

That is absurd.

Guy Lewis and Michael Tein are defendants in this action, seeking documents relating to themselves. The request does not implicate "financial" or "personal" information. That the Tribe objects even to this request shows the Tribe's "third party privacy rights" objections to be disingenuous.  It speaks volumes about the Tribe's bad faith and its contempt for the Rules.

<u>II(F). The Tribe Has Simply Failed to Produce Some Documents, Despite its Responses to the Contrary</u>

In response to a number of different requests by Lewis Tein for documents concerning various accusations in the Complaint,[5] the Tribe simply says, "Documents responsive to [the request] are available at Black's Copy Service for inspection and photocopying." The Tribe fails to comply with the requirement of Rule 34(b)(2)(E)(i) that "[a] party must produce the documents as they are kept in the usual course of business *or must organize and label them to correspond to the categories in the* request[.]" (Emphasis added). The Tribe has not produced the documents as they are customarily kept, and does not identify what documents are responsive to which categories. On their faces, none of the documents produced by the Tribe appear to relate to the salacious allegations identified.

If the Tribe has no documents responsive to these requests, it should be required to say so. If not, it should be required to produce everything it has. If the Tribe maintains it has produced everything, it should be required to organize and label the documents as Rule 34(b)(2)(E)(i) requires.

Most obviously, the Tribe's production does not include all of the items identified in

---

[5] *See* Lewis Tein's First Request for Production, Request numbers 12, 16, 19, 23, 24, 25, 26, and 27.

C A R L T O N F I E L D S, P. A .
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

section 2 of the Tribe's Rule 26 disclosures.[6] Additionally, Lewis Tein sought in its First Request for Production the 2011 Memorandum re: "Taxpayer's Statement on Tribal Distributions Received" drafted by Bernardo Roman III and approving the tax advice of Lewis Tein, P.L. and Dexter Lehtinen, along with all prior drafts of the memorandum. The Tribe represents that "documents responsive" to this request are available at Black's Copy Service for inspection and photocopying.  They are not. In response to the First Request for Production, the Tribe produced redacted documents bates stamped 000001 through 01165.   Counsel has reviewed the production.  Neither the 2011 memorandum nor any drafts thereof are included in the Tribe's production.  The Tribe must be required to produce it and drafts thereof.

Each and every one of the Tribe's bad faith objections should be overruled.

### III. Grounds for Overruling Each Objection, in Conformity with Local Rule

Pursuant to Local Rule 26.1(h)(2), Lewis Tein provides each request, response and objection, and Lewis Tein's argument in support of compelling production responsive to the request. In the interests of judicial economy, Lewis Tein sets forth its argument with respect to each request by reference to the grounds discussed earlier in this motion.

As described *supra* Section II(A), the Tribe's boilerplate "General Objections," which it incorporates into its response to each request, are improper.

III(A).  The Tribe's Objections to the First Request for Production are Meritless

**Request 1:** All documents concerning withholding of federal income taxes from quarterly distributions to Tribe members (including but not limited to any documents reflecting whether the Tribe has began, at any time after January 1, 2010, withholding federal income taxes from periodic distributions to Tribe members).

**Response to Request 1:** The Miccosukee Tribe objects to Request No. 1 on the grounds that it is overbroad, unduly burdensome, oppressive, outside the scope of discovery and irrelevant.  The

---

[6] The Tribe is missing the following items identified in section 2 -- b.; c.; e.; g.; h.; j.; o.; r.; t; u.; and v. Lewis Tein sought all of the documents identified or described in the Tribe's Rule 26 disclosures in its First Request for Production, Request 30.

Miccosukee Tribe also objects to this request on the grounds that it invades third party privacy rights, as provided in the Florida Constitution, by requiring the financial and personal information of non-party individuals.

**Argument regarding Request 1:** As described *supra* Section I(D), the documents sought are relevant.  For the reasons stated *supra* Sections II(B) and (E), the Tribe's objections are meritless.

**Request 2:** All records and documents, including audio or video recordings of meetings, concerning meetings of the Business Council and the General Council at which tax issues were discussed from 2000 through present.

**Response to Request 2:** The Miccosukee Tribe objects to Request No. 2 on the grounds that it is irrelevant, vague, overbroad, unduly burdensome, oppressive, outside the scope of discovery, protected by the attorney client privilege, work product doctrine, and deliberative process privilege.

**Argument regarding Request 2:** The documents sought are relevant for the reasons provided *supra* Section I(D). The Tribe's objections should be overruled based on the rationale provided *supra* Sections II(B) and (D).

**Request 3:** All records, including any audio recordings, of telephone calls concerning tax issues from 2000 to present.

**Response to Request 3:** The Miccosukee Tribe objects to Request No. 3 on the grounds that it seeks irrelevant, vague, overbroad, unduly burdensome, oppressive, outside the scope of discovery, protected by the attorney client privilege, work product doctrine, and deliberative process privilege.

**Argument regarding Request 3:**  The request seeks relevant documents pursuant to *supra* Section I(D), and the objections should be overruled pursuant to *supra* Sections II(B) and (D).

**Request 4:** All records and documents concerning entry into or exit from the Tribal Administration Building of attorneys Guys Lewis and Michael Tein.

**Response to Request 4:** The Miccosukee Tribe objects to Request No. 4 on the grounds that it seeks irrelevant information and that it invades third party privacy rights, as provided in the Florida Constitution, by requiring financial and personal information of non-party individuals.

**Argument regarding Request 4:**  The documents requested are relevant based on the rationale provided *supra* Section I(B).  The Tribe's objections are meritless based on the reasons stated *supra* Section II(E).

**Request 5:** All documents concerning quarterly dividends or distributions to Tribe members.

C A R L T O N  F I E L D S, P. A .
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

**Response to Request 5:** The Miccosukee Tribe objects to Request No. 5 on the grounds that it is irrelevant, overbroad, unduly burdensome, oppressive, outside the scope of discovery, and protected by the attorney client privilege.  The Miccosukee Tribe also objects to this Request on the grounds that it invades third party privacy rights, as provided in the Florida Constitution, by requiring the financial and personal information of non-party individuals.

**Argument regarding Request 5:** The documents requested are relevant pursuant to *supra* Section I(C). The Tribe's objections should be overruled as stated *supra* Sections (II)(B), (D) and (E).

**Request 6:** All documents concerning salary payments to Tribe officers, including but not limited to members of the General Council.

**Response to Request 6:** The Miccosukee Tribe objects to Request No. 6 on the grounds that it is overbroad, unduly burdensome, oppressive, outside the scope of discovery, and irrelevant.  The Miccosukee Tribe also objects to this Request on the grounds that it invades third party privacy rights, as provided in the Florida Constitution, by requiring the financial and personal information of non-party individuals.

**Argument regarding Request 6:** The documents requested are relevant pursuant to *supra* Section I(B). The Tribe's objections should be overruled as stated *supra* Sections (II)(B) and (E).

**Request 7:** All documents concerning disbursements to, or made on behalf of, individual Tribe members for any purpose other than quarterly distributions.

**Response to Request 7:** The Miccosukee Tribe objects to Request No. 7 on the grounds that it is overbroad, unduly burdensome, oppressive, outside the scope of discovery, and irrelevant.  The Miccosukee Tribe also objects to this Request on the grounds that it invades third party privacy rights, as provided in the Florida Constitution, by requiring the financial and personal information of non-party individuals.

**Argument regarding Request 7:** The documents requested are relevant pursuant to *supra* Section I(C). The Tribe's objections should be overruled as stated *supra* Sections (II)(B) and (E).

**Request 8:** Concerning Loans to Tribe Members (including in the form of an advance on quarterly distributions, if applicable):

        a.     All documents concerning Loans to Tribe Members made for any purpose.

        b.     All documents concerning Loans to Tribe Members for payment of legal fees.

        c.     All documents concerning deductions from distributions to individual Tribe members as payments on Loans to Tribe Members.

C A R L T O N  F I E L D S, P . A .
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9100 - 305.530.0050

       d.     All documents concerning deductions from distributions to individual Tribe members as payments on Loans to Tribe Members to pay legal fees.

       e.     All documents concerning those portions of the Tribe's audited and unaudited financial statements reflecting receivables for Loans to Tribe Members.

       f.     All documents concerning how the Tribe accounted for Loans to Tribe Members.

       g.     All documents, including recordings, concerning discussions by the Business Council or the General Council about Loans to Tribe Member, for any purpose, including but not limited to payment of legal fees.

       h.     All documents, including internal memoranda and any written or electronic correspondence whatsoever concerning Loans to Tribe Members for any purpose, including but not limited to payment of legal fees.

       i.     All documents concerning or constituting correspondence with the Internal Revenue Service or its agents or other representatives about whether Loans to Tribe Members should be characterized for tax purposes as income or loans to them.

**Response to Request 8:** The Miccosukee Tribe objects to Request No. 8 on the grounds that it is overbroad, unduly burdensome, oppressive, outside the scope of discovery, cat out of bag, protected by attorney client privilege, and irrelevant. The Miccosukee Tribe also objects to this Request on the grounds that it invades third party privacy rights, as provided in the Florida Constitution, by requiring the financial and personal information of non-party individuals.

**Argument regarding Request 8:** The documents requested are relevant based on the rationale provided *supra* Section I(C). The Tribe's objections are meritless based on the reasons stated *supra* Sections II(B), (D), and (E).

**Request 9:** All documents concerning the audited and unaudited financial statements of the Tribe.

**Response to Request 9:** The Miccosukee Tribe objects to Request No. 9 on the grounds that it is overbroad, unduly burdensome, oppressive, outside the scope of discovery, cat out of bag, and irrelevant.

**Argument regarding Request 9:** The documents requested are relevant based on the rationale provided *supra* Sections I(C) and (D). The Tribe's objections are meritless based on the reasons stated *supra* Section II(B).

**Request 10:** The Miccosukee Tribe's audited financial statements for the tax and calendar years 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

**Response to Request 10:** The Miccosukee Tribe objects to Request No. 10 on the grounds that it is overbroad, unduly burdensome, oppressive, outside the scope of discovery, cat out of bag, and irrelevant.

**Argument regarding Request 10:** The documents requested are relevant based on the rationale provided *supra* Sections I(C) and (D). The Tribe's objections are meritless based on the reasons stated *supra* Section II(B).

**Request 11:** All documents concerning whether disbursements to individual Tribe members should be characterized for tax purposes as income or loans to them.

**Response to Request 11:** The Miccosukee Tribe objects to Request No. 11 on the grounds that it is overbroad, unduly burdensome, oppressive, outside the scope of discovery, cat out of bag, and irrelevant.

**Argument regarding Request 11:** The documents requested are relevant based on the rationale provided *supra* Sections I(C) and (D). The Tribe's objections are meritless based on the reasons stated *supra* Section II(B).

**Request 12:** All documents concerning Plaintiff's claims in Paragraph 1 of the Amended Complaint that Defendants allegedly conspired with others to "aid, abet, create, advance and perpetrate an enormous fraud and theft scheme."

**Response to Request 12**: Documents responsive to Request No. 12 are available at Black's Copy Service for inspection and photocopying.

**Argument Regarding Request 12:** The Tribe failed to produce documents responsive to this request. *See supra* Section II(F).

**Request 13:** All documents concerning Plaintiff's claim in Paragraph 7 of the Amended Complaint, that Defendants allegedly acted in concert with each other to conceal a "massive web of financial theft, embezzlement, and fraud."

**Response to Request 13:** Without waiving any objections thereto, the Miccosukee Tribe is unable to respond to Request No. 13 because Paragraph 7 of the Second Amended Complaint does not state the quoted language in this request. Paragraph 7 of the Second Amended Complaint states that Julio Martinez was an employee of the Miccosukee Tribe as its Chief Financial Officer. This allegation is not in dispute.

**Argument regarding Request 13:** The documents requested are relevant based on the rationale provided *supra* Section I(A). The Tribe's objections are meritless based on the reasons stated *supra* Section II(C).

C A R L T O N F I E L D S , P . A .
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9100 - 305.530.0050

**Request 14:** All documents concerning Plaintiff's claims in Paragraph 133 Amended Complaint, that Defendants allegedly acted in concert with each other to allegedly assist in the perpetration of illegal activities.

**Response to Request 14:** Without waiving any objections thereto, the Miccosukee Tribe is unable to respond to Request No. 14 because Paragraph 133 of the Second Amended Complaint does not state the quoted language in this request. Paragraph 133 of the Second Amended Complaint alleges that Lewis Tein's invoices were sent through the mail. Defendants Lewis and Tein admitted in their Reply in support to their Motion for Sanctions, D.E. No. 66 at 4, that their invoices "were mailed out on a monthly basis." Thus, the Miccosukee Tribe's allegations in paragraph 133 are not in dispute.

**Argument regarding Request 14:** The documents requested are relevant based on the rationale provided *supra* Section I(A). The Tribe's objections are meritless based on the reasons stated *supra* Section II(C).

**Request 15:** All documents concerning Plaintiff's claims in Paragraph 43 of the Amended Complaint that Defendants were paid "more than ten million dollars" in legal fees for legal work that was "unsubstantiated, fictitious, exorbitant, excessive, and fabricated."

**Response to Request 15:** Without waiving any objections thereto, the Miccosukee Tribe is unable to respond to Request No. 15 because Paragraph 43 of the Second Amended Complaint does not state the quoted language in this request. Paragraph 43 of the Second Amended Complaint alleges a violation of Defendant Cypress of section 1956(a)(1)(A)(ii). The IRS file is currently in the control and possession of Defendant Cypress. However, in a pleading in case 10-CV-21332, D.E. 15 at 2, the Government stated: "The IRS currently estimates that Cypress misappropriated approximately $3 million from the Morgan Stanley account and failed to report the same to the IRS as income."

**Argument regarding Request 15:** The documents requested are relevant based on the rationale provided *supra* Sections I(A) and (B). The Tribe's objections are meritless based on the reasons stated *supra* Section II(C).

**Request 16:** All documents concerning legal work that Plaintiff claims was not actually performed.

**Response to Request 16:** Documents responsive to Request No. 16 are available at Black's Copy Service for inspection and photocopying.

**Argument regarding Request 16:** The Tribe failed to produce documents responsive to this request. *See supra* Section II(F).

**Request 17:** All documents concerning Plaintiff's claims in Paragraph 64 of the Amended Complaint that Defendants concealed fraudulent activities or wrongdoing from Plaintiff.

**Response to Request 17:** Without waiving any objections thereto, the Miccosukee Tribe is unable to respond to Request No. 17 because Paragraph 64 of the Second Amended Complaint does not state the quoted language in this request. Paragraph 64 of the Second Amended Complaint alleges a violation of Defendant Martinez, not Defendants Lewis, Tein or Lewis Tein P.L.

**Argument regarding Request 17:** The documents requested are relevant based on the rationale provided *supra* Section I(A).  The Tribe's objections are meritless based on the reasons stated *supra* Section II(C).

**Request 18:** All documents concerning Plaintiff's claims in Paragraphs 38, 46, 51, and 166 of the Amended Complaint that Defendants had a conflict of interest in their representations of Billy Cypress and the Miccosukee Tribe.

**Response to Request 18:** Without waiving any objections thereto, the Miccosukee Tribe is unable to respond to Request No. 18 because Paragraph 38 of the Second Amended Complaint does not state the quoted language in this request. Paragraph 38 of the Second Amended Complaint alleges a violation of Defendant Cypress of the RICO statute, not of Defendants Lewis Tein.

Without waiving any objections thereto, the Miccosukee Tribe is unable to respond to Request No. 18 because Paragraph 46 of the Second Amended Complaint does not state the quoted language in this request. Paragraph 46 of the Second Amended Complaint alleges that all ATM withdrawals made by Cypress were made at casinos.

Without waiving any objections thereto, the Miccosukee Tribe is unable to respond to Request No. 18 because Paragraph 51 of the Second Amended Complaint does not state the quoted language in this request. Paragraph 51 of the Second Amended Complaint alleges that Defendants Lewis, Tein and Lewis Tein P.L.'s invoices were sent through the mail. See Response to Request No. 14.

Without waiving any objections thereto, the Miccosukee Tribe is unable to respond to Request No. 18 because Paragraph 166 of the Second Amended Complaint does not state the quoted language in this request. Paragraph 166 of the Second Amended Complaint alleges a conspiracy to pursue the objectives of the enterprise. Documents responsive to Request No. 18 are available at Black's Copy Service for inspection and photocopying.

**Argument regarding Request 18:** The documents requested are relevant based on the rationalee provided *supra* Section I(A).  The Tribe's objections are meritless based on the reasons stated *supra* Section II(C).

**Request 19:** All documents concerning any other purported conflicts of interest relating to Defendants' representations of the Miccosukee tribe and any other client.

**Response to Request 19:** Documents responsive to Request No. 19 are available at Black's Copy Service for inspection and photocopying.

**Argument regarding Request 19:** The Tribe failed to produce documents responsive to this request. *See supra* Section II(F).

**Request 21:** All notes, memoranda, diaries, correspondence, appointment books, writings, or any other document written or maintained by Plaintiff through its Tribal officers, employees, agents and authorized representatives relating to the allegations against Defendants as outlined in the Complaint. This request includes any loose pieces of paper that are not compiled in any sort of formal diary or notebook form.

**Response to Request 21:** The Miccosukee Tribe objects to Request No. 21 on the grounds that it is protected by attorney client privilege, work product, overbroad, unduly burdensome, oppressive, and outside the scope of discovery.

**Argument regarding Request 21:** The documents requested are relevant based on the rationale provided *supra* Section I(A). The Tribe's objections are meritless based on the reasons stated *supra* Sections II(B) and (D).

**Request 22:** All documents relating to Plaintiff's claim in Paragraph 40 of the Amended Complaint that any Defendants knew Billy Cypress was "stealing and plundering" from the Miccosukee Tribe and the Miccosukee People.

**Response to Request 22:** Without waiving any objections thereto, the Miccosukee Tribe is unable to respond to Request No. 22 because Paragraph 40 of the Second Amended Complaint does not reflect the language in this request. Paragraph 40 of the Second Amended Complaint alleges hired Defendants Lewis Tein arbitrarily. Documents responsive to Request No. 22 are available at Black's Copy Service for inspection and photocopying.

**Argument regarding Request 22:** The Tribe failed to produce documents responsive to this request. *See supra* Section II(F).

**Request 23:** All documents concerning the allegation in Counts I and II of the Amended Complaint that Defendants participated in a RICO enterprise.

**Response to Request 23:** Documents responsive to Request No. 23 are available at Black's Copy Service for inspection and photocopying.

**Argument regarding Request 23:** The Tribe failed to produce documents responsive to this request. *See supra* Section II(F).

C A R L T O N F I E L D S, P . A .
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

**Request 24:** All documents concerning the allegation in Count III of the Amended Complaint that Defendants participated in a conspiracy to commit RICO.

**Response to Request 24:** Documents responsive to Request No. 24 are available at Black's Copy Service for inspection and photocopying.

**Argument regarding Request 24:** The Tribe failed to produce documents responsive to this request. *See supra* Section II(F).

**Request 25:** All documents concerning the allegation in Count VI of the Amended Complaint that Defendants perpetrated a fraud on Plaintiff.

**Response to Request 25:** Documents responsive to Request No. 25 are available at Black's Copy Service for inspection and photocopying.

**Argument regarding Request 25:** The Tribe failed to produce documents responsive to this request. *See supra* Section II(F).

**Request 26:** All documents concerning the allegation in Count VII of the Amended Complaint that Defendants aided and abetted fraud on Plaintiff.

**Response to Request 26:** Documents responsive to Request No. 26 are available at Black's Copy Service for inspection and photocopying.

**Argument regarding Request 26:** The Tribe failed to produce documents responsive to this request. *See supra* Section II(F).

**Request 27:** All documents concerning the allegation in County VIII of the Amended Complaint that Defendants breached a fiduciary duty to Plaintiff.

**Response to Request 27:** Documents responsive to Request No. 27 are available at Black's Copy Service for inspection and photocopying.

**Argument regarding Request 27:** The Tribe failed to produce documents responsive to this request. *See supra* Section II(F).

**Request 28:** For the period January 1, 2004 to January 1, 2010, all documents concerning or reflecting payments to any person or entity by the Miccosukee Tribe for legal services provided by the following law firms or lawyers: Jorden Burt, LLP, Michael Diaz, Esq., Juan Vargas, Esq., Bernardo Roman, Esq., Bernardo Roman, P.A. As part of this request, Lewis Tein does not seek to discover any information that is attorney-client privileged or attorney work product.  The Miccosukee Tribe should redact all such information. This request seeks only documents, and those portions of documents, reflecting the amount of fees paid and the amount of hours worked.

C A R L T O N F I E L D S, P. A.
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

**Response to Request 28:** The Miccosukee Tribe objects to Request No. 28 on the grounds that it is unduly burdensome, outside the scope of discovery, protected by attorney client privilege, work product doctrine and irrelevant.

**Argument regarding Request 28:** The documents requested are relevant based on the rationale provided *supra* Section I(B).  The Tribe's objections are meritless based on the reasons stated *supra* Sections II(B) and (D).

**Request 29:**   The 2011 Memorandum re: "Taxpayer's Statement on Tribal Distributions Received" drafted by Bernardo Roman III and approving the tax advice of Lewis Tein, P.L. and Dexter Lehtinen, and along with all prior drafts of the Memorandum.

**Response to Request 29:** Documents responsive to Request No. 29 are available at Black's Copy Service for inspection and photocopying.

**Argument regarding Request 29:** The Tribe failed to produce documents responsive to this request. *See supra* Section II(F).

**Request 30:**   Copies, and an opportunity to inspect and copy the originals, of all material identified or described in the Tribe's Rule 26 disclosures.

**Response to Request 30:** Documents responsive to Request No. 30 are available at Black's Copy Service for inspection and photocopying.

**Argument regarding Request 30:** The Tribe failed to produce documents responsive to this request. *See supra* Section II(F). The Tribe failed to produce a myriad of documents listed in its Rule 26 Disclosures.

<u>III(B). The Tribe's Objections to the Second Request for Production are Meritless</u>

**Request 1:** Any and all minutes or other information regarding or relating to, all General Council meetings, including electronic recordings, memoranda, documents, notes, or other things.

**Response to Request 1:** The Miccosukee Tribe objects to Request No. 1 on the grounds that it is vague, overbroad, unduly burdensome, oppressive, outside the scope of discovery, protected by the attorney client privilege, work product doctrine, deliberative process privilege, trade secret, and irrelevant. The Miccosukee Tribe also objects to this request on the grounds that it invades third party privacy rights, as provided in the Florida Constitution, by requiring the financial and personal information of non-party individuals. Without waiving any objections thereto and to the extent the the records were readily available and their disclosure approved by the Miccosukee Tribe, the Miccosukee Tribe is providing redacted written minutes of the General Council Meetings for a period of time spanning from 2005 through 2010 and the agenda for those

meetings. Information protected by the attorney client privilege, work product, deliberative process privilege and trade secret contained therein has been redacted.

The authority of the Miccosukee Tribe of Indians of Florida is vested in the Miccosukee General Council. The Miccosukee General Council is composed of all adult members of the Miccosukee Tribe 18 years of age or over. The Miccosukee General Council holds quarterly meetings at which the tribal members are informed of the Miccosukee Tribe's finances and legal issues, as well as personal matters of tribal members. The Miccosukee General Council is responsible for enacting the laws and policies that the Miccosukee Business Council must carry out.

**Argument regarding Request 1:** The documents requested are relevant based on the rationale provided *supra* Sections I(A), (B), and (C).  The Tribe's objections are meritless based on the reasons stated *supra* Sections II(B), (D), (E), and (F). Furthermore, the requested period is January 1, 2004 to present.

**Request No. 2:** Any and all minutes or other information regarding or relating to, all Business Council meetings, including electronic recordings, memoranda, documents, notes or other things.

**Response to Request No. 2:** The Miccosukee Tribe objects to Request No. 2 on the grounds that it is vague, overbroad, unduly burdensome, oppressive, outside the scope of discovery, protected by the attorney client privilege, work product doctrine, deliberative process privilege, trade secret, and irrelevant.

The Miccosukee Business Council is responsible for the daily administrative operation of the Miccosukee Tribe and carrying out the laws, policies, and directives of the Miccosukee General Council. The Miccosukee Business Council is composed of the Chairman, Vice-Chairman, Secretary, Treasurer, and Lawmaker. The Miccosukee Business Council holds monthly meetings at which legal and financial reports are presented by attorneys and the Miccosukee Tribe's Finance Department. The Miccosukee Tribe also objects to this request on the grounds that it invades third party privacy rights, as provided in the Florida Constitution, by requiring the financial and personal information of non-party individuals. Without waiving any objections thereto and to the extent the records become readily available (due to the frequency of these meetings) and their disclosure is approved by the Miccosukee Tribe, the Miccosukee Tribe will provide redacted written minutes of the Business Council Meetings for a period of time spanning from 2005 to 2010.

**Argument Regarding Request 2:** The documents requested are relevant based on the rationale provided *supra* Sections I(A), (B), and (C).  The Tribe's objections are meritless based on the reasons stated *supra* Sections II(B), (D), (E), and (F).  Despite the Tribe's claims it "will" provide some documents, it has not. Furthermore, the requested period is January 1, 2004 to present.

**Request No. 3:** Any and all general ledger records reflecting, regarding or relating to accounts receivable for loans as described in paragraph 8 above, to individual Tribal members Jimmy Bert

and Tammy Gwen Billie, whether in the same or different format as Exhibit "A" hereto. Exhibit "A" is a Tribal general ledger entry duly recording and reflecting accounts receivable from Billy Cypress, for loans made to him inter alia for payment of legal fees to Lewis Tein.

**Response to Request No. 3:** The Miccosukee Tribe objects to Requests No. 3 on the grounds that it is irrelevant and outside the scope of discovery. The Miccosukee Tribe also objects to this request on the grounds that it invades third party privacy rights, as provided in the Florida Constitution, by requiring the financial information of non-party individuals.

**Argument Regarding Request No. 3:** The documents requested are relevant based on the rationale provided *supra* Section I(C).  The Tribe's objections are meritless based on the reasons stated *supra* Sections II(B) and (E).

## IV. CONCLUSION

For the foregoing reasons, the objections asserted by the Tribe should be overruled and the Tribe should be compelled to produce proper responses and all responsive documents.

"Federal Rule of Civil Procedure 37 is enforced in this District."  Southern District Handbook at (I)(D)(4).  Rule 37(a)(5) provides that the Court must require payment of movant's reasonable expenses incurred in making a motion of compel discovery, including attorney's fees, if the motion is granted where the opposing party's position was not substantially justified.  As set forth above, the Tribe asserted frivolous, conclusory, and unsupported objections. It should be ordered to pay Lewis Tein's costs of bringing this motion.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel has conferred with counsel Plaintiff Miccosukee Tribe of Indians of Florida. The Tribe opposes this Motion. No other party has indicated that it opposes this motion.

Respectfully submitted,

CARLTON FIELDS, P.A.

100 S.E. Second Street, Suite 4200
Miami, Florida  33131

By:  /s/ Paul A. Calli

        Jeffrey Michael Cohen
        Florida Bar No. 091495
        Email: jmcohen@carltonfields.com
              pwatson@carltonfields.com
              miaecf@cfdom.net
        Paul A. Calli
        Florida Bar No. 994121
        Email: pcalli@carltonfields.com
              cbussone@carltonfields.com
              miaecf@cfdom.net
*Attorneys for Defendants Guy A. Lewis, Michael R. Tein and Lewis Tein PL*

## <u>CERTIFICATE OF SERVICE</u>

    WE HEREBY CERTIFY that on January 18th, 2013, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

        CARLTON FIELDS, P.A.

        By: /s/ Paul A. Calli
            Paul A. Calli
            Florida Bar No. 994121
            Email: pcalli@carltonfields.com
                 cbussone@carltonfields.com
                 miaecf@cfdom.net