UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 1:12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

        Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN STANLEY
SMITH BARNET; JULIO MARTINEZ;
MIGUEL HERNANDEZ; GUY LEWIS,
ESQUIRE; MICHAEL TEIN, ESQUIRE; AND
LEWIS TEIN, PL, A PROFESSIONAL
ASSOCIATION,

        Defendants.

_____/

### DEFENDANTS GUY LEWIS, MICHAEL TEIN, AND
### LEWIS TEIN, PL'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants, Guy Lewis, Michael Tein, and Lewis Tein, P.L. (collectively, "Lewis Tein") submit this Reply in Support of Motion to Dismiss Second Amended Complaint ("Motion to Dismiss").

### INTRODUCTION

Plaintiff, the Miccosukee Tribe of Indians of Florida (the "Tribe") has failed to confront the overriding deficiency contained within its Second Amended Complaint and does not present a compelling basis to withstand dismissal. Stated simply, the Tribe's efforts to crystallize its claims actually reinforce the conclusion that the essence of the action is an intra-tribal dispute for which the Court has no jurisdiction. Moreover, the Second Amended Complaint does not set forth the requisite facts upon which the Tribe bases its cause of action, and the Response neither cures this deficiency nor justifies it. Rather, the Tribe relies upon repetition and rhetoric. The

1

Court should dismiss the lawsuit against Lewis Tein and, because the Court already gave the Tribe the chance to remedy the deficient pleading, dismissal should be with prejudice.

## ARGUMENT

I. **THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION BECAUSE THE ESSENCE OF THE CLAIMS RESTS UPON ALLEGATIONS THAT THE TRIBAL CHAIR ENGAGED IN WRONGDOING, WHICH IS AN INTRA-TRIBAL MATTER.**

The Tribe, in its zeal to prove this Court's jurisdiction, actually supports the contrary conclusion. This is exemplified when the Tribe contends that this case is, in essence, about an alleged "abuse of tribal authority" by Billy Cypress (DE 118 at 3). Inexplicably, the Tribe purports to demonstrate this Court's jurisdiction by citing a Tribal General Council Resolution regarding Cypress's use of funds. The interpretation and application of a Tribal resolution that supposedly vilifies Cypress is a matter for Tribal interpretation. *Native Am. Church of N. Am. v. Navajo Tribal Council*, 272 F.2d 131, 134 (10th Cir. 1959) ("No law is cited and none has been found which undertakes to subject the Navajo tribe to the laws of the United States with respect to their internal affairs, such as police powers and ordinances passed for the purposes of regulating the conduct of the members of the tribe on the reservation. It follows that the Federal courts are without jurisdiction over matters involving purely penal ordinances passed by the Navajo legislative body for the regulation of life on the reservation."); *United States v. Tsosie,* 92 F.3d 1037, 1044 (10th Cir. 1996) ("tribal courts are best qualified to interpret and apply tribal law").

If the Tribe intends to base its contention on a Tribal Resolution that concluded Cypress made "improper and unauthorized use of Tribal funds" (DE 118 at 4), then the heart of this controversy fits squarely between the Tribe and Cypress. Moreover, the Tribe's reliance upon *Wade v. Blue,* 369 F.3d 407 (4th Cir. 2004) proves Lewis Tein's point because that case involved a dispute between tribe members and the council as to who controlled financial assets of the Tribe (DE 118 at 5). The core of this controversy is whether Cypress had the authority to hire Lewis Tein as the Tribe's counsel and pay legal fees. Therefore, *Wade* supports Lewis Tein and demonstrates that the Court should abstain from extending jurisdiction over a matter that must be resolved between the Tribe and Cypress.

## II.   THE RICO AND FRAUD CLAIMS ARE SORELY DEFICIENT, AND THE TRIBE HAS NOT PRESENTED A COMPELLING RATIONALE FOR MAINTAINING THE SECOND AMENDED COMPLAINT.

The Tribe misconstrues its pleading requirement by simply reiterating the elements of a claim for fraud or RICO without ever specifying with requisite particularity the acts that actually fit within those claims.  The Tribe cites *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001) for the proposition that "Rule 9(b) is satisfied if the Complaint sets forth (1) **precisely** which statements were made in what documents or oral representations or what omissions were made, and (2) **the time and place of each such statement** and the person responsible for making (or in the case of omissions, not making) same, and (3) **the content of such statements** and the manner in which they misled the plaintiff, and (4), what the defendants obtained as a consequence of the fraud."  (DE 118 at 8) (emphasis added).  Even the most liberal interpretation of the Second Amended Complaint does not satisfy the foregoing test conceded by Plaintiffs.

Indeed, nowhere in the Second Amended Complaint does the Tribe identify any fraudulent statement.  Rather, the Tribe states, in a conclusory manner, that Lewis Tein performed both legitimate and fictitious legal work and charged "excessive" and "unreasonable" legal fees "authorized by Defendant Cypress." (DE 75 at 125-26).  Broad, sweeping claims that Lewis Tein performed legal services that were "fictitious" or "substandard" do not satisfy the specificity requirement or identify "precisely which statements were made."  The Tribe does not allege which legal services were supposedly fictitious and which services were legitimate; yet, it admits by its own pleading that Lewis Tein performed *bona fide* legal work on its behalf.

Also, although the Tribe identified every legal invoice submitted by Lewis Tein, this cannot salvage the claim because the Tribe never differentiates between invoices that represent legitimate legal services and those that are supposedly fraudulent or "excessive."  Accepting as true that Lewis Tein submitted invoices that reflected some legitimate and some fictitious legal work cannot satisfy this pleading obligation when the Tribe neglects to identify a single legal matter that was fictitious from the 358 invoices spanning five years (DE 75 at 12; 106-22; 125; 150; 173).

The Tribe contends that specificity requirements do not abrogate notice pleading and that the plausibility standard "does not impose a probability requirement at the pleading stage." (DE 118 at 9) (citing *Bell Atlantic Corp v. Twombly,* 550 U.S. 554, 557 (2007).  *Twombly* makes clear that pure legal conclusions should not be accepted as a substitute for pleading facts or, in

accordance with Rule 9(b), fraud with requisite specificity.   The Tribe relies upon legal conclusions throughout its Second Amended Complaint and never sets forth specific factual examples of wrongdoing.   And as expressed in the Motion, identifying automobiles and household items supposedly belonging to Lewis and Tein is not a valid substitute for this pleading obligation.

## III.   THE TRIBE FAILED TO ESTABLISH THE REMAINING ELEMENTS REQUIRED  TO STATE A RICO CLAIM.

The Tribe did not allege its RICO claim with the requisite specificity, despite the opportunity to correct this problem.  But even if the Court concluded that the Second Amended Complaint adequately alleged a RICO claim with sufficient particularity in accordance with Rule 9(b), dismissal is warranted because the Tribe did not satisfy the remaining RICO elements.

### A.   The Tribe did not allege that Lewis Tein engaged in conduct that constituted operation and management of the alleged enterprise.

As Lewis Tein explained in the Motion to Dismiss, the Tribe was obligated to make a showing of "conduct" to state a valid RICO claim in addition to demonstrating the existence of an enterprise.   The Tribe failed to allege the manner in which Lewis Tein participated in the operation and management of the alleged enterprise.   In its Response, the Tribe ignores the "conduct" element entirely, suggesting it had established the "essential requirements of a RICO claim": a RICO enterprise and a pattern of racketeering activity. (DE 118 at 9).   While those two elements are 'essential' to any RICO claim, they are not exhaustive.  "[I]n order to establish a federal civil RICO violation under § 1962(c), the plaintiffs must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282-83 (11th Cir. 2006).

After two attempts, the Tribe has failed to plead conduct as required.  Simply alleging that Lewis Tein "went beyond traditional legal representation" by "effectively managing or operating the affairs of the enterprise" is grossly deficient. (DE 75 at 123-24; ¶105(b), 149 ¶124(b) and 172 ¶139(b).  *See Comcast of S. Fla. II, Inc. v. Best Cable Supply, Inc.,* 2008 WL 190584 (S.D. Fla. 2008) (conclusory allegation that defendants "conducted the affairs of the enterprise" and "operat[ed] the enterprise" did not explain actual participation in the operation or management and, therefore, could not withstand motion to dismiss).  The Tribe has failed to establish the required "conduct" element, and its RICO claim necessarily fails.

4

**B.     The Tribe did not allege the existence of an enterprise**

The RICO claim also fails because the Tribe has not alleged the existence of an enterprise. In the Response, the Tribe contends that it met this pleading requirement by stating that "Lewis, Tein and Lewis Tein P.L. are each members of the enterprise, not the enterprise itself and each Defendant is a liable person." (DE 118 at 10).  This is insufficient because the Tribe has alleged that Lewis Tein violated 18 U.S.C. § 1962(a) and (b). (DE 75 at 123 ¶¶ 103, 104; 148 ¶¶ 122-23; 171-72 ¶¶ 137-38).   An "enterprise" for purposes of §§ 1962(a) and (b) is "the victim of unlawful activity" and must be "an entity that was acquired through illegal activity or the money generated from illegal activity."  *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 114 S. Ct. 798, 127 L. Ed. 2d 99 (1994); *Lockheed Martin Corp. v. Boeing Co.*, 357 F. Supp. 2d 1350, 1368 (M.D. Fla. 2005).  The Tribe never alleged facts that suggest how the enterprise of which Lewis Tein are allegedly members obtained funds that it "acquired through illegal activity or the money generated from illegal activity" for purposes of § 1962(a) and (b).

And, with respect to § 1962(c), it is not enough to allege that a group associated simply to commit fraud; there must be some other purpose that extends beyond the alleged fraudulent scheme.  *In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1274 (S.D. Fla. 2003) ("A RICO enterprise require[s] a certain amount of organizational structure which eliminates simple conspiracies from the Act's reach. That is, simply conspiring to commit a fraud is not enough to trigger the Act if the parties are not organized in a fashion that would enable them to function as racketeering organization for other purposes.") citing *VanDenBroeck v. CommonPoint Mortgage Co.*, 210 F.3d 696, 699 (6th Cir. 2000).  The Tribe has pled no facts, despite two opportunities, to support the existence of an enterprise.

**C.     The Tribe has not alleged a pattern of racketeering activity with necessary specificity.**

To plead racketeering activity, the Tribe had to allege two or more predicate acts with sufficient specificity.  *Smart Sci. Lab., Inc. v Promotional Mktg. Serv's, Inc.,* 2008 WL 2790219 (M.D. Fla. 2008).  To achieve this specificity, the Tribe needed to allege the time, place, and person responsible for each act.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1380-82 (11th Cir. 1997).

In its Response, the Tribe focuses upon its allegation that Lewis Tein failed to report income to the Internal Revenue Service, suggesting that this constitutes part of the pattern.

Accepting this false accusation as true solely for purposes of evaluating the Motion to Dismiss (which Lewis Tein would otherwise deny), this unsupported claim does not create a private right of action or satisfy RICO.  See *Nelson v. Publishers Circulation Fulfillment, Inc.,* 2012 WL 760335 (S.D.N.Y. Mar. 7, 2012) (" . . .  it is apparent from the context of the complaint that Nelson was attempting to invoke 26 U.S.C. § 7201 and § 7203, which deal with tax evasion and failure to file tax returns, respectively. None of these statutes appear on the list of predicate acts in 18 U.S.C. § 1961(1)"); *Cf. Gifford v. Meda,* 2010 WL 1875096 (E.D. Mich. 2010) (denying complaint and concluding that plaintiff failed to prove that defendant's alleged failure to file tax returns caused the plaintiff any injury).

The Tribe's contention that its money laundering allegations pursuant to 18 U.S.C. § 1956 "need not satisfy the heightened particularity standard in rule 9(b)," cannot be harmonized with its acknowledgment that "specified unlawful activity" for purposes of its money laundering claim is "defined to include violation s of mail fraud."  *See* DE 118 at 11. Further, pursuant to *Liquidation Comm'n of Banco International, S.A. v. Renta*, 530 F.3d 1339, 1355-56 (1th Cir. 2008), non-fraud claims in a complaint must be pleaded with particularity when the same misrepresentation forms the basis of both the fraud and non-fraud claims. *See also Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1277-78 (11th Cir. 2006). Thus, because the Tribe alleges "a scheme to defraud the Miccosukee Tribe by Defendants Lewis Tein" (DE 118 at 12), and that same conduct underlies all of its claims, and the Tribe must satisfy Rule 9(b)'s heightened standard – it has not done so.

The Tribe is also mistaken when it contends, by citation to *United States v. Silvestri*, 409 F.3d 1311, 1332-33 (11th Cir. 2005), that it has satisfied the heightened factual pleading requirements under § 1957 simply by showing check deposits. (*See* DE 118 at 15).  *Silvestri* is inapposite because it involved checks that were made "as proceeds of the specified unlawful activity of mail fraud." *Silvestri*, 409 F.3d at 1335.  The Tribe, by contrast, has pled violation of § 1957 and other predicates by repeated reference to deposits of checks that, by their own admission, include "legitimate" legal work (*See*, *e.g.*, DE 75 at 12, 125, 150, 173).  By failing to differentiate between those invoices that correspond to legitimate work and those that do not, the Tribe has failed to adequately plead "proceeds of specified unlawful activity of mail fraud" as *Silvestri* and section 1957 require.

Finally, the Tribe glosses over *American Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1293 (11th Cir. 2010) at its peril.  In that decision, the Eleventh Circuit affirmed Judge Moreno's dismissal because the plaintiff failed to demonstrate a plausible racketeering claim with requisite specificity.   As in this case, the plaintiffs in *American Dental* simply highlighted communications and a "list of mailing and wires" without signifying an instance of conduct tied to any one particular wire.  Just as the court dismissed the RICO claim in *American Dental,* so, too, should this Court.

## IV.    THE TRIBE'S CONSPIRACY CLAIM FAILS.

If a RICO claim fails, a RICO conspiracy claim that fails to add any additional allegations also necessarily fails.  *See*, *e.g.*, *Am. Dental Ass'n*, 605 F.3d 1283, 1296 n. 6 (11th Cir. 2010); *Horace-Manasse v. Wells Fargo Bank, N.A*, 10-81623-CV, 2012 WL 1232016 (S.D. Fla. Apr. 12, 2012).  The Tribe has pled its Conspiracy to Violate RICO claim by merely re-alleging and re-averring the same allegations that constituted its RICO claim.  (*See* DE 75 at 198-202).   Therefore, this Court should dismiss the Conspiracy to Violate Rico claim with prejudice.

## V.    THE TRIBE HAS NOT ADEQUATELY PLED FRAUD.

The Tribe's litany of examples in the Response, offered to support the claim that it has adequately pled fraud, underscore Lewis Tein's contention.  For example, paragraphs 248, 263, and 278 of the Second Amended Complaint do not adequately allege scienter as the Tribe suggests. (*See* DE 75 at 22.)  Those assertions merely allege that Lewis Tein had knowledge—a bare legal conclusion—without specifying *what* "illegal activity" Lewis Tein supposedly knew about, when they knew it or how they knew it.

Similarly, the Tribe's citation to "further evidence" in the form of exhibits attached to its Response reinforces the conclusion that its pleading is insufficient.  Similarly deficient are rote assertions that Lewis Tein "repeatedly"—with no mention of actual dates—failed to disclose the "illegal activities and wrongful acts" by the other Defendants, without specifying which acts by which defendants at what time period were illegal or wrongful. (*See* DE 118 at 22).

The Tribe has simply listed every possible date upon which the Tribe's General and Business Councils held monthly meetings (*see* DE 75 at ¶¶ 255, 257, 270, 272, 285, 287), and then listed every possible date a monthly invoice was issued and paid (*see*, *e.g.*, DE 75 at 55-72), and asks the Court to infer that Lewis Tein was engaged in fraud on some unspecified occasion.

This is inadequate under Rule 9(b), and Lewis Tein cannot reasonably defend against such vague and conclusory generalities. *See Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citing *Management Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").

## VI.      THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION.

Because the Tribe has now twice inadequately pled a federal RICO claim, and that claim is the sole basis for this Court's jurisdiction, this Court should decline supplemental jurisdiction over any remaining claims.  This is especially true in light of the Tribe's suggestion that the operation and management analysis in *Reves v. Ernst & Young,* 507 U.S. 170 (1993), **may** be inapplicable to the Florida RICO Act (DE 118 at 18).  While this question remains unsettled under Florida law, there is no doubt it defeats the Tribe's federal RICO claims.  And there is no question the Tribe's claims under Florida RICO fail even if the operation and management test does not apply to the state law claims. Accordingly, there is no basis to maintain jurisdiction over purely state claims. *See*, *e.g. Hardy v. B'ham Bd. of Educ.* , 954 F.2d 1546, 1553 (11th Cir. 1992) (finding trial court abused its discretion by failing to remand a case involving pendent state law claims posing issues of first impression back to state court for resolution); 28 U.S.C. § 1367(c)(1).

## VII.      THE COURT SHOULD DISMISS WITH PREJUDICE.

The Court should not resuscitate the Tribe's lifeless pleading. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir.1998) ("[L]eniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action.") (internal citations omitted), *overruling on other grounds recognized by*, *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).   When a complaint is based upon "incoherent explanations of fact, or conclusory legal claims cast in the form of factual allegations," it may be dismissed with prejudice. *See Machen v. Iverson*, CIV. 11-1557 DWF/JSM, 2012 WL 566977 (D. Minn. Jan. 23, 2012), *report and recommendation adopted*, CIV. 11-1557 DWF/JSM, 2012 WL 567128 (D. Minn. Feb. 21, 2012) (citing *Adams v. F.B.I.*, CIV. NO. 06–07321, 2007 WL 627912 at *2 (N.D.Cal. Feb.26, 2007) (internal quotations omitted).

Because the Tribe has based its RICO claim on unreasonable inferences drawn from conclusory legal claims, and especially because the Court gave the Tribe two opportunities fix the RICO claim, this Court should dismiss the Tribe's RICO and Conspiracy to violate RICO counts, including the Florida RICO and RICO conspiracy counts, with prejudice. *See Millette v. DEK Technologies, Inc.*, 08-60639-CV, 2008 WL 5054741 (S.D. Fla. Nov. 25, 2008) (dismissing federal RICO counts in an amended complaint with prejudice, and declining supplemental jurisdiction over remaining state law claims).

## <u>CONCLUSION</u>

For the reasons articulated herein, the Court should dismiss the Second Amended Complaint with prejudice for lack of subject matter jurisdiction and for failure to state a claim for RICO or fraud.

Respectfully submitted,
CARLTON FIELDS, P.A.

By:   ___/s/ Jack R. Reiter_____
Jack R. Reiter
Florida Bar No. 0028304
Paul A. Calli
Florida Bar No. 994121
pcalli@carltonfields.com
cbussone@carltonfields.com
miaecf@cfdom.net
*Attorneys for Guy Lewis, Michael Tein, and Lewis Tein, P.L.*
100 S.E. Second Street, Suite 4200
Miami, Florida  33131

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 22, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By:     /s/ Jack R. Reiter
                 Jack R. Reiter
                 Florida Bar No. 0028304

| | |
|---|---|
| **Bruce S. Rogow, Esquire**<br>**Tara A. Campion, Esquire**<br>Bruce S. Rogow, P.A.<br>500 E. Broward Blvd., Ste. 1930<br>Fort Lauderdale, FL 33394<br>Telephone: 954-767-8909<br>Facsimile: 954-767-1530<br>E-mail: brogow@rogowlaw.com<br>E-mail: tcampion@rogolaw.com<br>*Counsel for Defendant Morgan Stanley* | **Bryan T. West, Esquire**<br>**Tew Cardenas LLP**<br>1441 Brickell Avenue, 15th Floor<br>Miami, FL 33131<br>Telephone: (305) 536-1112<br>Facsimile: (305) 536-1116<br>E-mail: btw@tewlaw.com<br>*Counsel for Defendant Dexter W. Lehtinen,*<br>*Esquire* |
| **Manuel A. Avila, Esquire**<br>Manuel A. Avila, Esq.<br>& Associates, P.A.,<br>11120 N. Kendall Drive<br>Suite 200<br>Miami, Florida 33176<br>Telephone: (305) 249-1111<br>Facsimile: (305) 647-0686<br>E-mail: mavila@avilalegal.com<br>*Counsel for Defendant Julio Martinez* | **Robert O. Saunooke, Esquire**<br>SAUNOOKE LAW FIRM, P.A.<br>18620 SW 39th Court<br>Miramar, FL  33029<br>Telephone: 561-302-5297<br>Facsimile: 954-499-0598<br>E-mail: ndnlawyer@hotmail.com<br><br>*and*<br><br>**Steven M. Goldsmith, Esq.**<br>STEVEN M. GOLDSMITH, P.A.<br>5355 Town Center Road, Suite 801<br>Boca Raton, FL  33486<br>Telephone: 561-391-4900<br>Facsimile: 561-391-6973<br>E-mail: steve.goldsmith@sgoldsmithlaw.com<br>*Counsel for Defendant Billy Cypress* |
| **Scott Alan Lazar, Esquire**<br>Koltun & Lazar<br>7901 SW 67th Ave.<br>Suite 100<br>Miami, FL 33143<br>Telephone: (305)-595-6791<br>Facsimile: (305)-595-5400<br>E-mail: scott@koltunlazar.com<br>*Counsel for Defendant Miguel Hernandez* | **Bernardo Roman III, Esquire**<br>Tribal Attorney, Miccosukee Tribe of<br>Indians of Florida<br>P.O. Box 440021, Tamiami Station<br>Miami, Florida 33144<br>Telephone: (305) 894-5214<br>Facsimile: (305) 894-5212<br>E-mail: bromanlaw@bellsouth.net<br>*Counsel for Plaintiff* |