UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 12-CV-22439-Cooke/Simonton

MICCOSUKEE TRIBE OF INDIANS OF
FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

    Plaintiff,

vs.

BILLY CYPRESS, DEXTER WAYNE
LEHTINEN, ESQUIRE, MORGAN STANLEY
SMITH BARNEY, JULIO MARTINEZ,
MIGUEL HERNANDEZ, GUY LEWIS,
ESQUIRE, MICHAEL TEIN, ESQUIRE AND
LEWIS TEIN, PL, a professional association,

    Defendants.
_____/

### DEFENDANT, MIGUEL HERNANDEZ' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT AND JOINDER IN REPLY OF ALL OTHER DEFENDANTS

**COMES NOW**, Defendant, MIGUEL HERNANDEZ, by and through his undersigned attorneys, and hereby serves his Reply to Miccosukee Tribe's Response and Memorandum of Law in Opposition to Defendant, Miguel Hernandez' Amended Motion to Dismiss Second Amended Complaint and Joinder in Reply of all Other Defendants. In reply, Defendant states:

I. **There remains no subject matter jurisdiction as the Tribe has not established that Federal RICO laws are applicable to the tribe, the allegations of the Second Amended Complaint establish an issue of tribal governance and acts committed in the course and scope of employment with the Tribe.**

Plaintiff's own arguments and statements in its Response to the Motion to Dismiss Second Amended Complaint establish that this lawsuit is essentially a tribal dispute for which this Court does not exercise jurisdiction. In its Response under Section II in the second sentence, the Plaintiff

starts out by stating, "This case is about whether Defendant Cypress' abuse of tribal authority ...."

In further support of its Second Amended Complaint, the Defendant attached Exhibit A which is a Resolution from the General Council dated July 1, 2010. This document is proof positive that the issues raised in this lawsuit are tribal in nature. Furthermore, the document itself affirmatively establishes that Defendant, MIGUEL HERNANDEZ, is outside the definition of people who the Tribe is authorized to take action against. Based on this document, there is simply no subject matter jurisdiction for this Court to apply federal law to this tribal dispute and there is no evidence that the Tribe is authorized to even bring a claim against Defendant, MIGUEL HERNANDEZ.

The pertinent content of the Resolution establishes that the Plaintiff "is a sovereign Tribal Nation and a Tribe..." The resolution goes on to state that there was an "improper and unauthorized use of Tribal funds" by Defendant, Billy Cypress. The resolution then requires Defendant, Billy Cypress to reimburse the Tribe and forever bars him from "holding a political office or position in the Miccosukee Business Council." All of this language firmly establishes that the issues upon which this lawsuit is based are tribal in nature, including, but not limited to, the Defendant's use of tribal funds and his ability to hold office to govern the Miccosukee Tribe.

With specific reference to Defendant, MIGUEL HERNANDEZ, the Resolution specifically exempts him from persons who the Plaintiff is authorized to take action against. The Resolution provides that "the terms of this Resolution shall apply to any current or future member of the Miccosukee Business Counsel (sic) or member of the Miccosukee Tribe who is an employee of the Miccosukee Tribe that engaged in unauthorized or improper use of Tribal funds." The Resolution then authorizes the Miccosukee Business Counsel (sic) "to implement the terms of this Resolution, including the execution of any and all necessary documentation to effectuate this purpose." Defendant, Miguel Hernandez is not (1) a current or future member of the Miccosukee

Business Counsel (sic) or (2) <u>a member of the Miccosukee Tribe</u> who is an employee of the Miccosukee Tribe that engaged in unauthorized or improper use of Tribal funds. (emphasis added) There is no allegation in the Second Amended Complaint that Defendant, Miguel Hernandez, was a current or former member of the Miccosukee Business Council. There is not allegation in the Second Amended Complaint that Defendant, Miguel Hernandez was a member of the Miccosukee Tribe, who is an employee of the Miccosukee Tribe that engaged in unauthorized or improper use of Tribal funds.

In its Response, Plaintiff further argues "An intra tribal dispute is that which involves a matter of tribal self governance and relates to the control of internal relations. <u>Montana v. United States</u>, 450 U.S. 544, 564 (1981)" The Resolution specifically address self governance by restricting Defendant, Billy Cypress', right to hold political office. Furthermore, to the extent that the Resolution speaks to the use of tribal funds it deals directly with the control of internal relations. As specifically noted by the Tribe in its Response, "Jurisdiction to resolve internal tribal disputes and to interpret tribal constitutions and laws lies with the Indian tribes and not the district courts. <u>United States v. Wheeler</u>, 435 U.S. 313 (1978)

The Tribe's attempt to invoke Federal law is a classic case of trying to have your cake and eat it too. The litany of cases cited by all parties demonstrate that the Indian Tribes always attempt to protect their sovereign rights when outsiders are trying to impose Federal law against the Tribe. The Tribe has provided no basis as to why Federal RICO claims would be applicable to the Tribe or why the Tribe would have a right to enforce Federal RICO claims against its members and employees acting within the course and scope of their employment. All of the allegations against Miguel Hernandez are for acts he allegedly committed within the course and scope of his employment. As the Plaintiff noted in its Response, disputes over control of the financial assets of the Tribe are intra tribal disputes. <u>Wade v. Blue</u>, 369 F. 3d 407 (4th Cir. 2004)

Last, the Tribe failed to address in any way the case cited by Defendant, MIGUEL HERNANDEZ, that bars a Federal RICO claim against an employee. "[A]n employee acting within the scope of his or her employment is normally found to be incapable of conspiring with the corporate employer. This principle has been applied in the RICO conspiracy context. Neb. Sec. Bank v. Dain Bosworth Inc., 838 F. Supp. 1362, 1371 (D. Neb. 1993) The Tribe cannot dispute, and in fact confirms, that Defendant, Billy Cypress, was the head of the Tribe and was Defendant, MIGUEL HERNANDEZ', supervisor.

## II. The Second Amended Complaint fails to make any allegations with the required specificity and fails to meet the pleading requirements to state a cause of action to substantiate Federal jurisdiction, if appropriate.

All of the allegations against Defendant, MIGUEL HERNANDEZ, are stated in generalities without any specific statement of when or how he committed fraud or engaged in a pattern of racketeering activity. In its description of the Enterprise, the only references to conduct by Defendant, MIGUEL HERNANDEZ, are in paragraphs 33 and 34. In general terms it alleges that HERNANDEZ approved invoices of LEWIS, TEIN and LEWIS TEIN, P.L. containing exorbitant and fictitious legal fees, subject only to CYPRESS's final approval. (emphasis added). It also alleges that HERNANDEZ received MORGAN STANLEY account statements and failed to notify the Tribe about unlawful transactions.

The Second Amended Complaint does not allege in any way that Defendant, MIGUEL HERNANDEZ, was involved in the operation and management of the alleged enterprise. "In order to 'participate, directly or indirectly, in the conduct of such enterprise's affairs,' one must have some part in directing those affairs." Reves v. Ernst & Young, 507 U.S. 170 (1993) In no way, does the Second Amended Complaint allege that Defendant, MIGUEL HERNANDEZ, directed any of the affairs of the alleged enterprise. The allegations of the Complaint lay all of the alleged direction of the enterprise at the feet of Defendant, Billy Cypress. Furthermore, any

allegations which attempt to meet this pleading requirement are conclusory in nature. Comcast of S. Fla II, Inc. v. Best Cable Supply, Inc., 2008 WL 190584 (S.D. Fla 2008)

The predicate acts alleged by the Plaintiff fail because they are not interrelated and Defendant, MIGUEL HERNANDEZ, was not paid by the enterprise. In its Response, Plaintiff admits, "Although Defendant Hernandez' income was paid for by the Miccosukee Tribe…" Plaintiff's attempt to minimize said fact does not change its truth. There is no allegation that Defendant, MIGUEL HERNANDEZ, received any payment from the enterprise. The Complaint essentially alleges that the predicate acts are Billy Cypress' unauthorized use of tribal funds, his failure to disclose those funds on tax returns and the payment to attorneys for excessive work. It makes no sense that these predicate acts are related to each other as is required by the RICO statutes. It makes no sense how Defendant, MIGUEL HERNANDEZ, benefits from such conduct. The references to the deposition of Mr. Lucky Jerry Cypress should be excluded. Plaintiff cannot support its poorly drafted Second Amended Complaint with deposition testimony. Furthermore, the deposition does not speak to any conduct of Defendant, MIGUEL HERNANDEZ.

Plaintiff cannot support a predicate act under 18 USC §1956. There is no logical basis how Plaintiff was victimized by the alleged advice given by Defendant, HERNANDEZ, or the alleged filing of false tax returns by Defendant, Billy Cypress. Plaintiff cannot establish that the alleged violation of the statute in terms of providing tax advice led directly to the injury which Plaintiff claims as required by Anza v. Ideal Steel Supply Corp., 547 U.S. 451 (1991)

With respect to the mail fraud allegations, as indicated above, they are not sufficiently interrelated with Defendant, Billy Cypress', alleged misuse of tribal funds. There is no specificity as to the alleged fraudulent payments which were made since the Tribe does not allege that each and every aspect of the legal bills were fraudulent.

The conspiracy claim fails because of the lack of proper pleading as to the underlying

Federal RICO claim. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1293 (11th Cir. 2010).

The remainder of the claims are state law claims to which this Court should not exercise supplemental jurisdiction once it determines it does not have jurisdiction over the Federal claims. The Tribe does nothing in its response to convince this Court that its general allegations of fraud are specific allegations without identifying a single specific comment made by Defendant, MIGUEL HERNANDEZ, at any meeting in which he is alleged to have participated. All of the Tribe's allegations are conclusory in nature.

Defendant, MIGUEL HERNANDEZ, requests to join in any other reply filed by his co-defendants to the extent that arguments raised therein support the position of Defendant, MIGUEL HERNANDEZ.

**WHEREFORE**, Defendant, MIGUEL HERNANDEZ, requests this Court dismiss Plaintiff's Second Amended Complaint with Prejudice.

**I HEREBY CERTIFY** that on January 28, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

s / Scott A. Lazar, Esq.
SCOTT A. LAZAR, ESQ.

## SERVICE LIST

| | |
|---|---|
| **Bernardo Roman, III, Esq.**<br>Miccosukee Tribe of Indians of Florida<br>P.O. Box 440021, Tamiami Station<br>Miami, FL   33144<br># (305) 894-5214<br># (305) 894-5212 (fax)<br>E-mail: bromanlaw@bellsouth.net<br>Counsel for Plaintiff | **Yinet Pino, Esq.**<br>**Yesenia Rey, Esq.**<br>1250 S.W. 27th Ave., # 506<br>Miami, FL   33135<br># (305) 643-7993<br># (305) 643-7995 (fax)<br>E-mails: yinet@bromanlaw.com<br>            yesenia@bromanlaw.com<br>Counsels for Plaintiff |
| **Jeffrey Micheal Cohen, Esq.**<br>**Paul Calli, Esq.**<br>**Charles Short, Esq.**<br>**Marissel Descalzo, Esq.**<br>Carlton Fields, P.A.<br>100 S.E. 2nd St., Ste. 4000<br>Miami, FL   33131<br># (305) 530-0050<br># (305) 530-0055 (fax)<br>E-mails: jmcohen@carltonfields.com<br>            pcalli@carltonfields.com<br>            cshort@carltonfields.com<br>            mdescalzo@carltonfields.com<br>Counsels for Defendants Lewis and Tein | **Bruce Rogow, Esq.**<br>Bruce A. Rogow, P.A.<br>500 E. Broward Blvd., Ste. # 1930<br>Ft. Lauderdale, FL   33394<br># (954) 767-8909<br># (954) 764-1530 (fax)<br>E-mail: brogow@rogowlaw.com<br>Counsel for Defendant Morgan Stanley |
| **Manuel A. Avila, Esq.**<br>Manuel A. Avila & Associates, P.A.<br>11120 N. Kendall Dr., # 200<br>Miami, FL   33176<br># (305) 249-1111<br># (305) 647-0686 (fax)<br>E-mail: mavila@avilalegal.com<br>Counsel for Defendant Martinez | **Bryan T. West, Esq.**<br>Tew Cardenas LLP<br>1441 Brickell Ave., 15th Floor<br>Miami, FL   33131<br># (305) 536-1112<br># (305) 536-1116 (fax)<br>E-mail: btw@tewlaw.com<br>Counsel for Defendant Lehtinen |
| **Robert O. Saunooke, Esq.**<br>Saunooke Law Firm, P.A.<br>18620 S.W. 39th Court<br>Miramar, FL   33029<br># (561) 302-5297<br># (561) 302-0598 (fax)<br>E-mail: ndnlawyer@hotmail.com<br>Counsel for Defendant Cypress | **Steven M. Goldsmith, Esq.**<br>Steven M. Goldsmith, P.A.<br>5355 Town Center Rd., #801<br>Boca Raton, FL   33486<br># (561) 391-4900<br># (561) 391-6973 (fax)<br>E-mail: steve.goldsmith@sgoldsmithlaw.com<br>Counsel for Defendant Cypress |