**IN THE UNITED STATES DISTRICT COURT,**
**SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION**

MICCOSUKEE TRIBE OF INDIANS OF      CIVIL DIVISION
FLORIDA, a sovereign nation and  Federally
recognized Indian tribe,      CASE NO.: 12-cv-22439-Simonton

        Plaintiff,

vs.

BILLY CYPRESS, DEXTER WAYNE
LEHTINEN, ESQUIRE, MORGAN STANLEY
SMITH BARNEY, JULIO MARTINEZ, MIGUEL
HERNANDEZ, GUY LEWIS, ESQUIRE,
MICHAEL TEIN, ESQUIRE, AND LEWIS TEIN,
PL, a professional association,

        Defendants.
_____/

**MOTION TO STRIKE AND SUPPORTING MEMORANDUM OF LAW**
**OF DEFENDANT, BILLY CYPRESS, TO THE MICCOSUKEE TRIBE**
**OF INDIANS OF FLORIDA'S REPSONSE IN OPPOSITION TO**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant, Billy Cypress ("Defendant Cypress"), by and through his undersigned attorneys, hereby moves to strike the factual exhibits which plaintiff, The Miccosukee Tribe of Indians of Florida (the "Miccosukee Tribe"), attached to its Response in Opposition to Motion to Dismiss Second Amended Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim ("Response"), and the Response itself.  As grounds therefore, Defendant Cypress states:

1.      Defendant Cypress moved to dismiss the Second Amended Complaint on the grounds that it failed to state a claim for which relief can be granted and, additionally, raises claims that this Court does not have subject matter jurisdiction to resolve.  Although reference

was made to the Miccosukee Tribe's Constitution and the pleading stated that it was attached, the Constitution was not attached and reliance thereon was not essential to the Motion to Dismiss.

2.     Although this district court's review of a motion to dismiss is limited to the "four corners" of the second amended complaint, *see St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir. 2002), the Miccosukee Tribe has attached factual exhibits to its Response, which relies upon the factual allegations contained therein to argue against dismissal.

3.     These exhibits are: (a) General Council Resolution (Exhibit 1); (b) Declaration of Mr. Jerry Cypress (Exhibit 2); (c) United States' Motion to Deny Petitions to Quash, Miccosukee tribe V. United States, and no. 10-cv-21332 (S.D. Fla. June 1, 2010) (Exhibit 3); (d) Morgan Stanley Smith Barney FMA Account Year In Summaries, 2006-2009 (Exhibit 4).   Additional exhibits are attached to these exhibits.

4.     The attachment of these exhibits, and the wholesale reliance upon the facts stated therein to argue against dismissal, is wholly improper.  The Miccosukee Tribe's Response and all of the exhibits attached thereto should be stricken.

WHEREFORE, Defendant, Cypress, respectfully requests that this federal district court strike the Miccosukee Tribe's Response and the exhibits attached thereto for being improperly placed before the court on this Motion to Dismiss the Second Amended Complaint.

## <u>MEMORANDUM OF LAW</u>

The role of this court in ruling on a motion to dismiss is well-established.  This court's analysis is limited to the four corners of the plaintiff's complaint.  *See, e.g.*, *Grossman v. NationsBank*, 225  F.3d 1229, 1231 (11th Cir. 2000).  All of the well-pled facts in the complaint must be accepted as true and construed in the light most favorable to the plaintiff.  *See United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir. 1999*) (en banc)*.  Factual matters

that are outside the four corners of the complaint, as a general rule, cannot be considered.  See *Grossman,* 255 F.3d at 1231.

Although a court may consider matters outside the pleadings under Rule 12(d), Fed.R.Civ.P., under certain circumstances, those circumstances are not present here.  First, a defendant's motion to dismiss may rely upon facts outside of the complaint, but the plaintiff's response to a motion to dismiss may not do so.  Second, the court in examining the motion to dismiss must determine to treat the motion as seeking summary judgment if it considers facts outside the complaint and, if it does, give all parties a reasonable opportunity to present more factual material outside of the complaint.  *Id.*  Obviously, rule 12(d) does not authorize the procedure that the Miccosukee Tribe is attempting to use here.

Simply stated, a plaintiff cannot rely upon facts that are outside the four corners of the complaint, particularly where the defendant's motion to dismiss is limited to the "four corners." Such unauthorized expansion is greatly prejudicial to the defense under these circumstances. Accordingly, the Miccosukee Tribe's blatant attempt to go outside its Second Amended Complaint and to expand this court's analysis improperly should be rejected and its Response and Exhibits stricken.

## **CONCLUSION**

Accordingly, defendant Cypress respectfully requests that this Honorable District Court strike the Miccosukee Tribe's Response and the Exhibits attached thereto.

Respectfully submitted,

_/s/ Robert O. Saunooke___

| | |
|---|---|
| Steven M. Goldsmith, Esq. | Robert O. Saunooke, Esq. |
| Florida Bar No. 324655 | Florida Bar No. 972827 |
| **STEVEN M. GOLDSMITH, P.A.** | **SAUNOOKE LAW FIRM, P.A**. |
| *Co-Counsel for Billy Cypress* | *Lead Counsel for Billy Cypress* |
| 5355 Town Center Road, Suite 801 | 18620 S.W. 39th Court |
| Boca Raton, FL 33486 | Miramar, Florida 33029 |
| Tel: (561) 391-4900 | Tel:    (561) 302-5297 |
| Fax: (561) 391-6973 | Fax:    (561) 302-0598 |
| E-mail: *steve.goldsmith@sgoldsmithlaw.com* | E-mail:*ndnlawyer@hotmail.com* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 28, 2013, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system to the parties listed below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notices of Electronic Filing.

| | |
|---|---|
| Bernardo Roman III, Esq. | Yinet Pino, Esq. |
| bromanlaw@bellsouth.net | yinet@bromanlaw.com |
| Miccosukee Tribe of Indians of Florida | Yesenia Rey, Esq. |
| P.O. Box 440021, Tamiami Station | yesenia@bromanlaw.com |
| Miami, Florida 33144 | 1250 SW 27th Ave., Suite 506 |
| Tel: (305) 894-5214 | Miami, FL 33135 |
| Fax: (305) 894-5212 | Tel: (305) 643-7993 |
| *Tribal Attorney* | Fax: (305) 643-7995 |
| | *Counsel for the Miccosukee Tribe of* |
| | *Indians of Florida* |

4

Bryan T. West, Esq.
btw@tewlaw.com
Tew Cardenas LLP
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Tel: (305) 536-1112
Fax: (305) 536-1116
*Counsel for Defendant Dexter W. Lehtinen,*
*Esq.*

Scott A. Lazar, Esq.
scott@koltunlazar.com
Koltun & Lazar, P.A.
7901 SW 67th Avenue, Suite 100
South Miami, FL 33143
Tel: (305) 595-6791
Fax: (305) 595-5400
*Counsel for Defendant Miguel Hernandez*

Paul A. Calli, Esq.
pcalli@carltonfields.com
Marissel Descalzo, Esq.
mdescalzo@carltonfields.com
Charles Short, Esq.
short@carltonfields.com
Jeffrey Michael Cohen, Esq.
jmcohen@carltonfields.com
Carlton Fields, P.A.
100 SE 2 Street, Suite 4000
Miami, FL 33131
Tel: (305) 530-0050
Fax: (305) 530-0055
*Counsel for Defendants Guy Lewis, Esq.,*
*Michael R. Tein, Esq., and Lewis Tein, PL*

Manuel A. Avila, Esq.
mavila@avilalegal.com
Manuel A. Avila, Esq. &
Associates, P.A.
11120 N. Kendall Dr., Suite 200
Miami, FL 33176
Tel: (305) 249-1111
Fax: (305) 647-0686
*Counsel for Defendant Julio Martinez*

Bruce S. Rogow, Esq.
brogow@rogowlaw.com
Tara A. Campion, Esq.
Bruce S. Rogow, P.A.
500 East Broward Blvd., Suite 1930
Ft. Lauderdale, FL 33394
Tel: (954) 767-8909
Fax: (954) 767-1530
*Counsel for Defendant Morgan Stanley*