UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12–22439-CIV-COOKE/MCALILEY

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

      Plaintiff,

v.

BILLY CYPRESS, *et al.*,

      Defendants.

_____/

## ORDER REQUIRING PARTIES TO MEET AND CONFER AND PLAINTIFF'S RESPONSE TO MOTION TO COMPEL; <u>FILING DISCOVERY PROCEDURES</u>

This matter was recently reassigned to the undersigned Magistrate Judge. Accordingly, the Court hereby files the attached discovery procedures, with which counsel are now directed to comply.

The Court has pending before it Defendant Lewis Tein's Motion to Compel Miccosukee Tribe to Produce Documents [DE 137], referred to me by the Honorable Marcia G. Cooke [DE 9]. Having reviewed the motion, it is apparent that the parties have not meaningfully conferred on the motion, as required by Local Rule 7.1(a)(3). Notably, Plaintiff has raised claims of attorney-client, work product and deliberative process privilege in response to many of Defendant's document requests. Defendant indicates Plaintiff has not produced a privilege log. Without a privilege log, the parties cannot meaningfully confer on any of the discovery requests to which Plaintiff has objected on the basis of privilege.

Counsel is reminded that the party raising privilege has the burden of proving its applicability. *See Bridgewater v. Carnival Corp.*, No. 10–CV–22241, --- F.R.D. ---, 2011 WL 4383312 (S.D. Fla. Sept. 20, 2011); *Campero USA Corp. v. ADS Foodservice, LLC*, No. 12-20571-CIV, --- F.Supp.2d ---, 2012 WL 6838937 (S.D.Fla. Dec. 13, 2012). Accordingly, it is **ORDERED** that:

1. **On or before February 8, 2013**, counsel shall *speak by telephone or in person* in a concerted effort to resolve or narrow all of the issues raised in the motion. **Plaintiff shall produce to Defendant its privilege log one business day in advance of the meet and confer.** In their meet and confer process, counsel shall follow the procedures set forth in *Campero*. *See* 2012 WL 6838937 * 7.

2. **On or before February 18, 2013**, Plaintiff shall file a response to the motion to compel, which shall clearly state the extent to which the parties have resolved or narrowed the issues raised by the motion and shall attach a copy of Plaintiff's privilege log. In its response, Plaintiff shall fully meet its burden to support its claims of privilege. *See Bridgewater, Campero, supra.* I recognize that it not possible for Plaintiff to meet its obligations within the page limitations established by my discovery procedures, thus Plaintiff is relieved of those limits in this instance. Nevertheless, Plaintiff shall be concise and to the point in its memorandum, which should be no longer than necessary to address the relevant issues.

3.      Once I have reviewed the response, I will either rule on the motion or set the

matter for hearing.

DONE AND ORDERED in chambers in Miami, Florida this 30th day of January,

2013.


CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE


Copies to:
The Honorable Marcia G. Cooke
Counsel of record

**DISCOVERY PROCEDURE FOR**
**MAGISTRATE JUDGE CHRIS MCALILEY**

## MEET AND CONFER

Counsel **must** actually confer (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** filing discovery motions.

## DISCOVERY MOTIONS

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the moving party shall file a motion, **no longer than 5 pages in length**.  The moving party may attach as exhibits the motion materials relevant to the discovery dispute. For example, if the dispute concerns interrogatories, the interrogatory responses (that restate the interrogatories) shall be filed, with some indication which interrogatories remain in dispute. Because the parties may attach relevant discovery as an exhibit to the motion, compliance with S.D. Fla. L. R. 26.1(h)(2) or (3) is not required.  The movant shall include in its motion a certificate of good faith that complies with S.D. Fla. L. R. 7.1 (a)(3).  **Counsel shall also deliver a courtesy hard copy of the motion and tabbed exhibits to Judge McAliley's chambers at the time of filing.**

Once a discovery motion is filed, the Court will review the motion, and either order a response, or issue an order setting the motion for a discovery conference.

## RESPONSES TO MOTIONS

The responding party shall file a response to the discovery motion within the time frame ordered by the Court, or if the Court sets the motion for a discovery conference, no later than 5:00 p.m., two days before the discovery conference noticed by the Court.  The response shall be limited to **3 pages in length.**  The responding party may attach as exhibits materials relevant to the discovery dispute, as referenced above.  **Counsel shall also deliver a courtesy hard copy of the response and tabbed exhibits to Judge McAliley's chambers at the time of filing.**

**No reply memoranda are permitted absent specific court order.**

These procedures do not relieve parties from the requirements of any Federal Rule of Civil Procedure or Local Rule except as noted above.

The parties shall notify chambers as soon as practicable if they resolve some, or all, of the issues in dispute.

## THE COURT MAY NOT CONSIDER A MOTION OR RESPONSE THAT DOES NOT COMPLY WITH THIS PROCEDURE.