UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 1:12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

   Plaintiff,
vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN STANLEY
SMITH BARNEY; JULIO MARTINEZ;
MIGUEL HERNANDEZ; GUY LEWIS,
ESQUIRE; MICHAEL TEIN, ESQUIRE; and
LEWIS TEIN, PL, a professional association,

   Defendants.
_____/

## LEWIS TEIN'S MOTION TO COMPEL MICCOSUKEE TRIBE TO PRODUCE IRS FORMS 1096

  Guy Lewis, Michael Tein, and Lewis Tein, PL ("Lewis Tein") pursuant to Fed. R. Civ. P. 37(a) and Local Rules 7.1 and 26.1(h)(2), move for an order compelling the Miccosukee Tribe of Indians of Florida ("Tribe") to produce the IRS Forms 1096 corresponding to the Forms 1099 it claims are supposed evidence. The Forms 1096 disprove the Tribe's theories.

  The Tribe has produced Forms 1099 purportedly "issued" to Lewis Tein. The Forms 1099 are dated 2005-2010 and reflect payments from the Tribe to Lewis Tein of over $10,000,000 during those years. Approximately half of that work was performed for the Tribe itself and half was for individual Tribe members. Lewis Tein has previously described the extensive and complex nature of these representations. *See* Lewis Tein's Reply in Support of Motion for Rule 11 Sanctions Against the Tribe, [D.E. 66] at 4-5 and Exhibit A to that Reply.

These Forms 1099 were not issued contemporaneously (i.e., not issued during the period 2005-2010). Lewis Tein first received them in September 2012 when the Tribe attached them to a pleading it filed in its related state court suit against Lewis Tein, *Miccosukee Tribe v. Guy Lewis et al.*, Case No. 12-12816-CA 40 (11th Jud. Cir.).

The Tribe apparently believes that these Forms 1099 support its allegations of Lewis Tein's involvement in a "fictitious loan system" and its accusation of a **criminal** scheme in which Lewis Tein "knowingly failed to report all or some of the income reflected in the 1099 forms" purportedly generated by the Tribe. *See*, *e.g.*, Second Amended Complaint, [D.E. 75] at ¶¶ 41, 110-113. These accusations are false, and the Tribe has no good faith basis for making them. Of course, Lewis Tein reported all of that income and did so timely – even though the Tribe had never previously sent Lewis Tein the Forms 1099.[1]

The Tribe refuses to produce the companion Forms 1096 – which, unlike Forms 1099, demonstrate the actual date income was reported.[2] The Forms 1096 will conclusively demonstrate that the Tribe did not generate the Forms 1099 contemporaneously (before this suit, and in the year of the payments they indicate) and will show that the Tribe newly-minted them in 2012 in support of its false accusations against Lewis Tein.

---

[1] In *Bermudez et al. v. Bert et al.*, Case No. 00-25711-CA 20, (11th Jud. Cir.), Lewis Tein PL accountant Jim Robinson testified at deposition that (1) Lewis Tein did not receive Forms 1099 from the Tribe for years 2005 through 2008 (Mr. Robinson did not remember as to 2009 and 2010) and (2) Lewis Tein fully reported all income derived from the Tribe, including all of those amounts. *See* Exhibit A, Excerpts of Deposition of Jim Robinson at 175:22-176:16 and 221:22-222:16.

[2] IRS Forms 1096 list the Forms 1099 that the payer has sent to the payees during the year. The Forms 1099 go to the party receiving the income. The Forms 1096 are filed by the payer with the IRS in the same year that the payer sends the Forms 1099s to the payee. Forms 1099 list the year money was paid, but not the date the form was created. ***Forms 1096 will demonstrate when the Forms 1099 were actually transmitted to the IRS.***

CARLTON FIELDS, P.A.
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

### These Forms 1096 are Reasonably Calculated to Lead to the Discovery of Admissible Evidence

The Tribe alleges that "the MICCOSUKEE TRIBE issued 1099s to" Lewis Tein "in the amount of **TEN MILLION DOLLARS ($10,000,000.00).**" Second Amended Complaint, [D.E. 75] at ¶¶ 110 (emphasis in original). The Tribe also makes the outrageous claim that on "information and belief, [Lewis Tein] knowingly failed to report all or some of the income reflected in the 1099 forms in their tax return." *Id.* at ¶ 113. It further alleges that Lewis Tein participated in a "fictitious loan system" in which Lewis Tein charged "millions of dollars" in excessive fees. *See*, *e.g.*, *id.* at ¶ 41 (describing the purported "secret scheme" in numerous sub-paragraphs).

As supposed evidence of these fictions, the Tribe disclosed the Forms 1099 and attached them to its Second Amended Complaint. The corresponding Forms 1096 expose the fact that the Forms 1099 are after-the-fact creations that do not advance the Tribe's false accusations. Forms 1096 rebut the Tribe's theories about what the Forms 1099 mean – which is why the Tribe has resisted producing them.

It appears that the Forms 1096 either: (1) don't exist or (2) exist, but – as with the Forms 1099 – were belatedly created and delivered. Lewis Tein needs to answer this question to defend against the Tribe's claims.[3]

### Lewis Tein has Requested the Corresponding Forms 1096

In its First Request for Production,[4] Lewis Tein requested all documents concerning the

---

[3] The purpose of discovery is of course "to require the disclosure of all relevant information so that the ultimate resolution of any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *U.S. v. Currency*, $19,010.00, No. 3:06-cv-112-j-20, 2008 WL 1744727 at *1 (M.D. Fla. Apr. 11, 2008) (citing *U.S. v. Proctor & Gamble Co.*, 365 U.S. 677, 682 (1958)).

[4] Lewis Tein has more broadly addressed the Tribe's refusal to comply with Lewis Tein's First and Second Requests for Production in its January 18, 2013 Motion to Compel. [D.E. 137]. Lewis Tein addresses the more discrete issue of Forms 1096 in this Motion.

Tribe's claim that Lewis Tein was paid "more than ten million dollars" in fees for fictitious or excessive work. Furthermore, the Tribe listed the Forms 1099 on its Rule 26 initial disclosures and produced them. The Forms 1096 are the counterpart to the Forms 1099, and therefore their disclosure is also required by Lewis Tein's request for all documents identified on the Tribe's Rule 26 disclosures. *See* Composite Exhibit B, Lewis Tein's First Request for Production and the Tribe's Exhibits thereto.[5]

There is reason to believe the Tribe is intentionally hiding these Forms 1096. IRS agent James Furnas testified last year before U.S. District Judge Alan Gold, and subject to cross-examination by Bernardo Roman III, that the Tribe was in "substantial *non*compliance" with IRS requirements of timely generating Forms 1099 – just like the Tribe never provided Lewis Tein with Forms 1099 until it did so during the course of this suit and its related suit in state court. *See* Exhibit C, Excerpts of Tr. of Hr'g at 53:8-13, Case No. 11-MC-23107 Gold (Feb. 24, 2012) ("There was substantial noncompliance, hundreds of 1099s that weren't filed . . .").

## Conclusion

It is time for the Tribe to produce or retract. Its nasty allegation that Lewis Tein failed to pay taxes is another instance of the Tribe advancing arguments that it knows are contradicted

---

[5] Request No. 15 seeks "All documents concerning Plaintiff's claim in Paragraph 43 of the Amended Complaint that Defendants were paid 'more than ten million dollars' in legal fees for legal work that was 'unsubstantiated, fictitious, exorbitant, excessive, and fabricated.'" The Tribe's objection is that "Without waiving any objections thereto, the Miccosukee Tribe is unable to respond to Request No. 15 because Paragraph 43 of the Second Amended Complaint does not state the quoted language in this request. Paragraph 43 of the Second Amended Complaint alleges a violation of Defendant Cypress of section 1956(a)(1)(A)(ii). The IRS file is currently in the control and possession of Defendant Cypress. However, in a pleading in case 10-CV-21332, D.E. No. 15 at 2, the Government stated: 'The IRS currently estimates that Cypress misappropriated approximately $3 million from the Morgan Stanley account and failed to report the same to the IRS as income.'" This is a frivolous argument. At the time Lewis Tein propounded the request, the Tribe had not yet filed its Second Amended Complaint. The fact that paragraph numbers are now different do not allow the Tribe to completely ignore basic discovery requests.

Request No. 30 seeks "Copies, and an opportunity to inspect and copy the originals, of all material identified or described in the Tribe's Rule 26 disclosures." The Tribe says, "Documents responsive to Request No. 30 are available at Black's Copy Service for inspection and photocopying." It has not made the Forms 1096 available however. If the answer is that the Forms 1096 do not exist, the Tribe should be required to say so.

by the facts and the evidence. Lewis Tein is entitled to disprove these false claims. Accordingly, Lewis Tein requests that the Court enter an order compelling the Tribe to produce the Forms 1096 that correspond to the Forms 1099 the Tribe has produced in discovery.

## **CERTIFICATE REGARDING GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel has attempted repeatedly to confer with counsel for the Tribe. Predecessor counsel for Lewis Tein inquired months ago without success. Current defense counsel emailed the Tribe's lawyers numerous times regarding whether the Tribe would simply disclose the Forms 1096. Counsel for Lewis Tein raised the issue again without success in person at a meet and confer. This issue cannot be resolved without the Court's intervention.

No other party has indicated that it opposes this motion.

Respectfully submitted,

CARLTON FIELDS, P.A.

100 S.E. Second Street, Suite 4200
Miami, Florida  33131


By:  /s/ Paul A. Calli
Paul A. Calli
Florida Bar No. 994121
Email: pcalli@carltonfields.com
cbussone@carltonfields.com
miaecf@cfdom.net
*Attorneys for Defendants Guy A. Lewis, Michael R. Tein and Lewis Tein PL*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on February 8th, 2013, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties in the manner

specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

            CARLTON FIELDS, P.A.

         By: <u>/s/ Paul A. Calli</u>
           Paul A. Calli
           Florida Bar No. 994121
           Email: pcalli@carltonfields.com
              cbussone@carltonfields.com
              miaecf@cfdom.net