**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

Case No. 12-CV-22439-COOKE/McAliley

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

 Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN
STANLEY SMITH BARNEY, JULIO
MARTINEZ; MIGUEL HERNANDEZ;
GUY LEWIS, ESQUIRE; MICHAEL
TEIN, ESQUIRE; AND LEWIS TEIN, PL,
A Professional Association,

 Defendants.
_____/

## MICCOSUKEE TRIBE OF INDIANS OF FLORIDA'S RESPONSE TO DEFENDANTS LEWIS TEIN'S MOTION TO COMPEL MICCOSUKEE TRIBE TO PRODUCE DOCUMENTS AS REQUIRED BY LEWIS TEIN'S FIRST AND SECOND REQUEST FOR PRODUCTION

COMES NOW the Plaintiff, the Miccosukee Tribe of Indians of Florida (hereinafter, "the Miccosukee Tribe"), by and through the undersigned counsel and hereby files this Response to Defendants Lewis Tein's Motion To Compel Miccosukee Tribe To Produce Documents As Required By Lewis Tein's First And Second Request For Production. In support thereof the Miccosukee Tribe states:

 1. On July 1, 2012 the Miccosukee Tribe filed its Complaint. D.E. No. 1.

 2. On July 30, 2012, the Miccosukee Tribe amended its Complaint as of right. D.E. No. 13.

3. On November 1, 2012, Defendants Lewis, Tein, and Lewis Tein (hereinafter, collectively referred to as "Defendants Lewis Tein") propounded upon the Miccosukee Tribe their First Set of Requests for Production to Plaintiff Miccosukee Tribe.

4. On November 6, 2012, Defendants Lewis Tein propounded upon the Miccosukee Tribe their Corrected Second Set of Requests for Production to Plaintiff Miccosukee Tribe.

5. On November 9, 2012, the Miccosukee Tribe filed its Second Amended Complaint. D.E. No. 75.

6. On December 21, 2012, the Miccosukee Tribe served upon Defendants Lewis Tein its Responses and Objections to Lewis Tein's First and Second Requests for Production to Plaintiff Miccosukee Tribe. The Miccosukee Tribe also filed its Notice of Serving Defendants Lewis Tein with Plaintiff's Responses and Objections to Defendants First and Second Requests for Production on said date. D.E. No. 106.

7. On January 18, 2013, Defendants Lewis Tein filed their Motion to Compel Miccosukee Tribe to Produce Documents as Required by Lewis Tein's First and Second Requests for Production (hereinafter, referred to as "Motion to Compel"). D.E. No. 137.

8. On Janaury 30, 2013, this Court issued an Order requiring the parties to meet and confer on or before February 8, 2013. D.E. No. 151

9. On February 5, 2013, the Miccosukee Tribe provided Defendants Lewis Tein with a privilege pursuant to this Court's Order.

10. On February 6, 2013, counsel for the Miccosukee Tribe conferred with counsel for Defendants Lewis Tein.

11.     On February 13, 2013, the Miccosukee Tribe served upon Defendants Lewis Tein with a Supplemental Responses and Objections to Defendants' First and Second Requests for Production.

12.     The Miccosukee Tribe respectfully requests this court to deny Defendants Lewis Tein's Motion to Compel and deny any award of attorney's fees and or sanctions because the Miccosukee Tribe's opposition to this Motion to Compel is substantially justified.

## MEMORANDUM OF LAW

### STANDARD

"If a party fails to answer a request for production, the discovering party may move for an order compelling a response." *Bank of Mongolia v. M & P Global Financial Services, Inc.*, 258 F. R. D 514, 519 (S.D. Fla. 2009). "Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court." *Id.* at 519.

### I.      ISSUES RESOLVED

There are several issues that were resolved during a meet and confer meeting and subsequent electronic communications between counsel for the plaintiff and defendants Lewis Tein. As a result, the Miccosukee Tribe will be producing on or before March 15, 2013, documents responsive to the following request numbers: 2, 4, 6, 8, 9, 10, 12 through 19, and 21 through 30. As discussed with counsel for Defendants Lewis Tein some of the documents will be produced in redacted form.

### II.     REDACTION

The Miccosukee Tribe, as a federally-recognized and federally-protected Indian Tribe, exercising powers of self-governance under a tribal constitution, is not an ordinary Plaintiff.  As a sovereign Indian government, there are many important considerations for the Miccosukee Tribe to take when disclosing documents during the process of discovery.  In order to expedite

3

the discovery process and move the case along, the Miccosukee Tribe will be producing documents responsive to almost all of Defendants Lewis Tein's requests, but the documents will be redacted to protect irrelevant information, sensitive information, confidential information, and information protected by the deliberative and legislative process privileges. Unilateral redaction of documents produced in discovery is an option courts allow "in the absence of some basis-beyond the opponent's litigation-driven general suspicions-to suspect that the redaction decisions were based on other than good faith." *Gates v. Rohm & Haas Co.*, No. 06-1743, 2007 WL 295416, at *1, n.1 (E. D. Penn. Jan. 25, 2007). More specifically, when the concerns raised are those of an individual's privacy, redaction is appropriate to conceal identifying information. *Jarzynka v. St. Thomas University*, No. 03-20652, 2004 WL 2980711, at * 2 (S. D. Fla. Dec. 17, 2004). The requesting party bears the costs of the file-by-file review and redaction of private matters. *Valente v. J.C. Penney Corp., Inc.*, 437 Fed. Appx. 858, 861 n.3 (11th Cir. 2011). Redaction has been considered a reasonable accommodation when a request is voluminous and requires intensive review. *See id.* Defendants Lewis Tein's First and Second Request for Production request over thirty (30) categories of documents and recordings. This is a document-intensive lawsuit and as such the Miccosukee Tribe's redactions will facilitate the commencement of the discovery process "without foreclosing subsequent discussions between the parties about specific redacted material."*Gates,* 2007 WL 295416, at *1 n. 1.

### III.  TIME FRAME OF 2004 THROUGH PRESENT IS OVERBROAD

The period of time specified in Defendants Lewis Tein's First and Second Requests for Production is overbroad. A time frame covering 2004 through the present is too broad in light of the nature of the Miccosukee Tribe's RICO claims in the Second Amended Complaint. When the complaint alleges a RICO violation based on closed ended continuity, a request outside of the closed ended period alleged in the complaint is overbroad and must be narrowed. *See Serin v.*

4

*Northern Leasing Syst., Inc.*, No. 06 Civ. 1625, 2010 WL 6501659 * 2 (S.D. N.Y. April 16, 2010) (stating that due to the nature of the RICO claim which alleged an open ended pattern of racketeering activity, a discovery request that extends into the present is not too broad.). Additionally, even if Defendants Lewis Tein argued (no such argument is made in their motion to compel) that they need to expand their requests into the present in order to provide context and to compare, a year before and one year after the closed ended time period alleged in the Second Amended Complaint is sufficient for that purpose. *See Weber v. Finker*, No. 07 Civ. 27-J-32MCR, 2008 WL 1771822 * 4 (M.D. Fla April 25, 2008) (holding that "requiring respondents to provide five years' worth of documents from Itera Group would be overly burdensome and would result in the production of much irrelevant information. … The Court believes Petitioner may gain sufficient context by obtaining documents one year prior to the alleged tranche payment and one year after."). Consequently, the time frame of Defendants Lewis Tein's First and Second Request for Production must be narrowed to extend to the end of 2010, which will provide sufficient information to compare and put the information in context.

IV.     **RELEVANCY**

The Miccosukee Tribe objected on the basis of relevancy, undue burden, and overbreadth to requests numbers 5, 7, and 11. Under Rule 26 of the Federal Rules of Civil Procedure, "the information sought must be relevant, not overly burdensome to the responding party, and tailored to the issues involved in the particular case." *Rosenbaum v. Becker & Poliakoff, P.A.*, 08 Civ. 81004, 2008 WL 623699, at *1 (S.D. Fla. Feb. 23, 2010). "Where the relevancy of a request is not readily apparent on its face, the burden falls on the moving party to establish relevancy." *Id; see also American Federation of State, County and Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F. R. D. 474, 477 (S.D. Fla. 2011). The scope of discovery while broad, is not without limits. *Washington v. Brown & Williamson Tobacco,* 959 F. 2d 1566, 1570 (11th Cir.1992). In

5

fact, the standard of relevancy is "not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivable become so." *Anderson v. City of Naples*, No. 10 Civ. 111, 2010 WL 4853916, at *1 (M.D. Fla. Nov. 22, 2010). District courts can limit discovery if the court determines that the discovery sought "is unreasonably cumulative or duplicative, obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs the likely benefit." *Panola Land Buyers, Ass'n v. Shuman,* 762 F. 2d 1550, 1558–59 (11th Cir.1985).

    A.    **Request Number 5**

Defendants Lewis Tein's request seeking "all documents concerning quarterly dividends or distributions to tribe members" is irrelevant to the claims and any defenses thereto because it is not reasonably calculated to lead to the discovery of admissible evidence and it is not tailored to the issues involved in this case. FED. R. CIV. P. 26(b). The relevance of the documents requested in request number 5 is not apparent on the face of the request. Pursuant to *Rosenbaum,* Defendants Lewis Tein have the burden of showing how request number 5 is relevant. Defendants Lewis Tein's Motion to Compel cites to sections I(C) and II(B), (D) and (E) in an attempt to meet this burden. However, they fail to do so. In section I(C) of Defendants Lewis Tein's Motion to Compel, Defendants Lewis Tein state that the reason why they seek information regarding distributions or dividends is because they are entitled to information regarding "the amount of loans, when they were approved, who approved them, who received them, whether installments were paid, **whether amounts due to the Tribe were deducted from the borrower's tribal distributions**, and whether it was public knowledge among Tribe members that they could obtain such loans." Lewis Tein's Motion to Compel Miccosukee Tribe

to Produce Documents as Required by Lewis Tein's First and Second Requests for Production, D.E. No. 137 at 7 (Emphasis added).

If the information that is relevant and necessary for Defendants Lewis Tein's defense is the narrow category of documents showing whether amounts due to the Tribe are deducted from the borrower's tribal distributions, a request seeking all documents concerning distributions to members will undoubtedly result in the production of an unnecessary amount (thousands) of documents that will reveal irrelevant information that is in turn the private financial information of tribal members.  For example, such a broad request will require the production of receipts of distributions per member for every time a distribution is provided, check registers, general ledgers, written correspondence from and with the Internal Revenue Service for each tribal member under examination, and bank statements of the Miccosukee Tribe among other documents.[1]  Such a request is irrelevant, overly burdensome and not tailored to the issues involved in this case. Additionally, it seeks cat out of the bag materials as tribal members and the Miccosukee Tribe are currently under an examination by the Internal Revenue Service, which is material that could be used to injure the Tribe and tribal members outside of the context of this case. *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 95 (Fla. 1995). The burden, including the need for confidentiality, of producing all of these documents, and more, in response to request number 5 outweighs the benefit of producing. *Serin*, 2010 WL 6501659 * 2 (stating that "under Federal Rule of Civil Procedure 26(b)(2), a court may limit disclosure if the 'burden'-including the need for confidentiality-of the proposed discovery outweighs its likely benefit.").

Additionally, Defendant Lewis Tein cites to section II(B) of its Motion to Compel to argue that the Miccosukee Tribe's responses and objections do not provide an explanation of why the requests are burdensome. On February 5, 2013, the Miccosukee Tribe furnished

---

[1] This list is not an exclusive list but just a few examples of what request number 5 seeks.

7

Defendants Lewis Tein with a privilege log, which was discussed during a meet and confer meeting on February 6, 2013. Subsequently, on February 13, 2013 the Miccosukee Tribe pursuant to this Court's Order of January 30, 2013, D.E. No. 151, and as part of the meet and confer process, provided Defendants Lewis Tein with Supplemental Responses to their First and Second Request for Production presenting specific reasons for each objection. The Miccosukee Tribe's Supplemental Responses are attached herein as Exhibit A. Thereafter, counsel for the Miccosukee Tribe and counsel for Defendants Lewis Tein exchanged electronic correspondence in order to continue to narrow the issues and resolve any unanswered questions that remained.

As noted in section II(E) of Defendants Lewis Tein's Motion to Compel, the Miccosukee Tribe objected to Request Number 5 on the basis of third privacy rights of tribal members because as explained above this request, as written, seeks documents regarding private financial records of individual tribal members. *See Wright v. SunTrust Bank*, No. 04 Civ. 2258, 2006 WL 2255231 * 3 (N.D. Ga. July 21, 2006)( denying a motion to compel the records because a request seeking the private financial records of third parties was unduly invasive and the amount of redaction necessary to protect the rights of the third parties would render the requested information meaningless.).

Consequently, request number 5 must be tailored and reworded to seek only documents that show or reflect deductions from distributions in relation to loans for legal fees. The Miccosukee Tribe has responded in its supplemental responses to Defendants Lewis Tein's First and Second Request for Production that it will produce on or before March 15, 2013 all documents regarding loans to tribal members for legal fees, which will include documents reflecting deductions from distributions for loans for legal fees. In the event this Court finds that some other documents are relevant and otherwise discoverable, the Miccosukee Tribe seeks a

8

protective order from this Court in order to guard the private financial records of individual tribal members as the disclosure of these records have the potential to cause injury to tribal members.

####    B.    Request Number 7

Defendants Lewis Tein's request seeking "[a]ll documents concerning disbursements to, or made on behalf of, individual Tribe members for any purpose other than quarterly distributions" is overbroad and burdensome. Furthermore it seeks documents that are irrelevant to the claims or defenses in this case and are not reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b). Because relevancy is not apparent on the face of this request, "the burden falls on the moving party to establish relevancy." *Rosenbaum,* 2008 WL 623699 * 1; *American Federation of State, County and Mun. Employees (AFSCME) Council 79,* 277 F. R. D. at 477. Although Defendants Lewis Tein cite to section I(C) of their Motion to Compel to support compulsion of the documents responsive to this request, section I(C) fails to establish relevancy. This request is but an attempt to "roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so." *Anderson v. City of Naples*, No. 10 Civ. 111, 2010 WL 4853916 * 1. There are thousands of documents regarding disbursements to each individual tribal member or on behalf of each tribal member for any purpose for the period of time sought by Defendants Lewis Tein. As a result and in addition to seeking irrelevant documents, this request is burdensome. As explained with regards to request number 5, if the documents Defendants Lewis Tein seek in request number 7 are loan related records for legal fees, those will be provided and are already sought in request number 5. If, however, Defendants Lewis Tein seek disbursements that are not loans, whether approved or fictitious, all of the arguments presented by the Miccosukee Tribe in this Response regarding request number 5 are applicable to request number 7.

## C. Request Number 11

"All documents concerning whether disbursements to individual tribe members should be characterized for tax purposes as income or loans to them," are irrelevant to the claims and defenses in this case and are not reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b). One of the issues in this case is whether loans for legal services to a group of tribal members were fictitious or approved loans. As explained with regards to request number 5 and 7, if the documents Defendants Lewis Tein seek in request number 11 are loan related records for legal fees, those will be provided and are already sought in requests number 5 and 7. If, however, Defendants Lewis Tein seek disbursements that are not loans, whether approved or fictitious, all of the arguments presented by the Miccosukee Tribe in this Response regarding request number 5 are applicable to request number 11.

## D. Irrelevant Matters Intertwined In Requested Documents

Additionally, the Miccosukee Tribe asserts the legislative/deliberative process privilege with regards to any request that seeks to obtain records, minutes, and recordings of council meetings because such records, minutes, and recordings will include sensitive information of individual tribal members, and their personal matters, matters related to their tax examination, as well as information regarding internal, domestic relations of the Miccosukee people, including, but not limited to, personal information relating to their children and the elders. For example, some of the topics routinely discussed during these meetings include: housing, recognitions of marriage; dissolutions of marriage; guardianships; health insurance information; religious teachings; requests for assistance from the elder and the infirm, and general issues affecting the Community. Ordinances, resolutions and tribal policy is enacted based on these discussions. It is

imperative that this information, which is private and completely unrelated to any issues in this case, be kept confidential.

### 1. Legislative/ Deliberative Process Privilege

As a sovereign government, the Miccosukee Tribe is entitled to protection from disclosure of its deliberative process materials. The legislative/deliberative process privilege was recognized by the United States Supreme Court in order to protect the mental processes of the executive branch of government. *United States v. Morgan*, 313 U.S. 409, 422, 61 S. Ct. 999 (1941). The privilege is also meant to protect *secret* discussions and documentary exchanges that occurred within the executive branch and between the executive and the legislative branch. *Gov't Suppliers Consol. Servs, Inc. v. Bayh*, 133 F. R. D. 531, 541 (S.D. Ind. 1990).

Application of the legislative/deliberative requires this Court to balance the interests of the government in preserving confidentiality of intra-governmental communications and the requesting party's need to obtain the discovery. *Jones v. City of College Park, Ga.*, 237 F. R. D. 517, 520 (N. D. Ga. 2006). The legislative/deliberative process privilege applies when communications are: (1) pre-decisional, i.e., prepared in order to assist the decision-maker; and (2) deliberative, i.e., it makes recommendations and expresses opinions on legal and policy matters. *Fla. House of Representatives v. U.S. Dep't of Commerce*, 961 F.2d 941, 945 (11th Cir. 1992).

There are five factors which courts consider when a party asserts the legislative/deliberative process privilege: (1) relevance; (2) availability of other evidence; (3) seriousness and issues involved in the litigation; (4) government's role in litigation; and (5) possibility of hindering frank discussions for fear of their secrets being violable. *Acorn v. County of Nassau*, No. 05 Civ. 2301, 2009 WL 2923435, at *2 (E. D. N.Y. Sept. 10, 2009). Of these

factors, the ones which generally weigh more heavily are the availability of other evidence and the seriousness of the litigation. *Id*.

In Defendants Lewis Tein's First Request for Production, request #2 and request #8 ask for records, documents and recordings of the Miccosukee Business Council Meetings and the Miccosukee General Council Meeting.  In their Second Request for Production, request #1 and #2 also ask for documents and recordings of the Business and General Council Meetings.  The Miccosukee Tribe asserts the legislative/deliberative process as to certain discussions which take place during the Business and General Council Meetings.

The Miccosukee Tribe's executive branch is the Miccosukee Business Council. The Miccosukee Business Council is composed of the Chairman, Vice-Chairman, Secretary, Treasurer, and Lawmaker. The Business Council is responsible for the daily administrative operation of the Miccosukee Tribe and carrying out the laws, policies and directives of the Miccosukee General Council. The Miccosukee Business Council holds monthly meetings at which legal and financial reports are presented by attorneys and the Miccosukee Tribe's Finance Department. Matters of the Miccosukee Tribe's law and policy are also discussed.

The Miccosukee Tribe's legislative branch is the Miccosukee General Council. The Miccosukee General Council is composed of all adult members of the Miccosukee Tribe 18 years of age or over. The Miccosukee General Council holds quarterly meetings at which the tribal members are informed of the Miccosukee Tribe's finances and legal issues, as well as personal matters of tribal members. The Miccosukee General Council is responsible for enacting the laws and policies that the Miccosukee Business Council must carry out.

While originally meant to protect only the executive government branch, the legislative/deliberative process has been broadened and it now protects discussions and

exchanges between the executive and legislative branch. *Gov't Suppliers Consol. Servs,* 133 F.R.D. at 541. Therefore, portions of the General Council Meetings are protected because members of the Business Council discuss and exchange ideas with the General Council as to the laws and policies of the Miccosukee Tribe. *See Vaughn v. Rosen*, 484 F. 2d 820 (D.C. Cir. 1973).

Due to the special nature of both the Business Council and General Council Meetings, there are a variety of topics of discussions which may arise that are not part of the deliberative or legislative process. In the recordings and minutes of the Business and General Council Meetings the deliberative materials are intertwined with the other topics discussed at these meetings. Because the purpose of the legislative/deliberative process privilege is to protect the governmental decision-making process,

> Even factual material contained in a 'deliberative' document may be withheld pursuant to the privilege where disclosure of the factual material is so inextricably intertwined with the deliberative material that meaningful segregation is not possible.

*Miccosukee Tribe of Indians of Fla. v. United States*, 516 F. 3d 1235, 1263 (11th Cir. 2008). The governmental processes of the Miccosukee Tribe are irrelevant to this case and forcing complete disclosure of these irrelevant governmental discussions would have a chilling effect on the Miccosukee Tribe's governmental discussions. *See Acorn,* , 2009 WL 2923435, at *2. Therefore, rather than claim the legislative/deliberative process privilege broadly and wholly avoid production, the Miccosukee Tribe has agreed to produce the documents and recordings of the Business and General Council Meetings on a redacted basis. Because the purpose of the Miccosukee Tribe is not to delay discovery, rather to move the case along, the matters which are deliberative in nature, therefore protected by the legislative/deliberative process privilege, have been redacted.

## V.    ATTORNEYS' FEES AND COSTS

Defendants Lewis Tein request attorneys' fees and costs as sanctions against the Miccosukee Tribe for filing the Motion to Compel. There is no basis for sanctions against the Miccosukee Tribe. Firstly, the Defendants' Requests for Production to the Plaintiff were served in November of 2012. The requests have only been pending for three months. The Miccosukee Tribe served objections on the Defendants, but also produced numerous documents. In addition, the Miccosukee Tribe produced a privilege log to the Defendants and there has been a Supplemental Response by the Miccosukee Tribe and multiple electronic correspondences exchanged with clarifications regarding objections and a narrowing of the issues. The Miccosukee Tribe has been cooperative in the discovery process and therefore no attorneys' fees or costs are merited. *See Oliver v. City of Orlando*, No. 06-cv1671-Orl-31DAB, 2007 WL 3232227 (M.D. Fla. Oct. 31, 2007) (Request for attorney's fees was denied by the court although production had been pending for five months and no documents had been exchanged.).

Secondly, an award of attorneys' fees and costs is not justified if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." *Waters Edge Living, LLC. V. RSUI Indemnity, Co.,* No. 06 Civ. 334, 2008 WL 1816418, at *7 (N.D. Fla. Apr. 22, 2008). In this case, the Motion to Compel was filed by Defendants Lewis Tein before attempting to meet and confer with the Miccosukee Tribe. It was not until after the Defendants filed the Motion to Compel that a meet and confer took place pursuant to this Court's Order. *See* D.E. No. 151. Therefore, an award of sanctions is not justified. *See id.*

Thirdly, an award of attorneys' fees and costs is not justified if "the opposing party's nondisclosure, response, or objection was substantially justified." *Waters Edge*, 2007 WL 1816148, at *7; *Anderson,* 2010 WL 4853916, at *4. In order for discovery conduct to be found

14

"substantially justified" there must be a genuine dispute or reasonable persons could differ as to the appropriateness of the contested action. *Bank of Mongolia,* 258 F. R. D. at 522. The Miccosukee Tribe has complied with the Defendants discovery requests to the extent possible and the objections have been substantiated. The Miccosukee Tribe requested an extension of time to respond to the Requests for Production and the responses were provided pursuant to the date set by this Court. Documents were produced and the objections to the requests have been thoroughly explained. The Miccosukee Tribe has engaged in constant communication with opposing counsel to attempt resolution of the issues. In *Bank of Magnolia*, a request for production was propounded on the defendants and no response was served at all. 258 F. R. D. at 516. Opposing counsel sent an e-mail and voice mail requesting information as to when a response could be expected. *Id.* The defendants failed to respond once again and the plaintiff then filed the motion to compel, to which no response was served. *Id.* In that case, the court found that an award of attorneys' fees and costs was warranted. *Id.* at 522. The Miccosukee Tribe's behavior is inapposite to that exhibited in *Bank of Magnolia* and does not warrant an award of fees and costs to Defendants.

Through the meet and confer, which was ordered by the Court, the issues within the Motion to Compel have been greatly narrowed and the Miccosukee Tribe has agreed to produce most of the documents requested with some redaction. The Miccosukee Tribe has requested from the Defendants to allow production of the documents on March 15, 2013, in order to allow sufficient time to compile, bate stamp, and redact the necessary documents. The Miccosukee Tribe has been responsive and cooperative and Defendants Lewis Tein have asserted no valid basis for an award of sanctions in the form of attorneys' fees and costs for the filing of the Motion to Compel.

## CONCLUSION

For the reasons described above, the MICCOSUKEE TRIBE respectfully requests that Defendant Lewis Tein's Motion to Compel be DENIED in its entirety.

Respectfully submitted this 18th day of February, 2013.

/s/Bernardo Roman III
Bernardo Roman III, Esquire
Fla. Bar No. 0002739
Tribal Attorney, Miccosukee Tribe of
Indians of Florida
P.O. Box 440021, Tamiami Station
Miami, Florida 33144
Tel: (305) 894-5214
Fax: (305) 894-5212
E-mail: bromanlaw@bellsouth.net

Yinet Pino, Esquire
Fla. Bar No. 085272
Yesenia Rey, Esquire
Fla. Bar No. 89577
Attorney for the Miccosukee Tribe of
Indians of Florida
1250 SW 27th Avenue, Suite 506
Miami, Florida 33135
Telephone: (305) 643-7993
Facsimile: (305) 643-7995
E-mail: yinet@bromanlaw.com
E-mail: yesenia@bromanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

/s/Bernardo Roman III
Bernardo Roman III, Esq.

## SERVICE LIST

*Miccosukee Tribe of Indians of Florida v. Cypress*
Case No. 12-22439-COOKE/McAliley
United States District Court for the Southern District of Florida

**Jeffrey M. Cohen, Esquire**
**Marissel Descalzo, Esquire**
**Paul A. Calli, Esquire**
**Charles Short, Esquire**
Carlton Fields, P.A.
100 S.E. 2nd Street, Suite 4000
Miami, FL 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
E-mail: jmcohen@carltonfields.com
E-mail: mdescalzo@carltonfields.com
E-mail: pcalli@carltonfields.com
E-mail: cshort@carltonfields.com
E-mail: pwatson@carltonfields.com
E-mail: miaecf@cfdom.net
*Counsel for Defendants Guy Lewis, Esquire,Michael Tein, Esquire, and Lewis Tein, PL*

**Manuel A. Avila, Esquire**
Manuel A. Avila, Esq.
& Associates, P.A.,
11120 N. Kendall Drive
Suite 200
Miami, Florida 33176
Telephone: (305) 249-1111
Facsimile: (305) 647-0686
E-mail: mavila@avilalegal.com
*Counsel for Defendant Julio Martinez*

**Scott Alan Lazar, Esquire**
Koltun & Lazar
7901 SW 67th Ave.
Suite 100
Miami, FL 33143
Telephone: (305)-595-6791
Facsimile: (305)-595-5400
E-mail: scott@koltunlazar.com
*Counsel for Defendant Miguel Hernandez*

**Bruce S. Rogow, Esquire**
**Tara A. Campion, Esquire**
Bruce S. Rogow, P.A.
500 E. Broward Blvd., Ste. 1930
Fort Lauderdale, FL 33394
Telephone: 954-767-8909
Facsimile: 954-767-1530
E-mail: brogow@rogowlaw.com
E-mail: tcampion@rogolaw.com
*Counsel for Defendant Morgan Stanley*

**Bryan T. West, Esquire**
Tew Cardenas LLP
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Telephone: (305) 536-1112
Facsimile: (305) 536-1116
E-mail: btw@tewlaw.com
*Counsel for Defendant Dexter W. Lehtinen, Esquire*

**Robert O. Saunooke, Esq.**
Saunooke Law Firm, P.A
18620 SW 39th Court
Miramar, FL 33029
Tel: (561) 302-5297
Fax: (954) 499-0598
ndnlawyer@hotmail.com
*Counsel for Defendant Billy Cypress*

**Steven M. Goldsmith, Esq.**
STEVEN M. GOLDSMITH, P.A.
*Co-Counsel for Billy Cypress*
5355 Town Center Road, Suite 801
Boca Raton, FL 33486
Tel: (561) 391-4900
Fax: (561) 391-6973
E-mail:
*steve.goldsmith@sgoldsmithlaw.com*
*Counsel for Defendant Billy Cypress*

18