UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12–22439-CIV-COOKE/MCALILEY

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,

Plaintiff,

v.

BILLY CYPRESS, *et al.*,

Defendants.
_______________________________________/

**ORDER FOLLOWING DISCOVERY CONFERENCE**

Pending before the Court are the following motions: Defendants Guy Lewis, Michael Tein and, Lewis Tein, PL's ("Lewis Tein") Motion to Compel [DE 137], Lewis Tein's Motion for Oral Argument on Motion to Compel [DE 142], Defendant Dexter Lehtinen's Motion to Compel [DE 152], Lewis Tein's Motion to Compel Miccosukee Tribe to Produce IRS Forms 1096 [DE 153], Plaintiff's Motion for Leave to File Supplement to Plaintiff's Response to Lewis Tein's Motion to Compel [DE 168], and Plaintiff's Motion for Leave to Re-File Motion for Protective Order Regarding Deposition of Designee [DE 170], and Plaintiff's Motion for Protective Order [DE 170-1]. After the Defendants filed their motions to compel, I issued orders directing the parties to confer and work toward a resolution of their many disputes. To their credit, they did reach agreement on a number of matters, thereby narrowing the issues raised by the motions.

On March 7th, I held a discovery conference on these motions and heard argument from the parties. At my direction, shortly before that conference the parties filed joint notices that identified the remaining disputes. [DE 169, *Lehtinen motion*; DE 172, *Lewis Tein motion*].

One central issue was the Plaintiff's assertion of the deliberative process privilege, as an objection to producing portions of minutes, recordings or other documentation of the meetings of the Plaintiff's Business Council and General Council. Both Defendants Lehtinen and Lewis Tein had requested these records in a number of their document requests. Before Plaintiff filed its response to the motions to compel, I reminded Plaintiff of its obligation to fully meet its burden to establish its claims of privilege, and advised that I expected it to do so in its response to the motions to compel. [*See* DE 151, 154].

Plaintiff failed to carry this burden. Instead, Plaintiff made conclusory assertions that some of the communications at these Council meetings are protected by this privilege, without identifying the particular communications or providing any evidence to support its claim. In particular, Plaintiff did not provide any declarations from persons with knowledge who might have been able to establish the various elements of the deliberative process privilege - an essential starting point to meeting its burden of proof.[1] Accordingly, for the reasons set forth more fully at the discovery conference, I found that Plaintiff failed to carry its burden of proving its claims of privilege and I thus overruled these objections.

---

[1] *See Moye, O'Brien, O'Rourke, Hogan & Pickert v. Nat'l Railroad Passenger Corp.*, 376 F.3d 1270, 1277 (11th Cir. 2004), for a review of the purpose and elements of this privilege.

I also ordered that Plaintiff not redact, from any of the documents or recordings that it will produce, information it deems irrelevant, confidential or sensitive in nature; in so doing I overruled the objections Plaintiff relied upon for wanting to do so. To address Plaintiff's concerns about the confidential nature of some of what it will produce, I ordered the parties to prepare and file a joint proposed confidentiality order for my signature.

Other issues specific to each motion were discussed at the discovery conference, some of which I reference below.

For these reasons, as well as those stated in open court, which are incorporated in this Order, the Court enters the following ORDERS:

**Defendant Lehtinen's Motion**

1. Among other things, Defendant Lehtinen seeks to compel documents concerning legal services or advice about tax matters, that may bear upon the claims for breach of fiduciary duty and fraudulent misrepresentation alleged in Counts IX and X of the Second Amended Complaint. [DE 75, pp. 300-08]. As for the claim for fraudulent misrepresentation in Count X, at the discovery conference Plaintiff's counsel clarified that the only fraudulent misrepresentation alleged is the purported false statement that a reserve account had been established for the Tribe, with money set aside to satisfy its possible tax liability.[2] As such, to the extent Defendant Lehtinen seeks any documents concerning advice

[2] Plaintiff's counsel further clarified that paragraph 464 of the Second Amended Complaint should not be read to allege that Defendants Lehtinen or Cypress made any fraudulent misrepresentation regarding income tax withholding requirements.

or legal services on tax matters, Plaintiff's production shall be limited to those documents that concern the existence or not of a reserve account established for the purpose of satisfying tax liability. This limitation substantially narrows a number of Lehtinen's document requests and applies to those document requests listed below, for which the motion to compel is granted in part. In all other regards, I overruled the Plaintiff's objections. Accordingly, Defendant Lehtinen's Motion to Compel [DE 152], is **GRANTED in part** as follows:

As for Request for Production (RFP) No. 53, the motion is granted in part.

As for RFP No. 59, the motion is granted.

As for RFP No. 60, the motion is granted.

As for RFP No. 61, the motion is granted.

As for RFP No. 62, the motion is granted.

As for RFP No. 67, the motion is granted, consistent with the parties' agreement documented in their joint notice, at DE 169.

As for RFP No. 70, the motion is granted in part.

As for RFP No. 71, the motion is granted in part.

As for RFP No. 72, the motion is denied.

As for RFP No. 73, the motion is denied.

As for RFP No. 75, the motion is granted in part.

As for RFP No. 76, the motion is denied.

As for RFP No. 78, the motion granted in part. Plaintiff shall produce any and all

retainer agreements for any attorney or law firm whom Plaintiff hired for the purpose of receiving tax advice, between April 1, 1992 and the present.

As for RFP No. 85, the motion is granted in part. Plaintiff shall produce all correspondence between it and the IRS for the time period of January 1, 1992 through May 2010 that either relates to the allegations in ¶ 458 of the Second Amended Complaint, or the existence of a reserve account with funds set aside to satisfy a possible tax liability.

As for RFP No. 88, the motion is granted, consistent with the parties' agreement documented in their joint notice, at DE 169.

**<u>Defendants Lewis Tein's Motions</u>**:

1. Lewis Tein's Motion to Compel Miccosukee Tribe to Produce IRS Forms 1096 [DE 153], is **GRANTED**. Plaintiff shall produce IRS Forms 1096, or their equivalent, whether in electronic form or otherwise, with all 1099s or other attachments that concern Defendants Guy Lewis, Michael Tein, and Lewis Tein, PL. To the extent the IRS Forms 1096, or their equivalent, contain 1099s or other information regarding other individuals or entities, Plaintiff may redact the same.

2. Having overruled Plaintiff's objections on the basis of deliberative process privilege, Lewis Tein's Motion to Compel [DE 137],[3] is **GRANTED in part** as follows:

---

[3] In their Joint Notice, Plaintiff and Lewis Tein advised that they have a dispute as to the time frame for production of responsive documents; while both parties agree that document production should begin in 2004, Plaintiff contends it should end on December 31, 2010, while Defendant maintains it should continue through to the present. [DE 172, p. 2]. It appears that we neglected to specifically discuss this matter at the discovery conference. Counsel should discuss this in light of the rulings set out in this Order, and attempt to reach agreement. If unsuccessful, they can

First Request for Production

As for RFP No. 2, the motion is granted.

As for RFP No. 5, the motion is granted in part. Plaintiff shall produce all documents concerning quarterly dividends or distributions to Tribe members to whom the Tribe loaned or otherwise advanced money to be used for legal services or representation.

As for RFP No. 7, the motion is granted in part. Plaintiff shall produce all documents concerning disbursements to, or made on behalf of, individual Tribe members for legal services or representation.

As for RFP No. 8, the motion is granted.

As for RFP No. 11, the motion is denied without prejudice.

Second Request for Production

As for RFP No. 1, the motion is granted.

As for RFP No. 2, the motion is granted.

As for RFP No. 3, the motion is granted in part. Plaintiff shall produce any document that concerns loans or monies advanced by the Tribe, with the promise of repayment, to Jimmy Bert, Tammy Gwen Billie or Louise Bert for legal fees, from 1999 to the present.

3. Lewis Tein's Motion for Oral Argument on Motion to Compel [DE 142], is **GRANTED.**

---

file a notice advising the Court that the matter is still in dispute, with a brief statement of their respective positions.

**Plaintiff's Motions**:

1. Plaintiff's Motion for Leave to Re-File Motion for Protective Order Regarding Deposition of Designee [DE 170], is **GRANTED**. Plaintiff's Motion for Protective Order Regarding Deposition of Designee [DE 170-1], is **DENIED**.

2. Plaintiff's Motion for Leave to File Supplement to Plaintiff's Response to Lewis Tein's Motion to Compel [DE 168], is **GRANTED**.

**Deadlines for production**:

1. **Beginning March 11th**, Plaintiff shall make a rolling production of all documents and recordings.

2. Plaintiff shall produce all documents **by noon on March 15th.**

3. Plaintiff shall produce all audio tapes, CDs and recordings **by April 1st.**

**Protective order**:

The parties shall file a joint proposed protective order, that sets forth procedures for the handling of confidential discovery, **no later than March 12th**. Until the Court enters a protective order in this matter, the following protective order applies:

**Any and all documents and other materials produced by Plaintiff shall be for attorney's and named parties' eyes only and shall not be used for any purpose other than this litigation.**

DONE AND ORDERED in chambers in Miami, Florida this 8th day of March, 2013.

Chris McAliley

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Marcia G. Cooke
Counsel of record