UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 1:12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

    Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN STANLEY
SMITH BARNEY; JULIO MARTINEZ;
MIGUEL HERNANDEZ; GUY LEWIS,
ESQUIRE; MICHAEL TEIN, ESQUIRE; and
LEWIS TEIN, PL, a professional association,

    Defendants.
_____/

## LEWIS TEIN'S MOTION TO COMPEL TRIBE'S RULE 30(B)(6) DESIGNEE TO ANSWER QUESTIONS

Guy Lewis, Michael Tein, and Lewis Tein, PL ("Lewis Tein") pursuant to Fed. R. Civ. P. 37(a) and Local Rules 7.1 and 26.1(h)(2), move for an order compelling the Miccosukee Tribe's Rule 30(b)(6) designee to answer questions at deposition, and awarding Lewis Tein fees and costs in pursuing this motion. Despite the Court's Order denying the Tribe's (twice-filed) motion for protective order, the Tribe's designee Chairman Colley Billie – and the Tribe's lawyers – obstructed the progress of the deposition.

The Tribe and its designee obstructed the deposition in three ways: (1) by engaging in improper assertions of the Fifth Amendment privilege against self-incrimination, the attorney-client privilege, and the deliberative process privilege; (2) by improperly refusing to answer some questions at all; and (3) by failing to be prepared to answer questions regarding some of

the areas of inquiry identified on Lewis Tein's Notice of Deposition of the Tribe's 30(b)(6) designee.[1]

## Magistrate Judge McAliley Made it Clear How Parties Must Comply with Rule 30(b)(6); The Tribe Ignored its Obligations Under the Rule

Judge McAliley has already emphasized the importance of reading her orders and has cautioned the Tribe's lawyers to read them. Judge McAliley explained at the March 7 discovery hearing, "I do want to make clear that I expect counsel to follow court orders. Mr. Roman, I have the impression that you haven't read some of my orders. Page limits. Discovery . . . I get the impression that you are not reading what I have said because you have done things contrary to what I have said procedurally." *See* Exhibit A, Excerpts of Discovery Hearing Tr. at 137:24-138:7.

It is evident that the Tribe's lawyers have not carefully read Judge McAliley's first order denying the Tribe's Motion for Protective Order regarding the deposition of its Rule 30(b)(6) Designee. [D.E. 164]. That Order cites *Balu v. Costa Crociere S.P.A.*, Case No. 11-60031, 2011 WL 3359681 (S.D. Fla. Aug. 3, 2011) and *New World Network, LTD. V. M/V Norwegian Sea,* Case No. 05-22916, 2007 WL 1068124 (S.D. Fla. April 6, 2007). These cases lay out the ground rules for Rule 30(b)(6) depositions. Upon receipt of the Rule 30(b)(6), the Tribe had the duty to "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and prepare those persons in order that they answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *Balu*, 2011 WL 3359681 at *3. A party cannot instruct a

---

[1] Lewis Tein is scheduled to continue the deposition of the Tribe through its 30(b)(6) designee on Wednesday March 27, 2013 by prior agreement. Due to the matters raised in this motion, however, Lewis Tein has informed the Tribe and the other parties that it intends to hold the continued deposition in abeyance and not proceed on March 27, 2013 pending resolution of these issues by the Court.

witness not to answer purportedly irrelevant questions; "A corporate representative must answer any question posed at the deposition, whether deemed irrelevant or not." *New World Network*, 2007 WL 1068124 at *4.

The Tribe did not produce an appropriate Rule 30(b)(6) designee for deposition. Its designee, Chairman Colley Billie, was not prepared to testify about topics identified in Lewis Tein's Notice, attached as Exhibit B to this motion. The Tribe also engaged in other obstructive conduct.

### At the Rule 30(b)(6) Deposition, the Tribe Made Numerous Improper Privilege Assertions

The Tribe's improper and invalid privilege assertions fell into three categories: (1) improper assertions of the Fifth Amendment privilege against self-incrimination, (2) improper assertions of the attorney-client privilege, and (3) improper assertions of the deliberative process privilege.

The Tribe's designee, Chairman Colley Billie, improperly asserted the Fifth Amendment privilege against self-incrimination in response to questions regarding the status of the Tribe's IRS matters, (and therefore how the Tribe could allege Lewis Tein damaged the Tribe in handling IRS matters). *See* Exhibit C, Tr. of Deposition of the Tribe by its Designee Chairman Colley Billie at 41:12-44:14. This assertion was improper because, as discussed during the deposition, entities do not have a Fifth Amendment privilege; only natural persons do. *See e.g. Braswell v. United States*, 487 U.S. 99, 102-03 (1988). Furthermore, the Tribe has injected these matters into its lawsuit, pleading its IRS issues in three different complaints filed in this matter. Any putative privilege (which does not exist anyway) was waived.

The Tribe also wrongly asserted the attorney-client privilege regarding The Tribe's firing of its staff accountant Jodi Rae Goldenberg (whom the Tribe had employed for more than twenty

3

years) on the eve of her deposition in the Tribe's related state court suit against Lewis Tein. In this case, the Tribe identified Ms. Goldenberg as a witness in its Rule 26 initial disclosures. Ms. Goldenberg's testimony disproved the Tribe's accusations of 'fake loans.' Exhibit D, Excerpts of Deposition Tr. of Jodi Rae Goldenberg at 118:5-11. She testified that she thought the Tribe fired her because she was going to testify truthfully. *Id.* at 9:20-23; *see also id.* at 8:17-24 ("One [reason for firing] being that I know the truth in some of these cases that are going on and I think that what I'm going to say is contrary to what the Tribe's attorney wanted me to say . . .").

When Chairman Billie was asked questions at deposition about the Tribe's firing of Ms. Goldenberg, the Tribe's lawyers instructed him not to answer on the grounds of the attorney/client privilege. Exhibit C at 131-39. These assertions were patently overbroad – the privilege does not apply to the Tribe's reasons for firing Ms. Goldenberg and does not apply to non-confidential communications. The Tribe even refused to allow Chairman Billie to identify the persons present (such as, any attorneys) during the allegedly privileged conversations or communications. The Tribe's failure to do so makes it impossible to have a good faith discussion regarding the validity of the related assertions and makes The Tribe's position that much more frivolous.

Finally, the Tribe also asserted the deliberative process privilege in response to questions regarding the Tribe's reasons for firing Ms. Goldenberg. Magistrate Judge McAliley has already rejected the Tribe's assertions of the deliberative process privilege.

### **The Tribe's Lawyers Improperly Instructed the Tribe's Designee Not to Answer Certain Questions**

The Tribe also instructed the witness not to answer questions regarding Topic B on the Rule 30(b)(6) notice (relating to withholding) and questions related to Chairman Billie's knowledge of the allegations brought in the Tribe's state court case (and which overlap with the

allegations here). Exhibit C at 13-14. The Tribe did not assert any privilege, but rather simply directed Chairman Billie not to answer. There was no legal basis for this direction. *See Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999) ("[C]ounsel should instruct a witness not to answer *only* to preserve a privilege or move for a protective order in the absence of an existing order limiting the scope of the deposition.") (emphasis added) and *New World Network*, 2007 WL 1068124 at *4; *compare* Exhibit C at 14:19-20 ("MR. ROMAN: Objection. Not relevant. I'm instructing the witness not to answer that question.").

**The Tribe's Rule 30(b)(6) Designee Failed to Testify Regarding Identified Areas of Inquiry**

The Tribe had the duty to prepare its designee – Chairman Colley Billie – to testify knowledgably regarding the areas of inquiry identified in the Rule 30(b)(6) notice. Despite designating Billie at least four months prior to the deposition, it did not prepare him as required.

When asked questions regarding Topic E(1) (alleged kickbacks from Lewis Tein to Chairman Cypress), the Chairman Billie responded, "That I don't have," claiming it was written on a piece of paper which he had reviewed the weekend prior to the deposition. Exhibit C at 68, 98-99. Chairman Billie said that the piece of paper was in the Tribe's administration offices -- located in the same building in which the deposition was being conducted – but would not retrieve the document, claiming it would take too long to do so. *Id.* at 98-99.

Billie was also not prepared to testify about Topic C (amounts paid to other firms for representation in tax matters since January 2010), the Tribe's designee responded, "I would have to get back to you on that" and testified that he had not prepared to answer that question. *Id.* at 34:5-11. The Tribe did not comply with what Rule 30(b)(6) requires.

5

## **CONCLUSION**

The Tribe obstructed the deposition of its Rule 30(b)(6) designee, Chairman Colley Billie. Lewis Tein requests that Chairman Billie be compelled to answer questions regarding the matters identified in this motion. Lewis Tein should be awarded the fees and costs incurred in seeking this relief.

## **CERTIFICATE REGARDING GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel has attempted to confer with counsel for the Tribe regarding this motion. First, the undersigned sought to resolve these issues with the Tribe's lawyers during the deposition itself. The Tribe persisted in obstructing the progress of the deposition. Later, the undersigned sent the Tribe a detailed email describing Lewis Tein's legal positions on these matters, and invited the Tribe's counsel to speak telephonically regarding the issues underlying this motion. The Tribe did not respond further. It is apparent the Tribe opposes this motion.

No other party has indicated that it opposes this motion.

Respectfully submitted,

CARLTON FIELDS, P.A.

100 S.E. Second Street, Suite 4200
Miami, Florida 33131

By: /s/ Paul A. Calli
Paul A. Calli
Florida Bar No. 994121
Email: pcalli@carltonfields.com
cbussone@carltonfields.com
miaecf@cfdom.net
*Attorneys for Defendants Guy A. Lewis, Michael R. Tein and Lewis Tein PL*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on March 25, 2013, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                CARLTON FIELDS, P.A.

            By: /s/ Paul A. Calli
                  Paul A. Calli
                  Florida Bar No. 994121
                  Email: pcalli@carltonfields.com
                          cbussone@carltonfields.com
                          miaecf@cfdom.net

CARLTON FIELDS, P.A.
Suite 4200 - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050