IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 12-CV-22439-COOKE/McAliley

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

    Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN
STANLEY SMITH BARNEY, JULIO
MARTINEZ; MIGUEL HERNANDEZ;
GUY LEWIS, ESQUIRE; MICHAEL
TEIN, ESQUIRE; AND LEWIS TEIN, PL,
A Professional Association,

    Defendants.
_____/

## MICCOSUKEE TRIBE OF INDIANS OF FLORIDA'S RESPONSE IN OPPOSITION TO DEFENDANT LEWIS TEIN'S MOTION TO COMPEL TRIBE'S RULE 30(B)(6) DESIGNEE TO ANSWER QUESTIONS

COMES NOW Plaintiff, the Miccosukee Tribe of Indians of Florida (hereinafter, "the Miccosukee Tribe"), by and through the undersigned, and files this Response in Opposition to Defendant Lewis Tein's Motion to Compel Tribe's Rule 30(b)(6) Designee to Answer Questions and in support states:

1. The deposition of the Miccosukee Tribe's Rule 30(b)(6) Designee, Chairman Colley Billie, by Defendant Lewis Tein was taken on March 18, 2013.

2. Due to Chairman Billie's previously scheduled doctor's appointment, the deposition of the Miccosukee Tribe's Rule 30(b)(6) Designee was not concluded and the continuation was mutually scheduled for March 27, 2013.

1

3. On Monday, March 25, 2013, Defendant Lewis Tein unilaterally cancelled the continuation of the deposition of the Miccosukee Tribe's Rule 30(b)(6) Designee.

4. On March 25, 2013, Defendant Lewis Tein filed a Motion to Compel Tribe's Rule 30(b)(6) Designee to Answer Questions (D.E. No. 187).

5. The Miccosukee Tribe files this Response in Opposition to Defendant Lewis Tein's Motion to Compel Tribe's Rule 30(b)(6) Designee to Answer Questions pursuant to this Court's Order of March 25, 2013 (D.E. No. 187).

## MEMORANDUM OF LAW

### I. DEFENDANT LEWIS TEIN'S MOTION TO COMPEL AND COURT INTERVENTION ARE PREMATURE

Defendant Lewis Tein's deposition of Chairman Colley Billie as the Miccosukee Tribe's Rule 30(b)(6) designee is an extrajudicial procedure. As a matter of course and procedure, the Court should not get involved in this extrajudicial proceeding unless there is "a compelling and sufficient demonstration that the procedures specified in the Rule have not been or cannot be followed." *AIG Centennial Ins. Co. v. O'Neill*, No. 09 Civ. 60551, 2010 WL 4363176, *12 (S.D. Fla. Oct. 22, 2010). Defendant Lewis Tein have failed to show the requisite good cause for the present motion to compel.

### a. Defendant Lewis Tein Failed to Follow the Meet and Confer Requirement

Defendant Lewis Tein failed to adequately meet and confer pursuant to Local Rule 7.1(a)(3). Defendant Lewis Tein's effort to meet and confer consisted of a single electronic communication sent at 2:30 p.m. on Thursday, March 21, 2013, which included a list of topics to discuss. The issues were numerous and required research and legal support. Defendant Lewis Tein arbitrarily set a time limit of 5:00 p.m. on Friday, March 22, 2013, to discuss the matters at issue in their Motion to Compel, and stated that if the undersigned could not confer by that time

the Motion to Compel would be filed. Counsel for Defendant Lewis Tein has a practice of sending multiple emails about any issue, yet on these very important issues they sent only one email. Without any follow-up correspondence, Defendant Lewis Tein unnecessarily filed their Motion to Compel on Monday, March 25, 2013. The Miccosukee Tribe was not provided sufficient time to review the 187 page transcript of the deposition of the Miccosukee Tribe's Rule 30(b)(6) designee and specifically address each point, which Defendant Lewis Tein mentioned in their electronic correspondence. A meet and confer requires the parties to "engage in a meaningful give-and-take with opposing counsel," which did not take place in this case. *See Campero USA Corp. v. ADS Foodservice, LLC*, No. 12-20571-C1V, --- F. Supp. 2d ---, 2012 WL 6838937, *7 (S.D.Fla. Dec. 13, 2012). The parties should be able to ask questions and receive responses. *Id.* This process should be repeated until the parties narrow the issues.  The Court should be briefed only if the procedures of the Rule have not been or cannot be followed.

Additionally, the Miccosukee Tribe is withdrawing the attorney-client privilege and deliberative process privilege objections, which were made during the deposition. These objections were going to be withdrawn in an electronic communication responsive to Defendant Lewis Tein's meet and confer attempt, but their Motion to Compel was filed before the Miccosukee Tribe was given the opportunity to adequately respond.

   b.  **The Deposition of the Tribe's Designee Was Not Completed and the Tribe Has Not Failed to Meet Their Burden Under Rule 30(b)(6)**

Defendant Lewis Tein would have suffered no prejudice in waiting to file their Motion to Compel because the deposition has not been concluded, and some of the areas that are addressed in the Motion to Compel would have been clarified during the continuation of the deposition.  In fact, the continuation of the deposition was going to take place two days from the date on which the Motion to Compel was filed.  The two day wait would not have resulted in any prejudice and

3

would have avoided the time and expense of this Motion to Compel as well as the unnecessary intervention of the Court.

Defendant Lewis Tein alleges that Chairman Colley Billie, as designee for the Miccosukee Tribe, was not prepared to answer questions on the stated areas of inquiry and that the Miccosukee Tribe failed to comply with what Rule 30(b)(6) requires. "Deponents under Rule 30(b)(6) must be prepared and knowledgeable, but they need not be subjected to a 'memory contest.'" *Alexander v. FBI*, 186 F.R.D. 137, 143 (D.D.C. 1998) (citing *Zappia Middle East Construction Co. v. Emirate of Abu Dhabi,* No. 94–CIV–1942, 1995 WL 686715 (S.D.N.Y. Nov. 17, 1995)). Defendant Lewis Tein asked the following questions during the deposition of the Miccosukee Tribe's Designee:

> Q. How much has the Tribe paid to Mr. Roman's law firm or any law firm or accountant for representation on tax matters since January 1st of 2010? (Dep. Tr. 34:5-7)
> Q. Do you know how much the Tribe has paid Mr. Roman or his firm for representation on tax matters? (Dep. Tr. 35:10-11)
> Q. Do you have an understanding or an estimate of that? (Dep. Tr. 35:13-14)
> Q. Do you even know which specific invoices or entries or clients form the basis for the Tribe's accusation that Lewis Tein's invoices were not proper? (Dep. Tr. 89:22-25)
> Q. How much have you paid them for these lawsuits? Is that part of -- That's a fair question. Have you --have you hit the $2 million threshold in these lawsuits yet? (Dep. Tr. 94:15-18)

The Miccosukee Tribe's Designee responded to all of these questions "I would have to get back to you." The nature of these questions required very specific technical responses. Instead of venturing to provide an answer which he could not specifically recall, the Designee offered to obtain the precise answer, which would have been communicated at the continuation of the deposition. Additionally, although the Designee testified that he had not been prepared to answer some of those questions, this does not mean that the Miccosukee Tribe did not meet the

4

requirements of Rule 30(b)(6). This response simply meant that the Designee did not have the specific answer to respond to the question in the way in which it was framed.

Rule 30(b)(6) does not require absolute perfection of the witness. *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 691 (S.D. Fla. 2012). The fact that the Miccosukee Tribe's designee could not answer every single question on a certain topic does not mean that it failed to comply with its obligation. *See id.* Defendant Lewis Tein specifically refers to a document, which the Miccosukee Tribe's designee reviewed in preparation for the deposition, relating to the kickback scheme alleged in the Second Amended Complaint. In the Motion to Compel, Defendant Lewis Tein alleges that the Miccosukee Tribe's designee refused to retrieve the document to refer to it during the deposition. (D.E. No. 185 at 5). Firstly, the deposition of the Miccosukee Tribe's designee was not a deposition duces tecum and the designee had no obligation to present the document. Secondly, the Miccosukee Tribe's designee did not refuse to provide the document, but instead informed Defendant Lewis Tein that it would take too much time to find the document. Considering that the deposition was set from 9 am to 3 pm but started at 9:30 am with a 45 minutes lunch break, it was reasonable to move the deposition along rather than stop in order to retrieve the document. Once again, the document in question would have been made available upon continuation of the deposition, which was scheduled to take place a little over a week after the initial deposition. Any further delay in Defendant Lewis Tein's ability to obtain answers to the above stated questions or the aforementioned document was occasioned by their failure to adequately meet and confer and their unilateral cancellation of the continuation of the deposition.

Defendant Lewis Tein had ample time to file this motion to compel without curtailing the time to allow completion of the deposition of the tribe's designee. Defendant Lewis Tein has 30

days within which to move to compel and only seven days had elapsed since the date of the deposition. *See* S.D. Fla. Loc. R. 26.1(h)(1). Defendant Lewis Tein would have suffered no harm from allowing more time to meaningfully confer with the Miccosukee Tribe. Most of the issues raised would have been resolved by the parties without Court intervention and Defendant Lewis Tein would have had ample time to seek relief for any remaining unresolved issues. At this point in time, the Parties have the ability and opportunity to follow the procedures as established by the rules without the need for Court intervention. *See AIG Centennial Ins. Co.*, 2010 WL 4363176, *12. Consequently, Defendant Lewis Tein has failed to meet the requisite good cause required for court intervention.

## II.     QUESTIONS REGARDING LEGAL TAX ADVICE AND WITHHOLDING ARE IRRELEVANT TO THE PRESENT CASE

The Miccosukee Tribe's Second Amended Complaint does not include any allegations regarding wrongful legal tax advice. Defendant Lewis Tein along with other Defendants in this case have attempted to improperly inject the issue of legal tax advice and withholding into this case in order to further expose the Miccosukee Tribe to tax-related consequences. At a March 7, 2013 Discovery Conference the Honorable Magistrate Judge Chris McAliley found that whether or not the Miccosukee Tribe is subject to withholding requirements and legal tax advice regarding withholding requirements was not the subject of the Miccosukee Tribe's Complaint. Hr'g Tr. 69:18-19, Mar. 7, 2013 (The Court: "Withholding requirements are not at issue. So I don't know how you get any information about withholding requirements.").

Defendant Lewis Tein asked numerous questions, which were completely irrelevant regarding the Miccosukee Tribe's withholding requirements. Specifically, Defendant Lewis Tein asked if the Miccosukee Tribe was withholding federal taxes on distributions, at what point in time did the Tribe begin withholding and in what amounts the Miccosukee Tribe is currently

6

withholding. *See* Dep. Tr. 14:17-18, 18:15-16; 31:11-14; 41:12-13; 42:15-17; 43:2-3; 44:10-11. In the Motion to Compel, Defendant Lewis Tein quotes from *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999), as follows: "[C]ounsel should instruct a witness not to answer *only* to preserve a privilege or move for a protective order in the absence of an existing order limiting the scope of the deposition." The Miccosukee Tribe did move for a protective order to prevent Defendant Lewis Tein from asking questions on this irrelevant topic. *See* D.E. No. 162 at 12-14. Following the Miccosukee Tribe's Motion for Protective Order, Magistrate Judge McAliley clearly stated: "Plaintiff is advised that Court will not give an advisory ruling in advance of a Rule 30(b)(6) deposition, regarding the relevance of designated areas of inquiry. *See Balu v. Costa Crociere S.P.A.*, Case No. 11-60031, 2011 WL 3359681,*3-4 (Aug. 3, 2011, S.D. Fla.); *New World Network, LTD., v. M/V Norwegian Sea*, Case No. 05-22916, 2007 WL 1068124 (April 6, 2007, S.D. Fla.)." D.E. No. 164 at 3. According to *Balu*, the Rule does not justify "a process of objection and Court intervention prior to the scheduled deposition." 2011 WL 3359681, *3.

The Miccosukee Tribe has followed the appropriate procedure in objecting to topics, which are irrelevant and have already been considered by Magistrate Judge McAliley as irrelevant. Defendant Lewis Tein points fingers at the Miccosukee Tribe's lawyers alleging in their Motion to Compel that it is "evident that the Tribe's lawyers have not carefully read Judge McAliley's first order denying the Miccosukee Tribe's Motion for Protective Order regarding the deposition of its Rule 30(b)(6) Designee" and reciting the cases cited in that Order. The improper and bad faith questions by Defendant Lewis Tein necessitated the instruction for the witness not to answer outrageously irrelevant questions. What is very evident is that Defendant Lewis Tein and its attorneys have not carefully read the *Balu* or *New World Network* cases, which support

7

the position of the Miccosukee Tribe. "A deponent is not obligated to know the answer to questions that are grossly irrelevant or outside the parameters of discoverable information under Rule 26." *New World Network*, 2007 WL 1068124, at *3. "A motion to compel better answers on issues that are too far afield from the claims and defenses in this particular case…" may be followed by sanctions. *Balu*, 2011 WL 3359681, at *4. Because the questions regarding whether the Miccosukee Tribe withholds or not are clearly irrelevant and meant to harass, the witness was properly instructed not to answer the questions, and Defendant Lewis Tein has exposed itself to sanctions for this impropriety. *See id.* This Court did not intervene when the Miccosukee Tribe attempted to limit the questioning foreseeing the intention of Defendant Lewis Tein. Now, Defendant Lewis Tein's intention is evident, and this Court must limit the scope of the deposition questions.

### III.  FIFTH AMENDMENT PRIVILEGE APPLIES TO QUESTIONS ASKED OF THE DESIGNEE PERSONALLY, NOT AS THE REPRESENTATIVE OF THE MICCOSUKEE TRIBE

Defendant Lewis Tein's bad faith was exemplified during the deposition of the Miccosukee Tribe's designee when the following question was asked: "Did you pay federal taxes on your distributions at any time?" Dep. Tr. 18:21-22. Chairman Colley Billie attended this deposition as the representative of the Miccosukee Tribe, not in his individual capacity. That question was improper and irrelevant. Counsel for Defendants Lewis Tein purposefully asked a personal question of Chairman Colley Billie. It became clear from the line of questioning that the questions were geared at obtaining personal tax information about Chairman Colley Billie and not about obtaining the position of the Miccosukee Tribe as it relates to this case and the allegations and claims in the Second Amended Complaint. Entities do not have a Fifth Amendment Privilege, but natural persons do. *Braswell v. United States*, 487 U.S. 99, 102-03

(1988). Chairman Colley Billie is a natural person. An officer of a corporation can invoke his Fifth Amendment privilege against compulsory self-incrimination. *United States v. Kordel*, 397 U.S. 1, 7-8 (1957). Therefore, the Fifth Amendment Privilege was rightfully asserted on behalf of Chairman Colley Billie, a natural person who was being asked a personal question not relating to the Miccosukee Tribe. *See id.* Additionally, Chairman Colley Billie's individual practice as to tax matters is irrelevant to the claims and defenses in this case.

### IV. ATTORNEY-CLIENT PRIVILEGE AND DELIBERATIVE PROCESS PRIVILEGE ARE WITHDRAWN

During Defendant Lewis Tein's deposition of the Miccosukee Tribe's designee, there was a line of questioning regarding the termination of the Tribe's accountant, Jodi Rae Goldenberg. The Tribe's attorney objected to these questions on the basis of attorney-client privilege and deliberative process privilege. The attorney-client privilege objection was made to protect the privileged discussions that took place between Chairman Colley Billie and the Tribal Attorney regarding the decision to terminate Ms. Goldenberg. The Miccosukee Tribe's attorney believed that the line of questioning was going to invade this protected territory and objections were made, albeit prematurely, for that reason. As asked, the questions posed by Defendant Lewis Tein on pages 131 through 139 of the deposition transcript relating to the termination of Ms. Goldenberg will be answered by the designee. However, follow up questions that delve into the protected communications will be objected to.

As a point of clarification, Magistrate Judge McAliley has determined that the deliberative process privilege did not apply specifically to Defendant Lewis Tein's First and Second Request for Production or to Defendant Lehtinen's First Request for Production. *See* D.E. No. 177 at 2. This does not preclude the Miccosukee Tribe from subsequently raising the deliberative process privilege during the course of this litigation as Defendant Lewis Tein

9

wrongfully claims. In the future, the deliberative process privilege will be asserted in the appropriate manner if the Miccosukee Tribe deems it necessary. In this particular instance, the Miccosukee Tribe is withdrawing the deliberative process objection as to the questions which have been asked.

## CONCLUSION

For the reasons described above, the Miccosukee Tribe respectfully requests that Defendant Lewis Tein's Motion to Compel be DENIED.

Respectfully submitted this 5th of April, 2013.

/s/Bernardo Roman III
Bernardo Roman III, Esquire
Fla. Bar No. 0002739
Tribal Attorney, Miccosukee Tribe of
Indians of Florida
P.O. Box 440021, Tamiami Station
Miami, Florida 33144
Tel: (305) 894-5214
Fax: (305) 894-5212
E-mail: bromanlaw@bellsouth.net

Yinet Pino, Esquire
Fla. Bar No. 085272
Yesenia Rey, Esquire
Fla. Bar No. 89577
Attorneys for the Miccosukee Tribe of
Indians of Florida
1250 SW 27th Avenue, Suite 506
Miami, Florida 33135
Telephone: (305) 643-7993
Facsimile: (305) 643-7995
E-mail: yinet@bromanlaw.com
E-mail: yesenia@bromanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                              Respectfully Submitted,

                              s/Bernardo Roman III
                              Bernardo Roman III, Esq.

## SERVICE LIST

*Miccosukee Tribe of Indians of Florida v. Cypress*
Case No. 12-22439-COOKE/McAliley
United States District Court for the Southern District of Florida

**Jeffrey M. Cohen, Esquire**
**Marissel Descalzo, Esquire**
**Paul A. Calli, Esquire**
**Charles Short, Esquire**
Carlton Fields, P.A.
100 S.E. 2nd Street, Suite 4000
Miami, FL 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
E-mail: jmcohen@carltonfields.com
E-mail: mdescalzo@carltonfields.com
E-mail: pcalli@carltonfields.com
E-mail: cshort@carltonfields.com
E-mail: pwatson@carltonfields.com
E-mail: miaecf@cfdom.net
*Counsel for Defendants Guy Lewis, Esquire,Michael Tein, Esquire, and Lewis Tein, PL*

**Manuel A. Avila, Esquire**
Manuel A. Avila, Esq.
& Associates, P.A.,
11120 N. Kendall Drive
Suite 200
Miami, Florida 33176
Telephone: (305) 249-1111
Facsimile: (305) 647-0686
E-mail: mavila@avilalegal.com
*Counsel for Defendant Julio Martinez*

**Scott Alan Lazar, Esquire**
Koltun & Lazar
7901 SW 67th Ave.
Suite 100
Miami, FL 33143
Telephone: (305)-595-6791
Facsimile: (305)-595-5400
E-mail: scott@koltunlazar.com
*Counsel for Defendant Miguel Hernandez*

**Bruce S. Rogow, Esquire**
**Tara A. Campion, Esquire**
Bruce S. Rogow, P.A.
500 E. Broward Blvd., Ste. 1930
Fort Lauderdale, FL 33394
Telephone: 954-767-8909
Facsimile: 954-767-1530
E-mail: brogow@rogowlaw.com
E-mail: tcampion@rogolaw.com
*Counsel for Defendant Morgan Stanley*

**Bryan T. West, Esquire**
Tew Cardenas LLP
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Telephone: (305) 536-1112
Facsimile: (305) 536-1116
E-mail: btw@tewlaw.com
*Counsel for Defendant Dexter W. Lehtinen, Esquire*

**Robert O. Saunooke, Esq.**
Saunooke Law Firm, P.A
18620 SW 39th Court
Miramar, FL 33029
Tel: (561) 302-5297
Fax: (954) 499-0598
ndnlawyer@hotmail.com
*Counsel for Defendant Billy Cypress*

**Steven M. Goldsmith, Esq.**
STEVEN M. GOLDSMITH, P.A.
*Co-Counsel for Billy Cypress*
5355 Town Center Road, Suite 801
Boca Raton, FL 33486
Tel: (561) 391-4900
Fax: (561) 391-6973
E-mail:
*steve.goldsmith@sgoldsmithlaw.com*
*Counsel for Defendant Billy Cypress*