UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 1:12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,

        Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN STANLEY
SMITH BARNEY; JULIO MARTINEZ;
MIGUEL HERNANDEZ; GUY LEWIS,
ESQUIRE; MICHAEL TEIN, ESQUIRE; and
LEWIS TEIN, PL, a professional association,

        Defendants.

_____/

## LEWIS TEIN PL'S RESPONSE IN OPPOSITION TO TRIBE'S MOTION TO COMPEL FIRST REQUEST FOR PRODUCTION

Pursuant to the Order Requiring Parties to Meet and Confer and Lewis Tein's Response to Motions to Compel [D.E. 198] ("Discovery Order"), Lewis Tein PL ("Lewis Tein") responds to the Motion to Compel First Request for Production[1] to Lewis Tein filed by Plaintiff, Miccosukee Tribe of Indians of Florida ("the Tribe").

In this case, the Tribe makes serious and impertinent accusations without a good faith basis and without evidentiary support. It now tries to use its amorphous claims of fraud to bootstrap burdensome and irrelevant discovery requests. The disputed requests are an improper attempt by the Tribe to force Lewis Tein to produce documents related to all aspects of its

---

[1] On May 1, 2013, Lewis Tein and the Tribe met and conferred regarding the First Request for Production and First Request for Admissions. Pursuant to that conferral, the Tribe withdrew its Motion to Compel its First Request for Admission to Lewis Tein, PL. *See* [D.E. 216]. Therefore, Lewis Tein responds only to the Tribe's Motion to Compel its First Request for Production to Lewis Tein.

financial matters over a time span of at least five years.[2]  For example – and emblematic of the overly broad nature of the Tribe's requests -- the Tribe demands that Lewis Tein "all records of all bank and investment accounts. . . ."  This is a fishing expedition the Court should not tolerate. The Court should deny the Tribe's Motion.

## PROCEDURAL BACKGROUND

On February 19, 2013, the Tribe propounded its First Request for Production to Lewis Tein ("Request for Production").   On March 25, 2013, Lewis Tein served the Tribe with its Response and Objections to the Request for Production.   Lewis Tein and the Tribe then conferred, resulting in Lewis Tein serving the Tribe with Amended Response to the Request for Production on April 25, 2013 ("Amended Response").   Lewis Tein's Response and Amended Response are attached as **Exhibits A** and **B**, respectively.

Pursuant to the Magistrate's Discovery Order, the Parties conferred again and narrowed the number of issues that remain in dispute in light of Lewis Tein's Amended Response.  The Tribe concedes that Lewis Tein's amended objections to the Request for Production are specific and not "boilerplate" in nature.  Thus, the remaining issues are (1) whether the documents sought are relevant, and (2) whether the production would impose an undue burden on Lewis Tein for the reasons articulated in the Amended Response.  The Tribe contends that the documents sought by requests nos. 1, 2, 3, and 4 are relevant and therefore discoverable.  Lewis Tein objects because the documents sought are not relevant in light of the Tribe's allegations and testimony by the Tribe's Rule 30(b)(6) designee, its Chairman Colley Billie.  The Tribe's requests are also overly broad in scope and would impose an undue burden on Lewis Tein.

---

[2] Or an eight year span with respect to Request No. 4.

### THE DOCUMENTS SOUGHT ARE NEITHER RELEVANT NOR REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE

In sum, the Tribe requests the following documents from Lewis Tein for the time period of 2005 through and including 2010:

- "[C]opies of all payments" by the Tribe to Lewis Tein, "including checks (front and back)" (a request which seeks documents already in the Tribe's possession);

- "All" Internal Revenue Service ("IRS") "forms 1065" filed by Lewis Tein;

- "All corporate tax returns, supporting documents, general ledgers, transaction listings, and financial statements";

- "Any and all records of all bank and investment accounts"; and

- "Any and all documents and correspondence with the IRS" regarding *Lewis Tein PL's* tax matters (i.e., *not* the Tribe's tax matters).

Information sought by the Tribe must be "relevant, not overly burdensome to the responding party, and tailored to the issues involved in the particular case." *Rosenbaum v. Becker & Poliakoff, P.A.*, No. 08-cv-81004, 2010 WL 623699 at *1 (S.D. Fla. Feb. 23, 2010) (citing *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992). The Tribe's requests fail to meet this standard.

The Tribe contends the documents relate to the allegations against Lewis Tein of money laundering based on tax evasion. [D.E. 197] at 3. The only time the Second Amended Complaint references Lewis Tein's tax returns is when the Tribe falsely alleges "[u]pon *information and belief*. . . LEWIS TEIN P.L. knowingly failed to report all or some of the income reflected in the 1099 forms in their tax return." *Id.* at ¶¶112 (emphasis added). The Tribe's disclaimer -- "[u]pon *information and belief*" – betrays the fact that the Tribe really has no information and no good faith belief to make that accusation. The Tribe's own witness

designated pursuant to Federal Rule of Civil Procedure 30(b)(6) testified that the only purported evidence of money laundering was Lewis Tein's establishment of a realty company (not anything to do with tax evasion). *See* relevant excerpt of 3/8/13 Deposition of Colley Billie attached as **Exhibit C**. Additionally, in the related case *Bermudez v. Bert*, Case No. 00-25711-CA 20 (11th Jud. Cir.), Lewis Tein's accountant Jim Robinson testified that though the Tribe did not contemporaneously provide Lewis Tein with Forms 1099 for years 2005 through 2008 (Mr. Robinson did not remember as to 2009 and 2010), Lewis Tein fully reported all income from the Tribe, including those amounts. *See* **Exhibit D**, Excerpts of Deposition of Jim Robinson at 175:22-176:16 and 221:22-222:16.

Further, the Tribe's Second Amended Complaint does not allege that Lewis Tein violated 18 U.S.C. § 1956(a)(1)(A)(ii) or   § (a)(1)(B)(ii), which are the only two money laundering grounds relating to tax evasion. Instead, the Tribe alleges Lewis Tein violated 18 U.S.C. 1956(a)(1)(B)(i) by concealing the nature, location, source, ownership, or control of proceeds. [D.E. 75] at ¶143. Thus, the Tribe's false accusation does nothing to advance any claim made by the Tribe. The 'tax evasion' accusation was made without a good faith basis, and cannot now provide grounds for the Tribe to force Lewis Tein to comply with its irrelevant and overbroad requests, especially in light of the protected status of tax returns under the law.

Tax returns and tax information "are highly sensitive documents that court should be reluctant to order disclosed during discovery." *Pendlebury v. Starbucks Coffee Co., No. 04-80521-Civ,* 2005 WL 2105024 at *2 (S.D. Fla. Aug. 29, 2005) (denying a motion to compel production of tax returns where information could be extracted from other sources, including interrogatories); *but cf. U.S. v. Certain Real Property Known as and Located at 6469 Polo Pointe Way, Delray Beach, Florida,* 444 F. Supp. 2d 1258, 1263 (S.D. Fla. 2006) (noting that

there is a split in authority on the issue of whether a higher burden must be met in order to require production of tax-related documents). Thus, there "is a public policy against disclosure unless (1) it clearly appears that they are relevant to the subject matter of the action and (2) a compelling need is shown because the information contained therein is not otherwise available." *Pendlebury,* 2005 WL 2105024 at *2. Here, the Tribe fails to meet the basic burden of relevance, and therefore dismally fails to meet the higher burden articulated for production of tax returns and tax information. Furthermore, the requests simply ask for documents with no bearing on the Tribe (i.e. documents related to *Lewis Tein* tax matters) or which are so broad as to encompass the entire universe of Lewis Tein's financial affairs (i.e., "any and all records of all bank and investment accounts . . . ).

### PRODUCTION OF THE DOCUMENTS WOULD BE UNDULY BURDENSOME AND EXPENSIVE

While relevance is the key issue, Lewis Tein also notes that production of the documents requested (i.e., "All corporate tax returns, supporting documents, general ledgers, transaction listings") would be a costly and time-intensive task. Therefore, production of such documents is not warranted, especially given the lack of relevance. *See Rodriguez-Torres v. Government Dev. Bank of Puerto Rico,* 265 F.R.D. 40, 44 (D. P.R. 2010) (finding that electronically stored information was not reasonable accessible because of the undue burden and cost of retrieving such information and reviewing same for privilege and confidentiality). The Court may properly decline to compel production of documents where the request is broad and the burden of producing such documents would be tremendous. *Rosenbaum v. Becker & Poliakoff, P.A.,* 2010 WL 623699 at *7 ("district courts should not neglect their power to restrict discovery where justice requires protection for a party from … undue burden or expense).

CONCLUSION

The Tribe is engaged in an abuse of the legal system for the sole purpose of harassing Lewis Tein.  The Tribe's outrageous and false accusations are sanctionable.  The Motion to Compel should be denied because the Request for Production seeks highly sensitive documents that are not relevant based on the Tribe's allegations and testimony.  Moreover, the process of producing these documents would be an expensive and time-consuming process as detailed in the Amended Responses.


By: /s/ Paul A. Calli
      Paul A. Calli
      Florida Bar No. 994121
      Email: pcalli@carltonfields.com
            cbussone@carltonfields.com
            miaecf@cfdom.net
*Attorneys for Defendants Guy A. Lewis, Michael R. Tein and Lewis Tein PL*


**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on May 3, 2013, that the foregoing document is being served by U.S. mail and e-mail to the individuals in the attached service list.

CARLTON FIELDS, P.A.


By: /s/ Paul A. Calli
      Paul A. Calli
      Florida Bar No. 994121
      Email: pcalli@carltonfields.com
            cbussone@carltonfields.com
            miaecf@cfdom.net

## Service List

Bernardo Roman III
P.O. Box 440021, Tamiami Station
Miami, Florida 33144
bromanlaw@bellsouth.net
yinet@bromanlaw.com
yesenia@bromanlaw.com
yumy@bromanlaw.com
*Attorneys for Miccosukee Tribe of
Indians of Florida*

Bryan T. West
Tew Cardenas LLP
1441 Brickell Avenue, 15th Floor
Miami, Florida
btw@tewlaw.com
*Attorneys for Dexter Lehtinen*

Bruce S. Rogow
Tara A. Campion
Bruce S. Rogow, P.A.
500 E. Broward Blvd., Suite 1930
Ft. Lauderdale, FL 33394
brogow@rogowlaw.com
tcampion@rogowlaw.com
*Attorneys for Morgan Stanley*

Manuel A. Avila
Manuel A. Avila, Esq. & Associates, P.A.
11120 N. Kendall Drive
Suite 200
Miami, Florida 33176
mavila@avilalegal.com
*Attorneys for Julio Marintez*

Scott A. Lazar
Koltum & Lazar, P.A.
7901 SW 67 Avenue, 1st Floor
South Miami, Florida 33143
Scott@koltunlazar.com
*Attorneys for Miguel Hernandez*

Robert O. Saunooke,
Saunooke Law Firm, P.A.
18620 SW 39 Court
Miramar, Florida 33029
robertsaunooke@gmail.com
*Attorneys for Billy Cypress*

Steven M. Goldsmith
Steven M. Goldsmith, P.A.
5355 Town Center Road, Suite 801
Boca Raton, Florida 33486
E-mail: steve.goldsmith@sgoldsmithlaw.com
*Co-Counsel for Billy Cypress*