**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
Case No. 12-CV-22439-COOKE/McAliley

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
Federally recognized Indian tribe,
         Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
 LEHTINEN, ESQUIRE; MORGAN
STANLEY SMITH BARNEY, JULIO
MARTINEZ; MIGUEL HERNANDEZ;
GUY LEWIS, ESQUIRE; MICHAEL
TEIN, ESQUIRE; AND LEWIS TEIN, PL,
A Professional Association,
         Defendants.

_____/

## PLAINTIFF, MICCOSUKEE TRIBE'S RESPONSE TO DEFENDANT DEXTER LEHTINEN'S MOTION TO COMPEL COMPLIANCE WITH ORDER FOLLOWING DISCOVERY CONFERENCE (D.E. No. 212)

COMES NOW, the Plaintiff, the Miccosukee Tribe of Indians of Florida (hereinafter, "the Miccosukee Tribe"), by and through undersigned counsel, and hereby files its Response to Defendant Dexter Lehtinen's Motion to Compel Compliance with Order Following Discovery Conference (D.E. No. 212). The Miccosukee Tribe is filing this Response pursuant to this Court's Order (D.E. No. 214).

### Introduction

On March 8, 2013, this Court entered an Order which Granted and narrowed Defendant Dexter Lehtinen's Motion to Compel Regarding First Request for Production to Plaintiff. The deadline for production of documents was set for noon on March 15, 2013, and the recordings of the Business and General Council Meetings were due by April 1, 2013. The Miccosukee Tribe has engaged and continues to engage in all good faith efforts to comply with the deadlines imposed by this Court, and the delay in producing all documents and recordings has been due to reasons beyond the Miccosukee Tribe's control. For the reasons set forth below, this Court

1

should not issue sanctions against the Miccosukee Tribe, and should provide additional time for the Miccosukee Tribe to continue its rolling production.

**Argument**

**I. Recordings and Minutes of Meetings**

This Court ordered for the Miccosukee Tribe to produce minutes and recordings of the Business and General Council Meetings.   Upon Order of this Court, the Miccosukee Tribe compiled the recordings of the meetings, which were in tape format, and turned them over to Dubs and Dupes (hereinafter, referred to as "Recording Service"), a recording service, to transfer the recordings to CD and MP3 format. This service has cost the Miccosukee Tribe $15,480.76 thus far. *See* invoice from the Recording Service attached as Exhibit 1. The Miccosukee Tribe informed the representative from the Recording Service that there was a Court imposed deadline set for production on April 1, 2013.  The representative from the Recording Service informed the Miccosukee Tribe that they would employ their best efforts to transfer the tapes to CD and MP3 format by that date.  On April 1, 2013, the Miccosukee Tribe had not received any of the recordings and contacted the representative at the Recording Service.  At that point, a number of recordings were obtained in the proper format and were immediately produced to the Defendants.

Due to the concern of a passed deadline, the Miccosukee Tribe contacted the representative from the Recording Service, who then explained that the reason for the delay is that the transfer of the recordings to CD and MP3 format is done in real time.  This means that if there is a recording that is five hours in duration, the Recording Service will take 5 hours to transfer the tape to another appropriate format. In order to decrease the amount of time taken for the Defendants to receive these recordings, the Miccosukee Tribe requested that the Recording Service set up a DropBox[1], which would allow all parties to receive recordings at the moment that the Recording Service uploaded the file. Defendants are receiving the recordings at the same time as the Miccosukee Tribe.  This is a matter which is beyond the Miccosukee Tribe's control. Many of these recordings are very old. In addition, due to their tape format it is very difficult to transfer this large volume of recorded hours to the CD and MP3 format in which it was provided to the Miccosukee Tribe and to the parties initially. Presently, in addition to the transfer from

---

[1] DropBox provides a service which allows for files to be placed in a folder on an online account and become accessible to multiple users.

tape to DC/MP3 format, it is uploaded to the Dropbox which requires additional time,  The Miccosukee Tribe has communicated to Counsel for Defendant Lehtinen the reasons for the delay.  Some recordings for the years 2000 through 2007 have been produced.  The Miccosukee Tribe has fully informed the Recording Service of the urgency of this production on numerous occasions.

Furthermore, the Miccosukee Tribe has produced over ten thousand responsive documents to Defendant Lehtinen. *See* sample of Miccosukee Tribe's Indexes attached as **Composite Exhibit 2**. Due to the time frame of the discovery requests, it took the Miccosukee Tribe weeks to compile the available documents and to Bates Stamp them for production. Defendant Lehtinen mentions that the Miccosukee Tribe's production has been disorganized. The documents have been produced in the way they are kept in the regular course of business, and have been produced with an index which indicates which Bates numbers correspond to each request or category of documents. This process has taken more time than the Miccosukee Tribe anticipated, and additional documents have been found.  The Miccosukee Tribe is engaging in its best efforts to provide documents as they become available and to produce them in a way that allows Defendants to easily identify which request the documents are responsive to. The Miccosukee Tribe's intent in providing the indexes is to move discovery along.  There is still a significant amount of discovery which the Miccosukee Tribe is in the process of producing, but throughout the aforementioned production there has been communication with opposing counsel and there are efforts under-way to determine exactly which documents remain to be produced. The discovery process in this case is taking place simultaneously with discovery in the related state case, which requires participation in depositions, hearings and extremely active motion writing including a motion for summary judgment in this case to which the Tribe had to respond. Finally, it must be noted that there is not and never was an agreement as to the production of Business and General Council Meetings beyond May of 2010.  The meetings which took place after Defendant Lehtinen was no longer representing the Miccosukee Tribe are irrelevant to this litigation.

## II. Reserve Fund Financial Records

The Miccosukee Tribe is engaged in active efforts to provide Defendant Lehtinen with any records referencing a reserve account.  In fact, on April 30, 2013, prior to Defendant Lehtinen's Motion was filed, the Miccosukee Tribe sent several financial reports via email in an

attempt to continue rolling production. The email documenting the production has been attached as Exhibit 3. The Miccosukee Tribe has not stopped producing documents even past the deadline in good faith attempt to produce all, documents that it must produce under this Court's Order.

### III. Attorney Agreements/Correspondence, IRS Correspondence, and Transcripts

The Miccosukee Tribe is actively searching for retention agreements with attorneys retained to provide the Miccosukee Tribe with tax advice, and any correspondence with the Internal Revenue Service (hereinafter, referred to as "IRS") regarding reserves.  While the Miccosukee Tribe is producing additional documents contemporaneously with this filing, including a retainer agreement and transcripts responsive to some of Defendant Lehtinen's requests, the Tribe requests additional time in order to locate remaining retention agreements to make full production.

### IV. Miccosukee Tribe's Obstacles to Discovery Production

There have been obstacles preventing timely compliance, including real time requirements for transferring the recordings. There is nothing that can be done to expedite this process. The Miccosukee Tribe has paid for the service, and is in constant communication with the Recording Service to ensure that they understand the urgency of the production of the tapes.

Also, Defendant Lehtinen requests documents which are two decades old, requiring extensive and time consuming searches.  Defendant Lehtinen's discovery request includes 88 individual requests, which require a tremendous amount of time to compile and review. *See* Defendant Lehtinen's First Request for Production, attached as Exhibit 4.

Finally, the Miccosukee Tribe has time limitations, because as mentioned above it is engaged in active litigation in a state court lawsuit against Defendants Lewis Tein. The Miccosukee Tribe has been attending at least one deposition a week, along with court hearings and a parallel discovery process, which has added to the delay in production. Counsel for Defendant Lehtinen attended the deposition of Defendant Guy Lewis in the state court lawsuit[2] on April 26, 2013, and from that experience he may be able to understand the time-consuming nature of that litigation. Consequently, the Miccosukee Tribe should not be sanctioned and should be allowed to continue to produce documents responsive to Defendant extensive request for production.

---

[2] Defendants Lewis Tein cross-noticed the deposition of Defendant Guy Lewis in the present lawsuit, but only the state lawsuit was addressed on the day of the deposition. Counsel for Defendant Lehtinen was present for the entire deposition.

## Conclusion

Throughout the discovery process the Miccosukee Tribe and its counsel have acted in good faith to compile all requested materials, and make production in a timely fashion. The Miccosukee Tribe is willing and able to continue gathering documents and effect production as soon as possible. Counsel for the Miccosukee Tribe and Defendant Lehtinen will be conferring prior to the May 6 Discovery Conference to determine the gaps in production. For the foregoing reasons, the Miccosukee Tribe requests this Court deny the imposition of any sanctions, and allow additional time for the Miccosukee Tribe to fully comply with all discovery requests.

Respectfully submitted this 3rd day of May, 2013.

/s/Bernardo Roman III
Bernardo Roman III, Esquire
Fla. Bar No. 0002739
Tribal Attorney, Miccosukee Tribe of
Indians of Florida
P.O. Box 440021, Tamiami Station
Miami, Florida 33144
Tel: (305) 894-5214
Fax: (305) 894-5212
E-mail: bromanlaw@bellsouth.net

Yinet Pino, Esquire
Fla. Bar No. 085272
Yesenia Rey, Esquire
Fla. Bar No. 89577
Attorney for the Miccosukee Tribe of
Indians of Florida
1250 SW 27th Avenue, Suite 506
Miami, Florida 33135
Telephone: (305) 643-7993
Facsimile: (305) 643-7995
E-mail: yinet@bromanlaw.com
E-mail: yesenia@bromanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 3, 2013, I electronically served the foregoing

documents on all counsel of record or pro se parties identified on the attached Service List.

Respectfully Submitted,

/s/Bernardo Roman III
Bernardo Roman III, Esq.

## SERVICE LIST

*Miccosukee Tribe of Indians of Florida v. Cypress*
Case No. 12-22439-COOKE/McAliley
United States District Court for the Southern District of Florida

**Jeffrey M. Cohen, Esquire**
**Marissel Descalzo, Esquire**
**Paul A. Calli, Esquire**
**Charles Short, Esquire**
Carlton Fields, P.A.
100 S.E. 2nd Street, Suite 4000
Miami, FL 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
E-mail: jmcohen@carltonfields.com
E-mail: mdescalzo@carltonfields.com
E-mail: pcalli@carltonfields.com
E-mail: cshort@carltonfields.com
E-mail: pwatson@carltonfields.com
E-mail: miaecf@cfdom.net
*Counsel for Defendants Guy Lewis,*
*Esquire,Michael Tein, Esquire, and Lewis*
*Tein, PL*

**Manuel A. Avila, Esquire**
Manuel A. Avila, Esq.
& Associates, P.A.,
11120 N. Kendall Drive
Suite 200
Miami, Florida 33176
Telephone: (305) 249-1111
Facsimile: (305) 647-0686
E-mail: mavila@avilalegal.com
*Counsel for Defendant Julio Martinez*

**Scott Alan Lazar, Esquire**
Koltun & Lazar
7901 SW 67th Ave.
Suite 100
Miami, FL 33143
Telephone: (305)-595-6791
Facsimile: (305)-595-5400
E-mail: scott@koltunlazar.com
*Counsel for Defendant Miguel Hernandez*

6

**Bruce S. Rogow, Esquire**
**Tara A. Campion, Esquire**
Bruce S. Rogow, P.A.
500 E. Broward Blvd., Ste. 1930
Fort Lauderdale, FL 33394
Telephone: 954-767-8909
Facsimile: 954-767-1530
E-mail: brogow@rogowlaw.com
E-mail: tcampion@rogolaw.com
*Counsel for Defendant Morgan Stanley*

**Bryan T. West, Esquire**
Tew Cardenas LLP
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Telephone: (305) 536-1112
Facsimile: (305) 536-1116
E-mail: btw@tewlaw.com
*Counsel for Defendant Dexter W. Lehtinen, Esquire*

**Robert O. Saunooke, Esq.**
Saunooke Law Firm, P.A
18620 SW 39th Court
Miramar, FL 33029
Tel: (561) 302-5297
Fax: (954) 499-0598
ndnlawyer@hotmail.com
*Counsel for Defendant Billy Cypress*

**Steven M. Goldsmith, Esq.**
STEVEN M. GOLDSMITH, P.A.
*Co-Counsel for Billy Cypress*
5355 Town Center Road, Suite 801
Boca Raton, FL 33486
Tel: (561) 391-4900
Fax: (561) 391-6973
E-mail: *steve.goldsmith@sgoldsmithlaw.com*
*Counsel for Defendant Billy Cypress*