UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-22439-COOKE/MCALILEY

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a sovereign nation and
federally recognized Indian tribe,

    Plaintiff,

v.

BILLY CYPRESS; DEXTER WAYNE LEHTINEN,
ESQUIRE; MORGAN STANLEY SMITH BARNEY;
JULIO MARTINEZ; MIGUEL HERNANDEZ; GUY
LEWIS, ESQUIRE; MICHAEL TEIN, ESQUIRE; and
LEWIS TEIN, PL, a professional association,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY ACTION BASED UPON AGREEMENT TO ARBITRATE**

THIS MATTER is before me upon Defendant Morgan Stanley Smith Barney LLC's ("Morgan Stanley Smith Barney" or "Defendant") Motion to Compel Arbitration and Dismiss or Stay Action Based Upon Agreement to Arbitrate ("Motion to Compel Arbitration") (ECF No. 39). Plaintiff Miccosukee Tribe of Indians of Florida ("the Miccosukee Tribe" or "Plaintiff") filed its Response in Opposition to Defendant Morgan Stanley's Motion to Compel Arbitration and Dismiss or Stay Action Based Upon Agreement to Arbitrate (ECF No. 61), to which Morgan Stanley submitted its Reply to Miccosukee Tribe's Response in Opposition to Defendant Morgan Stanley Smith Barney's Motion to Compel Arbitration and Dismiss or Stay Action Based Upon Agreement to Arbitrate (ECF No. 72). Thus, the Motion to Compel Arbitration has been fully briefed and is ripe for adjudication. I have reviewed the Motion to Compel Arbitration, the

Response and Reply thereto, the record, and the relevant legal authorities. For the reasons provided herein, Morgan Stanley Smith Barney's Motion to Compel Arbitration is granted.

## I.   BACKGROUND

Morgan Stanley Smith Barney is a financial services company that provides consumer banking and investment services to its customers. One such customer that maintains multiple accounts with Morgan Stanley Smith Barney is the Plaintiff in this action, the Miccosukee Tribe. Co-Defendant, Billy Cypress' ("Defendant Cypress"), former Chairman of the Miccosukee Tribe, who is alleged to have mishandled and misappropriated funds from these accounts with the assistance of Morgan Stanley Smith Barney, was Chairman of the Miccosukee Tribe at the time of formation of the Morgan Stanley Smith Barney accounts. Providing Defendant Cypress with assistance in fraud, embezzlement, and theft with respect to these accounts forms the gravamen of the claims against Morgan Stanley Smith Barney in this action.

More specifically, the Miccosukee Tribe's Second Amended Complaint asserts claims of fraud, aiding and abetting fraud, breach of fiduciary duty, embezzlement, civil theft, violations of the federal Racketeer Influenced and Corruption Organization Act, 18 U.S.C. § 1951, *et seq.* (RICO), violations of the Florida Racketeer Influenced and Corruption Organization Act, Fla. Stat. § 895.01, *et seq.* ("Florida RICO"), conspiracy to commit RICO, conspiracy to commit Florida RICO, and fraudulent misrepresentation against eight defendants, including Morgan Stanley Smith Barney. (ECF No. 75). Morgan Stanley Smith Barney contends that these claims cannot be heard in this Court, but must be litigated before an arbitrator in conformity with arbitration clauses contained in the Account Applications and Client Agreements executed by Defendant Cypress when he opened the Morgan Stanley Smith Barney accounts on behalf of the Miccosukee Tribe. One such arbitration clause states, in pertinent part,

> This agreement contains a pre-dispute arbitration clause. By signing an arbitration agreement the parties agree as follows:
> - All parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.
>
> …
> - The rules of some arbitrations … may impose time limits for bringing a claim in arbitrations.  In some cases, a claim that is ineligible for arbitration may be brought in court.
>
> …
>
> I agree that all claims or controversies, whether such claims or controversies arose prior, on or subsequent to the date hereof, between me and SB [Smith Barney][1] and/or any of its present or former officers, directors, or employees concerning or arising from (i) any account maintained by me with SB individually or jointly with others in any capacity; (ii) any transaction involving SB or any predecessor firms by merger, acquisition or other business combination and me, whether or not such transaction occurred in such account or accounts; or (iii) the construction, performance or breach of this or any other agreement between us, any duty arising from the business of SB or otherwise, shall be determined by arbitration before, and only before, any self-regulatory organization or exchange of which SB is a member.

Client Agreement, Mot. Compel Arbitration, Ex. C. ¶ 6, ECF No. 39-3.  Defendant Cypress, along with Max Billie, the Miccosukee Tribe's then-Treasurer, signed the applicable Client Agreements.

Plaintiff, in opposition to being compelled to arbitrate its claims against Morgan Stanley Smith Barney, contends that Defendant Cypress, as the main co-conspirator in embezzling and misappropriating millions of dollars of the Miccosukee Tribe's funds for his personal gain, was without authority to bind the Miccosukee Tribe, absent the knowledge and consent of the

---

[1] Defendant Morgan Stanley Smith Barney explains that the agreements Defendant Cypress entered into on behalf of the Miccosukee Tribe are with Salomon Smith Barney, Smith Barney Citigroup, and Citi Smith Barney. On June 1, 2009, Morgan Stanley and Citigroup contributed the Global Wealth Management Group of Morgan Stanley & Co. Incorporated and the Smith Barney Division of Citigroup Global Markets, Inc., respectively, into Morgan Stanley Smith Barney Holdings, LLC, a new joint venture. The joint venture owns Morgan Stanley Smith Barney LLC, a newly formed registered investment advisor and broker-dealer.  Pursuant to the Morgan Stanley Smith Barney Holdings, LLC joint venture, Morgan Stanley Smith Barney is a party to the agreements.  Plaintiff does not dispute that Morgan Stanley Smith Barney is a party to the client agreements, which contain the arbitration agreement/ provision.

Miccosukee Tribe's General Counsel, to arbitration, which effectively closes the federal courthouse doors to its claims against Morgan Stanley Smith Barney.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, establishes a liberal federal policy favoring arbitration agreements, and provides that a written arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *CompuCredit Corp. v. Greenwood*, -- U.S. --, 132 S. Ct. 665, 669, (2012). Consequently, pursuant to Section 3 of the FAA, a district court shall stay a pending suit "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration" under a valid arbitration agreement. 9 U.S.C. § 3. "Because arbitration is a matter of contract, however, the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate. Thus, where the parties have not agreed to arbitrate, a court cannot compel them to arbitration." *Branch v. Ottinger*, 477 F. App'x 718, 720 (11th Cir. 2012) (quoting *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004)); *see also Bd. of Trustees of City of Delray Beach Police & Firefighters Ret. Sys.*, 622 F.3d 1335 (11th Cir. 2010) ("[A]s a matter of federal law, 'arbitration is a matter of consent, not coercion. Accordingly, a party ordinarily will not be compelled to arbitrate unless that party has entered into an agreement to do so.'") (quoting *World Rentals & Sales, LLC v. Volvo Constr. Equip. Rents, Inc.*, 517 F.3d 1240, 1244 (11th Cir. 2008)).

A party may also enter into an arbitration agreement via its agent. "Common law principles of contract and agency law allow a signatory to bind a non-signatory to an arbitration agreement." *Bd. of Trustees of City of Delray Beach Police & Firefighters Ret. Sys.*, 622 F.3d at 1342 (quoting *World Rentals & Sales, LLC*, 517 F.3d 1240 at 1244)). Therefore, a party who

itself "has not signed an arbitration clause, may be compelled to arbitrate if a signatory executed the arbitration agreement as its agent." *Id.* "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25 (1983).

### III.   DISCUSSION

Neither party disputes that the validity and enforceability of the arbitration provision itself in the Client Agreements. Nor do the parties dispute that the claims at issue against Morgan Stanley Smith Barney are arbitrable under the applicable provision. The sole dispute rests upon whether Defendant Cypress, as an alleged co-conspirator, had the authority to contractually bind the Miccosukee Tribe to the terms of the Client Agreement, including the mandatory arbitration provision. "The determination whether a signatory like [Defendant Cypress] had the authority to bind a non-signatory like the [Miccosukee Tribe] to arbitrate 'turns on the specific facts of each case.'" *Bd. of Trustees of City of Delray Beach Police & Firefighters Ret. Sys.*, 622 F.3d at 1342 (quoting *World Rentals & Sales, LLC*, 517 F.3d 1240 at 1248)). The Miccosukee Tribe is correct that the issue of Defendant Cypress' contractual authority, and therefore, the validity of the arbitration agreement at issue must be resolved first by this Court, and not submitted to an arbitrator. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) ("[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute."); *Bd. of Trustees of City of Delray Beach Police & Firefighters Ret. Sys.*, 622 F.3d at 1342 ("This issue is for us, not an arbitrator, to resolve…."). Also, this determination is made "without a thumb on the scale in favor of arbitration because the 'federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties.'" *Bd. of*

5

*Trustees of City of Delray Beach Police & Firefighters Ret. Sys.*, 622 F.3d at 1342 (quoting *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)).

"The power of an agent to bind his principal may rest on real or actual authority conferred in fact by the principal or may be founded on apparent or ostensible authority arising when the principal allows or causes others to believe the agent possesses such authority, as where the principal knowingly permits the agent to assume such authority or where the principal by his actions or words holds the agent out as possessing it." *Ja Dan, Inc. v. L-J, Inc.*, 898 F. Supp. 894, 899-900 (S.D. Fla. 1995) (quoting *Sugarland Real Estate v. Beardsley*, 502 So. 2d 44, 45 (Fla. Dist. Ct. App. 1987)). Here, Defendant Cypress, at the time he entered into the Client Agreements, had apparent, if not actual, authority to contractually bind the Miccosukee Tribe.

"An agent has 'actual' authority to bind the principal where the principal has specifically granted the agent the power to do so." *United States v. Schaltenbrand*, 930 F.2d 1554, 1560 (11th Cir. 1991). "Actual authority can only be created by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him to act on the principal's account." *Ramos-Barrientos v. Bland*, 728 F. Supp. 2d 1360, 1383 (S.D. Ga. 2010) (citing *Cont'l Cas. Co. v. Holmes*, 266 F.2d 269, 278 (5th Cir.1959[2]); Restatement (Third) of Agency § 3.01. "An agent thus acts 'with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act.'" *Id.* (quoting Restatement (Third) of Agency § 2.01).

Plaintiff effectively admits to Defendant Cypress' actual authority when it avers that during the time period from 2005 until 2009, "Defendant Cypress oversaw, controlled,

---

[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

supervised and had unrestricted access and control over all the financial finds and records of the MICCOSUKEE TRIBE subject to this lawsuit." Second Am. Compl. ¶ 6. Plaintiff further emphasizes Defendant Cypress' authority when it continues to aver that Defendant Julio Martinez ("Defendant Martinez") was the Miccosukee Tribe's Chief Financial Officer charged with reviewing and supervising the Morgan Stanley Investment Account, and that Defendant Cypress, as Chairman, directly supervised Defendant Martinez in his duties. *Id.* ¶ 7.

If there is an absence of actual authority, Defendant Cypress certainly had apparently authority. "Apparent or ostensible authority arises where a principal allows or causes others to believe the agent possesses such authority, as where the principal knowingly permits the agent to assume such authority or where the principal by his actions or words holds the agent out as possessing it." *Cavic v. Grand Bahama Dev. Co., Ltd.*, 701 F.2d 879, 886 (11th Cir. 1983); *see also Ja Dan, Inc.*, 898 F. Supp. at 900 ("[A]pparent authority exists only where the principal creates the appearance of an agency relationship. A principal can create the appearance of an agent's authority by knowingly permitting an agent to act in a certain manner as if he were authorized.") (citing *Spence, Payne, Masington & Grossman, P.A. v. Philip M. Gerson, P.A.*, 483 So. 2d 775, 777 (Fla. Dist. Ct. App. 1986); *Rushing v. Garrett*, 375 So.2d 903, 906 (Fla. Dist. Ct. App. 1979)). Here, the Miccosukee Tribe allowed Defendant Cypress, without objection, to oversee, control, supervise and have unrestricted access to all financial funds and records of the Tribe. With this unfettered control and access, the Miccosukee Tribe permitted Morgan Stanley Smith Barney to believe that Defendant Cypress had the authority to establish accounts and execute contracts attendant to the establishment of the financial accounts.

This matter is analogous to and controlled by *Board of Trustees of City of Delray Beach Police & Firefighters Retirement System v. Citigroup Global Markets, Inc.*, 622 F.3d 1335 (11th

Cir. 2010). In *Board of Trustees*, the Eleventh Circuit was confronted with "whether the Board of Trustees of the City of Delray Beach Police and Firefighters' Retirement System agreed to arbitrate a dispute arising under its consulting contract with Citigroup Global Markets," which while tasked with helping the Board evaluate the performance of several investment managers of pension funds the Board oversees, allegedly "abused its position as pension consultant when it provided erroneous reports about the performance of the investment managers of the fund, recommended investment managers who would agree to place trades through Citigroup, and engaged in self-dealing transactions with assets of the fund." *Bd. of Trustees of City of Delray Beach Police & Firefighters Ret. Sys.*, 622 F.3d at 1337. Similar to Morgan Stanley Smith Barney here, Citigroup argued that William Adams, chairman of the Board, bound the Board to arbitrate any dispute with Citigroup when he signed several account agreements. The Board contested Mr. Adams' authority to so bind the Board. Noting that the "grant of express authority implied 'the authority to do acts that are incidental to it, usually accompany it, or are reasonably necessary to accomplish it, " *id.* at 1342-43 (quoting 2 Fla. Jur. 2d Agency & Employment § 47 (2005)), the Eleventh Circuit held that Mr. Adams had implied authority to bind the Board to arbitrate disputes with Citigroup arising under their consulting contract.

Notwithstanding the authority the Miccosukee Tribe admittedly conferred upon Defendant Cypress when entering into the Client Agreements, Plaintiff urges that "[w]hen Defendant Cypress engaged in acts that were directly adverse and harmful to the best interest of the Miccosukee Tribe and its people, repeatedly stealing and embezzling money from the Miccosukee Tribe and its people, he was acting beyond the scope of his authority. Therefore, there was ineffective assent to the arbitration agreement by the Miccosukee Tribe." However,

8

Plaintiff does not offer any legal support for this contention.[3] The cases Plaintiff cites involve the Court initially determining whether the arbitration agreement is valid and enforceable where the defendant is alleged to have fraudulently procured assent to the agreement, or where the actual signatory is in dispute. *See, e.g. Cancanon v. Smith Barney, Harris, Upham & Co.*, 805 F.2d 998 (11th Cir, 1986) (holding that a claim of fraud in factum, or execution, of contract with securities firm was adequately raised to avoid arbitration); *Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 854 (11th Cir. 1992) (ruling that district court itself must first decide whether nonsigning party can nonetheless be bound by contractual language where the parties cannot ascertain the actual author of the signature on two customer agreements containing arbitration clauses). Here, such fraud or unknown identity regarding the creation of the arbitration agreement is not asserted and no evidence is presented to demonstrate such an issue.

Given that Defendant Cypress had the legal authority to bind the Miccosukee Tribe in commercial contracts at the time he entered the Client Agreements with Morgan Stanley Smith Barney, the Client Agreements must be enforced against the Miccosukee Tribe.

## IV.   CONCLUSION

I find that Defendant Cypress had the requisite legal authority to enter into the arbitration agreement with Morgan Stanley Smith Barney on behalf of the Miccosukee Tribe. Therefore, the Miccosukee Tribe must arbitrate it claims against Morgan Stanley Smith Barney. For the foregoing reasons, Defendant Morgan Stanley Smith Barney LLC's Motion to Compel Arbitration and Dismiss or Stay Action Based Upon Agreement to Arbitrate (ECF No. 39) is

---

[3] Every case Plaintiff cites in its Response in Opposition to Defendant Morgan Stanley's Motion to Compel Arbitration and Dismiss or Stay Action Based Upon Agreement to Arbitrate relates to Plaintiff's correct contention that the district court, not a panel of arbitrators, must first resolve whether there is a valid, enforceable arbitration agreement before compelling the parties to arbitrate their dispute. *See, e.g. Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 403-04, 87 S.Ct. 1801, 1806 (1967); *Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 854 (11th Cir. 1992); *Cancanon v. Smith Barney, Harris, Upham & Co.*, 805 F.2d 998 (11th Cir, 1986).

**GRANTED**. Plaintiff and Defendant Morgan Stanley Smith Barney LLC are compelled to arbitration. Accordingly, Plaintiff's Amended Complaint as to Defendant Morgan Stanley Smith Barney LLC is **DISMISSED**. *See Kozma v. Hunter Scott Fin., L.L.C.,* No. 09-80502-CIV, 2010 WL 724498 (S.D. Fla. Feb. 25, 2010) (noting that "[t]he United States Court of Appeals for the Eleventh Circuit has not directly addressed this issue, but has frequently affirmed where the district court compelled arbitration and dismissed the underlying case."). The Clerk is directed to **TERMINATE** Defendant Morgan Stanley Smith Barney LLC as a party in this case. All pending motions concerning Defendant Morgan Stanley Smith Barney LLC, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers at Miami, Florida this 17th day of May 2013.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Chris M. McAliley, U.S. Magistrate Judge*
*Counsel of record*