UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12–22439-CIV-COOKE/MCALILEY

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

       Plaintiff,

v.

BILLY CYPRESS, *et al.*,

       Defendants.

_____/

## ORDER GRANTING MOTION TO COMPEL

"Discovery is not supposed to be a shell game, where the hidden ball is moved round and round and only revealed after so many false guesses are made and so much money is squandered."[1]  Sadly, in a number of  instances in this lawsuit, the discovery process has been such a shell game.  Defendant Lewis Tein's responses to Plaintiff's Second through Twelfth Requests for Production is the latest such example.

Plaintiff has filed a Motion to Compel Lewis Tein to serve better responses to those Requests for Production. [DE 232].  Lewis Tein filed a response [DE 239] and the motion is ripe for ruling.[2]  For the following reasons, the motion is granted.

_____

[1] *Lee v. Max Intern., LLC*, 638 F.3d 1318, 1322 (10th Cir. 2011).

[2] Plaintiff filed an unauthorized reply, which the Court will not consider.  On January 30, 2013, I entered an order titled "Discovery Procedure," which sets forth the procedures for the parties to follow regarding discovery motions.  [DE 151].  That order states:  "**No reply memoranda are permitted absent specific court order.**" (emphasis in original).  Plaintiff nevertheless filed a reply memorandum, without seeking leave of court.  It is surprising how frequently counsel in this action ignore the Discovery Procedure Order.  Both parties have ignored the page limitations set forth in

## I.      Background

Plaintiff, the Miccosukee Tribe of Indians ("Plaintiff" or "the Tribe"), has issued eleven

identical document requests (its Second through Twelfth Requests for Production) to Lewis Tein

that ask for four categories of documents, which relate to Lewis Tein's representation of

individual members of the Tribe: (1) engagement agreements, (2) billing records, (3) documents

reflecting loans approved by the Plaintiff for payment of the tribal members' legal fees, and (4)

documents reflecting the Tribe's payment of legal fees on behalf of the members.  The only

difference between the document requests is that each names a different member of the Tribe.

Lewis Tein served a response to each document request.  Although Lewis Tein agreed in its

responses to produce some of the requested documents, those responses are mostly confined to

objections.  [*Id.*].  With noted exceptions, Lewis Tein's responses to each document request are

fairly consistent.

By way of further background, Lewis Tein has filed a motion to dismiss, motion for

summary judgment, and motion to stay discovery, all of which are pending before the presiding

District Court Judge.

## II.     Legal standards

Federal Rule of Civil Procedure 26(b)(1) permits parties to discover non-privileged

relevant information. Relevance for discovery purposes is much broader than for trial purposes.

---

the Order. The purpose of the page limits is for counsel to be concise and to-the-point.  Too often,
discovery motions are unnecessarily repetitive, present arguments more appropriate to summary
judgment or trial than to discovery, and sometimes denigrate the opposing party.  Where additional
pages are needed for essential legal citation or analysis, counsel may seek leave of court to file a
longer memorandum.

A party may discover information that would not be admissible at trial if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As such, "discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action." *Dunkin'Donuts, Inc. v. Mary's Donuts, Inc.*, No. O1-0392, 2001 WL 34079319, *2 (S.D. Fla. Nov. 1, 2001).

When a party responds to a discovery request with objections, it must do so in a clear and unambiguous manner, and must include a supporting explanation or justification for the objections. *See* Fed. R. Civ. P. 34(b)(2)(B) ("state an objection to the request, including the reasons"); S.D.Fla. Local Rule 26.1(g)(3)(A) ("objections shall state with specificity all grounds"); S.D. Fla. Local Rule App. A §§ III(A)(5) ("objections should be specific, not generalized").

To do otherwise - to state an objection without providing an explanation why that objection has merit in this instance - is a boilerplate objection, which courts roundly condemn. *See, e.g., Sallah v. Worldwide Clearing LLC*, 855 F.Supp.2d 1364, 1376 (S.D. Fla. 2012) ("Objections that state a discovery request is vague, overly broad, or unduly burdensome are, standing alone, meaningless and do not comply with both the Local Rules and Rule 34's requirement that objections contain a statement of reasons."); *see also Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10–cv–753–FtM–36SPC, 2011 WL 3841557, *3 (M.D.Fla. Aug. 29, 2011) ("Parties are not permitted to assert these types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable.") (citation omitted); *Huff v. Huff*, No. 1:04-CV-0172-GGB, 2006 WL 2356042,

3

*1 (N.D. Ga. Aug. 15, 2006) ("broad objections based on conclusory generalizations [are] insufficient.").

Specificity is required in objections because without it both the requesting party and the Court lacks sufficient information to understand the scope of the objection, and to fairly consider whether the objection has merit. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (objections must be "plain enough and specific enough so that the court can understand in what way the discovery is alleged to be objectionable.") (citation and quotation marks omitted).

A response to a document request may include both an objection, and the agreement to produce responsive documents.   However, if the response states both, it must clearly communicate whether *all* responsive documents are being produced, or whether only *some* responsive documents are being produced, and others withheld in reliance upon the objection. To do otherwise creates a guessing game for anyone reading that response, as to whether the document request as been fulfilled, or not. *See, e.g., Porto Venezia Condo. Ass'n, Inc. v. WB Fort Lauderdale, LLC*, No. 11-60665-CIV, 2012 WL 2339703, *4 (S.D. Fla. June 14, 2012) (a boilerplate objection followed by a response subject to the objection is meaningless; this practice is generally disfavored in this District, and others)(citing cases).[3]

---

[3] Some attorneys believe that even when they know that their client has no responsive documents, they must nevertheless state an objection to preserve it, in the off chance that it might apply to a later-discovered document.  It is permissible to state an objection in this instance, but only if the response clearly communicates that the objection is simply being preserved and there are no responsive documents.

The recipient of a discovery request must state any objections it has in the response that it serves on the requesting party. The Rules of this Court are clear: any objection not timely stated "shall be waived." S.D.Fla. Local Rule 26.1(g)(3)(A). The reason behind this is equally clear: the requesting party must be informed of the respondent's objections, so that it can consider whether the objections have merit, and if need be, engage in a process of conferral that leads to agreement on the discovery that will be produced.

These rules and principles are intended to facilitate the efficient, cost effective, and successful exchange of discovery. Some litigants however, engage in the discovery process as if it were a strategic game to avoid disclosure and frustrate their opponent. Many courts have expressed their dismay with this seemingly increasing practice. *See, e.g., Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978) ("The aim of these liberal discovery rules is to 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'") (quoting *U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958)); *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir. 1992) ("For Rule 26 to play its proper part in this salutary scheme, discovery must not be allowed to degenerate into a game of cat and mouse."); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 790 (9th Cir. 2011) ("The Federal Rules of Civil Procedure exist to move a case forward to disposition, and to do so promptly and expeditiously . . . discovery too often has become a desultory game of hide and seek."); *Bethesda Softworks LLC v. Interplay Entertainment Corp.*, No. DKC 09-2357, 2011 WL 1559308, *5 (D.Md. Apr. 25, 2011) ("Discovery is meant to take the game playing *out* of the trial process, not simply add another stage to the process where the parties can cagily engage in

obfuscation and evasion.") (emphasis in original).

The parties to this lawsuit, most notably Plaintiff and Defendant Lewis Tein, have been particularly unsuccessful in exchanging discovery as contemplated by the Rules. They have brought a number of discovery disputes to this Court that have been addressed at several lengthy hearings in which I have attempted to impress upon counsel, among other things, the need to provide complete and unambiguous responses to discovery. This Order is yet another effort to drive this message home.

## III.   Analysis

Before turning to each document request, I address the arguments Lewis Tein made in response to Plaintiff's motion.

Lewis Tein asserts that the document requests are not warranted and premature because Plaintiff has failed to state a claim against it. Lewis Tein essentially restates arguments it has made in the dispositive motions, and motion for a stay of discovery, that are pending with Judge Cooke. [DE 239, p. 2-3]. The fact that those motions have been filed does not suspend discovery. *See* S.D. Fla. Local Rule, App. A, § I(D)(5) (generally, the pendency of a motion to dismiss or for summary judgment will not justify a stay of discovery pending a ruling on the motion); *see also Ray v. Spirit Airlines, Inc.*, No. 12-61528, 2012 WL 5471793 (S.D. Fla. Nov. 9, 2012). Lewis Tein asks this Court to "put the cart before the horse" and preclude discovery because the Defendant believes it will prevail in this lawsuit. Until Defendant prevails, or Judge Cooke orders discovery stayed, or the period for discovery expires, the Defendant must fully meet its discovery obligations.

Lewis Tein's remaining argument is that the documents sought are irrelevant because Plaintiff has failed to state a RICO claim. [DE 239, pp. 3-6]. With the exception of Request No. 1 in Plaintiff's requests for production, Lewis Tein did not object to the three other document requests on the basis of relevance. The Rules of this Court clearly state that any objection not timely stated "shall be waived." S.D.Fla. Local Rule 26.1(g)(3)(A). With the one exception noted, Lewis Tein has waived any objection based on relevance.

I now turn to each document request and response, and consider them in light of the referenced principles and rules.

### A.      Engagement agreements

In Request No. 1, Plaintiff seeks all engagement agreements and similar documents between Lewis Tein, or any attorney associated with the firm, and the individual members of the Tribe for the years 2005 through 2010.

In its response to the 5th and 12th requests for production, Lewis Tein states that it has no documents responsive to this request and objects to the "remainder" of the request as "impertinent." [DE 232-1, pp. 27, 37, 107]. If Lewis Tein has no responsive documents, that should be the end of its response, as that is clear and unambiguous. The added objection to the "remainder" of the request creates confusion: what is the "remainder" of that request? Are documents being withheld? And what does "impertinent" mean here? No explanation has been offered. This is a meaningless, boilerplate objection that Lewis Tein's very able counsel knows better than to assert, and it is overruled.

7

As for the 6th, 7th, 8th, 9th, 10th, and 11th requests for production, Lewis Tein states that it will produce "any engagement agreement," and objects to the "remainder" of this request as "impertinent." [DE 232-1, pp. 47, 57, 67, 77, 87, 97]. The document request asks for more than engagement agreements.[4] This Court cannot tell whether Lewis Tein has any other responsive documents that it is withholding beyond engagement agreements, and whether it has produced all that it has. For the reasons already stated, this objection is overruled.

Regarding the 4th request for production, Lewis Tein states it has no responsive documents, then objects to the "last phrase of this request as false, vague and impertinent." [DE 232-1, p. 27]. This boilerplate objection is overruled.

As for the 3rd request for production, Lewis Tein states that it will produce documents responsive to this request "subject to any assertions of privilege by Billy Cypress" and objects to the "remainder" of the request as "impertinent." [DE 232-1, p. 17]. In its response to the motion, however, Lewis Tein states it does not have any engagement letters as to Billy Cypress. [DE 239, p. 2]. Lewis Tein has not, however, made an unambiguous statement that it has no responsive documents. Its objection is overruled for the reasons already stated and, as will be explained, because it has entirely failed to establish any "assertions of privilege."

Finally, as for the 2nd request for production, Lewis Tein states that it has Jerome Huggins' "February 2010 engagement agreement, a copy of which will be produced." [DE 232-

---

[4] For example, it asks for "contracts," "agreements for representation," and "retainer agreements." To be unambiguous, the response must meet the request. By selectively offering to produce "engagement agreements" and not having stated that it is producing everything requested, Lewis Tein leaves open the possibility that, as an example, it is withholding a responsive document that it characterizes as a "contract" and considers "impertinent."

8

1, p. 7]. Again, it objects to the remainder of the request as "impertinent." [*Id.*]. For the reasons already given, this objection is overruled. In its response to the motion, Lewis Tein states that it will produce an engagement letter, but "will redact any privileged information therein." [DE 239, p. 2]. Notably, Lewis Tein did not object to this document request on the basis of privilege and its attempt to raise a privilege objection in its response to the motion is untimely and overruled.

In sum, Lewis Tein's objections are overruled. Lewis Tein shall serve amended responses which clearly and unambiguously state whether it has responsive documents, and if so, that they have all been produced. Lewis Tein shall produce all responsive documents by the deadline stated in this Order.

**B.     Billing records**

In Request No. 2, Plaintiff seeks billing records reflecting the time and hourly rate billed per month by Lewis Tein, and any attorney associated with the firm, for work performed for individual tribal members for the years 2005 through 2010. [*See, e.g.*, DE 232-1, pp. 7-8]. With the exception of the 4th request for production,[5] in every response Lewis Tein objects to Request No. 2 solely on the basis of attorney-client and work product privilege.

On multiple occasions, I have reminded the parties that the party raising a claim of privilege has the burden of proving its applicability, and I have directed them to two decisions that further explain that burden and how a party can best satisfy it. [*See* DE 151, 154, 187]. In

---

[5] In that response, Lewis Tein provides a clear answer that needs no further discussion. [DE 232-1, p. 28].

its response to the motion, Lewis Tein does not in any way attempt to carry this burden. The only statement it makes about this issue - in its response to the motion to compel - is that it "will produce redacted invoices, along with a privilege log, upon the Magistrate Judge's ruling on the relevancy of these materials." [DE 239, p. 2]. Lewis Tein, however, did not object to this document request on the grounds of relevancy. And, it has completely failed to carry its burden of proving that these records are protected by the attorney-client and work product privilege; thus that objection is overruled. Lewis Tein shall produce all responsive documents, without redaction, by the deadline stated below.

### C.   Documents reflecting loans for payment of legal fees

In Request No. 3, Plaintiff seeks all documents reflecting loans the Tribe approved for payment of legal fees to Lewis Tein, or any attorney associated with the firm, for legal representation of the individual tribal members for the years 2005 through 2010. With the few exceptions noted here, Lewis Tein responds with a two-part objection and response.

First, Lewis Tein makes the following statement:

> Lewis Tein is in the possession of numerous documents received in discovery from the Miccosukee Tribe reflecting that the Tribe approved and extended loans to tribe members for legal fees, including a general ledger account, audited financial statements and management response letters. Lewis Tein objects to re-producing these items back to the Miccosukee Tribe.

[*See e.g.,* DE 232-1, p. 8]. There are several problems with this answer.

10

First, Lewis Tein does not state whether any of these documents it received in discovery from the Tribe concern the individual tribal member who is the subject of the document request.[6] And, Lewis Tein does not state whether it has any *other* responsive documents from another source, *e.g.*, documents other than those received from Plaintiff in discovery. Put differently, the fact that Plaintiff, in discovery in this case, has produced documents to Lewis Tein that are responsive to this request does not mean that Plaintiff - or the Court - should assume that Lewis Tein has no other responsive documents from some other source. If Lewis Tein has responsive documents from another source it must produce them to Plaintiff.

As for the documents Plaintiff has produced to Lewis Tein in discovery in this case, depending how those documents are organized, Lewis Tein's identification of the particular documents responsive to each discovery request may well be a chore; but it is one that appears necessary. These parties have disputed whether certain payments by the Tribe to Lewis Tein for legal services were loans, or not. Lewis Tein may believe that some of the papers the Tribe has produced regarding its members' legal fees reflect loans, while other documents reflect the Tribe's agreement to directly pay its members' legal fees. By identifying which of the Tribe's documents Lewis Tein believes reference loans, it can unambiguously respond to this request.[7]

---

[6] Unlike its other responses to this discovery request, Lewis Tein, in its response to the 3rd request for production, specifies that the documents it received in discovery from the Tribe do reflect loans to the particular tribal member - former Chairman Billy Cypress - who is the subject of that particular request for production. [DE 232-1, p. 18].

[7] As always, counsel should work together to streamline the discovery process and avoid unnecessary effort, whenever possible. Thus, if there no longer is any disagreement between Lewis Tein and the Tribe as to the nature of the Tribe's payments of legal fees of its members (*i.e.*, a loan or gift), the parties may come up with a more efficient way for Lewis Tein to respond to this discovery request.

Next, Lewis Tein adds to its response this ambiguous statement: "Lewis Tein is unaware of any responsive documents naming [the individual tribe member] specifically."[8] [*See, e.g.*, DE 232-1, p. 8]. This statement, in conjunction with the first portion of the response, creates confusion and causes this Court to wonder whether Lewis Tein, in fact, has any responsive documents. This appears to be classic discovery game-playing.

In sum, Lewis Tein shall serve amended responses that clearly and unambiguously state whether it has responsive documents, and if it does, it must produce those documents consistent with this Order.[9]

### D.      Documents reflecting payment of legal fees

In Request No. 4, Plaintiff seeks copies of all documents, including cancelled checks front and back, money orders, credit card payments, wire transfers, cash receipts, showing payments from individual tribal members to Lewis Tein for legal work reflected in Request No. 1. With the exception of the 4th request for production,[10] Lewis Tein objects to producing copies of Plaintiff's checks back to Plaintiff, or "re-producing" those items, as unduly burdensome and harassing. [*See, e.g.*, DE 232-1, p. 8]. This is nothing other than a boilerplate objection, which

---

[8] Lewis Tein does not include this statement in response to Request No. 3 in the 12th request for production. [DE 232-1, p. 108].

[9] In its response to the 4th request for production Lewis Tein gives an unambiguous response that it has no responsive documents. In response to Request No. 3 in the 3rd request for production, Lewis Tein states it will produce all other responsive documents, excluding those produced to it by Plaintiff, to include correspondence with the Miccosukee Business Council. [DE 232-1, p. 18]. The Court assumes that these documents have long since been produced. If not, Lewis Tein shall produce them no later than the deadline set forth herein.

[10] In that response, Lewis Tein clearly states that is has no documents responsive to Request No. 4. [DE 232-1, p. 28].

12

violates the Federal and Local Rules. Lewis Tein has failed to satisfy its burden of demonstrating how this request is unduly burdensome and harassing; its objection is thus overruled.

Next, Lewis Tein states that it does not possess copies of cancelled checks responsive to this request, adding "[s]uch items should be in the possession of the drawer of the checks or the financial institution from which the funds were drawn." [*See, e.g.*, DE 232-1, p. 8]. It is not clear whether Lewis Tein has copies of checks and objects to producing them or does not have copies of checks. This is a clear example of how combining a boilerplate objection with an answer creates a meaningless discovery response.

Finally, Lewis Tein, in most instances, adds two statements: that it will produce "[c]opies of any payment items from drawers other than [Plaintiff]" and then: "Lewis Tein is not aware of any." [*See, e.g.*, DE 232-1, p. 38]. Lewis Tein's statement that it is "not aware" of any responsive documents leaves this Court to wonder whether it has met its obligation to search for these records. And combined, these two statements render each other utterly meaningless.

In sum, this response leaves this Court wondering whether Lewis Tein has any responsive documents in its possession. Accordingly, Lewis Tein shall serve amended responses to Request No. 4 that clearly and unambiguously state whether or not it has responsive documents; if it does, it shall produce those documents.

### E.    Order

For all of the foregoing reasons, Plaintiff's Motion to Compel Requests for Production to Defendant Lewis Tein P.L. [DE 232], is **GRANTED**.

13

**No later than July 12, 2013,** Lewis Tein shall serve its amended responses as detailed above and any responsive documents.

DONE AND ORDERED in chambers in Miami, Florida this 28th day of June, 2013.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:      The Honorable Marcia G. Cooke
                Counsel of record