UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

        Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN STANLEY
SMITH BARNEY; JULIO MARTINEZ;
MIGUEL HERNANDEZ; GUY LEWIS,
ESQUIRE; MICHAEL TEIN, ESQUIRE; and
LEWIS TEIN, PL, a professional association,

        Defendants.

_____/

## LEWIS TEIN MOTION TO SUPPLEMENT THE RECORD ON LEWIS TEIN'S RULE 11 MOTIONS FOR SANCTIONS

        Guy Lewis, Michael Tein, and Lewis Tein, PL (collectively "Lewis Tein") request leave of Court to supplement the briefing on Lewis Tein's Motions for Sanctions. Since the close of the briefing on Lewis Tein's Motion, Lewis Tein has obtained additional evidence which demonstrates the frivolity of the claim the Tribe and its lawyers pursued in this case.

### Procedural Posture of Lewis Tein's Rule 11 Motion for Sanctions

        Lewis Tein filed its Rule 11 Motion for Sanctions on September 24, 2012. [D.E. 38]. The Tribe Responded, and Lewis Tein filed a Reply in Support of the Motion. *See* [D.E. 60] & [D.E. 66]. The Tribe obtained leave to file a Sur-Reply, and did so on October 29, 2012. [D.E. 74]. The Motion is fully briefed and ripe for determination. However, since the briefing closed, additional evidence has been discovered that supports Lewis Tein's Motions for Sanctions pursuant to Federal Rule of Civil Procedure 11. Supplemental briefing identifying

these additional issues, including objective evidence of the Tribe's knowledge of the frivolity of its claims will assist the Court in its ruling on the Motion.

When the Court dismissed the Tribe's case with prejudice, it ordered, "All pending motions concerning the substantive claims brought in this action are **DENIED** *as moot*." Order of 9/30/13 [D.E. 282] at 18 (emphasis original). Lewis Tein's Rule 11 Motion for Sanctions is thus pending and not moot.

**Evidence in Support of Lewis Tein's Motion Obtained After the Close of Briefing**

By way of example, Lewis Tein believes the following evidence is germane to the Court's determination of Lewis Tein's Motion for Sanctions. If the Court grants this Motion, Lewis Tein proposes to supplement the record with argument and evidence related to the following issues (among others):

1. The Tribe's auditor for years at issue (and whom the Tribe continues to employ to audit its business entities) testified that he knew of no fraud or misrepresentation, and that he had no reason to believe the loans Tribe members received for legal fees were false, fraudulent, or not intended to be repaid. During his audits, he received a schedule of loans to Tribe members, the repayment of which came out of Tribe distributions to those members. Prior to deposition, the Tribe's lawyers met privately with the auditor and the Tribe's lawyers explained their "very general, nothing specific" theory of fraud -- the auditor testified at deposition, "I can't justify what they're telling me." The auditor never uncovered evidence of misappropriation by Tribe employees or outside vendors like lawyers. To date, since January 2010, the Tribe has not engaged any financial professional to conduct a fraud audit.

2. Tribe financial statements and management representation letters showing that loans to Tribe members and loans to former Chairman Billy Cypress were tracked and

disclosed:



The Tribe's auditor likewise testified that he ensured former Chairman Billy Cypress's spending was disclosed to the Tribe's Business Council, and that the Business Council members sign the management representation letters: "I wanted no misunderstanding from any [B]usiness [C]ouncil member that they were not aware of anything that was going on."

3.  The Tribe's auditor produced a schedule tracking loans to Tribe members for legal fees and reflecting repayments from the Tribe member's Tribal distributions (referred to as "NTDR"). Many lawyers other than Lewis Tein received payment in this same way, including the lawyer who signed the Complaints alleging that this was a fraud as to Lewis Tein:

```
9/30/2005
                1069-001
                A/R Legal

        *           *           *

10/02   Bernardo Roman                           30,000.00
11/02   NTDR deductions                         (86,385.00)

        *           *           *

9/14/2005  NTDR deductions                     (127,140.00)
9/30/2005  Lewis Tein, P.L.        548218        13,626.70
```

4.  Lewis Tein invoices signed "Ok to Pay" by Jimmie Bert and invoices signed "Ok to Pay" by his former wife and frequent interpreter Louise Bert, authorizing payment of

Lewis Tein's invoices pursuant to his loans. The invoices signed by Jimmie Bert had been in Mr. Roman's office for years, and were produced by the Tribe's legal department records custodian acting at Mr. Roman's direction: "Kind of how my duties go. Copy this, shred that." An excerpt follows:

> Lewis Tein, P.L.
> 3059 Grand Avenue
> Suite 340
> Coconut Grove, FL 33133
> 305-442-1101 Telephone
> 305-442-6744 Fax
>
> December 31, 2009
>
> *[signature]*
> OK To Pay  2/17/10

5.      In its parallel state court lawsuit against Lewis Tein, the Tribe designated its accountant Jodi Goldenberg as a designee under Fla. R. Civ. P. 1.1360(b)(6). The Tribe fired her shortly before deposition. When deposed in her individual capacity, Ms. Goldenberg testified that the Tribe's lawyer was the only one who has ever taken the position that these were not "approved" loans. When asked why she believed she was fired, Ms. Goldenberg testified, "Well, I think there are several reasons. One being that I know the truth in some of these cases that are going on and I think what I'm going to say is contrary to what the Tribe's attorney wants me to say . . . ."

6.      Tribe NTDR Receipt Reports documenting loans Tribe members received to pay legal fees and repayment of the same through the individual members' distributions, including repayment on the alleged fraudulent loans:

## MICCOSUKEE TRIBE OF INDIANDS OF FLORIDA
## CHECK RECEIPT REPORT

| Check Payable To: TAMMY G. BILLIE | Date: | 3/2/2013 |
|---|---|---|

\*   \*   \*

**Deductions from Distribution**

| Gross Distribution: | | Check Number: | 224841 |
| --- | --- | --- | --- |
| | | Amount: | $ 4,000.00 |
| **Deduction Type** | | **Deduction Amount** | |
| ATTORNEY FEE | | $ | 36,000.00 |

\*   \*   \*

7.     Schedules showing that even during the pendency of this lawsuit, the Tribe *continues to take repayment on the loans it claims were somehow not approved or fraudulent*, for example:

Tammy G. Billie 2003-2013

| Official Date | Check Number | Description | Deduction Amount | Gross Amount | Check Amount | First Name | Mid Name | Last Name | Suffix | End | Search Terms |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 6/1/2013 | 225603 | Gross Amount | | $40,000.00 | | TAMMY | G. | BILLIE | | 326 | TAMMY BILLIE |
| 6/1/2013 | 225603 | ASSISTANCE LN | $1,100.00 | | | TAMMY | G. | BILLIE | | 326 | TAMMY BILLIE |
| 6/1/2013 | 225603 | ATTORNEY FEE | $36,000.00 | | | TAMMY | G. | BILLIE | | 326 | TAMMY BILLIE |
| 6/1/2013 | 225603 | Check Amount | | | $2,900.00 | TAMMY | G. | BILLIE | | 326 | TAMMY BILLIE |
| 3/2/2013 | 224841 | Gross Amount | | $40,000.00 | | TAMMY | G. | BILLIE | | 326 | TAMMY BILLIE |
| 3/2/2013 | 224841 | ATTORNEY FEE | $36,000.00 | | | TAMMY | G. | BILLIE | | 326 | TAMMY BILLIE |
| 3/2/2013 | 224841 | Check Amount | | | $4,000.00 | TAMMY | G. | BILLIE | | 326 | TAMMY BILLIE |

\*   \*   \*

8.     The testimony of the Tribe's current Treasurer Jerry Cypress and then-Vice Chairman Jasper Nelson that they were present at the General Council meeting where the Tribe approved the loans to Tammy Gwen Billie and Jimmie Bert.

9.     In contrast to the Tribe's accusations of "kickbacks," the Tribe's Rule 30(b)(6) witness and current Chairman Colley Billie testified he was "[a]bsolutely not" aware of payments from Lewis Tein to former Chairman Billy Cypress. During that deposition, Chairman Colley Billie repeatedly invoked the Fifth Amendment privilege against self-incrimination. One of the Tribe's Fla. R. Civ. P. 1.310(b)(6) designees, Lawmaker William Osceola, testified that he was aware of *no evidence* underlying the alleged fraudulent scheme and that "[I]f there were [evidence of a scheme] I wouldn't be here . . . I wouldn't be sitting

5

here doing the deposition if there was solid evidence."

This non-exhaustive list of evidence arising after the close of the briefing on Lewis Tein's Motion for Rule 11 Sanctions further demonstrates why Lewis Tein's Motion should be granted.

WHEREFORE, Lewis Tein respectfully requests leave of Court to supplement the briefing on its Rule 11 Motions for Sanctions.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel has conferred with the parties. The Miccosukee Tribe opposes this Motion. No other party has indicated that it opposes the relief requested.

Respectfully submitted,

Carlton Fields, P.A.

100 S.E. Second Street, Suite 4200
Miami, Florida 33131

By: /s/ Paul A. Calli
Paul A. Calli
Florida Bar No. 994121
Email: pcalli@carltonfields.com
cbussone@carltonfields.com
miaecf@cfdom.net
*Attorneys for Guy Lewis, Michael Tein, and Lewis Tein, PL*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on November 22, 2013, we electronically filed the foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served on this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in

Case No. 1:12-cv-22439-MGC

some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                              CARLTON FIELDS, P.A.


                              By: /s/ Paul A. Calli
                                    Paul A. Calli
                                    Florida Bar No. 994121
                                    Email: pcalli@carltonfields.com
                                              cbussone@carltonfields.com
                                              miaecf@cfdom.net