# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303



John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 15, 2014

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 13-12665-FF
Case Style: Miccosukee Tribe of Indians of v. Morgan Stanley Smith Barney
District Court Docket No: 1:12-cv-22439-MGC

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Janet K. Spradlin, FF
Phone #: (404) 335-6178

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

No. 13-12665
Non-Argument Calendar

D.C. Docket No. 1:12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,

Plaintiff - Appellant,

versus

BILLY CYPRESS,
DEXTER WAYNE LEHTINEN,
Esquire, et al.,

Defendants,

MORGAN STANLEY SMITH BARNEY LLC,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

Before CARNES, Chief Judges, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

In July 2012 the Miccosukee Tribe of Indians of Florida filed suit against Morgan Stanley Smith Barney LLC and seven other defendants, asserting federal RICO claims as well as various claims under Florida law. In response, Morgan Stanley filed a motion to compel arbitration and sought to have the federal suit dismissed or stayed. The district court granted Morgan Stanley's motion to compel arbitration and dismissed the Miccosukee Tribe's complaint only as to Morgan Stanley. It did not dismiss or stay the action as to the other seven defendants. The Miccosukee Tribe now appeals the order granting Morgan Stanley's motion to compel arbitration.

While this appeal was pending, we issued a jurisdictional question to the parties concerning whether we have appellate jurisdiction to review the district court's order compelling arbitration. Because we conclude that we do not have jurisdiction, this appeal begins and ends with that issue.

I.

Although a litigant may appeal a "final decision" regarding an arbitration subject to the Federal Arbitration Act (FAA), an appeal may not be taken from an interlocutory order compelling arbitration under that same Act. 9 U.S.C.

2

§ 16(a)(3), (b); see also Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 84–89, 121 S.Ct. 513, 519–21 (2000). While the FAA does not define what makes a decision "final" under 9 U.S.C. § 16(a)(3), the Supreme Court has adopted the "well-established meaning" of that term and held that "final decisions" under § 16(a)(3) are those that "end[] the litigation on the merits and leave[] nothing more for the court to do but execute the judgment." Green Tree Fin. Corp.-Ala., 531 U.S. at 86, 121 S.Ct. at 519 (quotation marks omitted). Thus, an order that compels arbitration and "dispose[s] of the entire case" qualifies as a final, appealable order under § 16(a)(3). Id., 121 S.Ct. at 519–20. By contrast, an order that fails to dispose of all the claims in a suit, or adjudicates the rights and liabilities of some (but not all) of the parties, is not immediately appealable unless the district court certifies that order as a final judgment under Federal Rule of Civil Procedure 54(b).[1] Supreme Fuels Trading FZE v. Sargeant, 689 F.3d 1244, 1246 (11th Cir. 2012); accord Fed. R. Civ. P. 54(b).

---

[1] The Miccosukee Tribe cites to our decision in Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698 (11th Cir. 1992), to support its contention that the district court's order is immediately appealable, even though the court did not dismiss all pending claims in the complaint. In Bender, the plaintiff brought federal and state claims against her employer and supervisor, who then moved to stay the suit pending arbitration. Id. at 699. The district court found that the state law claims were subject to arbitration and dismissed those claims, but it refused to dismiss or stay the federal claims. Id. The plaintiff appealed the dismissal or her state law claims, and we held that appellate jurisdiction was proper under 28 U.S.C. § 1291 even though the district court had not dismissed all of the plaintiff's claims. Id.

3

In this case, the district court's order compelling arbitration dismissed only Morgan Stanley as a defendant in the lawsuit. It did not dismiss the complaint as to the seven other defendants. The order did not end the litigation on the merits or leave nothing for the court to do but execute the judgment, see Supreme Fuels Trading FZE, 689 F.3d at 1246, and the Miccosukee Tribe has not sought Rule 54(b) certification for immediate review of the order compelling arbitration. Therefore, we do not have jurisdiction to review the district court's interlocutory order compelling arbitration.

**DISMISSED.**

---

While Bender does support the Miccosukee Tribe's argument, our prior panel precedent rule prevents that opinion from controlling our decision here. Under that rule, when there are two prior circuit precedents that conflict, we must follow the earlier one. See, e.g., United States v. Madden, 733 F.3d 1314, 1319 (11th Cir. 2013) ("When we have conflicting case law, we follow our oldest precedent."); United States v. Hornaday, 392 F.3d 1306, 1316 (11th Cir. 2004) ("Where there is a conflict between a prior panel decision and those that came before it, we must follow the earlier ones."); United States v. Dailey, 24 F.3d 1323, 1327 (11th Cir. 1994) ("When there is no method for reconciling an intracircuit conflict of authority, the earliest panel opinion resolving the issue in question binds this circuit until the court resolves the issue en banc.") (quotation marks omitted).

That is what we must do here because Bender is inconsistent with the rule, set out in our prior precedent, that "any order adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties in a suit is not [an appealable] final judgment under 28 U.S.C.A. § 1291" absent Rule 54(b) certification. See, e.g., In re Yarn Processing Patent Validity Litig., 680 F.2d 1338, 1339 (11th Cir. 1982). As a result, Bender does not control our analysis.