UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

    Plaintiff,
vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN STANLEY
SMITH BARNEY; JULIO MARTINEZ;
MIGUEL HERNANDEZ; GUY LEWIS,
ESQUIRE; MICHAEL TEIN, ESQUIRE; and
LEWIS TEIN, PL, a professional association,

    Defendants.
_____/

## LEWIS TEIN'S BENCH MEMORANDUM
## ON **LEGAL STANDARDS FOR IMPOSING SANCTIONS**

    Lewis Tein seeks the imposition of sanctions against the Tribe's counsel for its vexatious and unfounded litigation. The Tribe's counsel, Bernardo Roman, III, Yinet Pino, and Yesenia Lara, relentlessly pursued, with the intent to harass, the Tribe's frivolous claims against Lewis Tein. Roman and company did not conduct an independent investigation of the Tribe's claims pre-suit or at any time and continued to litigate in the face of contradictory evidence demonstrating that the Tribe's claims against Lewis Tein were baseless. Based on the Tribe and its lawyers' disregard for the sanctity of the judicial process, Lewis Tein requests the Court to award Lewis Tein its attorneys' fees and costs incurred as a result of the Tribe's unfounded litigation, to refer Bernardo Roman, III, Yinet Pino, and Yesenia Lara to the Florida Bar, and to refer the Tribe and Bernardo Roman, III to the United States Attorneys' Office for investigation into possible violation of Title 18, U.S.C. Section 1503.

There are three means by which the Court may impose sanctions, after affording the party or attorney subject to sanctions due process:

| Type of Sanction | Necessary Finding | Remedy |
| --- | --- | --- |
| **Rule 11** | Party or attorney signed a pleading or other paper without first conducting a reasonable inquiry into the factual and legal basis for a claim. Conduct is tested under an objective standard – "reasonableness under the circumstances" | The sanction may include nonmonetary directives, an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation |
| **28 U.S.C. § 1927** | (1) an attorney must "engage in unreasonable and vexatious conduct"; (2) "this conduct must multiply the proceedings"; and (3) "the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." <br><br> Conduct tested under an objective standard – a finding of bad faith is required | The excess costs, expenses and attorney's fees reasonably incurred because of such conduct |
| **Inherent powers** | Lawyer's conduct was tantamount to bad faith at least as high as the threshold of bad faith conduct for sanctions under § 1927 | The court has the power to apply an appropriate sanction |

The following discussion provides the standards for the imposition of sanctions in this case.

I.   LEGAL PRINCIPLES CONCERNING FEDERAL RULE OF CIVIL PROCEDURE 11

A lawyer must "stop, think and investigate" before filing a complaint. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 398 (1990). Accordingly, Federal Rule of Civil Procedure 11 provides that:

(a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name. . . .

(b) REPRESENTATIONS to the Court. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney [c]ertifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

   (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

   (2) The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

   (3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

   (4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

   (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate or employee.

   (2) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct

>by others similarly situated. The sanction may include nonmonetary directives[1], an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

"[U]nder Rule 11, an attorney must make a reasonable inquiry into both the legal and factual basis of a claim prior to filing suit." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996). Absent extenuating circumstances, an attorney cannot simply rely on the representations of a client. *Id.* Rather, an attorney must conduct an independent investigation of the facts underlying the client's claim before filing suit. *Id.* "If an attorney has failed to conduct a reasonable inquiry into the matter, then the court is obligated to impose sanctions." *In re Mroz*, 65 F.3d 1567, 1573 (11th Cir. 1995). "'What constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer [and] whether he had to rely on a client for information as to the facts underlying the pleading, motion or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.'" *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (*en banc*) (citations omitted).

Rule 11 "is intended to 'reduce frivolous claims, defenses or motions' and to deter 'costly meritless maneuvers,' thus avoiding unnecessary delay and expense in litigation." *Donaldson*, 819 F.2d at 1556 (citations omitted). Rule 11 sanctions "are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.'" *Id.* It is meant to deter attorneys from violating the rule. *Id.* "The major goals of

---

[1] A sanction may also include referral of the offending attorneys and party to the United States Attorney for prosecution. *See Florida Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 470 F. 3d 1036, 1039 (11th Cir. 2006); *Matsuura v. Alston & Bird*, 166 F. 3d 1006, 1007-08 (9th Cir. 1999) (describing referral to U.S. Attorney by District Court in *In re E.I. du Pont de Nemours and Co. – Benlate Litig.*, No. 4:95–CV–36 (HL) (M.D.Ga. Nov. 4, 1998)).

Rule 11 are to rid the courts of meritless litigation and to reduce the growing cost and burdensomeness of civil litigation. *Id.* at 1559. The meaning of Rule 11 is plain: "A party who signs a pleading or other paper without first conducting a reasonable inquiry shall be sanctioned." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 541 (1991).

Rule 11 incorporates an objective standard. *Donaldson*, 819 F.2d. at 1556. A finding of bad faith is not required to impose Rule 11 sanctions. *Id.* at 1560. "The standard for testing conduct under [R]ule 11 is 'reasonableness under the circumstances.'" *Id.* (citations omitted); *Business Guides, Inc.*, 498 U.S. at 551. The focus is on the merits of the pleading gleaned from the facts and law known or available to the attorney at the time of the filing. *In re Mroz*, 65 F.3d at 1572. Courts should "avoid using the wisdom of hindsight" and "test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Donaldson*, 819 F.2d at 1561 (citations omitted).

"A complaint is factually groundless and merits sanctions where the plaintiff has absolutely no evidence to support its allegations." *In re Mroz*, 65 F.3d at 1573. And, as the matter progresses to trial, the lack of evidence to support a plaintiff's factual assertions justifies the imposition of sanctions. *Id.* at 1572.

II.     LEGAL PRINCIPLES CONCERNING 28 U.S.C. § 1927

Unlike Rule 11, which is aimed primarily at pleadings, under 28 U.S.C. § 1927 attorneys are obligated to avoid dilatory tactics throughout the entire litigation. *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010). Section 1927 provides that "any attorney . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." To warrant the imposition of sanctions pursuant to § 1927:

> (1) an attorney must "engage in unreasonable and vexatious conduct";
>
> (2) "this conduct must multiply the proceedings"; and
>
> (3) "the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct."

*Peer*, 606 F.3d at 1314 (citations omitted); *Medinger v. Healthcare Indus. Oligopoly*, No. 09-13454, 391 Fed. Appx. 777, 779, 2010 WL 3096043, *2 (11th Cir. Aug. 9, 2010).

Sanctions under 28 U.S.C. 1927 "are intended to deter an attorney from *intentionally* and unnecessarily delaying judicial proceedings." *Peer*, 606 F.3d at 1314 (citations omitted) (emphasis in original). An attorney multiples the proceedings unreasonably and vexatiously "when the attorney's conduct is so egregious that it is 'tantamount to bad faith,' which turns on the objective conduct of the attorney. *Id.* (quoting *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007)). "Bad faith" is an objective standard that is satisfied when an attorney "knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolously claims." *Amlong*, 500 F.3d at 1242 (quoting *Schwartz v. Millon Air, Inc,*, 341 F.3d 1220, 1225 (11th Cir. 2003)); *Dial HD, Inc. v. Clearone Communications, Inc.*, No. 12-16557, 536 Fed. Appx. 927, 929 (11th Cir. Sept. 18, 2013) ("Bad faith is an objective standard that is met if the party's conduct was objectively reckless or outside the bounds of acceptable conduct").

"Frivolity" is determined on a case-by-case basis. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1290 (11th Cir. 2010). A claim is objectively frivolous if at the time of filing there are no facts to support the claim and no chance that discovery would uncover evidentiary support. *Peer*,

6

606 F.3d at 1312. In addition, as the Eleventh Circuit has explained, "When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991).

Similarly, whether an attorney's conduct is "vexatious" "requires an evaluation of the attorney's objective conduct." *Amlong*, 500 F.3d. at 1240. "Objectively reckless" conduct is enough to warrant sanctions even if the attorney does not act malevolently. *Id.* The objective standard does not turn on the attorney's subjective intent. *Id.* at 1239. Courts "compare the conduct at issue with how a reasonable attorney would have acted under the circumstances." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010).

The sanctions imposed under § 1927 "'must bear a financial nexus to the excess proceedings [and] may not exceed the 'costs, expenses, and attorneys' fees reasonably incurred because of the sanctionable conduct.'" *Norelus*, 628 F.3d at 1297 (11th Cir. 2010) (citation omitted). A § 1927 sanction may include the costs, expenses and attorney's fees that the defendant incurs in prosecuting the sanctions proceeding because those costs are, in the statute's terms, "incurred because of such conduct." *Id.* at 1298.

**III.    THE COURT'S INHERENT POWER**

> Judges have inherent authority to impose sanctions for misconduct by litigants, their lawyers, witnesses, and others who participate in a lawsuit over which the judge is presiding. Usually the sanction is a fine, an award of attorneys' fees, or some other monetary exaction, and is simply called a "sanction," and no particular procedures, including specification of the burden of proof, are prescribed for determining whether misconduct warranting a sanction has occurred.

*S.E.C. v. First Choice Management Services, Inc*. 678 F.3d 538, 543 -544 (7th Cir. 2012)

When statutes or rules do not provide courts with sufficient authority to protect their integrity and prevent abuses of the judicial process, a court may safely rely on its inherent power to sanction bad faith conduct in the course of litigation. *Chambers v. Nasco, Inc.*, 501 U.S. 32,

50-51 (1991); *Coquina Invs. v. Rothstein*, No. 10-60786-Civ, 2012 WL 3202273, *3 (S.D. Fla. Aug. 3, 2012) (Cooke, J.). But even when rules exist that sanction the same conduct, a court's inherent power to sanction errant lawyers can be invoked. *Chambers,* 501 U.S. at 50-51 (court did not abuse its discretion in relying on its inherent powers because while Rule 11 sanctions could have been employed for filing false and frivolous pleadings and other improper conduct might have been reached through other rules or statutes, party's entire course of conduct during the lawsuit evidenced bad faith, much of which was only sanctionable under the court's inherent power). A court's inherent power is to be used to fashion an "appropriate sanction." *Kornhauser v. Commissioner of Social Security*, 685 F.3d 1254, 1258 (11th Cir. 2012) (quoting *Chambers*, 501 U.S. at 44,)). The court's inherent sanctioning power includes "the ability to impose civil and criminal contempt." *Coquina Invs.*, 2012 WL 3202273, *4. In order to impose criminal contempt, "the court must find that the attorney's conduct 'rises to the level of willfulness'." *Id*. (internal citations omitted).

"The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). Hence, a court must find that the lawyer's conduct "constituted or was tantamount to bad faith before a court can impose sanctions against a lawyer under its inherent power." *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1320 (11th Cir. 2002). "When considering sanctions under the court's inherent power, the threshold of bad faith conduct 'is at least as high as the threshold of bad faith conduct for sanctions under § 1927." *Association for Disabled Americans v. Pebb Enterprises Shops of Del Ray*, No. 13-11551, __ Fed. Appx. __, 2014 WL 465339 (11th Cir. Feb. 6, 2014). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates

bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Thomas*, 293 F.3d at 1320 (citation omitted).

## IV.   DUE PROCESS

An attorney subject to sanctions is entitled to due process. *In re Gleason*, No. 12-11433, 492 Fed. Appx. 86, 89, 2012 WL 4857014, *2 (11th Cir. Oct. 15, 2012); *Donaldson*, 819 F.2d at 1557-58. Due process requires that the attorney or party have fair notice that his conduct may warrant sanctions and the reasons why, as well as the opportunity to respond. *In re Gleason*, 492 Fed. Appx. at 89, 2012 WL 4857014 at *2; *Donaldson*, 819 F.2d at 1559. The notice must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Donaldson*, 819 F.2d at 1558. The attorney or party must be given an opportunity to respond, orally or in writing, as may be appropriate to justify his actions. *Donaldson*, 819 F.2d at 1560; *In re Mroz*, 65 F.3d 1567, 1575-76 (11th Cir. 1995). A court need not hold a hearing before imposing sanctions. *Donaldson*, 819 F.2d at 1560. The timing and content of the notice and the nature of the hearing, if any, will depend upon an evaluation of all the circumstances and an appropriate accommodation of the competing interests involved. *Donaldson*, 819 F.2d at 1558.

## V.   REQUIREMENT OF AN EXPLANATION FOR A SANCTION RULING

"When ruling on a motion for attorney's fees or sanctions, the district court must provide an explanation of the basis for its ruling that is sufficient to allow for meaningful appellate review." *Arugu v. City of Plantation*, No. 11-11163, 446 Fed. Appx. 229, 230, 2011 WL 5341289, *2 (11th Cir. Nov. 8, 2011); *see also* Rule 11(c)(6). Without an adequate explanation, further review of the order is not possible. *See id.* (remanding to the district court to make appropriate findings, explanation or analysis on the defendant's motion for attorney's fees based

upon its contention that plaintiff had filed a frivolous claim and had unreasonably multiplied the proceedings); *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 637 (11th Cir. 2010) ("In this case, however, the district court's conclusory Rule 11 analysis is not sufficient to permit meaningful appellate review" because its one paragraph order provides no explanation of the basis for its ruling. . . .).

VI.    CONCLUSION

Lewis Tein seeks the imposition of sanctions against the Tribe's counsel for its vexatious and unfounded litigation. Specifically, Lewis Tein requests the Court to award Lewis Tein its attorneys' fees and costs incurred as a result of the Tribe's unfounded litigation, refer Bernardo Roman, III, Yinet Pino, and Yesenia Lara to the Florida Bar, and refer the Tribe and Bernardo Roman, III to the United States Attorneys' Office for investigation into possible violation of Title 18, U.S.C. Section 1503.

    Respectfully submitted,

    Carlton Fields Jorden Burt, P.A.
    100 S.E. Second Street, Suite 4200
    Miami, Florida 33131

    By:  /s/ Paul A. Calli
        Paul A. Calli
        Florida Bar No. 994121
        Yolanda P. Strader
        Florida Bar No. 70212
        Email: ystrader@cfjblaw.com
               jutaylor@cfjblaw.com
               miaecf@cfdom.net
    *Attorneys for Guy Lewis, Michael Tein, and Lewis Tein, PL*

CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on May 30, 2014, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  We also certify that the foregoing document is being served on this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

    CARLTON FIELDS JORDEN BURT, P.A.
By: /s/ Paul A. Calli
    Paul A. Calli
    Florida Bar No. 994121
    Email: pcalli@cfjblaw.com
        cbussone@cfjblaw.com
        miaecf@cfdom.net