UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-cv-22439-COOKE

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, ETC.,

    Plaintiff,

v.

GUY LEWIS, MICHAEL TEIN and
LEWIS TEIN, P.L., *et al.*,

    Defendants.

_____/

### LEWIS TEIN'S MOTION FOR ORDER THAT ANGEL CORTINAS SHOW CAUSE WHY HE SHOULD NOT BE DISQUALIFIED

    Guy Lewis, Michael Tein and Lewis Tein, PL (collectively, "Lewis Tein"), move for entry of a Rule to Show Cause why Angel Cortinas, Esq., should not be disqualified under Florida Rule of Professional Conduct 4-1.12(a), because he was a former judge presiding over this same dispute in state court.

### FACTS

    Until May 30, 2013, Angel Cortinas was a judge of Florida's Court of Appeal for the Third District. While Mr. Cortinas was a judge in active service, his court presided over nine cases that were substantially related to this matter, involving the same parties. Exactly one year after announcing his resignation, Mr. Cortinas entered an appearance in this lawsuit as counsel to the Tribe and its lawyers.[1] Immediately after appearing, Mr. Cortinas personally filed as a Rule

---

[1] It is unclear whether and how long Mr. Cortinas represented the Tribe or its lawyers prior to filing his May 30, 2014 notice of appearance. Mr. Cortinas's associate (his former law clerk) has not responded to our inquiries regarding how long they have been hired. *See* Ex. A, 5/31/14 Email Conversation Between J. Kaskel and Y. Strader.

11 hearing exhibit, an opinion that the Third DCA rendered in this matter while he was sitting on that court. That decision is listed as Exhibit 19 on the Tribe's exhibit list. *See* DE 313:Ex. 19 (listing "Bert v. Bermudez, 95 So. 3d 274 (Fla. 3d DCA 2012)").

The following chronological table lists the cases that Florida's Third DCA rendered while Mr. Cortinas was one of its judges:

|   | **Case Name** | **3d DCA Case No.** | **3d DCA Decision** | **Date** |
|---|---|---|---|---|
| 1 | Bermudez v. Bert | 3D10-1335 | Petition granted | 5-28-2010 |
| 2 | Bermudez v. Bert | 3D11-3300 | Petition denied as moot, *Cortinas on panel*. | 1-18-2012 |
| 3 | Bert v. Bermudez | 3D12-800 | Petition denied | 3-30-2012 |
| 4 | Bert v. Bermudez **TRIBE EX. 19** | 3D12-911 95 So.3d 274 | Petition denied | 6-20-2012 |
| 5 | Tribe v. Bermudez | 3D12-842 92 So.3d 232 | Reh'g en banc denied *Cortinas on panel*. | 7-19-2012 |
| 6 | Tribe v. Bermudez | 3D12-871 92 So.3d 232 | Reh'g en banc denied *Cortinas on panel*. | 7-19-2012 |
| 7 | Tribe. v. Tein | 3D12-2132 | Petition denied | 8-17-2012 |
| 8 | Bermudez v. Bert | 3D12-3051 | Petition denied | 2-5-2013 |
| 9 | Tribe v. Lehtinen | 3D12-1950 | Petition denied | 5-20-2013 |

As reflected above, public records indicate that Mr. Cortinas personally participated in three of the nine cases involving this dispute that the Third DCA decided while he was on the bench. He personally participated in the en banc decision for two cases and personally rendered the panel's decision in one. (It is not publicly known what involvement he may have had in the Court's conferences or decisions on motions for the other six cases.)

All nine of these cases concerned matters that the Tribe here alleges as part of its Second Amended Complaint. Specifically, the *Bermudez v. Bert* case concerned the Tribe's allegation concerning a "fictitious loans scheme" for Lewis Tein's legal fees charged to Tribe members

Jimmie Bert and Tammy Billie.  The *Tribe v. Bermudez* cases concerned Mr. Roman's[2] efforts to avoid being deposed in that matter, after he had injected himself and the Tribe into the *Bermudez v. Bert* case. *See Miccosukee Tribe v. Bermudez*, 92 So.3d 232, 233-35 (Fla. 3d DCA 2012) (finding it "mystifying to us" that Mr. Roman, "in an act approved by the Tribe … sought to participate in or influence a state court proceeding"), *reh'g en banc denied* (7/19/2012) (see Nos. 5 & 6 on the above chart).  The *Tribe v. Lehtinen* matter concerned the Tribe's unsuccessful effort to disqualify Mr. Lehtinen's lawyer from the parallel state-court lawsuit making the same allegations the Tribe makes in this case.[3]

## DISCUSSION

Florida Bar Rule 4-1.12(a) regulates the conduct of a former judge after she or he leaves the bench for private practice.  The Rule provides as follows:

> **Representation of Private Client by Former Judge, Law Clerk, or Other Third-Party Neutral.** Except as stated in subdivision (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge . . .  unless all parties to the proceeding give informed consent, confirmed in writing.

Fla. R. Prof. Cond. 4-1.12(a).

The Florida Bar has strictly construed the prior version of the Rule.  In Ethics Opinion 76-24, the Florida Bar disqualified a former federal law clerk from representing a bankruptcy trustee in any matter relating to a bankruptcy case that had been pending before that judge when he was clerking.   Fla. Bar. Eth. Op. 76-24 (5/23/77) (available at www.floridabar.org).  The

---

[2] In addition to the representing the Tribe, former judge Angel Cortinas now represents Mr. Roman in Mr. Roman's individual capacity.
[3] Mr. Cortinas and defendant Dexter Lehtinen were law partners in 1995.  The Tribe specifically alleges that during that time, Lehtinen knowingly breached his duties to the Tribe. *See, e.g.*, DE75:465-66 (alleging that Lehtinen breach of fiduciary duty began "[f]rom February 2, 1995"), 474 (alleging that Lehtinen make knowing misrepresentations to the Tribe "during the years 1995 through and including January 2010").

Rule is designed to "prevent[] the possibility that a judge might take action or refuse to take action while a judge in order to enhance employability or financial rewards in private practice." *Isidor Paiewonsky Associates, Inc. v. Sharp Properties, Inc.*, 1990 WL 303427, *9 (D. V.I. 1990); *see generally, Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Florida, Inc.*, 140 F.3d 898, 913 (11th Cir. 1998) (recognizing that "substantial involvement" would disqualify a law clerk to a M.D. Fla. district judge who "had been privy" to the judge's "thoughts concerning the case").

The term "matter" is defined in the analogous rule relating to prior government service as "any judicial or other proceeding, application, request for ruling or other determination … or other particular matter involving a specific party or parties."  Fla. R. Prof. Cond. 4-1.11(d)(1). The term "substantial" is defined as "a material matter of clear and weighty importance."  Fla. R. Prof. Cond., Preamble ("Terminology").

In addition to the Florida Rules of Professional Conduct, the federal "Guide to Judiciary Policy" has issued an advisory opinion addressing the instant conflict in the context of federal judicial service, indicating that waiver "would not be appropriate" under these circumstances:

> A discrete problem arises when a former judge appears as counsel in a case that was filed in his or her former court before he or she resigned. In such circumstances, the presiding judge should confirm that the attorney's representation is not in violation of the applicable rules of professional responsibility. Although the rules of some jurisdictions may allow waiver of conflicts resulting from an attorney's prior judicial service, the Committee concludes that waiver would not be appropriate to allow a former federal judge to represent parties in any case that had been assigned to the former judge's individual docket during his or her judicial tenure. See generally ABA Rule 1.12(a) ("[A] lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge . . . unless all parties to the proceeding give informed consent, confirmed in writing."). Appropriate steps may include review of the docket sheet to insure the case was not previously assigned to the attorney during his or her judicial service or

inquiry of the parties.

Guide to Jud. Policy, Vol. 2B, Ch.2, Adv. Op. No. 70 (June 2009) ("Disqualification when Former Judge Appears as Counsel"), *available at* www.uscourts.gov/uscourts/rulesandpolicies/conduct; *see also, id.* at Op. No. 84 (Pursuit of Post-Judicial Employment).

When he was a judge, Mr. Cortinas participated personally and substantially in this matter, including publicly rendering three separate decisions. Florida ethical rules squarely prohibit his representing the Tribe and its lawyers in this case, absent prior informed written consent. Mr. Cortinas did not seek such consent prior to entering his appearance in this lawsuit. Lewis Tein does not consent to Mr. Cortinas' representing the Tribe or its lawyers in this sanctions proceeding.

**WHEREFORE**, Lewis Tein requests that this Court issue a Rule to Show Cause why Angel Cortinas, a former judge presiding over this dispute, should not be disqualified under Florida Rule of Professional Conduct 4-1.12(a).

### CERTIFICATE OF PRE-FILING CONFERENCE

In accordance with Local Rule 7.1(a)(3), the undersigned certifies that he attempted to confer with counsel for Bernardo Roman, III, Yinet Pino, Yesenia Lara, and the Tribe regarding the relief requested. Counsel for Bernardo Roman, III, Yinet Pino, Yesenia Lara, and the Tribe has not responded to our inquiry.

Respectfully submitted,

CARLTON FIELDS, P.A.
100 S.E. Second Street, Suite 4200
Miami, Florida 33131
By: /s/ *Paul A. Calli*
    Paul A. Calli
    Florida Bar No. 994121

                Email: pcalli@carltonfields.com
                            cbussone@carltonfields.com
                            miaecf@cfdom.net
*Attorneys for Defendants Guy A. Lewis, Michael R. Tein and Lewis Tein PL*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on June 1, 2014, we electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                CARLTON FIELDS, P.A.

By: /s/ Paul A. Calli
     Paul A. Calli
     Florida Bar No. 994121
     Email: pcalli@carltonfields.com
             cbussone@carltonfields.com
             miaecf@cfdom.net