UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

        Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN STANLEY     EXPEDITED TREATMENT REQUESTED
SMITH BARNEY; JULIO MARTINEZ;
MIGUEL HERNANDEZ; GUY LEWIS,
ESQUIRE; MICHAEL TEIN, ESQUIRE; and
LEWIS TEIN, PL, a professional association,

        Defendants.
_____/

## MOTION TO SEAL

Guy Lewis, Michael Tein, and Lewis Tein, PL (collectively, "Lewis Tein") request the Court to enter an order, pursuant to Fed. R. Civ. P. 12(f), sealing certain private and impertinent personal matters that the Tribe publicly filed on Friday afternoon.

Several of the exhibits that the Tribe filed for the Rule 11 hearing contain material that should be sealed. These exhibits consist of (a) privileged communications; (b) transcripts ordered sealed; and (c) personal information about Guy Lewis, Mike Tein and their families. The Tribe filed these materials in the teeth of this Court's written warning. [D.E. 111] (after Tribe filed defense counsel's home address, warning the parties against "any actual or perceived unprofessional behavior") and in direct violation of orders by the state court in the parallel lawsuit.

The offending exhibits are as follows:

| Exhibit No. | Description | Basis for Sealing |
|---|---|---|
| 10D | Guy Lewis April 26, 2013 Deposition Transcript | Certain portions of Guy Lewis's Deposition was sealed by Court Order in Case No. 12-12816. |
| 14C | Richard Pollack, C.P.A., Analysis of Invoices from Lewis Tein, PL | Contains privileged communication and information regarding individual Tribal clients |
| 14D | Richard Pollack, C.P.A., Analysis of Invoices from Lewis Tein, PL: List of Potential Products, Excluding IRS Matters | Contains privileged communication and information regarding individual Tribal clients |
| 14F | Richard Pollack, C.P.A., Analysis of Invoices from Lewis Tein, PL, IRS Only | Contains privileged communication and information regarding individual Tribal clients |
| 14G | Richard Pollack, C.P.A., Analysis of Invoices from Lewis Tein, PL: Detail by Hour and Amount, Excluding IRS Matters | Contains privileged communication and information regarding individual Tribal clients |
| 17 | Guy Lewis Home Brochure | Contains personal information of Guy Lewis and his wife, including a contents of items in their home and a listing of cars in their garage |
| 18B | Investigation Report of Guy Lewis' Vehicles | Contains personal information of Guy Lewis |
| 18C | Investigation Report of Michael Tein's Assets | Contains personal information of Michael Tein and his family |
| 18D | Angelfish Cay Property Information | Contains personal information of Michael Tein and his family |
| 18E | Guy Lewis' Real Estate Assets | Contains personal information of Guy Lewis and his family |

## **DISCUSSION**

### I. The Tribe has Placed Impertinent Personal Information into the Public Record in this Case.

The exhibits that the Tribe filed include personal information about Lewis and Tein's families, including the value of their homes, information about their bank accounts and mortgages, information about their spouses and their cars, Lewis' date of birth, detailed descriptions of items located inside Lewis' house, and the address of Tein's condominium. None of this is remotely relevant.

This Court has already issued a warning against unprofessional filings in this case [D.E. 111] (striking the Tribe's filing of defense counsel's home address). The state court adjudicating the parallel lawsuit ordered the Tribe not to "disseminate or disclose Guy Lewis and Michael Tein's home addresses in the future." *See* 4/13/12 Order, attached as Ex. 1. Unbowed, the Tribe continued to file personal material, including maps of the homes of Guy Lewis and Paul Calli, excerpts from Calli's divorce case, and the details of purchases by Tein and his wife. In each instance, the state court struck and sealed this material. In one instance the state court sanctioned the Tribe. *See* 2/19/13 Order (Ex. 2); 3/19/13 Order (Ex. 3); 4/17/13 Order (Ex. 4); 5/28/13 Order (Ex. 5).

This Court ordered the parties to exchange exhibit lists. [D.E. 298] ("counsel shall exchange and provide to the Court exhibits and witness lists identifying the documents and witness to be presented in evidence at the June 5, 2014 Evidentiary Hearing"). The Tribe filed their exhibits on Pacer. Publicizing personal information about Lewis and Tein's family homes and assets is gratuitous and impertinent. It should be sealed. *See* Fed. R. Civ. P. 12(f) ("The Court may strike from a pleading … any immaterial, impertinent or scandalous matter.").

## II. Exhibit 10D Violates a State Court Order Sealing Certain Excerpts of that Exhibit.

The Tribe's filing of Exhibit 10D directly violates a state-court order and highlights the Tribe's relentless inflammatory side-show attacking Guy Lewis's government service. On September 9, 2013 in the Related State Action, Judge John Thornton issued an order unsealing certain depositions, including the deposition of Guy Lewis taken on April 26, 2013. However, the Order provided: "the following portions of the transcript of Guy Lewis's deposition taken on April 26, 2013 in this Action *shall remain sealed* (part by agreement and part by court ruling): 79:12-13; 126; 127:1-15; 130: 22-25; and 131:10-12."  9/13/13 Order, attached as Ex. 6 (emphasis added). Moreover, the sections of the deposition that were ordered sealed were deemed irrelevant, impertinent matters that the Tribe was ordered to refrain from addressing in any subsequent deposition of Guy Lewis. *See* 9/10/13 Hr'g Transcript at 44-45, attached as Ex. 7.

In direct violation of the letter and spirit of this state-court order and without seeking the requisite relief to unseal the excerpts, the Tribe and its lawyers filed the April 26, 2013 deposition of Guy Lewis in its entirety, including those portions that were sealed.

## III. Exhibits 14C, D, F and G Reveal Privileged Information.

The Tribe and its lawyers also filed hundreds of pages containing privileged descriptions reproduced from Lewis Tein's legal invoices for legal services provided to individual members of the Miccosukee Tribe from 2005-2010. It is difficult to believe that these individual members authorized the Tribe to file their privileged communications, especially with no court order or litigation issue requiring the filing of their materials. Unless the Tribe can produce waivers from these clients, these materials should be sealed.

4

WHEREFORE, Guy Lewis, Michael Tein, and Lewis Tein, PL request the Court to enter an order striking and sealing the following Exhibits filed by the Tribe and its lawyers: 10D, 14C, 14D, 14F, 14G, 17, 18B, 18C, 18D, and 18E, and granting such further relief as this Court deems just and equitable.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Counsel for Lewis Tein contacted counsel for the Tribe in an effort to resolve this matter without soliciting court intervention. Counsel for the Tribe responded to Lewis Tein's request by stating: "Respectfully, we believe the exhibits were filed in compliance with court order." *See* 5/31/14 e-mail from J. Kaskel to P. Calli, et al., attached as Ex. 8.

Respectfully submitted,

Carlton Fields Jorden Burt, P.A.
100 S.E. Second Street, Suite 4200
Miami, Florida 33131

By:  /s/ Paul A. Calli
    Paul A. Calli
    Florida Bar No. 994121
    Email: pcalli@cfjblaw.com
           cbussone@cfjblaw.com
           miaecf@cfdom.net
*Attorneys for Guy Lewis, Michael Tein, and Lewis Tein, PL*

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on June 1, 2014, we electronically filed the foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served on this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

CARLTON FIELDS JORDEN BURT, P.A.
By: /s/ Paul A. Calli
    Paul A. Calli
    Florida Bar No. 994121
    Email: pcalli@cfjblaw.com
          cbussone@cfjblaw.com
          miaecf@cfdom.net