UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 12-22439-CIV-COOKE/MCALILEY

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

    Plaintiff,
v.

BILLY CYPRESS, *et al.*,

    Defendants.
_____/

**DEXTER LEHTINEN'S MOTION FOR RULE TO SHOW CAUSE WHY ANGEL CORTINAS SHOULD NOT BE DISQUALIFIED AS COUNSEL FOR THE TRIBE**

    Defendant Dexter W. Lehtinen ("Lehtinen") hereby files this Motion for Rule to Show Cause why Angel Cortinas should not be disqualified as counsel for Plaintiff Miccosukee Tribe (the "Tribe") and its agents, and in support thereof states as follows:

    1.    Defendant Dexter W. Lehtinen (a) joins Lewis Tein's Motion for Order That Angel Cortinas Show Cause Why He Should Not Be Disqualified, D.E. 331 (the "Lewis Tein Motion for Order to Show Cause), for the reasons stated therein, and (b) asserts as additional ground for disqualification that Mr. Cortinas was a part in the Lehtinen law firm (Lehtinen O'Donnell Cortinas) during a period of some of the allegations.

    2.    With regards to the Lewis Tein Motion to Show Cause, Lehtinen would add that a number of the exhibits filed by the Tribe in this Court on May 30, 2014, were also filed in the Tribe's appeal before the Third District Court of Appeal at a time when Angel Cortinas sat on the Third DCA as a judge. For example, the affidavit of Theresa Willie, filed as D.E. 320-20 in this action, was before the Third District Court of Appeal at a time when Judge Cortinas sat on the

Court. Now, Mr. Cortinas appeared and filed some of the very same documents that were before the Third District Court of Appeal. As Plaintiff and Mr. Cortinas have demonstrated through their filing, they believe there is significant overlap between the cases before the Third DCA when Angel Cortinas sat on it, and the instant case. Furthermore, Mr. Cortinas commented in the Daily Business Review of June 2, 2014 concerning the Miccosukee v. Lewis Tein state court cases, many of which were before the Third District Court of Appeal at the time he sat on the court.

3. Further, as Angel Cortinas and Bernardo Roman, III (the Tribal counsel who signed the pleadings against Dexter Lehtinen without basis in fact or law), have been close friends for a long time even before Angel Cortinas became a judge on the Third DCA, and as the method by which Petitions for Writs of Certiorari are reviewed by the Third District are not clear to Defendant Lehtinen, it is incumbent on Defendant Lehtinen to request an inquiry into this matter.

4. In addition to the matters asserted in the Lewis Tein Motion for Order to Show Cause, Angel Cortinas should also be disqualified as counsel for the Tribe and its agents because he was a named partner in the small Lehtinen O'Donnell Cortinas et al. law firm at a time when the alleged wrongdoing by Lehtinen occurred (1994-1995). In the Second Amended Complaint, which was properly dismissed by the Court and which is at issue in the Rule 11 sanctions motion that remains pending, Bernardo Roman, III, on behalf of Plaintiff Tribe, asserted that Lehtinen's breach of fiduciary duty began "[f]rom February 2, 1995". DE 75, ¶¶465–466. The Tribe and its counsel further alleged that Lehtinen made knowing misrepresentations to the Tribe "during the years 1995 through and including January 2010," which includes years during which Angel Cortinas was a named partner in Lehtinen's firm. Further, the Second Amended Complaint alleges that Lehtinen had had a close symbiotic relationship with the former chairman Billy Cypress beginning in 1992, and continuing throughout the time when Angel Cortinas was partner in

2

Lehtinen's firm and involved in tribal matters. Not only would he have been privy of any alleged matters if they had actually occurred,[1] but he is now taking a position adverse to the very law firm of which he was a partner at the time the alleged conduct occurred. In a sense, to the extent Angel Cortinas is to defend the allegations in the Second Amended Complaint against Dexter Lehtinen and his firm, he will have to argue against his own firm at the time.

5. By filing this Motion, Defendant Lehtinen is not waiving any objections to Angel Cortinas' participation in this or other legal proceedings as Tribal counsel, nor any rights to petition the Florida Bar for sanctions concerning the same conduct.

WHEREFORE, for the foregoing reasons, Defendant Dexter W. Lehtinen respectfully requests that this Court issue a Rule to Show Cause why Attorney Angel Cortinas should not be disqualified as counsel for the Miccosukee Tribe of Indians, and such other and further relief as the Court deems necessary and proper.

---

[1] Of course, the Tribe to date has not adduced any admissible evidence that the alleged misconduct actually occurred, and instead has destroyed the tapes that would prove it if it actually occurred. Plaintiff Tribe to date has not pointed to a single specific statement on the dozens of recorded Tribal council meetings where Defendant Lehtinen actually made the statements ascribed to him.

## CERTIFICATE OF PRE-FILING CONFERENCE

In accordance with Local Rule 7.1(a)(3), the undersigned certifies that he attempted to confer with counsel for Bernardo Roman, III, Yinet Pino, Yesenia Lara, and the tribe regarding the relief requested. Counsel for Bernardo Roman, III, Yinet Pino, Yesenia Lara, and the Tribe oppose the motion.

Respectfully submitted,

Dexter W. Lehtinen, Esq.
Sabadell Financial Center
1111 Brickell Avenue
Suite 2200
Miami, FL 33131
Phone: 305.760.8544
Fax: 305.356.5720
Email: dlehtinen@lsrcf.com

By: /s/ Dexter Lehtinen
    DEXTER LEHTINEN
    Florida Bar No. 265551

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 2, 2014**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record who are registered to receive service through the CM/ECF system.

By: /s/    Dexter Lehtinen
    DEXTER LEHTINEN