IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 12-CV-22439-COOKE/McAliley

MICCOSUKEE TRIBE OF INDIANS OF
FLORIDA, a sovereign nation and federally
recognized Indian tribe,

       Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN; MORGAN STANLEY SMITH
BARNEY, JULIO MARTINEZ; MIGUEL
HERNANDEZ; GUY LEWIS; MICHAEL TEIN;
and LEWIS TEIN, PL, a professional association,

       Defendants.

_____/

## NOTICE OF JOSE I. MARRERO'S NON-APPEARANCE
## AT COURT-ORDERED DEPOSITION

Miccosukee Tribe of Indians of Florida ("Tribe"), and its attorneys, Yinet Pino, Esquire,

Yesenia Lara, Esquire, and Bernardo Roman, III, Esquire (together, "Tribal Attorneys") hereby

give notice of Jose I. Marrero's failure to appear at his Court-ordered deposition. *See* Exhibit A

(Certificate of Non-Appearance).

After this Court scheduled an evidentiary hearing, demanding that the parties and the

attorneys "put their money where their mouth is," the Tribe subpoenaed Mr. Marrero to secure

his attendance at the evidentiary hearing where both his testimony and his authentication of

documents were critical. Mr. Marrero, through his attorney, Lawrence Duffy, Esquire, sought

protection from the deposition based on Mr. Marrero's unavailability due to travel commencing

June 2, 2014 and accountant-client privilege.  DE 311.  Specifically, Mr. Duffy advised the Court that his client was unavailable "the entire week beginning June 2, 2014."

At 9:44 p.m. on Friday, May 30, 2014, this Honorable Court entered an order excusing Mr. Marrero from appearing at the evidentiary hearing, finding that accountant-client privilege was waived, and entitling the Tribe and its Tribal Attorneys to depose Mr. Marrero on or before Sunday, June 1, 2014.  DE 329.  On May 31, 2014 at 10:48 a.m., the Tribe and its Tribal Attorneys complied with the Court's Order by noticing Mr. Marrero for deposition on Sunday, June 1, 2014 at noon.  DE 330.

The Notice of Deposition of Mr. Marrero was served on Mr. Duffy through EM/ECF at 10:48 a.m. on Saturday, May 31, 2014.  *See* Exhibit B (EM/ECF email to counsel of record, including Mr. Duffy).  Later that day, at 11:30 a.m., undersigned served all counsel, including Mr. Duffy, with the Notice by email.  *See* Exhibit C (11:30 a.m. service email).  To ensure compliance with the Notice of Deposition, undersigned again served Mr. Duffy with the Notice by email at 3:11 p.m. on May 31, 2014.  *See* Exhibit D (3:11 p.m. service email).

Mr. Duffy responded at approximately 6:00 p.m. the same day, stating "Mr. Marrero was informed "He [sic] had been excised [sic] from appearing on june [sic] but not that he was to be deposed."  *See* Exhibit E (Mr. Duffy's response email).  Mr. Duffy did not identify who advised Mr. Marrero (who is not listed as an EM/ECF recipient) that he was excused from appearing at the evidentiary hearing.  Presumably it was not Mr. Duffy, as he would surely have also advised Mr. Marrero that the Court, in exchange for excusing his appearance at the evidentiary hearing, required him to submit to a deposition on or before June 1, 2014.  In any event, on Sunday, June

2

Case No. 12-CV-22439-COOKE/McAliley

1, 2014 at noon, the appointed time for Mr. Marrero's deposition, Mr. Marrero was out of the country, having left on a cruise on Saturday, May 31, 2014, despite the Court's order requiring his attendance at a deposition to be held no later than June 1, 2014. *Id.*

Recognizing that Mr. Marrero violated this Court's Order, Mr. Duffy offered his client's testimony by telephonic deposition from his cruise ship. A telephonic deposition would have been impracticable and certainly not what the Court ordered.[*] The Tribe and its Tribal Attorneys required, among other things, Mr. Marrero to authenticate and discuss a letter and email he authored. Copies of the letter and email are attached hereto as Composite Exhibit F and were marked as Exhibits 22A and 22B to the Tribe's and its Tribal Attorneys' Rule 11 hearing Exhibit List. *See* DE 319-15, 319-16. As the Tribe and its Tribal Attorneys were not required to divulge their litigation strategy in advance of the deposition by providing advance copies of documents to the deponent, it would have been impossible for Mr. Marrero to contemporaneously review and authenticate documents during a telephonic deposition while on the high seas.

Mr. Marrero's September 29, 2006 letter to the IRS (Exhibit 22A to the Exhibit List) is the means through which Dexter Lehtinen and Guy Lewis, who are copied on the letter, illegally transmitted to the IRS the personal and confidential non-taxable distribution revenue (NTDR) financial information of individual members of the Tribe. DE 74 ¶¶ 458. Marrero's, Lehtinen's, and Lewis' release of the NTDR information was done without authorization of the Tribe's

---

[*] Practically, Mr. Duffy's offer was also flawed as there was no court reporter with Mr. Marrero on the cruise ship to take his deposition. Undersigned went to great lengths on Saturday morning to secure a court reporter for a weekend deposition occurring the next day. Those efforts and their costs were wasted because of Mr. Marrero's actions.

3

Case No. 12-CV-22439-COOKE/McAliley

General Council in violation of the Tribe's Constitution.  As alleged in the Second Amended Complaint:

> The purpose of releasing this information without any objections was to slow down the IRS' investigation of Defendant CYPRESS's diversion of tribal funds.  *Id.* at ¶ 458(d).

> The purpose of releasing this information without any objections was to divert the IRS' attention from Defendant CYPRESS to the investigation of the MICCOSUKEE TRIBE and individual Tribal Members, which represented a more lucrative collection of taxes to the IRS.  *Id.* at ¶ 458(e).

Mr. Marrero's September 29, 2006 email (Exhibit 22B to the Exhibit List) to Mr. Lehtinen and Mr. Lewis confirms Mr. Marrero's intention to disclose the personal NTDR financial information of the Tribal Members, which he admits he received from Defendant Julio Martinez and would send to the IRS by FedEx.

In addition to Exhibits 22A and 22B, Mr. Marrero would have been questioned on correspondence exchanged between Mr. Roman and Mr. Marrero's former employer regarding the fact that the Tribe did not authorize Mr. Marrero to release the NTDR financial information. Specifically, Mr. Marrero would have been questioned regarding the correspondence, and enclosures to the correspondence, which were previously marked as Exhibits 46A and 46B to the Rule 11 hearing Exhibit List and which are attached hereto as Composite Exhibit G.

Mr. Marrero's violation of the Court's order now leaves the Tribe and its Tribal Attorneys without the appearance of a critical witness at the June 5, 2014 evidentiary hearing and without Mr. Marrero's Court-ordered deposition testimony.  The excusal of a critical witness at the evidentiary hearing and his non-appearance at the Court-ordered deposition severely

4

Case No. 12-CV-22439-COOKE/McAliley

prejudice the Tribe and its Tribal Attorneys and impair their due process rights in defending

against the motions for Rule 11 sanctions.

Respectfully submitted,

GUNSTER
*Counsel to Miccosukee Tribe of Indians of Florida,*
*Bernardo Roman, III, Yinet Pino & Yesenia Lara*
600 Brickell Avenue, Suite 3500
Miami, Florida  33131
Telephone:  305-376-6000
Facsimile:  305-376-6010

By:  /s/ Jonathan H Kaskel
       Angel A. Cortiñas Esq., FBN 797529
       Jonathan H Kaskel, FBN 52718

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2014, I electronically filed the foregoing with the Clerk of

the Court using CM/ECF and that the foregoing has been served on the following Service List

through EM/ECF or other means.

By:  /s/ Jonathan H Kaskel
       Jonathan H Kaskel, FBN 52718

## SERVICE LIST

**Larry Duffy, Esquire**
Lawrence Duffy, P.A.
11380 Prosperity Farms Road, Suite 110A
Palm Beach Gardens, FL 33410
(561) 439-0630
lwduffy@bellsouth.net
*Counsel to Jose I. Marrero*

5

Case No. 12-CV-22439-COOKE/McAliley

**Paul A. Calli, Esquire**
**Charles Short, Esquire**
**Yolanda Strader, Esquire**
Carlton Fields, P.A.
100 S.E. 2nd Street, Suite 4000
Miami, FL 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
pcalli@carltonfields.com
cshort@carltonfields.com
ystrader@carltonfields.com
*Counsel to Defendants Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, PL*

**Scott Alan Lazar, Esquire**
Koltun & Lazar
7901 SW 67th Ave., Suite 100
Miami, FL 33143
Telephone: (305)-595-6791
Facsimile: (305)-595-5400
scott@koltunlazar.com
*Counsel to Defendant Miguel Hernandez*

**Manuel A. Avila, Esquire**
Manuel A. Avila, Esq. & Associates, P.A.
11120 N. Kendall Drive
Suite 200
Miami, Florida 33176
Telephone: (305) 249-1111
Facsimile: (305) 647-0686
mavila@avilalegal.com
*Counsel to Defendant Julio Martinez*

**Claudio Riedi, Esquire**
Lehtinen Schultz Riedi, etc.
Sabadell Financial Center
1111 Brickell Avenue, Suite 2200
Miami, FL 33131
Phone: 305.760.8544 / Fax: 305.356.5720
criedi@lsrcf.com
*Counsel to Defendant Dexter W. Lehtinen, Esquire*

6

Case No. 12-CV-22439-COOKE/McAliley

**Yinet Pino, Esquire**
**Yesenia Laura, Esquire**
**Bernardo Roman, III, Esquire**
1250 SW 27th Avenue, Suite 506
Miami, Florida 33135
Telephone: (305) 643-7993
Facsimile: (305) 643-7995
yinet@bromanlaw.com
yesenia@bromanlaw.com
bromanlaw@bellsouth.net
*Counsel to Miccosukee Tribe of Indians of Florida*

**Robert O. Saunooke, Esq.**
Saunooke Law Firm, P.A
18620 SW 39th Court
Miramar, FL 33029
Tel: (561) 302-5297
Fax: (954) 499-0598
ndnlawyer@hotmail.com
*Counsel to Defendant Billy Cypress*

**Steven M. Goldsmith, Esq.**
Steven M. Goldsmith, P.A.
Co-Counsel for Billy Cypress
5355 Town Center Road, Suite 801
Boca Raton, FL 33486
Tel: (561) 391-4900
Fax: (561) 391-6973
steve.goldsmith@sgoldsmithlaw.com
*Counsel to Defendant Billy Cypress*

MIA_ACTIVE 4195563.1

7