IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 12-CV-22439-COOKE/McAliley

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA, a sovereign nation and federally recognized Indian tribe,

    Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE LEHTINEN; MORGAN STANLEY SMITH BARNEY, JULIO MARTINEZ; MIGUEL HERNANDEZ; GUY LEWIS; MICHAEL TEIN; and LEWIS TEIN, PL, a professional association,

    Defendants.
_____/

## MOTION TO DISQUALIFY CARLTON FIELDS JORDAN BURT

Miccosukee Tribe of Indians of Florida (the "Tribe") and its attorneys Bernardo Roman, III, Esquire, Yinet Pino, Esquire, and Yesenia Lara, Esquire (together, the "Tribal Attorneys"), based, in part, on grounds accepted by the Court to disqualify Angel Cortiñas, Esquire (see DE 349), move to disqualify the law firm of Carlton Fields Jordan Burt and its attorneys from representing Defendants Guy Lewis, Michael Tein and Lewis Tein, P.L. (together, "Lewis Tein") in this lawsuit.

## THE CONFLICT OF INTEREST

Beginning in 2010, the law firm of Jordan Burt represented the Tribe and Tribal members with the IRS' investigation of Non-Taxable Distribution Revenues ("NTDR"). Specifically, James Jordan, Esquire and Sonia O'Donnell, Esquire gave tax advice to the Tribe and to Tribal

Case No. 12-CV-22439-COOKE/McAliley

members regarding the taxability of NTDRs. This advice was given after the Tribe conveyed to Jordan and O'Donnell substantial confidential information regarding the Tribe's position on NTDRs and the history of the NTDR's release to the IRS. The release of the NTDR list is a critical element of the instant lawsuit and, by representing the Tribe previously on this matter, Jordan and O'Donnell and the Jordan Burt law firm obtained a tremendous amount of information regarding NTDRs, all disclosed in confidence. Separately, O'Donnell previously worked for Lehtinen's law firm, representing the Tribe. During her time there, she would have had the equivalent or more access to the same type of information that Mr. Cortiñas had access to, as she began working with Lehtinen shortly after Mr. Cortiñas and continued to work with Lehtinen for several years long than Mr. Cortiñas. Whatever information this Court believes Mr. Cortiñas had that disqualifies him from *defending* the Tribe (his client then) surely disqualifies O'Donnell and her firm from *prosecuting* a Rule 11 sanction against the Tribe.

At the same time Jordan and O'Donnell were representing the Tribe on NTDR isues, Jordan and O'Donnell were also representing Billy Cypress in defending against the IRS's inquiry into his own financial transactions with the Tribe. These suspect financial transactions are the very ones upon which the Tribe has sued Cypress, Lehtinen, and Lewis Tein in this lawsuit.

Jordan and O'Donnell possess substantial information regarding Cypress' investigation by the IRS into his misappropriate of Tribal funds. *See* Exhibit A (memorandum by Jordan to O'Donnell). Jordan and O'Donnell possess substantial information regarding the disclosure of NTDR information without approval by the Tribe. Jordan and O'Donnell possess substantial information regarding the Tribe's views and understanding regarding reporting of tax

2

information to the IRS.  All of the information Jordan and O'Donnell possess gives them an unfair informational advantage, requiring disqualification consistent with yesterday's ruling of the Court disqualifying Mr. Cortiñas.  *See* DE 349.

On or about October 7, 2013, Jordan Burt (including Jordan and O'Donnell) joined Carlton Fields, with Jordan and O'Donnell both joining as shareholders.  Jordan's and O'Donnell's newly named firm is now representing Lewis Tein against the very client, the Tribe, that it had represented previously and extensively in the very same subject matter that is central to this lawsuit.

## **MEMORANDUM OF LAW**

Jordan's and O'Donnell's clear conflict in representing any party adverse to the Tribe on the very same subject matter where they previously represented the Tribe (in O'Donnell's case, where she twice represented the Tribe), is imputed to Jordan's and O'Donnell's newly named law firm.

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any 1 of them practicing alone would be prohibited from doing so by rule 4-1.7 or 4-1.9 except as provided elsewhere in this rule, or unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

R. Reg. Fla. B. 4-1.10.

Here, as a former client of Jordan and O'Donnell, Rule 4-1.9 governs whether, they (and, through Rule 4-1.10, others at their firm) may represent a party against the Tribe.  Unambiguously, the answer is no.

Case No. 12-CV-22439-COOKE/McAliley

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;
>
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>
> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

R. Reg. Fla. Bar 4-1.9.

**WHEREFORE**, the Tribe and its Tribal Attorneys, respectfully request that the Court disqualify Carlton Fields Jordan Burt and its attorneys from representing any party against the Tribe in this lawsuit.

/s/Edward A. Marod, Esq.
Edward A. Marod
Fla. Bar No. 238961
emarod@gunster.com
William K. Hill, FBN 747180
whill@gunster.com
Jonathan H Kaskel, FBN 52718
jkaskel@gusnter.com
GUNSTER
*Counsel to Miccosukee Tribe of Indians of Florida, Bernardo Roman, III, Yinet Pino & Yesenia Lara*
600 Brickell Avenue, Suite 3500
Miami, Florida 33131
Telephone: 305-376-6000
Facsimile: 305-376-6010

Case No. 12-CV-22439-COOKE/McAliley

### CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF and that the foregoing has been served on the following Service List through EM/ECF or other means.

By: /s/ Jonathan H Kaskel

**SERVICE LIST**

**Larry Duffy, Esquire**
Lawrence Duffy, P.A.
11380 Prosperity Farms Road, Suite 110A
Palm Beach Gardens, FL 33410
(561) 439-0630
lwduffy@bellsouth.net
*Counsel to Jose I. Marrero*

**Paul A. Calli, Esquire**
**Charles Short, Esquire**
**Yolanda Strader, Esquire**
Carlton Fields, P.A.
100 S.E. 2nd Street, Suite 4000
Miami, FL 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
pcalli@carltonfields.com
cshort@carltonfields.com
ystrader@carltonfields.com
*Counsel to Defendants Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, PL*

**Scott Alan Lazar, Esquire**
Koltun & Lazar
7901 SW 67th Ave., Suite 100
Miami, FL 33143
Telephone: (305)-595-6791
Facsimile: (305)-595-5400
scott@koltunlazar.com
*Counsel to Defendant Miguel Hernandez*

**Manuel A. Avila, Esquire**
Manuel A. Avila, Esq. & Associates, P.A.

5

Case No. 12-CV-22439-COOKE/McAliley

11120 N. Kendall Drive
Suite 200
Miami, Florida 33176
Telephone: (305) 249-1111
Facsimile: (305) 647-0686
mavila@avilalegal.com
*Counsel to Defendant Julio Martinez*

**Dexter Lehtinen, Esquire**
*Counsel to Dexter Lehtinen*
Lehtinen Schultz Riedi Catalano De la Fuente
1111 Brickell Ave, Ste 2200
Miami, Florida 33131
Phone: (305) 760-8544
Fax: (305) 356-5720
dlehtinen@lsrcf.com

**Yinet Pino, Esquire**
**Yesenia Laura, Esquire**
**Bernardo Roman, III, Esquire**
1250 SW 27th Avenue, Suite 506
Miami, Florida 33135
Telephone: (305) 643-7993
Facsimile: (305) 643-7995
yinet@bromanlaw.com
yesenia@bromanlaw.com
bromanlaw@bellsouth.net
*Counsel to Miccosukee Tribe of Indians of Florida*

**Robert O. Saunooke, Esq.**
Saunooke Law Firm, P.A
18620 SW 39th Court
Miramar, FL 33029
Tel: (561) 302-5297
Fax: (954) 499-0598
ndnlawyer@hotmail.com
*Counsel to Defendant Billy Cypress*


**Steven M. Goldsmith, Esq.**
Steven M. Goldsmith, P.A.
Co-Counsel for Billy Cypress

Case No. 12-CV-22439-COOKE/McAliley

5355 Town Center Road, Suite 801
Boca Raton, FL 33486
Tel: (561) 391-4900
Fax: (561) 391-6973
steve.goldsmith@sgoldsmithlaw.com
*Counsel to Defendant Billy Cypress*

MIA_ACTIVE 4196727.1