IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 12-CV-22439-COOKE/McAliley

MICCOSUKEE TRIBE OF INDIANS OF
FLORIDA, a sovereign nation and federally
recognized Indian tribe,

    Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN; MORGAN STANLEY SMITH
BARNEY, JULIO MARTINEZ; MIGUEL
HERNANDEZ; GUY LEWIS; MICHAEL TEIN;
and LEWIS TEIN, PL, a professional association,

    Defendants.
_____/

### PLAINTIFF'S BENCH MEMORANDUM REGARDING THE STANDARDS APPLICABLE TO THE EVIDENTIARY HEARING NOW BEFORE THE COURT

Miccosukee Tribe of Indians of Florida ("Tribe") and its attorneys, Bernardo Roman, III, Esquire, Yinet Pino, Esquire, and Yesenia Lara, Esquire, are defending themselves against two motions for sanctions. The first [DE 38-1] was served on Bernardo Roman, Esq., as counsel for the Miccosukee Tribe of Indians of Florida, on August 15, 2012 [*id*., at 9] and filed on September 24, 2012 on behalf of defendants Guy Lewis, Esq., Michael Tein, Esq., and their firm Lewis Tein PL. The second [DE 273 filed under Seal] was served on Mr. Roman, Yinet Pino and Yesenia Rey [now Lara] on July 26, 2013 and filed under seal on September 4, 2013, on behalf of Dexter W. Lehtinen, Esq.

This memorandum is submitted to assist the Court in expeditiously and correctly resolving those two motions.

## I. PROCEDURAL CONDITIONS PRECEDENT TO RULE 11 RELIEF

Controlling Rule 11 jurisprudence holds that a Rule 11 motion "must describe the specific conduct that allegedly violates Rule 11(b)." *See* Fed. R. Civ. P. 11(c)(2). Furthermore, a Rule 11 Motion must comply with the safe harbor requirement because the safe harbor period resets with each amended pleading. *See Lawrence v. Richman Grp. of CT LLC*, 620 F. 3d 153, 158 (2d Cir. 2010). Third, like any motion not expressly excepted by the terms of Local Rule 7.1, a Rule 11 Motion must contain a certificate that counsel conferred or has made reasonable efforts to confer with all relevant parties. *See* S.D. Fla. Local R. 7.1.A.3.

### A. A Rule 11 Motion Must Describe Specific Conduct

In dealing with the equivalent rule to Rule 11 under the Federal Rules of Bankruptcy Procedure, the Eleventh Circuit explained that rule's requirement that the motion must "describe the specific conduct alleged to violate the rule." *See In re Miller*, 414 F. App'x 214, 217 (11th Cir. 2011) (citing Fed. R. Bankr. P. 9011(c)(1)(A)). Relying, interchangeably, on sources discussing Rule 11, the Eleventh Circuit explained the importance of this component of the rule:

> In addition to the service requirement of the "safe harbor" provision, however, the rule also requires that the motion "describe the specific conduct alleged to violate" the rule. Fed.R.Bankr.P. 9011(c)(1)(A). "Since this requirement serves a valuable notice function, a failure to do so may result in the [lower] court rejecting the motion." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1337.1 (3d ed.2004); *see also Nagel v. ADM Investor Servs., Inc.,* 65 F.Supp.2d 740, 756 (N.D.Ill.1999) (holding that "[b]ecause the motion must identify the 'specific conduct' that violates Rule 11, [the defendant] has not preserved any demand for sanctions based on other allegations of the complaint," beyond the one specifically mentioned in the motion for sanctions); *Bergquist v. Caskie–Johnson (In re Caskie–*

2

> *Johnson)*, No. 06–cv01431–EWN, 2007 WL 496675, at *3 (D.Colo. Feb. 13, 2007). This notice requirement 'permits the subjects of sanctions motions to confront their accuser and rebut the charges leveled against them' and to 'withdraw the potentially offending statements before the sanctions motion is officially filed.' *See Storey v. Cello Holdings, LLC,* 347 F.3d 370, 389 (2d Cir.2003) . . . . Upon review, we find that Saint Felix's deficient motion for sanctions cannot be cured by looking to his motion to dismiss. Permitting a party to rely on some other motion to satisfy the notice requirements of Bankruptcy Rule 9011(c)(1)(A) would circumvent the plain language of the rule. . . .

*Id*.

Despite Rule 11's clear directive, Lewis Tein's "Memorandum of Law," within its Rule 11 Motion, is just that—a memorandum of law and nothing else. It explains the standards for both Rule 11 and Fla. Stat. § 57.105, but contains no description of the alleged conduct that violated either rule. [*See* DE 38-1, 2-6] In fact, the only sentence within the "Memorandum of Law" that could even be construed as describing alleged misconduct merely states the following: "The complete absence of a legal basis for the claims justifies sanctions." [*See* DE 38-1, at 6]. Since the Rule and case law restrict sanctions under Rule 11 to the "specific conduct" described in the motion, the descriptions of that "specific conduct" should also limit the evidence at the hearing on the motion.

### B. A Rule 11 Motion Must Comply with the Safe Harbor Provision

Rule 11 contains a requirement that each such motion be served upon the allegedly offending parties at least 21 days before the motion is filed with the Court. Fed. R. Civ. P. 11(c)(2), second sentence. Because of the penal nature of Rule 11, this requirement, like all of the Rule's other procedural requirements, is strictly construed. *Robinson v. Alutiq-Mele, LLC,* 643 F. Supp 2d 1342 (S.D. Fla. 2009). Thus, where a Rule 11 motion has been filed directed to a

particular pleading, and the Court allows an amendment to that pleading, the safe harbor clock is reset, requiring the filing of a new motion directed to the frailties, if any, of the new pleading. *See Lawrence v. Richman Grp. of CT LLC*, 620 F. 3d 153, 158 (2d Cir. 2010); *Rates Tech. Inc. v. Broadvox Holding Co., LLC*, 2014 WL 46538, at *5 (S.D.N.Y. Jan. 6, 2014). In *Lawrence*, the Second Circuit explained that "the filing of an amended pleading resets the clock for compliance with the safe harbor requirements of Rule 11(c)(2)." *Lawrence*, 620 F. 3d at 158; *see also Rates Tech. Inc.*, 2014 WL 46538, at *5 ("Thus, regardless of whether they actually served their first motion, defendants were required to serve . . . their new sanctions motion—directed at the First Amended Complaint—twenty one days before the [new] filing."). This is particularly significant here because, even if Lewis Tein's motion is allowed to go forward in light of its failure to provide allegations of any specific misconduct, it simply cannot go forward on any alleged defect in the Plaintiff's pleading that did not exist at the time of the service of the motion. By way of example, the "fictitious loan" scheme about which there has been much argument was NOT mentioned in the Complaint or the First Amended Complaint. Rather, it was alleged for the first time in the Second Amended Complaint, which pleading was filed after the filing of Lewis Tein's Rule 11 motion, and, indeed, after that motion had been fully briefed. As in *Lawrence* and *Rates Tech., Inc.*, Lewis Tein never complied with the safe harbor provision with regard to (nor did it file a new Rule 11 Motion directed at) the Second Amended Complaint. Keeping this principle in mind will greatly expedite the resolution of these motions as it will avoid the wasting of time associated with offering and resisting evidence that cannot have any bearing on the ultimate decision on the motions in question.

### C. Rule 11 Motions Must Comply with the Local Rules of This Court

Third, Local Rule 7.1(a)(3) of the Local Rules of this Court requires that, before filing any motion except specific listed exceptions, counsel for the movant must confer orally or in writing with the opposing parties that may be affected by the relief sought and:

> At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred . . . in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer . . . which efforts shall be identified with specificity in the statement, but has been unable to do so.;"

*See* S.D. Fla. Local R. 7.1.A.3. As Judge Torres explained in an order denying a Rule 11 Motion, "[the movants] should fully comply with their own obligations under the Court's rules before accusing anyone else of violating them." *See* Ex. A (Torres Order, Case No. 09-CV-20613-EGT, Southern District of Florida (DE 85)).[1] Neither of the motions in question strictly complies with this requirement.

## II. STANDARD

A court may only impose sanctions under Rule 11 where there is absolutely no factual support for a party's allegations. "A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis. Thus, where no evidence or only patently frivolous evidence is offered to support factual contentions, sanctions can be imposed." *Lawson v. Sec'y, Dep't of Corr.*, 2014 WL 1491862, at *1-2 (11th Cir. 2014) (citing *Thompson v. RelationServe Media, Inc.,* 610 F.3d 628, 665 (11th Cir. 2010) (citation and internal quotation marks omitted)); *see also Davis v. Carl,* 906 F.2d 533, 536 (11th Cir. 1990) (noting that the imposition of Rule 11 sanctions based on groundless factual allegations are only appropriate where "plaintiffs offer[ ] *no* evidence to support their allegations"). Where the

---

[1] The text of Judge Torres' order is replicated on Exhibit A, attached hereto.

evidence, although "weak or self-serving," is reasonable, sanctions cannot be imposed. *Id.* Applying this standard for Rule 11 motions, the Eleventh Circuit stated:

> To be sure, the DOC has provided evidence suggesting that Lawson's beliefs are insincere —evidence relied on by the district court but disputed by the parties here on appeal. *The dispositive issue, however, is not whether the DOC's rebuttal evidence is strong enough to defeat Lawson's claims on the merits. Rather, it is whether Lawson has provided* any *evidence supporting his claims. See Cooter & Gell,* 496 U.S. at 396, 110 S.Ct. at 2456. He has. The fact that Lawson has provided *some* evidence showing the sincerity of his beliefs is sufficient to establish that Rule 11 sanctions are inappropriate in this situation. It is entirely possible that Lawson's claims will fail on the merits. That does not, however, provide an avenue for dismissing his complaint as a Rule 11 sanction. Accordingly, we **REVERSE** the district court's decision to impose sanctions under Rule 11. [*emphasis added*]

*Id.*

Thus, while evidence negating the existence of an alleged fact is relevant to determining the outcome of a case on the merits, the question the Court must decide here on Rule 11 is whether there was ANY evidence supporting the allegations at the time of signing and filing. *In re General Plastics Corp* (*Capital Factors, Inc. v. General Plastics Corp*.) 170 B.R. 725, 732 (Bkrtcy. S.D. Fla. 1994) ("Application of the snapshot rule, which has been adopted by the Eleventh Circuit Court of Appeals, means that 'Rule 11 d[oes] not impose a continuing obligation on [a party] to amend' a paper which was signed in compliance with the rule.") If there was any evidence to support the allegations, the motion must be denied no matter how much evidence there is to the contrary. *Id.*, 731.

### III.   SANCTIONS SHOULD NOT BE ALLOWED ON GROUNDS NOT ALLEGED

Fundamental principles of due process make clear that a party cannot obtain relief on a ground not alleged. In this case, in its Bench Memo, Lewis Tein outlines the considerations for

6

granting relief under 28 USC §1927 and the Court's inherent power.  However, the motion that is set for hearing contains only claims under Rule 11 and §57.105, Fla. Stat., both of which focus on the time of signing and filing of a claim, both have a safe harbor notice provision, and both have a standard based on the absence of any evidence of an allegation at the time of signing and filing.  28 USC §1927 and sanctions awarded under the Court's inherent power are not so limited, but have substantially different standards that either Rule 11 or §57.105.  Since they were never sought in a motion filed by Lewis Tein they should not be considered here.

WHEREFORE, Miccosukee Tribe of Indians of Florida and its attorneys Bernardo Roman, III, Esquire, Yinet Pino, Esquire, and Yesenia Lara, Esquire, respectfully request that the Court consider this bench memorandum in considering the motions that are pending before it..

/s/Edward A. Marod, Esq.
Edward A. Marod
FBN 238961
emarod@gunster.com
William K. Hill, FBN 747180
whill@gunster.com
Jonathan H Kaskel, FBN 52718
jkaskel@gunster.com
GUNSTER
*Counsel to Miccosukee Tribe of Indians of Florida, Bernardo Roman, III, Yinet Pino & Yesenia Lara*
600 Brickell Avenue, Suite 3500
Miami, Florida  33131
Telephone:  305-376-6000
Facsimile:  305-376-6010

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF and that the foregoing has been served on the following Service List through EM/ECF or other means.

By: /s/ Edward A. Marod

**<u>SERVICE LIST</u>**

**Larry Duffy, Esquire**
Lawrence Duffy, P.A.
11380 Prosperity Farms Road, Suite 110A
Palm Beach Gardens, FL 33410
(561) 439-0630
lwduffy@bellsouth.net
*Counsel to Jose I. Marrero*

**Paul A. Calli, Esquire**
**Charles Short, Esquire**
**Yolanda Strader, Esquire**
Carlton Fields, P.A.
100 S.E. 2nd Street, Suite 4000
Miami, FL 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
pcalli@carltonfields.com
cshort@carltonfields.com
ystrader@carltonfields.com
*Counsel to Defendants Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, PL*

**Scott Alan Lazar, Esquire**
Koltun & Lazar
7901 SW 67th Ave., Suite 100
Miami, FL 33143
Telephone: (305)-595-6791
Facsimile: (305)-595-5400
scott@koltunlazar.com
*Counsel to Defendant Miguel Hernandez*

**Manuel A. Avila, Esquire**
Manuel A. Avila, Esq. & Associates, P.A.
11120 N. Kendall Drive
Suite 200
Miami, Florida 33176
Telephone: (305) 249-1111
Facsimile: (305) 647-0686
mavila@avilalegal.com
*Counsel to Defendant Julio Martinez*

**Claudio Riedi, Esquire**
Lehtinen Schultz Riedi, etc.
Sabadell Financial Center

1111 Brickell Avenue, Suite 2200
Miami, FL 33131
Phone: 305.760.8544 / Fax: 305.356.5720
criedi@lsrcf.com
*Counsel to Defendant Dexter W. Lehtinen, Esquire*

**Yinet Pino, Esquire**
**Yesenia Laura, Esquire**
**Bernardo Roman, III, Esquire**
1250 SW 27th Avenue, Suite 506
Miami, Florida 33135
Telephone: (305) 643-7993
Facsimile: (305) 643-7995
yinet@bromanlaw.com
yesenia@bromanlaw.com
bromanlaw@bellsouth.net
*Counsel to Miccosukee Tribe of Indians of Florida*

**Robert O. Saunooke, Esq.**
Saunooke Law Firm, P.A
18620 SW 39th Court
Miramar, FL 33029
Tel: (561) 302-5297
Fax: (954) 499-0598
ndnlawyer@hotmail.com
*Counsel to Defendant Billy Cypress*

**Steven M. Goldsmith, Esq.**
Steven M. Goldsmith, P.A.
Co-Counsel for Billy Cypress
5355 Town Center Road, Suite 801
Boca Raton, FL 33486
Tel: (561) 391-4900
Fax: (561) 391-6973
steve.goldsmith@sgoldsmithlaw.com
*Counsel to Defendant Billy Cypress*

**EXHIBIT A**

**ORDER denying** 84 Defendant's Motion for Rule 11 Sanctions, without prejudice to being renewed at a later date in compliance with the Court's rules. Upon review of the motion, which is before the Court upon the Court's general Order of Reference, no immediate response is necessary as the motion is facially defective. The motion contains no certification that the Rule 11 safe harbor provision was satisfied, nor does it contain certification under S.D. Fla. Local R. 7.1.A.3 that a pre-filing conference was ever held. Defendants should fully comply with their own obligations under the Court's rules before accusing any one else of violating them. Accordingly, the motion is denied on these procedural grounds. Moreover, as the issues raised are intertwined with case dispositive arguments that will surely be raised on summary judgment at the appropriate time, as evidenced by the fact that the Court was presented with extrinsic evidence to support the arguments raised therein, the Court will not adjudicate the issue through a motion for sanctions prior to a case dispositive determination. If Defendant is successful on its case dispositive argument, it can then renew this motion for Rule 11 sanctions if it can show that counsel knew or should have known that such a result was inevitable and that pursuing the claim violated Rule 11. Such a renewed motion shall also be filed only after complying with the movant's obligations under Rule 11 and Local Rule 7.1.A.3. For now, this entire motion is also premature. Therefore, the motion is denied without prejudice on both procedural and substantive grounds.

Docket Order Signed by Magistrate Judge Edwin G. Torres on 9/3/2009. (EGT)
(Entered: 09/03/2009)