UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

           Plaintiff,

vs.

BILLY CYPRESS; DEXTER WAYNE
LEHTINEN, ESQUIRE; MORGAN STANLEY
SMITH BARNEY; JULIO MARTINEZ;
MIGUEL HERNANDEZ; GUY LEWIS,
ESQUIRE; MICHAEL TEIN, ESQUIRE; and
LEWIS TEIN, PL, a professional association,

           Defendants.

_____/

## LEWIS TEIN'S SUPPLEMENTAL BENCH
## MEMORANDUM ON RULE 11 SANCTIONS ISSUES

The Tribe and its lawyers argue repeatedly that this case should be narrowed to a Rule 11

proceeding solely based on the First Amended Complaint. The argument is not well-taken. First,

the Court granted Lewis Tein's post-Second Amended Complaint Motion to Supplement the

Rule 11 Record [D.E. 286]. Second, this case is about more than the First Amended Complaint.

It also encompasses the Second Amended Complaint which ramped up the allegations by

accusing Lewis Tein of participating in a fake loan scheme. The Court can address these matters

on Lewis Tein's Rule 11 Motion and under the Court's own Rule 11 powers.

But this case is not limited to the Tribe and its lawyers' bad faith pleadings. The Court

also has the power under 28 U.S.C. § 1927 and the Court's inherent authority to sanction the

Tribe and its lawyers for conduct which rises to the level of obstruction of justice – including the

submission of a false affidavit (LT Ex. 5-A in evidence), hiding documents despite court order,

attempting to suborn perjury, making false statements to multiple courts, and testifying falsely during this hearing.

The Tribe and its lawyers continue to seek to re-argue the procedural issues despite prior rulings, *see e.g.* [D.E. 298] 5/12/14 Order denying Tribe Motion to Strike Lewis Tein's Motion to Supplement Rule 11 Record and [D.E. 375] 6/16/14 Order denying Tribe, Bernardo Roman, Yesenia Lara, and Yinet Pino's Motion to Strike Evidence. Accordingly, Lewis Tein files this bench memorandum to address the issues and the law.

## I. Lewis Tein's Rule 11 Motion is Procedurally Sound

A timeline of the pertinent filings demonstrates that Lewis Tein's Motion is procedurally sound:

| | |
|---|---|
| 7/1/12: | Tribe files its Complaint in this case [D.E. 1]. |
| 7/30/12: | Tribes files its Amended Complaint [D.E. 13]. |
| 9/24/12: | Guy Lewis, Michael Tein, and Lewis Tein PL ("Lewis Tein") file Motion for Rule 11 Sanctions [D.E. 38]. |
| 10/11/12: | Tribe files its Response to Lewis Tein's Motion for Rule 11 Sanctions [D.E. 60]. |
| 10/15/12: | Lewis Tein files Reply in Support of Motion for Rule 11 Sanctions [D.E. 66]. |
| 10/19/12: | The Court's Order grants the Tribe's Motion for Leave to File Sur-Reply to Rule 11 Motion. The Court explained, "The briefing of Defendants Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein PL's Motion for Rule 11 Sanctions Against Plaintiff and Its Counsel closes with the filing of Plaintiff's Sur-Reply." Minute Order, [D.E. 68]. |
| 10/29/12: | Tribe files Sur-Reply to Lewis Tein's Motion for Rule 11 Sanctions. [D.E. 73]. |
| 11/9/12: | Tribe files Second Amended Complaint [D.E. 75]. The Second Amended Complaint did not recede from its unsupportable accusations, but in fact ramped them up. |

4/29/13:     The Tribe files Opposition to Motion for Summary Judgment [D.E. 203], which includes the representation that "The undersigned, who signed this Complaint under oath, has stated that he *has reviewed all available documentation in the possession of the Miccosukee Tribe before filing this Complaint*." [D.E. 203] at 2 (emphasis added).

11/22/13:    Lewis Tein files Motion to Supplement Rule 11 Record [D.E. 286].

12/9/13:     Tribe files Motion to Strike Lewis Tein's Motion to Supplement [D.E. 287].

12/18/13:    Lewis Tein files Opposition to Tribe Motion to Strike [D.E. 288] and Tribe files Reply in Support of Motion to Strike [D.E. 289].

5/12/14:     The Court grants Lewis Tein's Motion to Supplement the Rule 11 Record and denies Tribe's Motion to Strike [D.E. 298].

The purpose of Rule 11 is to discourage baseless claims, not to multiply them. *Thomas v. Evans*, 880 F. 2d 1235, 1239 (11th Cir. 1989). The Rule "is intended to 'reduce frivolous claims, defenses or motions' and to deter 'costly meritless maneuvers,' thus avoiding unnecessary delay and expense in litigation*." Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (*en banc*) (citations omitted). The Tribe and its lawyers' theory of Rule 11 would violate the Rule's purpose.  Contrary to the argument of the counsel for the Tribe and its lawyers, Rule 11 is not designed to protect an "aggressive and creative" plaintiff's attorney.  Instead, the Rule is designed to empower the courts to protect defendants, like Lewis Tein, who must litigate for years in multiple courts in order to defend against false and unfounded allegations.  Millions of dollars have been spent over the past three years defending these frivolous charges, which the Tribe and its lawyers knew or should have known to be false.

The Tribe and its lawyers had ample notice of Lewis Tein's intent to seek sanctions based on the Tribe and its lawyers pursuing false claims. Despite having notice, the Tribe and its lawyers ramped up the spurious allegations in the Second Amended Complaint and in their papers filed thereafter. Under these circumstances, sanctions as to the Complaint, Amended

Complaint, and Second Amended Complaint are warranted. *See Petrano v. Nationwide Mutual Fire Ins. Co.*, No. 1:12-cv-86, 2013 WL 1325201, *1 (N.D. Fla. Feb. 4, 2013) (granting Rule 11 motion for sanctions addressing original complaint even though plaintiff later filed amended pleading).

Moreover, the Court can *sua sponte* impose Rule 11 Sanctions after notice and an opportunity to be heard, both of which the Tribe and its lawyers were afforded. *iParametrics, LLC v. Howe*, 522 Fed. Appx. 737, 738-39 (11th Cir. 2013); *McDonald v. Emory Healthcare Eye Center*, 391 Fed. Appx. 851, 852-53 (11th Cir. 2010) (affirming district court's dismissal of litigant's complaint as a sanction pursuant to Rule 11).

Rule 11 (whether *sua sponte* or by Lewis Tein's motion) is not the Court's sole source of sanctions authority applicable here. Under 28 U.S.C. § 1927, the Court can sanction the Tribe and its lawyers for engaging in the unreasonable and vexatious conduct that multiplied these proceedings.   The Court can also rely on its inherent powers to sanction the Tribe and its lawyers' bad faith conduct in the course of this litigation. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 50-51 (1991); *Coquina Invs. v. Rothstein*, No. 10-60786-CIV, 2012 3202273, *3 (S.D. Fla. Aug. 3, 2012) (Cooke, J.).

## II. It is Appropriate to Award Rule 11 Sanctions Here – the Court is Not Hampered by the Fact That It Dismissed the Tribe's Lawsuit

The Tribe and its lawyers argue that this case is unlike a so-called 'typical' Rule 11 case in which there was a trial or where a summary judgment was granted. There is no rule that Rule 11 Sanctions can only be imposed in a case where there was an adjudication on the merits. As the Court has observed, the Tribe and its lawyers cite no such case.

It is clear that courts can impose Rule 11 sanctions even in cases where there was not a trial or not a ruling on summary judgment. *See e.g. Aldrich v. Nelson*, 82 Fed. Appx. 505, 2003

WL 22902979, *1 (8th Cir. 2003) ("[W]e affirm the district court's dismissal for lack of subject matter jurisdiction for the reasons that the district court explained . . . and we find no abuse of discretion in the imposition of Rule 11 sanctions given the frivolousness of this lawsuit."); *DiPonio Construction Co., Inc. v. Int'l. Union of Bricklayers and Allied Craftworkers*, 687 F.3d 744 (6th Cir. 2012)  (affirming dismissal for lack of subject matter jurisdiction and affirming Rule 11 sanctions imposed because there was "no basis in law or fact", a failure to conduct a reasonable inquiry, and improper purpose). This is consistent with the Supreme Court's holding in *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) that courts have jurisdiction to impose Rule 11 sanctions even if they ultimately lack subject matter jurisdiction over a dispute. The "imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanctions would be appropriate." *Id.* at 138.

The posture of this case and the Tribe's parallel state litigation against Lewis Tein emphasizes why sanctions are appropriate. This was not a case in its infancy when the Court granted the motions to dismiss. This case was filed on 7/1/12 and discovery proceeded until 7/24/13 when it was stayed per the Court's order. [D.E. 264].

The Tribe made these same allegations against Lewis Tein in a state court case, *Miccosukee Tribe v. Guy Lewis, Michael Tein, and Lewis Tein PL*, Case No. 12-12816 CA 40 (11th Jud. Cir.). The Tribe in that case, represented by Bernardo Roman III, Yesenia Lara, and Yinet Pino, also accused Lewis Tein of being part of a RICO scheme, of covering up Billy Cypress's allegedly improper expenditures, of being in a kickback scheme, of charging fictitious legal fees, and of defrauding the Tribe. As discovery continued in this case (and even after discovery was stayed in this case), discovery also continued in Case No. 12-12816 CA 40. That

case proceeded through two years of exhaustive discovery. The discovery in these cases conclusively demonstrated that the Tribe and its lawyers either intentionally filed a false lawsuit or failed to conduct a reasonable investigation.

This is a case where a party's own documents and the testimony of its own elected officials show the accusations to be false. The documents obtained in discovery of the parallel state litigation were available to the Tribe and its lawyers and in their possession before they filed their litigation against Lewis Tein. In fact, the Tribe's Records Custodian testified that some of the most critical documents had been in Mr. Roman's office for *years*. These documents and testimony demonstrate that the Tribe and its lawyers hid critical documents, provided misleading information to various courts, attempted to suborn perjury, and retaliated against a witness who provided truthful testimony backed by the Tribe's own records. The truth is the truth, and the evidence is the evidence, regardless of the proceeding it came out in.

Additionally, the Tribe and its lawyers previously raised and the Court rejected the notion that discovery must have been completed in *this* case in order for the Court to determine whether Rule 11 sanctions are proper. *Compare* [D.E. 289] Tribe's Reply in Support of Motion to Strike Lewis Tein's Motion to Supplement *with* [D.E. 298] Order granting Lewis Tein's Motion to Supplement the Rule 11 Record. The Tribe and its lawyers chose to ignore its own records and to proceed with multiple frivolous lawsuits.

The state court's order granting Lewis Tein's Motion for Summary Judgment (approximately one month before trial) is illuminating. After close to two years of intensive discovery supervised by a Special Master who was a retired state court circuit judge, the court granted Lewis Tein's Motion for Summary Judgment. The court held, "The thousands of pages of record evidence adduced in this matter, ranging from affidavits to deposition transcripts, to

Special Magistrate Reports and Recommendations and Orders thereon, all disclose that no false statements or evidence of fictitious or improperly created or fraudulent legal fees or expenses have been perpetrated by Lewis Tein upon the Tribe." *Miccosukee Tribe v. Guy Lewis et al.*, 21 Fla. L. Weekly Supp. 323, 324 (Dec. 15, 2013). The state court also observed that the Tribe and its lawyers Bernardo Roman III, Yesenia Lara, and Yinet Pino could point to no specific false item, instead (unsuccessfully) trying to turn the case into one dealing with the 'reasonableness' of fees:

> The Tribe has failed to identify one fictitious time entry, invoice, or legal matter, attributable to Lewis Tein. Instead, the Tribe now contends that Lewis Tein's time was "unreasonable" and that the former Chairman "lacked the authority" to ratify the actions of Lewis Tein.
>
> Importantly, [during] the hearing held on December 9, 2013 this Court made a direct and specific inquiry of all three attorneys representing the Tribe to confirm that the Tribe's expert Steven Davis, was not opining on fraud and was offering no opinion or conclusion on fraud as relates to Lewis Tein's billings. Each lawyer for the Tribe [i.e., Bernardo Roman III, Yesenia Lara, and Yinet Pino] confirmed the Court's understanding. Accordingly, no evidence of fraud on the part of Lewis Tein in connection with their invoices to the Tribe has been produced.

*Id.* at 324-25. "There is no evidence of fraud or overbilling." *Id.* "Not a single piece of evidence reveals, and no witness testified, that any work was done maliciously or simply not done." *Id.* Moreover, "[T]he Tribe's own submitted internal financial records and administration confirms that all actions were fully disclosed and memorialized in audited financials and other Tribal records." *Id.*

### III. Hindsight Issues:  The Rule 11 Analysis Focuses on What the Tribe and its Lawyers Knew At the Time of Filing

A Rule 11 Sanctions inquiry focuses only on the merits of the pleading gleaned from facts and law *known or available to the attorney at the time of filing. See e.g. Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (emphasis added).

Accordingly, the Court was correct to exclude post-hoc money laundering expert Charles Morley and would also be correct to exclude Steven Davis. *In the Matter of Victoria*, No. 93-2598, 51 F.3d 276 (Table), 1995 WL 156655 (7th Cir. Apr. 6, 1995) is instructive. That case was an appeal from a bankruptcy court sanctions order in which the sanctioned attorney argued, *inter alia*, that the court erred by refusing to schedule a separate hearing so that the attorney could offer expert testimony from another attorney regarding the propriety of his filing. The district court, which was affirmed by the Seventh Circuit, explained:

> [S]cheduling a separate hearing on the sanctions issue so that Mr. Shapiro could offer the testimony of an attorney in support of his decision to file the motion would have been imprudent. Judge McGarity was entirely capable of reaching a decision on the sanctions issue without the aid of an 'expert'; holding a separate hearing would have compounded the damage by needlessly increasing the costs of litigation.

*Id.* at *4.

In contrast to the post-hoc expert testimony that the Tribe and its lawyers attempt to offer, Lewis Tein's evidence is relevant to what the Tribe and its lawyers knew or had access to at the time of filing the complaints. Documents from the Tribe's own records, including documents actually located in Roman's office for *years*, demonstrate the bad faith here, as does the deposition testimony from the Tribe's own elected Business Council Members and designees under Rule 30(b)(6) and the analogous state rule, Rule 1.310(b)(6). As a result of the Tribe and its lawyers' obstruction of the discovery process, Lewis Tein unearthed these historical documents and this historical knowledge over the course of litigation in this court and in the parallel state court case.

*Daniels v. Sodexo, Inc.*, No. 10-cv-00375, 2013 WL 4008744 (M.D. Fla. Aug. 5, 2013) addresses this clear distinction. In *Daniels*, the court rejected the Rule 11 target's argument that the court should consider evidence demonstrating that the target developed a reasonable basis for

the pleading *after it was filed*. *Id.* at *3. In rejecting this post-hoc justification argument, the court ruled:

> This argument contravenes a basic tenet of the Rule 11 analysis. Under Rule 11, an attorney's subjective belief and the reasonableness of her inquiry are evaluated *at the time of filing*. *See Hodges v. Publix Supermarkets, Inc.*, 372 Fed. Appx. 74, 78 (11th Cir. 2010); *Jones*, 49 f.3d at 695; *In re Mroz*, 65 F.3d 1567, 1572 (11th Cir. 1995). At no point in *Jones* did the Eleventh Circuit approve examining an attorney's belief held *after* the time of filing. It only allowed post-filing evidence to be used to investigate the attorney's belief *at the time of filing*. A reasonable attorney would not consider [target's] extension of *Jones* to be well-founded*, and no court has ever suggested that such an extension is appropriate.*

*Id* (emphasis added).

These principles should continue to guide the Court's analysis and rulings on the admissibility of evidence going forward.

Respectfully submitted,

Carlton Fields Jorden Burt, P.A.
100 S.E. Second Street, Suite 4200
Miami, Florida 33131

By:   /s/ Paul A. Calli
       Paul A. Calli
       Florida Bar No. 994121
       Email: pcalli@cfjblaw.com
                 cbussone@cfjblaw.com
                 miaecf@cfdom.net
*Attorneys for Guy Lewis, Michael Tein, and Lewis Tein, PL*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on June 25, 2014, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  We also certify that the foregoing document is being served on this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other

authorized manner for those counsel or parties who are not authorized to receive electronically

Notices of Filing.

CARLTON FIELDS JORDEN BURT, P.A.
By: /s/ Paul A. Calli
   Paul A. Calli
   Florida Bar No. 994121
   Email: pcalli@cfjblaw.com
     cbussone@cfjblaw.com
     miaecf@cfdom.net