IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS OF
FLORIDA,

    Plaintiff,

vs.

BILLY CYPRESS, *et al.*,

    Defendants.

_____/

## ORDER DENYING MOTION TO DISQUALIFY

THIS CAUSE came before the Court upon the Miccosukee Tribe of Indians of Florida and its lawyers, Bernardo Roman, III, Esq., Yinet Pino, Esq., and Yesenia Lara, Esq.'s (the "Movants") Motion to Disqualify the Honorable Judge Marcia G. Cooke. (ECF No. 408). This Motion was referred to the undersigned pursuant to 28 U.S.C. § 144. (ECF No. 414). Defendants Lewis Tein and Dexter Lehtinen filed Responses in Opposition to the Motion to Disqualify. (ECF Nos. 410, 411). The Movants filed a Reply. (ECF No. 416). This Motion is now ripe for review. Upon consideration of the Motion, the Responses, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order denying Movants' Motion to Disqualify.

**I.    BACKGROUND**

    a.  Underlying Case

On July 1, 2012, a Complaint was filed by the Miccosukee Tribe of Indians of Florida (the "Tribe") against Billy Cypress, Dexter Lehtinen, Esq., Morgan Stanley Smith Barney, Julio

Martinez, Miguel Hernandez, Guy Lewis, Esq., Michael Tein, Esq., and Lewis Tein, PL. Compl. (ECF No. 1). The suit was brought for "racketeering, conspiracy to commit racketeering, fraud, aiding and abetting fraud, embezzlement, civil theft, and breach of fiduciary duty against Defendants, who conspired with each other and specifically with Defendant CYPRESS to aid, abet, create, advance and perpetrate an enormous fraud and theft scheme through which Defendant CYPRESS and the other Defendants either participated, facilitated and/or assisted in stealing, diverting, converting, using, and misappropriating millions of dollars that belonged to the MICCOSUKEE TRIBE and the MICCOSUKEE PEOPLE and which were in the care, possession, control, and supervision of the Defendants." Id. at ¶ 1.[1]

For purposes of the instant Motion, the relevant Defendants are attorneys Dexter Lehtinen ("Lehtinen"), Guy Lewis, Michael Tein, and the law firm Lewis Tein (collectively referred to as "Defendants"). In the Complaint, the Tribe accuses Defendants of fraudulent conduct and participation in a conspiracy to defraud the Tribe, perpetrated by the former Chairman of the Tribe, Billy Cypress.

On September 30, 2013, the Honorable Marcia G. Cooke entered Omnibus Order Granting Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 282).[2] Judge Cooke determined that the suit was an intra-tribal dispute and thus, the Court did not have subject matter jurisdiction. See Order, at 12–16 (ECF No. 282). Accordingly, Judge Cooke dismissed the suit, declining to exercise jurisdiction over the state law claims. Id. at 16–17.

---

[1] This Complaint was subsequently amended. (ECF No. 75).
[2] This Order granted Defendants Lehtinen, Guy Lewis, Michael Tein, Lewis Tein, Miguel Hernandez, Billy Cypress, and Julio Martienz's Motions to Dismiss. (ECF No. 282). Defendant Morgan Stanley Smith Barney was dealt with by separate order. (ECF No. 227).

    b. Motions for Sanctions

As early as September 24, 2012, Defendants Guy Lewis, Michael Tein, and Lewis Tein filed a Notice of Filing Motion for Sanctions, stating that the allegations made in the Complaint had no basis in law or in fact. (ECF No. 38). On September 4, 2013, Lehtinen filed a Rule 11 Motion for Sanctions. (ECF No. 273). On May 6, 2014, Judge Cooke entered an Order setting a hearing regarding a number of motions, including Defendants' Motions for Sanctions, for May 12, 2014. (ECF No. 296). At the May 12, 2014 hearing, Judge Cooke set an evidentiary hearing on the Motions for Sanctions for June 5, 2014. (ECF No. 408-2).[3] The evidentiary hearing was held before Judge Cooke on June 5–6, 2014, June 10, 2014, June 16–17, 2014, June 24, 2014, June 26, 2014, and July 1, 2014. (ECF Nos. 382–385, 387–389, 392, 408-3).

    c. Motion to Disqualify

On September 10, 2014, Movants filed the instant Motion to Disqualify Judge Cooke. See generally Mot. (ECF No. 408). In support of the Motion, Bernardo Roman, III, Esq., filed an Affidavit. (ECF No. 408-1). As previously mentioned, supra at page 1, this Motion was referred by Judge Cooke to the undersigned. (ECF No. 414).

    d. Other Matters Involving the Tribe

On June 18, 2012, the Tribe filed a Petition to Quash Summons to Dexter Lehtinen. See Miccosukee Tribe of Indians of Fla. v. United States ("Petition to Quash Case"), Case No. 12-mc-22273-JAL (ECF No. 1). The Tribe subsequently filed a Notice of Dismissal of Petition to Quash Summons as to Dexter Wayne Lehtinen Without Prejudice. Petition to Quash Case (ECF

---

[3] Following the May 12, 2014 hearing, on May 27, 2014, Lehtinen filed a Motion for Contempt of Court & Sanctions. (ECF No. 308).

No. 11). As a result, the Honorable Joan A. Lenard closed the case. Petition to Quash Case (ECF No. 12).[4]

On August 22, 2013, the United States filed a Petition to Enforce Internal Revenue Summons served on Lehtinen. See United States v. Lehtinen ("IRS Case"), Case No. 13-cv-23030-MGC (ECF No. 1). On August 23, 2013, this case was transferred to Judge Cooke after the Honorable Kathleen M. Williams recused herself. IRS Case (ECF No. 3). On November 4, 2013, Judge Cooke entered an Order to Show Cause directing Defendant Lehtinen to appear before her on February 5, 2014, to show cause why Respondent should not be compelled to obey the Internal Revenue Service Summons served upon him. IRS Case (ECF No. 7). Lehtinen responded that he was "ready, willing, and able to cooperate and comply with the subpoena, upon a finding and directive from this Honorable Court directing that Respondent shall not be permitted to raise any attorney-client privilege to thwart such cooperation and compliance." IRS Case (ECF No. 10). On January 30, 2014, Judge Cooke entered Order Granting IRS Petition to Enforce and Requiring Respondent Dexter Lehtinen to Comply with IRS Summons. IRS Case (ECF No. 11). The Order found that the Tribe had impliedly waived its attorney-client privilege. Id. Accordingly, Judge Cooke granted the IRS Petition, ordered Lehtinen to comply with the Summons and each of its requirements, cancelled the February 5, 2014 hearing, and closed the case. Id.

---

[4] The Court highlights this case because it is discussed in the briefs. See Defendant Lehtinen's Response in Opposition to Motion to Disqualify the Honorable Marcia G. Cooke ("Lehtinen's Resp."), at 3–7 (ECF No. 411); see also Plaintiff's Reply in Support of Motion to Disqualify the Honorable Judge Marcia G. Cooke ("Reply"), at 2–5 (ECF No. 416). However, this is one of many matters regarding the IRS and the Tribe that has come before this Court. See Petition to Quash Case, at (ECF No. 10) (notifying the Court of pending, refiled, related or similar actions).

## II. LEGAL STANDARD

Two statutes govern the standard for recusal and disqualification of a federal district judge—28 U.S.C. § 144 and 28 U.S.C. § 455.  <u>Hamm v. Members of Bd. of Regents</u>, 708 F.2d 647, 651 (11th Cir. 1983).  Section 144 provides for recusal when a party files a timely and technically correct affidavit and motion alleging that the judge before whom the matter is pending is personally biased or prejudiced against him or in favor of an adverse party.  <u>Id.</u>  Specifically, 28 U.S.C. § 144 states,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a <u>personal bias or prejudice</u> either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphasis added).  However, the mere filing of a § 144 affidavit does not automatically disqualify a judge.  See <u>Harris v. Geico Gen. Ins. Co.</u>, 961 F. Supp. 2d 1223, 1227 (S.D. Fla. 2013).  "Once the affidavit is filed, the judge must determine whether the affidavit was timely, whether it was accompanied by the necessary certificate of counsel, and whether the affidavit satisfies the terms of the statute."  <u>Id.</u>

Section 455(a) sets forth a general rule that a judge shall disqualify himself in any proceeding in which his "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The test under § 455(a) is "whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."  <u>Thomas v. Tenneco Packaging Co.</u>, 293 F.3d 1306, 1329 (11th Cir. 2002) (quoting <u>Christo v. Padgett</u>, 233 F.3d 1324, 1333 (11th Cir. 2000)).

Section 455(b) lists several specific situations where a judge must disqualify himself including, "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b).

Under either § 144 or § 455, the general rule is that disqualification requires bias or prejudice that stems from an extrajudicial source. Liteky v. United States, 510 U.S. 540, 544–45 (1994) ("Under § 144 and its predecessor, there came to be generally applied in the courts of appeals a doctrine . . . requiring . . . that the alleged bias and prejudice to be disqualifying under § 144 must stem from an extrajudicial source.") (internal quotations and brackets omitted); see also United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999) (bias sufficient to disqualify a judge under section 455(a) and section 455(b)(1) must stem from extrajudicial sources); United States v. Chandler, 996 F.2d 1073, 1104 (11th Cir. 1993) ("However, we have held that a judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case.") (internal quotations omitted). The exception to the general rule requiring an extrajudicial source is pervasive bias. The pervasive bias exception supports disqualification if the Court's predisposition is "so extreme as to display clear inability to render fair judgment." Liteky at 551. "Mere 'friction between the court and counsel,' however, is not enough to demonstrate 'pervasive bias.'" Thomas, 293 F.3d at 1329 (quoting Hamm, 708 F.2d at 651).

In Liteky v. United States, the Supreme Court expounded upon the appropriate grounds for recusal or disqualification:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

6

> Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They <u>may</u> do so if they reveal an opinion that derives from an extrajudicial source; and they <u>will</u> do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

<u>Liteky</u>, 510 U.S. at 555 (internal citations omitted).

### III.  DISCUSSION

Movants ask this Court to disqualify Judge Cooke from the instant matter because: (1) they believe that during the evidentiary hearing Judge Cooke "made numerous comments demonstrating bias and partiality," <u>see</u> Mot., at 2, and (2) Judge Cooke presided over a Petition to Enforce Internal Revenue Summons served on Lehtinen filed by the United States and, as previously mentioned <u>supra</u> at page 4, Judge Cooke entered an Order finding that the Tribe had impliedly waived its attorney-client privilege with Lehtinen, and granted the Petition. <u>See generally</u> Mot. The Court will deal with each of Movants' arguments in turn.

  a.  <u>Judge Cooke's Commentary</u>

The Court has reviewed the transcripts from the evidentiary hearings and specifically, the statements that Movants argue demonstrate bias and partiality.[5] The Court finds that these statements, while indicative of Judge Cooke's understandable frustration with the Parties and the proceedings, in no way demonstrate a bias or partiality in favor of Defendants against the Movants. As Lewis Tein points out in its Response, Movants' Motion divorces the Court's comments from their context and mischaracterizes Judge Cooke's statements. <u>See</u> Lewis Tein's Opposition to Motion to Disqualify Judge ("Lewis Tein's Resp."), at 3–4 (ECF No. 10).

---

[5] See Exhibit D to Motion to Disqualify the Honorable Marcia G. Cooke for a list of the statements that Movants argue demonstrate bias or partiality. (ECF No 408-4).

Judges are expected to draw conclusions based on the facts presented during the course of proceedings. If judges did not form judgments, decisions would never be rendered. See Liteky, 510 U.S. at 551 (quoting In re J.P. Linahan, Inc., 138 F.2d 650, 654 (2d Cir. 1943)) ("As Judge Jerome Frank pithily put it: 'Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those in-court dramas called trials, he could not render decisions.'"). As the Supreme Court stated in Liteky, "Not establishing bias or partiality are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." Id. at 555–56. It is clear from a review of the proceedings that this case is extremely contentious. Clients are not served by the type of tit for tat behavior that has taken place here. It is difficult to preside over cases where attorneys are not willing to work together and even more difficult when attorneys are going after one another. When an attorney's focus is no longer his client's best interest and shifts to beating the other side at all cost, the attorney is no longer serving his client.

The Court agrees with many of the comments made by Judge Cooke with which Movants take issue.[6] Attorneys cannot accuse other attorneys of fraud without recognizing the impact that such an allegation will have on the thing that attorneys hold most dear—their reputation. The Court finds Movants claim that Judge Cooke "went so far as to advocate on behalf of [Lewis Tein's] counsel"—a mischaracterization. Part of a judge's job is to interact with attorneys at hearings, to the extent necessary to achieve the best result, compile the best record, and draw the correct conclusions. If the Court determines that one side is pulling our leg or misstating the law

---

[6] Again, see Exhibit D to Motion to Disqualify the Honorable Marcia G. Cooke for a list of the statements that Movants argue demonstrate bias or partiality. (ECF No 408-4).

or facts of the case, we express that opinion. However, just because our opinion is adverse to one side does not mean that we are advocating for the other.

Finally, Movants take issue with the fact that Judge Cooke went into the sanctions hearing with, what they believed were preconceived notions about the parties, when evidence had not yet been presented on the issue of sanctions. See Mot., at 8–9; see also Reply, at 8. However, Judge Cooke has presided over the instant matter for over two years. During that time she has managed the case and entered a number of orders. Going into a sanctions hearing, judges are equipped, and rightfully so, with the knowledge they have gathered over the course of the case about the dispute, the parties, and the attorneys. This in no way indicates bias or prejudice. See Harris, 961 F. Supp. 2d at 1230 ("This Court, having sat through the entire trial, is certainly entitled to formulate opinions on the basis of facts introduced or events occurring in the course of the proceedings. Those opinions do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.") (internal quotations, citations, and brackets omitted). Instead, it reminds attorneys that they should conduct themselves appropriately during the entirety of the proceedings, and not just at the point when the threat of sanctions looms large.

This Court finds no "deep and unequivocal antagonism" that would prevent Judge Cooke from rendering a fair decision. See Mot., at 10.[7] Instead, the Court finds that Judge Cooke has merely reacted to the proceedings before her and drawn conclusions based on the testimony and the evidence presented.

---

[7] The Court further finds Movants attempt to analogize Judge Cooke's comments in the instant case with the judge's comments in Berger v. United States, 255 U.S. 22, 29 (1921), where the judge stated that German-Americans' "hearts are reeking with disloyalty" completely off-base. See Mot., at 10.

9

      b.  The IRS Case Before Judge Cooke

The Court turns next to Movants' argument that the Judge Cooke's "antagonistic behavior" was due to "the IRS Case and the documents filed in that case." See Mot., at 11. Movants claim that the IRS Case and the information provided was done "on an ex parte basis" and is "extrajudicial, or tantamount to it." Id. Movants state that the IRS Case essentially "poisoned the well" on certain issues that were before the Court at the sanctions hearing. See Declaration of Bernardo Roman, III, at ¶ 11 (ECF No. 408-1).

The Court is not persuaded by this argument. First, presiding over a different case with the same or similar parties does not necessarily create a basis for bias or partiality arising from an extrajudicial source. See Liteky, 510 U.S. at 551 ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant."); see also Bailey, 175 F.3d at 969 (finding that a judge's knowledge of a disputed evidentiary fact learned in camera during a judicial proceeding was not gained extrajudicially and so did not provide a basis for recusal). In fact, in this district, judges typically transfer similar cases to the judge with the lower-numbered case because it is assumed that the judge is more knowledgeable about the subject matter and the dispute. Second, this Court does not sit as an appellate body regarding the issue of whether the Tribe should have been given notice and an opportunity to bring a proceeding to quash in the IRS Case. See Reply, at 4–9. Instead, this Court is merely tasked with determining whether the IRS Case served as an extrajudicial source that rendered Judge Cooke's continued role in the instant matter inappropriate. Third, the Court does not find any bias, partiality, or prejudice on the part of Judge Cooke in her dealings with the Movants.

10

Thus, there is no basis for Movants' claim that the IRS Case somehow negatively influenced Judge Cooke against Movants' position.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that the Miccosukee Tribe of Indians of Florida and its lawyers, Bernardo Roman, III, Esq., Yinet Pino, Esq., and Yesenia Lara, Esq.'s Motion to Disqualify the Honorable Judge Marcia G. Cooke (ECF No. 408) is DENIED.

The reference to the undersigned is hereby WITHDRAWN.

DONE AND ORDERED in Chambers at Miami, Florida, this  23rd  day of October, 2014.

*K. M. Moore*

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE